# EXHIBIT 1

Skip to Main Content Logout My Account Search Menu Search Refine Search  Back                    Location : All Courts   Images

# REGISTER OF ACTIONS
## CASE NO. D-101-CV-2021-01192

| | | |
|---|---|---|
| Robert Romero v. Trader Joes Company, et. al. | § § § § § § § | Case Type: **Civil Violations, Statutes, Ordinances**<br>Date Filed: **05/26/2021**<br>Location:<br>Judicial Officer: **Biedscheid, Bryan** |

---

### PARTY INFORMATION

| | | | |
|---|---|---|---|
| | | | **Attorneys** |
| Defendant | **Standley, Parker** | 5' 8", 150 lbs | **Charlotte A. Lamont**<br>*Retained*<br>505-379-6057(W) |
| | 503 W Cordova Road<br>Santa Fe, NM 87505 | | Jay J. Athey<br>*Retained*<br>505-944-9680(W) |
| | | | Robert Shawn Oller<br>*Retained*<br>915-533-4424(W) |
| Defendant | **Trader Joes Company** | | **Jay J. Athey**<br>*Retained*<br>505-944-9680(W) |
| | 503 W Cordova Road<br>Santa Fe, NM 87506 | | Charlotte A. Lamont<br>*Retained*<br>505-379-6057(W) |
| | | | Melissa L. Shingles<br>*Retained*<br>602-474-3600(W) |
| | | | Robert Shawn Oller<br>*Retained*<br>915-533-4424(W) |
| Plaintiff | **romero, robert** | Male<br>DOB: 02/15/1974 | **Daniel Yohalem**<br>*Retained*<br>505-983-9433(W) |
| | HC 74 Box 420/ 5 Velvet Road<br>Pecos, NM 87532 | | Richard H. Rosenstock<br>*Retained*<br>505-988-5324(W) |
| | | | ~~Pro Se~~ |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 05/26/2021 | **Cause Of Actions**<br>Filed By:<br>Action Type | Statutes, Ordinance Violations, Miscellaneous<br>romero, robert<br>Action |
| 05/26/2021 | **OPN: COMPLAINT**<br>*Civil Complaint Racism, Harrassment, Assault, and Wrongful Termination* | |
| 05/26/2021 | **No Interpreter Needed**<br>*Interpreter Form- None Needed* | |
| 05/26/2021 | **REQUEST FOR HEARING/ SETTING**<br>*Request for Hearing- Matter: Racism, Harrassment, Assault, amd Wrongful Termination* | |
| 05/26/2021 | **INFORMATION SHEET**<br>*Information Sheet- Trader Joes* | |
| 05/26/2021 | **INFORMATION SHEET**<br>*Information Sheet- Parker Standley* | |

| 05/26/2021 | **Application for Free Process** |
| | Application for Free Process and Affidavit of Indigency |
| 05/26/2021 | **ORD: Order For Free Process Granted** |
| | Order on Application for Free Process-Filing fee Waived except for ADR $15.00 fee |
| 06/01/2021 | **NTC: HEARING (MOTION)** |
| | Notice of Hearing on Complaint and Application for Civil Restraining Order (set June 24, 2021 at 10:00 a.m.) |

| 06/07/2021 | **Summons** | | |
| | Standley, Parker | Served | 06/09/2021 |
| | | Response Due | 07/09/2021 |
| | | Returned | 06/09/2021 |

| 06/07/2021 | **Summons** | | |
| | Trader Joes Company | Served | 06/09/2021 |
| | | Response Due | 07/09/2021 |
| | | Returned | 06/09/2021 |

| 06/09/2021 | **SUMMONS RETURN** |
| | Summons Return - Served on Trader Joes on 06/09/2021 |
| 06/09/2021 | **SUMMONS RETURN** |
| | Summons Return - Served on Parker Standly on 06/09/2021 |
| 06/17/2021 | **ENTRY OF APPEARANCE** |
| | Entry of Appearance |
| 06/24/2021 | **Temporary Restraining Order Hearing**  (10:00 AM) (Judicial Officer Biedscheid, Bryan) |
| | Complaint for Application for Civil Restraining Order [no TRO entered; hearing set] |
| | Parties Present |
| | Result: Held |
| 07/07/2021 | **ANSWER** |
| | Answer to Plaintiff's Complaint |
| 09/30/2021 | **REQUEST FOR HEARING/ SETTING** |
| | Request for Hearing - Matter; Discrimination and Hostel Environment Along With Other Employees That Want to Join the Case and Charactor Witnesses |
| 11/19/2021 | **CERTIFICATE OF SERVICE** |
| | Certificate of Service |
| 03/10/2022 | **NTC: NOTICE** |
| | Notice of Extension of Time to Respond to Discovery Requests |
| 03/28/2022 | **CERTIFICATE OF SERVICE** |
| | Certificate of Service |
| 04/11/2022 | **MTN: MOTION** |
| | Motion to Compel Responses to Discovery |
| 04/29/2022 | **RESPONSE** |
| | Defendants' Response to Plaintiff's Motion to Compel Discovery Responses and Motion for Protection Order |
| 06/07/2022 | **MTN: MOTION** |
| | Motion for Mediation |
| 06/07/2022 | **REQUEST FOR HEARING/ SETTING** |
| | Request for Hearing - Matter: Mediation on Case for Files |
| 06/14/2022 | **NTC: HEARING (MOTION)** |
| | Notice Of Hearing (set July 27, 2022 @ 1:30 pm) |
| 06/27/2022 | **RESPONSE** |
| | Defendants' Response to Plaintiff's Motion for Mediation |
| 07/07/2022 | **ORD: ORDER** |
| | Order of Referral to Settlement Conference |
| 07/27/2022 | **Motion Hearing**  (1:30 PM) (Judicial Officer Biedscheid, Bryan) |
| | Motion to Compel Responses to Discovery. |
| | Result: Held |
| 08/25/2022 | **CERTIFICATE OF COMPLIANCE** |
| | Certificate of Compliance with Order of Referral to Settlement Conference |
| 09/13/2022 | **ORD: ORDER** |
| | Order Granting in Part Plaintiff's Motion to Compel Discovery Responses |
| 10/04/2022 | **NTC: OF DEPOSITION** |
| | Defendants' Notice of Deposition of Plaintiff Robert Romero |
| 10/17/2022 | **CERTIFICATE OF SERVICE** |
| | Certificate of Service |
| 10/26/2022 | **MTN: TO COMPEL** |
| | Defendants' Motion to Compel Discovery Responses |
| 10/26/2022 | **MTN: TO COMPEL** |
| | Defendants' Motion to Compel Discovery Responses |
| 11/09/2022 | **ENTRY OF APPEARANCE** |
| | Notice of Appearance of R. Shawn Oller |
| 11/15/2022 | **MTN: MOTION/APPLICATION FOR DEFAULT JUDGMENT** |
| | Motion For Default Judgment/Contempt Of Court |
| 12/09/2022 | **NTC: NOTICE** |
| | Notice of Improper Service by Plaintiff of Motion for Default Judgment and Contempt of Court and Motion Requesting Extension of Time to Respond |
| 12/19/2022 | **CERTIFICATE OF SERVICE** |
| | Certificate of Service |
| 12/21/2022 | **RESPONSE** |
| | Defendants' Response to Plaintiff's Motion for Default Judgment and Contempt of Court |
| 01/10/2023 | **MTN: MOTION** |
| | Motion for/to Plaintiffs Response to Defendants Response to Plaintiffs Motion for Default Judgment and Contempt of Court |
| 01/13/2023 | **AFFIDAVIT** |
| | Affidavit of Non-Admitted Lawyer |
| 01/20/2023 | **ORD: ORDER GRANTING** |
| | Order Granting Defendants' Motion to Compel Discovery Responses |
| 01/30/2023 | **MTN: MOTION** |
| | Motion for/to Response to (Proposed) Order Granting Defendant's Motion to Compel Discovery Responses |

| Date | Entry |
|---|---|
| 02/06/2023 | **ENTRY OF APPEARANCE** |
| | *Notice of Appearance of Jay J. Athey* |
| 03/15/2023 | **MTN: ORDER TO SHOW CAUSE** |
| | *Defendant's Motion for Order to Show Cause or for Sanctions* |
| 03/17/2023 | **CERTIFICATE OF SERVICE** |
| | *Certificate of Service* |
| 03/21/2023 | **MTN: MOTION** |
| | *Motion for Pre_Trial* |
| 03/21/2023 | **REQUEST FOR HEARING/ SETTING** |
| | *Request for Hearing Default Judgment ,Contempt of Court* |
| 05/09/2023 | **NTC: HEARING** |
| | *Notice of Hearing set June 29, 2023 at 9:30 am Matter Status Conference on Plaintiffs Default Judgment Contempt of Court and Compelling Discovery, Scheduling Conference* |
| 06/09/2023 | **REPLY** |
| | *Defendant's Reply in Support of Motion for Order to Show Cause or for Sanctions* |
| 06/09/2023 | **NTC: COMPLETION OF BRIEFING** |
| | *Notice of Completion of Briefing on Motion for Order to Show Cause or for Sanctions* |
| 06/09/2023 | **MTN: TO COMPEL** |
| | *Defendant's Motion to Compel Discovery Responses* |
| 06/29/2023 | **Status Hearing/ Conference**  (9:30 AM) (Judicial Officer Biedscheid, Bryan) |
| | *1. Status Conference on Plaintiff's Default Judgment, Contempt of Court and Compelling Discovery. 2. Scheduling Conference* |
| | Result: Held |
| 07/12/2023 | **MTN: MOTION** |
| | *Defendant's Motion For Sanctions and Request For Expedited Hearing* |
| 07/12/2023 | **REQUEST FOR HEARING/ SETTING** |
| | *Request For Expedited Hearing/ Matter Defendant s Motion for Sanctions and Request for Expedited Hearing.* |
| 07/26/2023 | **MTN: MOTION** |
| | *Motion for/to Response to Sanctions and Request for Expedited Hearing* |
| 07/27/2023 | **NTC: HEARING (MOTION)** |
| | *Notice of Expedited Hearing (set August 14, 2023 at 9:00 a.m.)* |
| 08/11/2023 | **REPLY** |
| | *Defendants Reply in Support of Motion For Sanctions* |
| 08/14/2023 | **Motion Hearing**  (9:00 AM) (Judicial Officer Biedscheid, Bryan) |
| | *{GOOGLE MEET} Matters to be heard: 1. Defendant's Expedited Motion for Sanctions* |
| | Result: Held |
| 08/16/2023 | **REPLY** |
| | *Defendants Reply in Support of Motion to Compel Discovery Responses* |
| 08/16/2023 | **CERTIFICATE OF SERVICE** |
| | *Certificate of Service* |
| 08/18/2023 | **NTC: COMPLETION OF BRIEFING** |
| | *Notice of Completion Briefing* |
| 08/24/2023 | **ENTRY OF APPEARANCE** |
| | *Entry of Appearance* |
| 08/25/2023 | **ORD: ORDER GRANTING** |
| | *Order Granting Defendant Trader Joe's Company's Motion for Sanctions and Request for Expedited Heraing* |
| 08/25/2023 | **ORD: ORDER GRANTING** |
| | *Order Granting Defendant Trader Joe's Company's Motion for Order to Show Cause or for Sanctions* |
| 08/28/2023 | **ENTRY OF APPEARANCE** |
| | *Entry Appearance of Daniel Yohalem* |
| 08/30/2023 | **CERTIFICATE OF SERVICE** |
| | *Certificate of Service* |
| 09/01/2023 | **MTN: MOTION** |
| | *Expedited Emergency Motion For Relief From Two Recently Signed Orders* |
| 09/02/2023 | **MTN: FOR CONTINUANCE** |
| | *Plaintiff s Motion for Extension of Time and Continuance of All Matters Pending in this Proceeding to Allow Newly Acquired Counsel to Have Sufficient Time to Review All the Pleadings, Documents and Orders Recently Entered in the Case and to Respond Appropriately* |
| 09/06/2023 | **RESPONSE** |
| | *Plaintiff's Response to Order to Show Cause* |
| 09/11/2023 | **CERTIFICATE OF SERVICE** |
| | *Certificate Of Service* |
| 09/14/2023 | **CERTIFICATE OF SERVICE** |
| | *Certificate of Service* |
| 09/14/2023 | **CERTIFICATE OF SERVICE** |
| | *Certificate of Service* |
| 09/15/2023 | **NTC: HEARING (MOTION)** |
| | *Notice of Hearing (set October 3, 2023 @ 9:00 am)* |
| 09/15/2023 | **RESPONSE** |
| | *Plaintiff's Supplemental Response to Order to Show Cause* |
| 09/20/2023 | **RESPONSE** |
| | *Plaintiff's Supplemental Response to Defendant's Motion to Compel Discovery Responses* |
| 09/20/2023 | **CERTIFICATE OF SERVICE** |
| | *Certificate Of Service* |
| 09/20/2023 | **REQUEST FOR HEARING/ SETTING** |
| | *Request for Hearing Matter,: Defendant s proposed Order of Dismissal on Order to Show Cause.* |
| 09/21/2023 | **RESPONSE** |
| | *Defendants Response To Plaintiff's Expedited Emergency Motion For Relief From Two Recently Signed Order* |
| 09/21/2023 | **RESPONSE** |
| | *Defendants Response To Plaintiffs Motion For Extension of Time* |
| 09/25/2023 | **NTC: COMPLETION OF BRIEFING** |
| | *Notice of Completion of Briefing Emergency Expedited Motion for Stay* |
| 09/25/2023 | **NTC: COMPLETION OF BRIEFING** |
| | *Notice of Completion of Briefing of Motion for Extension of Time and Continuance* |
| 09/25/2023 | **REPLY** |
| | *Plaintiff's Reply to Defendants Response to Motion for an Extension of Time and a Continuance of All Matters Pending in this Proceeding* |

| | |
|---|---|
| 09/25/2023 | **REPLY** |
| | *Plaintiff's Reply to Defendants Response to Plaintiff's Expedited Emergency Motion and Opposition to Defendant's Proposed Order to Dismiss With Prejudice* |
| 09/26/2023 | **AMENDED NOTICE** |
| | *Amended Notice of Hearing (Set October 3, 2023 @ 9:00 am (Amended to change motion))* |
| 10/02/2023 | **CERTIFICATE OF SERVICE** |
| | *Certificate of Service* |
| 10/03/2023 | **Motion Hearing**  (9:00 AM) (Judicial Officer Biedscheid, Bryan) |
| | *(In Person) 1: Expedited Emergency Motion for Relief From Two Recently Signed Orders. 2: Defendant's Motion to Compel Discovery Responses.* Result: Held |
| 10/06/2023 | **NTC: NOTICE** |
| | *Notice of Withdrawal of Motion* |
| 10/12/2023 | **ORD: AMENDED ORDER** |
| | *Amended Order Replacing and Superseding Order of August 25, 2023 Regarding Defendant Trader Joe's Company Motion for Sanctions* |
| 10/20/2023 | **MTN: FOR LEAVE** |
| | *Motion for Leave to File Amended Complaint* |
| 11/09/2023 | **NTC: NOTICE** |
| | *Notice of Non-Opposition Re: Plaintiff's Motion for Leave to File Amended Complaint* |
| 11/13/2023 | **CERTIFICATE OF SERVICE** |
| | *Certificate of Service* |
| 12/01/2023 | **ORD: STIPULATED** |
| | *Stipulated Protective Order* |
| 12/06/2023 | **CERTIFICATE OF SERVICE** |
| | *Certificate of Service* |
| 12/08/2023 | **MTN: TO COMPEL** |
| | *Motion to Compel with Exhibits 1-3* |
| 12/14/2023 | **CERTIFICATE OF SERVICE** |
| | *Certificate of Service* |
| 12/15/2023 | **CERTIFICATE OF SERVICE** |
| | *Certificate of Service* |
| 12/19/2023 | **ORD: GRANTING LEAVE** |
| | *Order Granting Plaintiff Leave to File Amended Complaint* |
| 12/19/2023 | **REQUEST FOR HEARING/ SETTING** |
| | *Request for Hearing on Plaintiff's Unopposed Motion to File Amended Complaint* |
| 12/19/2023 | **AMENDED COMPLAINT** |
| | *Amended Complaint for Damages and Demand For Jury Trial* |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---:|
| | **Plaintiff** romero, robert | | | |
| | Total Financial Assessment | | | 199.90 |
| | Total Payments and Credits | | | 199.90 |
| | **Balance Due as of 12/22/2023** | | | **0.00** |
| | | | | |
| 05/26/2021 | Transaction Assessment | | | 132.00 |
| 05/26/2021 | Indigency | | | (117.00) |
| 05/26/2021 | Counter Payment | Receipt # SFED-2021-3165 | romero, robert | (15.00) |
| 07/25/2023 | Transaction Assessment | | | 67.90 |
| 07/25/2023 | Counter Payment | Receipt # SFED-2023-4745 | romero, robert | (67.90) |

_First_ Judicial District Court

County of _Santa Fe_

State of New Mexico

FILED
FIRST JUDICIAL
DISTRICT COURT
2021 MAY 26  PM 2:38

_Robert Romero_
Plaintiff

v.

No. _D-101-CV-2021-01192_

_Trader Joe's company/ Parker Stanley_
Defendant

**BRYAN BIEDSCHEID**

**CIVIL COMPLAINT** _Racism, harrassment assault and wrongful Termination_

1.      Plaintiff or defendant resides, or may be found in, or the cause of action arose in this county.

2.      Plaintiff claims from Defendant the amount of $ _800,000_ and also claims interest and court costs.

3.      Plaintiff's claim arises from the following event or transaction: _I Robert Romero had been with Trader Joe's for five years, between Oct. 2014 - Jan 2000. I was a role model and top employee, valued by my supervisors. Everything changed when Parker Stanley became the new store manager... Continue on page 1._

4.      Trial by jury is (not) demanded. _(If a jury is demanded, an additional cost must be paid upon filing.)_

_May -24- 2021_
Date

_Robert Romero_
Signed

_Robert Romero_
Name _(print)_

_HC 74 Box 420 / 5 velvet Rd_
Address _(print)_

_Pecos N.M 87552_
City, State and Zip Code _(print)_
_505-666-1917_
Telephone Number

Page 1.

I witnessed racism, harrassment, assault, and wrongful termination's. When I was subjected to racism and the assulted. I then spoke up to H.R. and managment, nothing was done. so I filed a complaint with Workforce Solutions. Right after that I was fired wrongfully for whistle Blowing against Trader Joe's and Parker Stanley. I was subjected to physical damage, emotional damage, and lost wages. along with slandering my reputation.

I have four other former employees and two current employees that would like to join me in this lawsuit if possible for the same reasons.

FILED
FIRST JUDICIAL
DISTRICT COURT

2021 MAY 26  PM 2:35

**STATE OF NEW MEXICO**
**COUNTY OF** Santa Fe
**FIRST JUDICIAL DISTRICT COURT**

Case No.: D- _101_ -DM- _2021·01192_

_Robert Romero_
**Petitioner/Plaintiff,**

vs.

_Trader Joes and Parker Stanley_
**Respondent/Defendant.**

## This form must be filled out.

### INTERPRETER FORM

1. Do you need an interpreter?: [ ] Yes   [X] No

2. An interpreter is requested for: [ ] Petitioner/Plaintiff [ ] Respondent/Defendant
   [ ] Witness in matter
   **(This party request is for the entire case.)**

3. The type of interpreter needed: [ ] Spanish  [ ] American Sign Language
   [ ] _____ speaker
   _(language)_

Dated:_____

| |
|---|
| _A copy of this Request was:_<br>[ ] _mailed to the address set forth below_<br>[ ] _hand delivered to the address set forth below_<br><br>On_____ to:<br>    _Date_<br>[ ] _Petitioner/Plaintiff pro se_<br>[ ] _Respondent/Defendant pro se_<br>[ ] _Intervenor_<br><br><br>_(Street Address)_<br><br>_(City, State and Zip Code)_ |

_Robert Romero_
_(Name)_

[X] _Petitioner/Plaintiff Pro Se_
[ ] _Respondent/Defendant Pro Se_
HC 74 Box 420
_(Street Address)_
Pecos N.M  87552
_(City, State and Zip Code)_
505-666-1917
_(Telephone Number – Indicate If None)_

STATE OF NEW MEXICO
COUNTY OF Santa Fe
FIRST JUDICIAL DISTRICT COURT

FILED
FIRST JUDICIAL
DISTRICT COURT

2021 MAY 26  PM 2: 39

Robert Romero
Petitioner/Plaintiff,

vs.                                Case No.: D-101-CV-2021-01192

Trader Joe's company/ Parker Stanley
Respondent/Defendant.

**REQUEST FOR HEARING**

1. Type of case:  NON JURY

2. Judge to whom assigned: _____ **BRYAN BIEDSCHEID** _____

3. Are there any hearings presently set? _____ Yes _____ No

4. Specific matters to be heard: racism, harrassment, assault and wrongfull Termination.

5. Does either party need an interpreter for this hearing? _____ Yes _____ No *(If you checked Yes you must file an Interpreter Form.  You can get the form from the Self Help Center or the Clerk's Office.)*

6. Estimated total time required for hearing all parties and witnesses: _____

Signature

Robert Romero
Print Name

HC 74 Box 420/5 Velvet Rd
Print Address

Pecos N.m 87552   505-666-1917
City/State/Zip/Telephone

**Mailing Address for Other Party's Attorney**

_____

_____

_____

**Mailing Address for Other Party**

Trader Joe's 530 w. cordova Rd

Santa Fe nm

87505

**Remember:  It is your obligation to promptly mail or serve a copy to the other party.**

FILED
FIRST JUDICIAL
DISTRICT COURT

2021 MAY 26  PM 2: 39

**STATE OF NEW MEXICO**
**COUNTY OF** Santa Fe
**FIRST JUDICIAL DISTRICT COURT**

Robert Romero
**Plaintiff,**

**vs.**                                  Case No.: D- 101 -CV- 2021·01192

Trader Joes Company
**Defendant.**

## INFORMATION SHEET
(The information needed on this form is the Defendants information)

**Name:** Trader Jaes Companey          **A/K/A**

**Date of Birth** _____ **Height** _____ **Weight** _____

**Hair Color** _____ **Eye Color** _____ **Glasses? Yes [ ] No [ ]**

**Marks, Tattoos or Scars:** _____

**Languages Spoken: English [ ] Spanish [ ]   Other [** _____ **]**

**Mailing Address:** 503 W. Cordova Rd. Santafe, NM 87505

**Work Location:** Cordova Rd in Santafe NM

**Telephone Number at Home** 505-995-8145 **Work** 505-995-8145

**Describe Vehicle:** _____ **License No.** _____

**Probable Location at this time:** 4:00pm – close
**Most Likely Time of Availability** _____

**Please draw a MAP of the home or workplace location in the space below, if needed:**

**STATE OF NEW MEXICO**
**COUNTY OF** Santa Fe nm
**FIRST JUDICIAL DISTRICT COURT**

FILED
FIRST JUDICIAL
DISTRICT COURT

2021 MAY 26  PM 2:39

Robert Romero
**Plaintiff,**

**vs.**

**Case No.: D-** 101 **-CV-** 2021-01192

Standley Parker
**Defendant.**

## INFORMATION SHEET
(The information needed on this form is the Defendants information)

**Name:** Parker Standley **A/K/A** _____

**Date of Birth** _____ **Height** 5'8 **Weight** 150

**Hair Color** Dirty Blond **Eye Color** _____ **Glasses? Yes [ ] No [X]**

**Marks, Tattoos or Scars:** none

**Languages Spoken: English [✓] Spanish [ ]   Other [_____]**

**Mailing Address:** 503 w. cordova Rd. Santa Fe, nm 87505

**Work Location:** 503 w. cordova Rd Santa Fe, nm 87505

**Telephone Number at Home** _____ **Work** 505-995-8145

**Describe Vehicle:** _____ **License No.** _____

**Probable Location at this time:** _____
**Most Likely Time of Availability** _____

**Please draw a MAP of the home or workplace location in the space below, if needed:**

**4-222. Application for free process and affidavit of indigency.**

FILED
FIRST JUDICIAL
DISTRICT COURT

2021 MAY 26  PM 2: 34

STATE OF NEW MEXICO
COUNTY OF _Santa Fe_
FIRST JUDCIAL DISTRICT COURT

_Robert Romero_
Petitioner,

v.                                              No. _D-101-CV-2021-01192_
_Trader Joes and Parker Stanley_
Respondent.

## APPLICATION FOR FREE PROCESS
## AND AFFIDAVIT OF INDIGENCY

I request that the court enter an order permitting me to file this case without prepayment of fees and costs and give upon my oath or affirmation the following statement.

My marital status is: Single _____   Married _✓_   Divorced _____
                      Separated _____   Widowed _____

I request interpretation services: _____ yes _✓_ no (If yes, please describe what you need):

_____
_____.

**INFORMATION ABOUT MY FINANCES (check all that apply to you and fill in the blanks):**

**A. PUBLIC ASSISTANCE**

_____   I do not receive public assistance (if you check this blank, go directly to Section B, EMPLOYMENT/UNEMPLOYMENT).

_____   I currently receive the following public assistance in _San miguel_ County (Please check all applicable public assistance programs):
   _____ Temporary Assistance for Needy Families (TANF)
   _X_ Food Stamps
   _X_ Medicaid
   _____ General Assistance (GA)
   _____ Supplemental Security Income (SSI)
   _____ Public Housing
   _____ Disability Security Income (DAI)
   _____ Department of Health Case Management Services (DHMS)
   _____ Other (please describe):

**B.   EMPLOYMENT/UNEMPLOYMENT**

✓ I am currently unemployed and have been unemployed for:
_12_ months in the past year.  I am unemployed because
_I was wrongfully Let go_
____ I receive unemployment benefits in the amount of
$ _∅_ per month.
✓ I have no income because I am unemployed.

____ I am employed.  I am paid $_____ per hour and work _____ hours
per week.
My employer's name, address and phone number is:
_____
_____
_____

____ I am married, and my spouse is unemployed and has been
unemployed for _____ months in the past year because
_____.
____My spouse receives unemployment benefits in the amount
of $ _____ of per month.

____ I am married, and my spouse is employed.  My spouse is paid
$_____ per hour and works ____ per week.
My spouse's employer's name, address and phone number is:
_____
_____
_____

**C.   OTHER SOURCES OF INCOME** (Check all that apply)

____ I have income from another source not mentioned above.
____ Child Support    $_____
____ Alimony          $_____
____ Investments      $_____
____ Community property from my spouse $_____
____ Other _____ $_____
✓ I do not have any other sources of income.

____ I am married, and my spouse has income from another source
not mentioned above.
____ Child Support $_____

_____ Alimony $_____
_____ Investments $_____
_____ Other _____ $_____
_____ Other _____ $_____

✓ I am married, and my spouse does not have any other sources of income.

_____ Another adult contributes to household income in the following amount $_____.

**D.   OTHER ASSETS (Please list other assets owned by you or your spouse that can be turned into cash.  Do not include money you have in retirement accounts.)**

Cash on hand                        $ 0
Bank accounts                       $ 500
Income tax refund                   $_____
Other assets (describe below):      $_____

_____       $_____
_____       $_____

**IF YOU DO NOT HAVE ACCESS TO YOUR OWN OR YOUR SPOUSES INCOME OR ASSETS, EXPLAIN WHY.** _____

_____

_____

**E.   MONTHLY EXPENSES**

House Payment/Rent                  $ 800
Utilities                           $ 175
Telephone                           $ 98
Groceries (after food stamps)       $ 0
Car Payment(s)                      $ .
Gasoline                            $ 300
Insurance                           $_____
Child Care                          $_____
Student and Consumer Loans          $_____
Court-ordered family support obligations   $_____
Other court-ordered payments        $_____
Medical expenses                    $_____
Other_____        $_____

F.   **HOUSEHOLD**

I live at _5 velvet Rd_ and the head of the household
is _Robert Romero_.
Other than myself, the other members of the household are:

| Name | Age | Employment | I Support |
|------|-----|-----------|-----------|
| Trinity Romero | 13 | N/A | (✓) |
| Matthew Romero | 18 | N/A | (✓) |
| Amanda Lopez | 35 | N/A | (✓) |
| | | | ( ) |
| | | | ( ) |
| | | | ( ) |

*This statement is made under oath. I hereby state that the above information regarding my financial condition is correct to the best of my knowledge. I hereby authorize the Court to obtain information from financial institutions, employers, relatives, the federal internal revenue service and other state agencies. If at any time the Court discovers that information in this application for free process was false, misleading, inaccurate, or incomplete at the time the application was submitted, the Court may require me to pay for any costs or fees that were waived under an order of free process that was granted based on the information of this application.*

_Robert Romero_
(Signature)

_Robert Romero_
(Print Name)

✓ Petitioner _____ Respondent (Pro Se)

_#C74 Box 420 / 5 velvet Rd_
(Street Address)

_Pecos N.M 87552_
(City, State, Zip Code)

_505-666-1917_
(Telephone)

State of _New Mexico_ )
County of _Santa Fe_ ) ss

Signed and sworn to (or affirmed) before me on _May 24th, 2021_ (date)
by _Robert Romero_ (name of applicant).

_____
Notary

My Commission expires: **PURSUANT TO**
**§ 14-14-3 NMSA 1978**
**By Deputy Court Clerk**

4-223. Order for free process.
[For use with Supreme Court General Rule 23-114]

FILED
FIRST JUDICIAL
DISTRICT COURT

2021 MAY 26  PM 2: 34

**STATE OF NEW MEXICO**
**COUNTY OF** Santa Fe
**FIRST JUDICIAL DISTRICT COURT**

Robert Romero
Petitioner,

vs.                                    No. D-101-CV-2021-00193

Trader Joes and Parker Stanley
Respondent.

## ORDER ON APPLICATION FOR FREE PROCESS

THIS MATTER having come before the court on Petitioner's application for free process and affidavit of indigency, or upon Petitioner's attorney's certificate supporting indigency and free process pursuant to Rule 23-114(B)(2) NMRA, and the court being otherwise advised in the premises,
**FINDS** that:

[ ]   the applicant is entitled to free process in accordance with Rule 23-114(B)(2) NMRA.

[✓]   the applicant receives public assistance and is, therefore, entitled to free process.

[ ]   the applicant's annual income does not exceed _____ of the federal poverty guidelines, and the applicant is, therefore, entitled to free process.

[ ]   the applicant's annual gross income exceeds _____ of the federal poverty guidelines, but the applicant is not reasonably able to pay fees or costs and is, therefore, entitled to free process.

[ ]   on the basis of the applicant's available funds or annual income, the applicant is not entitled to free process.

**THE COURT ORDERS** that:

[ ]   the filing fee is waived.

[✓]   the filing fee is waived except for the $ 15.00 alternative dispute resolution (ADR) fee.

[ ]   The applicant is granted free service of process by the Sheriff in _____

County, New Mexico for    1      2      3      4      5     or _____summons(es), provided that the applicant first attempts service by certified mail pursuant to Rule 1-004 NMRA.

[ ]   the applicant is granted free service by the Sheriff in _____ County, New Mexico, of a temporary restraining order or _____.

[ ]   the applicant is to pay the filing fee on _____, 20_____.

[ ]   interpretation services shall be provided to the applicant.

[ ]   free process is denied.

[ ]   Other: _____
_____.

**Unless specifically granted above, this order of free process does not include the following costs: jury fees, certification fees, subpoena fees for witnesses, witness fees for hearings or trials, mailings, long distance charges, transcripts for appeals or record proper, duplication fees for audiotapes or compact discs, copy charges, publication fees, or facsimile services. Application for all other costs are to be made to the judge assigned to your case. If the applicant prevails in this law suit and collects money by judgment or settlement, the court may order reimbursement for any waived costs. If the applicant is represented by an attorney who is paid an attorney fee, any fees or costs waived by this order must be deducted from an such attorney fee and paid to the court clerk. *This order is subject to revision, modification or recission by the judge assigned to your case.***

JUDGE

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
6/1/2021 10:01 AM
KATHLEEN VIGIL CLERK OF THE COURT
Bernadette Hernandez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

Case No. D-101-CV-2021-01192

ROBERT ROMERO,

        Plaintiff,

vs.

TRADER JOE'S and PARKER STANLEY,

        Defendant.

## NOTICE OF HEARING ON APPLICATION
## FOR CIVIL RESTRAINING ORDER

PLEASE TAKE NOTICE that the above entitled cause has been scheduled for hearing before the Honorable Bryan Biedscheid, District Judge, Division VI for the date, time and place set forth below:

Date of Hearing:      June 24, 2021

Time of Hearing:      10:00 a.m.

Length of Hearing:    1 Hour

Place of hearing:     Telephonically via Google Meet

**Remote Access.** All hearings are conducted by Google Meet. The court prefers counsel and parties to participate by video at https://meet.google.com/hdc-wqjx-wes. If it is not possible to participate by video, you may participate by calling (US) +1 954-507-7909 PIN: 916 854 445#

Matter to be Heard:  Plaintiff's Application for Civil Restraining Order

**THE HONORABLE BRYAN P. BIEDSCHEID**
**First Judicial District Court Judge**

By _____
       Terri S. Sossman, TCAA

1

FILED
FIRST JUDICIAL
DISTRICT COURT

2021 JUN -9 PM 1: 52

4-206. Summons.
[For use with District Court Civil Rule 1-004 NMRA] . *Return*.

| SUMMONS | |
|---|---|
| District Court: Santa Fe County, New Mexico<br>Court Address: P.O. Box 2268<br>225 Montezuma, Ave.<br>Santa Fe, New Mexico 87504/87501<br>Court Telephone No.: 505-455-8250 | Case Number: D-101-CV-2021-01192<br><br>Judge:<br><br>**BRYAN BIEDSCHEID** |
| Plaintiff(s): Robert Romero<br>v.<br>Defendant(s): Trader Joes company | Defendant Name: Trader Joes<br>Address: 503 W. Cordova Rd<br>Santa Fe N.m 87503 |

TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA.) The Court's address is listed above.

3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at __Santa Fe_____, New Mexico, this _07_ day of _June_____, 20_21_.

**KATHLEEN VIGIL**
CLERK OF COURT

By: _Bernadette Hernandez_____
       Deputy



Attorney for Plaintiff or Plaintiff pro se
Name: Robert Romero
Address: Hc 74 Box 420 pecos n.m 87552
Telephone No.: 505-666-1917
Fax No.:
Email Address: romerortm@Gmail.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

### RETURN[1]

STATE OF NEW MEXICO   )
                     )ss
COUNTY OF _Santa Fe_ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this
lawsuit, and that I served this summons in _Santa Fe_ county on the _9_ day of
_June_, _21_, by delivering a copy of this summons, with a copy of complaint attached,
in the following manner:

**(check one box and fill in appropriate blanks)**

[N✓]   to the defendant _James Bond_ (*used when defendant accepts a copy of summons
*and complaint or refuses to accept the summons and complaint*)

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when
service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the
usual place of abode of defendant _____, (*used when the defendant is not presently at
place of abode*) and by mailing by first class mail to the defendant at _____ (*insert
defendant's last known mailing address*) a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business
or employment of the defendant and by mailing by first class mail to the defendant at
_____ (*insert defendant's business address*) and by mailing the summons and
complaint by first class mail to the defendant at _____ (*insert defendant's last known
mailing address*).

[ ]   to _____, an agent authorized to receive service of process for
defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of
defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]   to _James Bond_ (name of person), _Mate (Supervisor)_ (title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this __9__ day of __June__, 2021 [2]

_Marina Simeros_
Judge, notary or other officer
authorized to administer oaths
_leadworker_
Official title

PURSUANT TO
§ 14-14-3 NMSA 1978
By Deputy Court Clerk

USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED
FIRST JUDICIAL
DISTRICT COURT

4-206. Summons.      *Return*      2021 JUN -9 PM 1:52
[For use with District Court Civil Rule 1-004 NMRA]

| SUMMONS | |
|---|---|
| District Court: **Santa Fe** _____ County, New Mexico<br>Court Address: P.O. Box 2268<br>225 Montezuma, Ave.<br>Santa Fe, New Mexico 87504/87501<br>Court Telephone No.: 505-455-8250 | Case Number: **D-101 CV-2021-01192**<br><br>Judge:<br>**BRYAN BIEDSCHEID** |
| Plaintiff(s): **Robert Romero**<br>v.<br>Defendant(s): **Parker Stanly** | Defendant<br>Name: **Parker Stanly**<br>Address: **503 W Cordova Rd**<br>**Santa Fe n.m 87505** |

TO THE ABOVE NAMED DEFENDANT(S):  Take notice that

1.  A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.  You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA.) The Court's address is listed above.

3.  You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.  If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.  You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.  If you need an interpreter, you must ask for one in writing.

7.  You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at ____**Santa fe**_____, New Mexico, this __07__ day of __June____, 20 _21_.

**KATHLEEN VIGIL**
CLERK OF COURT

By: _____
          Deputy



Attorney for Plaintiff or Plaintiff pro se
Name: **Robert Romero**
Address: **HC 74 Box 420 Pecos n.m 87552**
Telephone No.: **505-666-1917**
Fax No.:
Email Address: **romerortm@Gmail.com**

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO  )
                     )ss
COUNTY OF _Santa Fe_ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this
lawsuit, and that I served this summons in _Santa Fe_ county on the _9_ day of
_June_ , _21_ , by delivering a copy of this summons, with a copy of complaint attached,
in the following manner:

**(check one box and fill in appropriate blanks)**

[☑]   to the defendant _James Doud_ *(used when defendant accepts a copy of summons
and complaint or refuses to accept the summons and complaint)*

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when
service is by mail or commercial courier service)*.

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the
usual place of abode of defendant _____, *(used when the defendant is not presently at
place of abode)* and by mailing by first class mail to the defendant at _____ *(insert
defendant's last known mailing address)* a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business
or employment of the defendant and by mailing by first class mail to the defendant at
_____ *(insert defendant's business address)* and by mailing the summons and
complaint by first class mail to the defendant at _____ *(insert defendant's last known
mailing address)*.

[ ]   to _____, an agent authorized to receive service of process for
defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of
defendant _____ *(used when defendant is a minor or an incompetent person)*.

to _James Bond_ (name of person), _mgtc (supervisor)_ (title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _9_ day of _June_ _2021_[2]

_Marina Sinneros_
Judge, notary or other officer
authorized to administer oaths
_Lead worker_
Official title

PURSUANT TO
§ 14-14-3 NMSA 1978
By Deputy Court Clerk

USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
6/17/2021 4:48 PM
KATHLEEN VIGIL CLERK OF THE COURT
Faith Griego

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

                    Plaintiff,                          No: D-101-cv-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

                    Defendants.

## ENTRY OF APPEARANCE

        Littler Mendelson, P.C. (Charlotte Lamont) hereby enters its appearance in the above-

captioned proceeding on behalf of Defendants.

                                Respectfully submitted,

                                LITTLER MENDELSON, P.C.

                                */s/ Charlotte Lamont*
                                Charlotte Lamont
                                201 Third Street, NW, Suite 500
                                Albuquerque, NM  87102
                                505.944.9682 (telephone)
                                505.213.0415 (facsimile)
                                clamont@littler.com

                                Attorneys for Defendants

I hereby certify that, on June 17,
2021, a copy of the foregoing
document was served via Odyssey
File & Serve on all counsel of record
and via regular mail as follows:

Robert Romero
HC74 Box 420

5 Velvet Road
Pecos, New Mexico  87552

*/s/ Charlotte Lamont*
4823-3285-6815.1 / 999999-3930

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
7/7/2021 11:09 AM
KATHLEEN VIGIL CLERK OF THE COURT
Faith Griego

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

        Plaintiff,

vs.

                                 No: D-101-cv-2021-01192

TRADER JOE'S COMPANY/PARKER
STANLEY,

        Defendants.

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendants hereby answer Plaintiff's Civil Complaint – Racism, Harassment, Assault, and Wrongful Termination ("Complaint").

1.     In response to the allegations set forth in the first sentence of the Complaint, Defendants admit that Plaintiff worked for Trader Joe's, but deny the remaining allegations set forth in that paragraph.

2.     Defendants deny the allegations set forth in the second sentence of the Complaint.

3.     Defendants deny the allegations set forth in the third sentence of the Complaint.

4.     Defendants deny the allegations set forth in the fourth sentence of the Complaint.

5.     Defendants deny the allegations set forth in the fifth sentence of the Complaint.

6.     Defendants deny the allegations set forth in the sixth sentence of the Complaint.

7.     Defendants admit the allegations set forth in the seventh sentence of the Complaint (specifically, that Plaintiff filed a complaint with the New Mexico Department of Workforce Solutions).

8.     Defendants deny the allegations set forth in the eighth sentence of the Complaint.

9.      Defendants deny the allegations set forth in the ninth sentence of the Complaint.

10.     Defendants are without sufficient knowledge or information to form a belief with respect to the allegations set forth in the tenth sentence of the Complaint, and therefore deny the same.

11.     Defendants deny any allegation set forth in the Complaint that is not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.      All actions taken by Defendants or anyone acting on their behalf, if any, with respect to Plaintiff were just, fair, privileged, with good cause, without malice, and for lawful, legitimate, non-retaliatory and nondiscriminatory business reasons.

3.      Even assuming, *arguendo*, any of Trader Joe's employees engaged in any unlawful conduct toward Plaintiff, which Trader Joe's denies, Trader Joe's neither knew nor reasonably should have known of said unlawful conduct, did not authorize, ratify, or consent to any such unlawful conduct, and any and all such unlawful conduct was contrary to Trader Joe's express policies, was beyond the course and scope of that individual's employment and cannot be attributed to Trader Joe's, and Trader Joe's cannot be held liable for any such misconduct under the concept of respondent superior, nor is Trader Joe's vicariously liable.

4.      Plaintiff's claims are barred by Trader Joe's exercise of reasonable care to prevent and correct promptly any alleged discriminatory or retaliatory behavior, because Plaintiff unreasonably failed to take advantage of Trader Joe's preventative or corrective opportunities to

otherwise avoid harm, and/or because Trader Joe's took prompt, remedial action with regard to any alleged discrimination or retaliation properly reported by Plaintiff.

5.     Without admitting that Plaintiff engaged in any protected activity, to the extent he did engage in protected activity, there is no causal connection between the protected activity and any adverse action.

6.     Plaintiff's claims are barred because, even if Plaintiff were able to prove that the actions of Defendants about which he complains were motivated by unlawful intent (which he cannot), Defendants would have taken the same actions irrespective of such alleged unlawful intent.

7.     Plaintiff has not suffered cognizable damages or other harm as a result of any act or omission of Defendants, and if any harm was in fact suffered by Plaintiff (which Defendants deny) including, but not limited to, physical harm and/or emotional and/or mental distress, it was proximately caused by Plaintiff's own actions, and/or third parties over whom Defendants had no control, and not by any act or omission of Defendants, or anyone acting on their behalf.

8.     Some or all of Plaintiff's claims may be barred and Plaintiff's damages are limited by the doctrine of after-acquired evidence.

9.     Plaintiff has failed to mitigate his damages.

10.     The Complaint does not allege facts sufficient to state a claim for special, compensatory, or punitive damages, and/or any other damages or relief sought.

11.     Plaintiff's claim for punitive damages, if any, is barred because Defendants did not engage in any conduct that would rise to the level required to sustain an award of punitive damages and/or any award of punitive damages would be precluded by Defendants' good faith efforts to comply with all applicable laws.

12.     Defendants reserve the right to amend and/or modify their defenses and/or assert new and additional defenses as they become known through discovery or otherwise.

WHEREFORE, Defendants respectfully request that the Court:

1.     Dismiss the Complaint with prejudice in its entirety and enter judgment in favor of Defendants;

2.     Grant Plaintiff nothing from the Complaint;

3.     Award Defendants their reasonable attorneys' fees and costs of suit incurred herein; and

4.     Award Defendants any further relief the Court deems just and proper.

Respectfully submitted,

LITTLER MENDELSON, P.C.

/s/ Charlotte Lamont
Charlotte Lamont
201 Third Street, NW, Suite 500
Albuquerque, NM  87102
505.944.9682 (telephone)
505.213.0415 (facsimile)
clamont@littler.com

Attorneys for Defendants

I hereby certify that, on July 7, 2021, a copy of the foregoing was served via Odyssey File & Serve and U.S. Mail on all parties of record as follows:

Robert Romero, *pro se*
HC74 Box 420
5 Velvet Road
Pecos, NM  87552

/s/ Charlotte Lamont

4841-8789-3232.1 / 071820-1108

STATE OF NEW MEXICO
COUNTY OF Santa Fe
FIRST JUDICIAL DISTRICT COURT

FILED
FIRST JUDICIAL
DISTRICT COURT
2021 SEP 30  AM 10: 27

Robert Romero
Petitioner/Plaintiff,

vs.

Case No.: D-101-CV-2021-01192

Trader Joes Company
Respondent/Defendant

## REQUEST FOR HEARING

1. Type of case:      JURY

2. Judge to whom assigned: Bryan Biedscheid

3. Are there any hearings presently set?____   Yes   (No)

4. Specific matters to be heard: Discrimination and hostel environment, along with other employee's that want to join the case and Character witness's.

5. Does either party need an interpreter for this hearing? ___   Yes ___   No *(If you checked* **Yes** *you must file an Interpreter Form. You can get the form from the Self Help Center or the Clerk's Office.)*

6. Estimated total time required for hearing all parties and witnesses: 8 hours

Signature

Robert Romero
Print Name

HC 74 Box 420
Print Address

Pecos nm 87552
City/State/Zip/Telephone

**Mailing Address for Other Party's Attorney**
Charlotte Lamot

201 Third Street, NW, suite 500

Albuquerque, NM 87102

**Mailing Address for Other Party**
Trader Joe Company/Parker Stanily

503 W cordova Rd

Santa Fe NM 87505

**Remember: It is your obligation to promptly mail or serve a copy to the other party.**

XC Judge

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
11/19/2021 11:21 AM
KATHLEEN VIGIL CLERK OF THE COURT
Edith Suarez-Munoz

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

       Plaintiff,               No: D-101-cv-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

       Defendants.

## CERTIFICATE OF SERVICE

Defendants hereby certify that they served copies of their first set of interrogatories and

first request for production via U.S. mail on this 19th day of November, 2021, on Plaintiff as

follows:

      Robert Romero
      HC74 Box 420
      5 Velvet Road
      Pecos, New Mexico  87552

                          Respectfully submitted,

                          LITTLER MENDELSON, P.C.

                          */s/ Charlotte Lamont*
                          Charlotte Lamont
                          201 Third Street, NW, Suite 500
                          Albuquerque, NM  87102
                          505.944.9682 (telephone)
                          505.213.0415 (facsimile)
                          clamont@littler.com

                          Attorneys for Defendants

I hereby certify that, on November 19, 2021, a copy of the foregoing document was served via U.S. Mail and Odyssey File & Serve on Plaintiff as follows:

Robert Romero
HC74 Box 420
5 Velvet Road
Pecos, New Mexico  87552

*/s/ Charlotte Lamont*
4878-3421-1588.1 / 071820-1108

2

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
3/10/2022 9:16 AM
KATHLEEN VIGIL CLERK OF THE COURT
Judyn Martinez

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

               Plaintiff,

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

               Defendants.

No: D-101-cv-2021-01192

Judge Bryan Biedscheid

## NOTICE OF EXTENSION OF TIME TO RESPOND TO DISCOVERY REQUESTS

Defendants hereby notify the Court that the parties have agreed to extend the deadline until

March 28, 2022 for Defendants to respond to Plaintiff's First Requests for Production to

Defendants.

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Charlotte Lamont*
Charlotte Lamont
clamont@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM 87102
505.944.9682 (telephone)
505.213.0415 (facsimile)

ATTORNEYS FOR DEFENDANTS

I hereby certify that, on March 10, 2022, I
served a copy of the foregoing document via
Odyssey File & Serve on all counsel of record
as follows:

Robert Romero, Pro Se
romerortm@gmail.com
HC74 Box 420
5 Velvet Road
Pecos, New Mexico 87552

*/s/ Charlotte Lamont*
Charlotte Lamont

4885-7410-5364.1 / 071820-1108

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
3/28/2022 4:18 PM
KATHLEEN VIGIL CLERK OF THE COURT
Judyn Martinez

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

          Plaintiff,

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

          Defendants.

No: D-101-cv-2021-01192
Judge Bryan Biedscheid

## <u>CERTIFICATE OF SERVICE</u>

      Defendants Trader Joe's Company and Parker Staley hereby certify that they served their

Responses to Plaintiff's Requests for Production via electronic mail on March 28, 2022 on Plaintiff

pro se as follows:

      Robert Romero
      romerortm@gmail.com
      HC74 Box 420
      5 Velvet Road
      Pecos, New Mexico 87552

          Respectfully submitted,

          LITTLER MENDELSON, P.C.


          */s/ Charlotte Lamont*
          Charlotte Lamont
          clamont@littler.com
          201 Third Street NW, Suite 500
          Albuquerque, NM  87102
          505.944.9682 (telephone)
          505.213.0415 (facsimile)


          ATTORNEYS FOR DEFENDANTS

I hereby certify that, on March 28, 2022, I served a copy of the foregoing document via Odyssey File & Serve on plaintiff pro se as follows:

Robert Romero
romerortm@gmail.com
HC74 Box 420
5 Velvet Road
Pecos, New Mexico 87552

*/s/ Charlotte Lamont*
Charlotte Lamont

4882-4614-2480.1 / 071820-1108



FILED
FIRST JUDICIAL
DISTRICT COURT

2022 APR 11  AM 10: 38

**STATE OF NEW MEXICO**
**COUNTY OF** Santa Fe
**FIRST JUDICIAL DISTRICT COURT**

Robert Romero
**Petitioner/Plaintiff,**

**vs.**                                 **Case No.:** D- 101 - cv - 2021- 01192

Trader Joe's Company/Parker Stanley
**Respondent/Defendant.**


**MOTION FOR/TO** Compel Responses To Discovery


I, Robert Romero , the Petitioner/Plaintiff/Respondent/Defendant

[underline one] In the above-entitled action, requests the Court to consider the following:

1. On March 28, 2022, Defendant sent me a Certificate of
Service. I did not recive what I requested on my
Compel Responses to Discovery.

2. The Original Request for my Response to Discovery
was asked on Feb. 4, 2022. I gave them 30 days
to respond.

3. On March 10, 2022, Defendant asked for a Notice of
Extension of time to Respond to Discovery Request
that was due, March 28, 2022.

4. What I've asked for is crucial for my case. For it show's
that I'm not the only person/ employee that was
showed racism, assaulted and wrongfully terminated.
This will prove that I'm not the only person/employee

[Do not write on the back of this document. Use additional paper if needed.]

that requested an invesagation on Parker
Standley.

5. I was told by Trader Joe's Attorney's
that they could not release what I've asked
for because of Attorney/Client privilege.
I was told that the complaint from
other employees could not be giving to me
because it seeks personal and confidential
information regarding other employees.
I know the other complaints happened
while I was working for Trader Joe's, and
are tied to this case. So I'm requesting
that The Defendant, black out the employees
name and personal information so it could
be released to me.


Your Honor, Thank you
for your time,

Robert Romero

I have contacted the other party:

_____ They agree with my motion.

__✓__ They do not agree with my motion.

_____ They will not talk to me about my motion.

OR:

I have not contacted the other party because:

_____ I cannot talk to him/her because there is a protective order between us and he/she does not have a lawyer.

_____ I have not talked to him/her because _____

_____

_Robert Romero_
Signature

_Robert Romero_
Printed name

_HC 74 Box 420_
Mailing address

_Pecos n.M. 87552_
City, State & Zip

_505-666-1912_
Telephone

## CERTIFICATE OF SERVICE

I hereby certify, that I mailed/hand-delivered/faxed (circle one) a copy of this pleading to: (provide name, address and phone number of all other parties and/or their attorneys.)

_Littler Mendelson. P.c._

_201 third street n.w. suite 500_

_Albuquerque n.M 87102_

_713-652-4738/505-944-9682_

this __11__ day of __April__, 20_22_.

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
4/29/2022 9:01 AM
KATHLEEN VIGIL CLERK OF THE COURT
Leticia Cunningham

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

        Plaintiff,                  No: D-101-cv-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

        Defendants.

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION FOR PROTECTIVE ORDER

Defendants Trader Joe's Company ("Trader Joe's") and Parker Staley hereby respond in opposition to Plaintiff Robert Romero's Motion to Compel Defendants' Discovery Responses ("Motion"), and respectfully move the Court pursuant to Rule 1-026(C) NMRA for entry of an Order protecting Defendants from any obligation to further respond to Plaintiff's patently overbroad and vague Requests for Production of Documents ("RFPs").[1]  For the reasons set forth below, the Court should deny the Motion, enter a protective order in favor Defendants, and award Defendants their reasonable attorneys' fees and costs incurred in connection with the Motion.

As an initial matter, Plaintiff failed to make any good-faith effort to resolve this discovery dispute.  Defendants served their responses to Plaintiff's RFPs on March 28, 2022, and informed Plaintiff that Defendants would produce the responsive documents that week.  On April 4, 2022, Plaintiff contacted Defendants' counsel regarding the status of Defendants' document production and stated his intention to file a motion to compel.  Defendants responded the very same day and

---

[1] Plaintiff failed to attach a copy of Defendants' responses to his RFPs as required by Rule 1-037(A)(4) NMRA. Accordingly, Defendants attach a copy of the same as Exhibit A to this Response.

informed Plaintiff that they were still in the process of numbering and preparing the documents for production.  Defendants produced the non-privileged responsive documents to Plaintiff on April 8, 2022.  On April 11, 2022, without further contacting or consulting with Defendants regarding their document production, Plaintiff filed the Motion.

While Plaintiff contends that he requested documents that are crucial to his case, as explained in Defendants' responses and objections to Plaintiff's RFPs, the RFPs are vague, ambiguous, and overbroad, and seek confidential and/or privileged information.  Particularly, Plaintiff requests "all document[s]" that Defendants have that have to do with this case.  Plaintiff also requests the "results" from complaints he believes other employees may have made against Mr. Staley that are wholly unrelated to Plaintiff's claims.

First, a request for "all document[s]" and "results" is patently vague and ambiguous. Second, any alleged complaints by other employees, and/or their "results", have no relevance to Plaintiff's claims and whether he himself was subjected to racism, harassment, assault, or wrongful termination as alleged in his complaint.  *See Plaintiff's Original Complaint.*  Further, Plaintiff's RFPs seek discovery of personal and confidential information of individuals who are not parties to this litigation.  Plaintiff requests all complaints on "[r]acism, hostile environment[,] [w]rongful termination, [a]nd putting [e]mployees in physical danger by working them hard while they are on light duty."  In response, Defendants informed Plaintiff that he is the only person who has lodged such a complaint against Mr. Staley and thus there are no responsive documents other than the documents produced to Plaintiff and now in Plaintiff's possession.

In the Motion, Plaintiff requests that Defendants "black out the employees name and personal information so [the results] could be released to [him]."  However, as noted above,

Plaintiff is not entitled to these documents because they are not relevant to whether he, and not others, suffered racism, harassment, assault, or wrongful termination as alleged in his complaint.

Based on the foregoing, the Court should deny the Motion, enter an Order protecting Defendants from any obligation to further respond to Plaintiff's RFPS, award Defendants their reasonable attorneys' fees and costs incurred in connection with the Motion, and grant such other relief as is just in the premises.

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Charlotte Lamont*
Charlotte Lamont
201 Third Street, NW, Suite 500
Albuquerque, NM 87102
505.944.9682 (telephone)
505.213.0415 (facsimile)
clamont@littler.com

Attorneys for Defendants

I hereby certify that, on April 29, 2022, a copy of the foregoing was served via Odyssey File & Serve and U.S. Mail on all parties of record as follows:

Robert Romero, *pro se*
HC74 Box 420
5 Velvet Road
Pecos, NM 87552

*/s/ Charlotte Lamont*

4874-6338-9470.1 / 071820-1108

3

# EXHIBIT A

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

          Plaintiff,

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

          Defendants.

No: D-101-cv-2021-01192
Judge Bryan Biedscheid

## DEFENDANTS TRADER JOE'S COMPANY AND PARKER STALEY'S
## RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 1-026 and 1-034 NMRA, Defendants Trader Joe's Company and Parker Staley ("Defendants") hereby respond to Plaintiff's First Set of Requests for Production.

Defendants object to the definitions and instructions in the Requests to the extent they seek to expand Defendants' obligations beyond the requirements of the New Mexico Rules of Civil Procedure.

These responses represent Defendants' good faith efforts to respond based upon information available at this time. Defendants specifically reserves the right to supplement, modify and/or amend these responses in the future should additional information make supplementation necessary. To the extent any Request for Production seeks the production of electronically stored information ("ESI"), Defendants will produce non-privileged documents that it has in its possession, custody, or control, subject to the parties' meet and confer agreement regarding the collection and production of ESI.

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Charlotte Lamont*
Charlotte Lamont
clamont@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9682 (telephone)
505.213.0415 (facsimile)

ATTORNEYS FOR DEFENDANTS

2

## RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1.     All document that you have to do with this case Robert Romero vs Trader Joe's Company / Parker Stanley.

RESPONSE:  Defendants object to this request because it is vague, ambiguous, overly broad, unduly burdensome, seeks discovery of documents that are protected by the attorney-client privilege and/or the work product doctrine, and is not reasonably calculated to lead to the discovery of admissible evidence.   Subject to and without waiving the foregoing objections, see the documents produced by Plaintiff.

2.     Results from Robert Romero's Complaint on Parker Stanley.

RESPONSE:  Defendants object to this Request because it is vague and ambiguous, and does not define the term "results", and is not reasonably calculated to lead to the discovery of admissible evidence.  To the extent Plaintiff refers to the Complaint filed in this lawsuit, discovery and litigation is ongoing and there are no "results" regarding the same.

3.     Results from Hamza Blachser's Complaint on Parker Stanley.

RESPONSE:  Defendants object to this Request because it seeks personal and confidential information regarding a person who is not a party to this litigation, is vague, ambiguous, does not define the term "results", and is not reasonably calculated to lead to the discovery of admissible evidence.

4.     Results from Johsie Rosales's Complaint on Parker Stanley.

RESPONSE:  Defendants object to this Request because it seeks personal and confidential information regarding a person who is not a party to this litigation, is vague, ambiguous, does not define the term "results", and is not reasonably calculated to lead to the discovery of admissible evidence.

5.     Results from Sera Tapia's Complaint on Parker Stanley.

RESPONSE:  Defendants object to this Request because it seeks personal and confidential information regarding a person who is not a party to this litigation, is vague, ambiguous, does not define the term "results", and is not reasonably calculated to lead to the discovery of admissible evidence.

6.     Results from Victoria' complaint on Parker Stanley.

RESPONSE:  Defendants object to this Request because it seeks personal and confidential information regarding a person who is not a party to this litigation, is vague, ambiguous, does not define the term "results", and is not reasonably calculated to lead to the discovery of admissible evidence.

3

7.     All Complaint' from When Parker first started till know on Racism, Hostile environment Wrongful termination, And putting. Employees in physical danger by working them  hard while they are on light duty.

RESPONSE:  Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Plaintiff is the only person who has lodged a complaint against Defendant Parker Staley for racism, hostile work environment, wrongful termination, or "working them hard while they are on light duty".

8.     Results on why our Manger Justin left because of Parker Stanley.

RESPONSE:  Defendants object to this Request on the grounds that it is vague, assumes facts not in evidence, misrepresents the underlying facts, and is not reasonably calculated to lead to the discovery of admissible evidence.

9.     All my work reviews that they gave me every 6 mounts for my raise.

RESPONSE:  Defendants will produce copies of Plaintiff's Trader Joe's performance reviews.

10.     My work schedule and hr I worked from when I started till when I got Wrongfully terminated.

RESPONSE:  Defendants object to this Request on the grounds that it is vague, ambiguous, misstates the facts and the law, is overbroad, and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Defendants will work with Plaintiff to narrow the scope of this Request and provide responsive documents to the extent they exist.

4

**STATE OF NEW MEXICO**
**COUNTY OF** Santa Fe
**FIRST JUDICIAL DISTRICT COURT**

FILED
FIRST JUDICIAL
DISTRICT COURT

2022 JUN -7 PM 2: 10

Robert Romero
**Petitioner/Plaintiff,**

**vs.**                                          **Case No.:** D-101 -cv -2021- 01192

Trader Joe's Company/Parker Stanley
**Respondent/Defendant.**

### MOTION FOR/TO  Mediation

I, Robert Romero          , the Petitioner/Plaintiff/Respondent/Defendant

[underline one] In the above-entitled action, requests the Court to consider the following:

I have exhausted my resources on getting what
I need from Trader Joe's Company / Parker Stanley,
so I am begging to the courts, if they can
issue a mediator to step in to help resolve
our issues, befor I motion our pre trial.

**[Do not write on the back of this document.  Use additional paper if needed.]**

V.C. Judge

I have contacted the other party:

_____ They agree with my motion.

_____ They do not agree with my motion.

_____ They will not talk to me about my motion.

OR:

I have not contacted the other party because:

_____ I cannot talk to him/her because there is a protective order between us and he/she does not have a lawyer.

\_\_✓\_\_ I have not talked to him/her because I have called Nathaniel Higgins, Attorney for Trader Joe's Company / Parker Stanley, and got no responce back.

Signature

Printed name Robert Romero

Mailing address HC 74 Box 420

City, State & Zip Pecos n.m 87552

Telephone 505-666-1917

## CERTIFICATE OF SERVICE

I hereby certify, that I mailed/hand-delivered/faxed (circle one) a copy of this pleading to: (provide name, address and phone number of all other parties and/or their attorneys.)

Charlotte Lamont
201 third street
NW.Suite 500
Albuquerque n.m 87102

this 7 day of June , 20 22

FILED
FIRST JUDICIAL
DISTRICT COURT

2022 JUN -7 PM 2:14

STATE OF NEW MEXICO
COUNTY OF _Santa Fe_
FIRST JUDICIAL DISTRICT COURT

_Robert Romero_
Petitioner/Plaintiff,

vs.

_Trader Joes Company/Parker Stanley_
Respondent/Defendant.

Case No. _D-101-CV-2021-01100_

## REQUEST FOR HEARING

1. Type of case: NON JURY

2. Judge to whom assigned: **BRYAN BIEDSCHEID**

3. Are there any hearings presently set?   Yes ____   No _✓_

4. Specific matters to be heard: _Mediation on case so filed_

5. Does either party need an interpreter for this hearing?   Yes _✓_   No *(If you checked Yes you must file an Interpreter Form. You can get the form from the Self Help Center or the Clerk's Office.)*

6. Estimated total time required for hearing all parties and witnesses: _1 hr_

_Robert Romero_
Signature
Robert Romero
Print Name
HC 74 Box 420
Print Address
Pecos Nm 87552
City/State/Zip/Telephone

Mailing Address for Other Party's

Attorney _Charlotte Lamont_
_201 Third Street_
_NW Suite 500_
_Albuquerque NM 87102_

Mailing Address for Other Party-

Remember! It is your obligation to promptly mail or serve a copy to the other party.

YC Judge

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
6/14/2022 1:35 PM
KATHLEEN VIGIL CLERK OF THE COURT
Leticia Cunningham

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

No. D-101-CV-2021-01192

ROBERT ROMERO

      Plaintiff,

v.

TRADER JOE'S COMPANY/ PARKER STANLEY

      Defendants.

## NOTICE OF HEARING

A hearing in this case is set before the Honorable as follows:

Date of Hearing:  July 27, 2022

Time of Hearing:  1:30 pm

Length of Hearing:  30 minutes

Place of Hearing:  Google Meet

**Remote Access** All hearings are conducted by Google Meet. The court prefers counsel and parties to participate by video at https://meet.google.com/hdc-wqjx-wes. If it is not possible to participate by video, you may participate by calling (US) +1 954-507-7909 PIN: 916 854 445#

Matter(s) to be heard:  Motion to Compel Responses to Discovery.

Terri S. Sossman, TCAA

## ALL PARTIES ENTITLED TO NOTICE

Robert Romero
HC 74 Box 420
Pecos NM 87552
505-666-1917

Littler Mendelson. P.C.
201 Third St. N.W suite 500
Albuquerque NM 87102

505-944-9682

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
6/27/2022 1:48 PM
KATHLEEN VIGIL CLERK OF THE COURT
Judyn Martinez

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

         Plaintiff,                  No: D-101-cv-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

         Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR MEDIATION

Defendants Trader Joe's Company and Parker Staley hereby oppose Plaintiff Robert Romero's Motion for Mediation ("Motion").  Even though Plaintiff failed to seek Defendants' position on the Motion before he filed it, counsel for Defendants spoke with Plaintiff and, while the Motion as written appears to request mediation of this entire matter, Plaintiff indicated his Motion only seeks mediation of the parties' discovery dispute, including his previously filed motion to compel and Defendants' response to the same.  As such, Defendants oppose the Motion and ask the Court to deny it.

To the extent the Motion was directed to seek resolution of this entire proceeding, Defendants are amenable to participate in a half-day mediation with a third party mediator to try to globally resolve this lawsuit.

Defendants further ask the Court to award them their reasonable attorneys' fees and costs incurred in connection with the Motion, and grant such other relief as is just in the premises.

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Charlotte Lamont*
Charlotte Lamont
201 Third Street, NW, Suite 500
Albuquerque, NM  87102
505.944.9682 (telephone)
505.213.0415 (facsimile)
clamont@littler.com

Nathaniel J. Higgins, *pro hac vice*
1301 McKinney Street, Suite 1900
Houston, TX 77010
713-951-9400 (telephone)
713-951-9212 (facsimile)
nhiggins@littler.com

ATTORNEYS FOR DEFENDANTS

I hereby certify that, on June 27, 2022, a copy of the foregoing was served via Odyssey File & Serve and U.S. Mail on all parties of record as follows:

Robert Romero, *pro se*
HC74 Box 420
5 Velvet Road
Pecos, NM  87552

*/s/ Charlotte Lamont*
Charlotte Lamont

4892-5700-4838.2 / 071820-1108

2

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
7/7/2022 2:01 PM
KATHLEEN VIGIL CLERK OF THE COURT
Desiree Brooks

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**

**Case No.: D-0101-CV-2021-01192**

**ROBERT ROMERO,**
**Plaintiff,**

**vs.**

**TRADER JOE'S COMPANY / PARKER STANLEY,**
**Defendants.**

### ORDER OF REFERRAL TO SETTLEMENT CONFERENCE

**THIS MATTER** having come before this Court upon its own motion, and the Court being fully advised in the premises,

**IT IS THEREFORE ORDERED** that this case is hereby referred to Settlement Conference.  A party seeking any relief from or modification of this order must file a motion for relief or modification in accordance with NMRA 1-007.1 and LR1-601. Some motion forms are available on the Court's website, www.firstdistrictcourt.com, under FORMS.

**IT IS FURTHER ORDERED THAT:**

1.      The assigned Settlement Facilitator is **S. BARRY PAISNER**.   If the Settlement Facilitator or any party objects to the appointment of the named Settlement Facilitator, that person may file a Request for Replacement Settlement Facilitator within ten (10) business days of the date of this Order. **PLEASE NOTE: The Settlement Conference may be held by video or by telephone or by some other remote option given the continuing public health emergency.**

2.      The Settlement Conference shall be scheduled at the earliest possible date, but in no event later than 60 days from entry of this Order. **Each party shall contact the Settlement**

**Facilitator within ten (10) business days of the entry of this Order to schedule the Settlement Conference. The Settlement Facilitator has the final authority to set the date for the Settlement Conference.**

3.      If the parties resolve their issues prior to the scheduled Settlement Conference, they shall notify the Settlement Facilitator in writing at the earliest time possible but in no event later than at least one day prior to the scheduled date of the Settlement Conference.

4.      The following persons shall attend the Settlement Conference and remain present during the entire Conference:  each party of record including parties represented by counsel; each counsel of record who will be trying the case; for each party, the person or persons with complete authority to settle the case including but not limited to insurance company representatives and guardians ad litem.  Persons who do not reside or maintain a business presence in New Mexico may attend the Settlement Conference by telephone, even if the conference is held in person. Parties shall attend the conference with knowledge of the issues and a willingness to discuss the issues.  Please do not bring children to the Settlement Conference.

5.      The Settlement Facilitator shall be paid $1,083.12 ($1,000.00 plus $83.12 gross receipts tax) for a Settlement Conference of up to 4 hours.

(a)      Each party shall pay an equal share of the Settlement Facilitator's fee. Payment for the first 4 hours shall be made before the Settlement Conference begins.  Each party shall pay its share of the fee, or $541.56 (one-half of $1,000.00, plus gross receipts tax), for the first 4 hours of the Settlement Conference prior to the start of the conference, unless other arrangements have been made with the Settlement Facilitator.

(b)      **A party who feels he or she cannot afford his or her share of the fee**

2

**may file a Motion and Application for Free or Reduced-Fee Settlement Facilitation within 10 days of the date of this Order.**  If the Motion is granted, that party will pay a reduced share of the total fee. The forms are available at the Clerk's Office and on the Court's website, www.firstdistrictcourt.com, under FORMS and in the ADR folder.

(c)      The Settlement Facilitator may spend up to one hour preparing for the Settlement Conference.  This may include time spent in telephone conferences relating to the Settlement Conference, as well as time spent reviewing documents provided by either party. The Settlement Facilitator shall inform the parties at the beginning of the Settlement Conference how much preparation time up to one hour was spent, and how much time remains so the parties know how much of the initial 4 hours remain for the Settlement Conference.  If the Settlement Facilitator believes he/she needs more time for preparation, he/she must request and obtain permission from both parties before spending any additional time to prepare.

(d)      If the case does not settle in the first 4 hours, and the parties agree to continue, the Settlement Facilitator shall be paid at the rate of $300.00 per hour plus gross receipts tax, to be apportioned equally between the parties.

6.      Immediately following the Settlement Conference all participants shall complete evaluations of the Settlement Facilitator on the form enclosed with this Order, and shall provide them to Court Constituent Services according to the instructions on the evaluation form.

7.      **Unless a party notifies the Settlement Facilitator at least three (3) days prior to the settlement facilitation of the inability to attend the scheduled mediation OR that the case has settled, any party that fails to appear at the scheduled time may be liable to pay the costs of the mediation.**

3

8.      Within 10 business days after the Settlement Conference, the Settlement Facilitator shall file a Certificate of Compliance.  If any party does not comply with any of the terms of this Order, the Settlement Facilitator or any party shall file a Notice of Non-Compliance stating which party did not comply with which terms of the Order.

9.      Within 14 days of the settlement conference at which a complete settlement was reached, the parties will file and submit appropriate papers in order to dispose of the case. This will be the responsibility of the Plaintiff's counsel.

10.     Copies of all pleadings regarding Settlement Conferences shall be provided to the judge, the Settlement Facilitator, and to Court Constituent Services.

11.     If a party needs an interpreter in order to participate in the settlement conference, and no Interpreter Form has been filed, the party who needs the interpreter shall file an Interpreter Form and provide a copy to Court Constituent Services and to the Court Interpreter. Interpreter Forms are available in the Court Clerk's Office, on the Court's website, www.firstdistrictcourt.com, and at the Court's Self Help Center.  If a party needs an interpreter to participate in the settlement conference and doesn't request one beforehand, the settlement facilitator will reschedule the conference.  Settlement Conferences requiring an interpreter will be scheduled at the First Judicial District Court.

     **THIS IS A COURT ORDER.  It must be followed, or you may be found in contempt of court.**   A party seeking any relief from or modification of this order must file a motion for relief or modification in accordance with NMRA 1-007.1 and LR1-601.

**DISTRICT COURT JUDGE**

4

## CERTIFICATE OF SERVICE

A copy of this Order was served by email to counsel registered for efile and serve as required in the rules and mailed to pro se party(ies) and settlement facilitator on date of efiling notification.

TCAA or _____

XC:

Attorneys for Defendants

Nathaniel J. Higgins
Littler Mendelson P.C.
1301 McKinney Street Suite 1900
Houston, TX            77010
(713) 951-9400
nhiggins@littler.com

Charlotte A. Lamont
Littler Mendelson PC
201 Third Street NW, Suite 500
Albuquerque, NM        87102
(505) 944-9682
clamont@littler.com

Plaintiff
ROBERT ROMERO
HC 74 BOX 420
PECOS, NM              87552
(505) 666-1917

Facilitator

S Barry Paisner
Hinkle Shanor LLP
218 Montezuma Ave
Santa Fe, NM           87501
(505) 982-4554      Fax: (505) 982-8623
bpaisner@hinklelawfirm.com

5

# First Judicial District Court, Court Constituent Services

Are you:
1. an attorney ○ for
   ○ Petitioner/Plaintiff
   ○ Respondent/Defendant
2. a party ○
   ○ Petitioner/Plaintiff
   ○ Respondent/Defendant

## SETTLEMENT FACILITATOR EVALUATION

Facilitator's Name:_____     [Date Assigned: _____]

Case No. _____     Your name:_____
                                               Your name will not be shared with the Settlement Facilitator.

Settlement Conference Date: _____     Evaluation Date: _____

Please answer the following nine questions.  Comments may be added at the bottom of the page.  Your responses will be kept anonymous and confidential; the settlement facilitator won't know how you rated him/her unless you tell him/her.

This form must be submitted to the First District's Court Constituent Services within five (5) days of the settlement conference.

**How do you rate the settlement facilitator's:**

| | Unsatisfactory | Satisfactory | Good | Excellent |
|---|---|---|---|---|
| 1. Overall performance? | ○ | ○ | ○ | ○ |
| 2. Evenhandedness toward all parties? | ○ | ○ | ○ | ○ |
| 3. Ability to communicate with the parties and counsel? | ○ | ○ | ○ | ○ |
| 4. Ability to deal with impasse? | ○ | ○ | ○ | ○ |
| 5. Management of the settlement conference? | ○ | ○ | ○ | ○ |
| 6. Preparedness? | ○ | ○ | ○ | ○ |
| 7. Understanding of the central issues in the dispute? | ○ | ○ | ○ | ○ |
| 8. Would you choose to use this settlement facilitator again? | ○ Yes | ○ No | ○ Not Applicable | |

9. What should attorneys and participants know about this settlement facilitator in considering whether to use him or her? (Use a second sheet of paper if necessary.)

**Please fax to ADR at 505.455.8321 or email to sfedadr@nmcourts.gov
or mail to Court Constituent Services, First Judicial District Court, P. O. Box 2268, Santa Fe, NM  87504-2268.
If you have any questions, please call 505.455.8145.**

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
8/25/2022 2:53 PM
KATHLEEN VIGIL CLERK OF THE COURT
Liliana M Villalobos

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**

**CASE NUMBER:  D-0101-CV-2021-01192**

**ROBERT ROMERO,**
                    **Plaintiff,**

**v.**

**TRADER JOE'S COMPANY / PARKER STANLEY,**
                    **Defendants.**

## CERTIFICATE of COMPLIANCE with
## ORDER of REFERRAL to SETTLEMENT CONFERENCE

COMES NOW S. BARRY PAISNER, Settlement Facilitator herein, and notifies the court that in accordance with the Order of Referral to Settlement Conference issued in the above captioned case on July 7, 2022, a settlement conference attended by all parties was held on August 19, 2022.

- ❏   The case settled fully during conference.
- ❏   The case settled in part during conference. Remaining issues to be resolved:

_____

_____

- ❏   Progress was made, but the case was not settled.
  - ○   The parties have agreed to reconvene at a later date.
- X   Settlement discussions reached impasse.

- ❏   No conference was held because the case settled fully before the scheduled conference date or before a conference could be scheduled.

❏   Conference was cancelled by the Court.

❏ No conference was held because the parties used a different settlement facilitator.

S. Barry Paisner
Hinkle Shanor LLP
PO Box 2068
Santa Fe, NM  87504
(505) 982-4554
bpaisner@hinklelawfirm.com

1

## CERTIFICATE OF SERVICE

A copy of this Order was served by email to counsel registered for efile and served as required in the rules and mailed to pro se party(ies) and settlement facilitator on date of efiling notification.

S. Barry Paisner

Attorneys for Defendants:

Nathanial J. Higgins
Littler Mendelson P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
(713) 951-9400
nhiggins@littler.com

Charlotte A. Lamont
Littler Mendelson P.C.
201 Third Street NW, Suite 500
Albuquerque, NM  87102
(505) 944-9682
clamont@littler.com

Plaintiff:

Robert Romero
HC 74 Box 420
Pecos, NM  87552
(505) 666-1917

Facilitator:

S. Barry Paisner
Hinkle Shanor LLP
218 Montezuma Avenue
Santa Fe, NM  87501
T: (505) 982-4554
F: (505) 982-8623
bpaisner@hinklelawfirm.com

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/13/2022 9:28 AM
KATHLEEN VIGIL CLERK OF THE COURT
Edith Suarez-Munoz

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

        Plaintiff,               No: D-101-cv-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

        Defendants.

## ORDER GRANTING IN PART PLAINTIFF'S MOTION
## TO COMPEL DISCOVERY RESPONSES

This matter came before the Court on Plaintiff's Motion to Compel Discovery Responses

("Motion"). The Court, having reviewed the Motion, Defendants' response to the Motion, and

having heard argument from Plaintiff and counsel for Defendants, FINDS the Motion well taken

in part. During the hearing on the Motion, Plaintiff clarified that the Motion sought production of

information regarding complaints of racism, assault, or wrongful termination made by other

similarly situated Trader Joe's employees against Defendant Parker Staley, incorrectly named

herein as Parker Stanley.

The Court further FINDS that some of Plaintiff's discovery requests are very broad and the

Court must balance a party's right to broad discovery with the privacy rights persons who are not

parties to this case.

IT IS THEREFORE ORDERED that Defendants must produce documents regarding

specific complaints of racism, assault, and wrongful termination made against Parker Staley by the

following employees at Trader Joe's Store 165 located in Santa Fe, New Mexico: Robert Romero,

Hamza Blacksher, Johsie Rosales, Fabrian Pareja, Sarah Tapia, Victoria Ambriz, and Justin (manager working at the time of the incidents). IT IS FURTHER ORDERED that Defendants may redact personally identifiable information from the documents, but must produce the substance of any complaints and any resolution of those complaints.

IT IS FURTHER ORDERED that, if no responsive documents exist, Defendants may supplement without any responsive documents. IT IS FURTHER ORDERED that Defendants must supplement their document production within 30 days after the date of entry of this Order.

_____
HON. BRYAN BIEDSCHEID
District Court Judge

Approved:

_Approved via Electronic Mail 08.24.22_
Robert Romero
Plaintiff Pro Se

Approved as to form:

LITTLER MENDELSON, P.C.

_/s/ Charlotte Lamont_
Charlotte Lamont
Attorneys for Defendants

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
10/4/2022 2:56 PM
KATHLEEN VIGIL CLERK OF THE COURT
Johnny Enriquez-Lujan

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

        Plaintiff,                 No: D-101-cv-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

        Defendants.

## DEFENDANTS' NOTICE OF
## DEPOSITION OF PLAINTIFF ROBERT ROMERO

PLEASE TAKE NOTICE that Defendants will take the deposition of Plaintiff Robert

Romero at the time and location indicated below before an officer authorized by law to administer

oaths.

**DATE AND TIME OF DEPOSITION**:    October 13, 2022, at 9:30 a.m., MDT

**PLACE OF DEPOSITION**:    Remotely by video conference, with each
party and their representatives, counsel, and
the certified court reporter and notary public
appearing separately by Zoom Video
Conference. Zoom meeting link will be sent
to all parties before said deposition

**COURT REPORTER:**    **Williams & Associates Court Reporting**
**317 Commercial NE, Suite G101**
**Albuquerque, NM 87102**
**505.843.7789 (telephone)**
office@williamsnm.com

Defendants may use the deposition at the trial of this matter for any purpose pursuant to

Rules 1-030 and 1-032 NMRA.

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Charlotte Lamont*
Charlotte Lamont
201 Third Street, NW, Suite 500
Albuquerque, NM  87102
505.944.9682 (telephone)
505.213.0415 (facsimile)
clamont@littler.com

Attorneys for Defendants

I hereby certify that, on October 4, 2022, a copy of the foregoing document was served via U.S. Mail and Odyssey File & Serve on Plaintiff as follows:

Robert Romero
HC74 Box 420
5 Velvet Road
Pecos, New Mexico  87552

*/s/ Charlotte Lamont*
Charlotte Lamont

4878-7147-8837.1 / 071820-1108

2

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
10/17/2022 12:59 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

   Plaintiff,        No: D-101-cv-2021-01192
              Judge Bryan Biedscheid

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

   Defendants.

## <u>CERTIFICATE OF SERVICE</u>

  Defendants Trader Joe's Company and Parker Staley hereby certify that they served their

Supplemental Document Production to Plaintiff via electronic mail on October 13, 2022 on

Plaintiff pro se as follows:

  Robert Romero
  romerortm@gmail.com
  HC74 Box 420
  5 Velvet Road
  Pecos, New Mexico 87552


      Respectfully submitted,

      LITTLER MENDELSON, P.C.


      */s/ Charlotte Lamont*
      Charlotte Lamont
      clamont@littler.com
      201 Third Street NW, Suite 500
      Albuquerque, NM  87102
      505.944.9682 (telephone)
      505.213.0415 (facsimile)


      ATTORNEYS FOR DEFENDANTS

1

I hereby certify that, on October 17, 2022, I served a copy of the foregoing document via Odyssey File & Serve on plaintiff pro se as follows:

Robert Romero
romerortm@gmail.com
HC74 Box 420
5 Velvet Road
Pecos, New Mexico 87552

*/s/ Charlotte Lamont*
Charlotte Lamont

4887-3702-3033.1 / 071820-1108

2

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
10/26/2022 1:44 PM
KATHLEEN VIGIL CLERK OF THE COURT
Veronica Romero-Padilla

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

        Plaintiff,                              No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

        Defendants.

## DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES

Defendants Trader Joe's Company ("Trader Joe's") and Parker Staley hereby move the

Court pursuant to Rule 1-037(A) NMRA for an order compelling Plaintiff Robert Romero to fully

respond to Defendants' First Set of Interrogatories and First Set of Requests for Production of

Documents.

Plaintiff does not concur in the relief requested herein.

## I.      BACKGROUND

Plaintiff alleges he witnessed racism, harassment, assault, and wrongful terminations while

employed by Trader Joe's.  Complaint, p. 2.  Plaintiff further alleges he was subjected to racism

and assaulted, and, when he reported these purported incidents, Defendants wrongfully terminated

his employment.  *Id.*  Defendants dispute Plaintiff's allegations and assert that Trader Joe's

promptly investigated Plaintiff's claims and concluded they were unsubstantiated.  Further, Trader

Joe's found Plaintiff intentionally made a false report to the police about his supervisor.

## II.     DEFENDANTS' DISCOVERY REQUESTS

Defendants served their First Set of Interrogatories and First Set of Requests for Production on Plaintiff on November 19, 2021.  On or about January 19, 2022, Plaintiff sent some documents via email purportedly in response to Defendants' discovery requests.   On January 21, 2022, Defendants acknowledged receipt of the documents and reminded Plaintiff that his formal discovery responses were more than thirty days past due.  Defendants asked Plaintiff to provide his formal written responses by January 31, 2022.  In response, Plaintiff advised that he and his family were ill with COVID-19, and represented he would respond to the discovery requests on or about January 24, 2022.

On January 23, 2022, Plaintiff served his responses to Defendants' First Set of Requests for Production and First Set of Interrogatories, a copy of which is attached hereto as **Exhibit A**. Plaintiff's responses are deficient, non-responsive, and incomplete.  On May 25, 2022, counsel for Defendants wrote Plaintiff outlining the deficiencies in Plaintiff's discovery responses.  A copy of the discovery deficiency letter is attached hereto as **Exhibit B**.  Defendants asked Plaintiff to cure his deficiencies by no later than June 3, 2022. *Id.* Plaintiff did not respond to the letter.  Defendants contacted Plaintiff on July 7 and again requested that he cure his deficient discovery responses.  A copy of that email is attached as **Exhibit C**.  Plaintiff did not respond.

## II.     PLAINTIFF SHOULD SUPPLEMENT HIS DISCOVERY RESPONSES

New Mexico law allows " liberal pretrial discovery, to enable the parties to obtain the fullest possible knowledge of the facts before trial." *Marchiondo v. Brown*, 1982-NMSC-076, ¶ 14, 98 N.M. 394.  Rule 1-026(B)(1) NMRA provides "[p]arties may obtain discovery of any information, not privileged, which is relevant to the subject matter involved in the pending action …. A party responding to discovery requests shall provide all non-privileged responsive information then known to the party, subject to the limitations in these rules or as ordered by the

2

court."  Additionally, Rule 1-037(A)(2) NMRA states "if a party fails to answer an interrogatory submitted under Rule 1-033 NMRA, or if a party, in response to a request for inspection submitted under Rule 1-034 NMRA, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer … or an order compelling inspection in accordance with the request."

### A.  Interrogatories Nos. 3, 4, 5, 10, and 13

**Interrogatory No. 3**

Interrogatory No. 3 asks Plaintiff to provide a computation of the damages he seeks to recover in this lawsuit.  In response, Plaintiff provided various categories of damages and amounts "based on average amount on similar cases around the state."  However, he is damages are not related to Plaintiff's claims made in this lawsuit.

**Interrogatory No. 4**

Interrogatory No. 4 asks Plaintiff to identify witnesses who may have knowledge regarding economic damages Plaintiff may have suffered as a result of Defendants' alleged wrongful conduct.  Plaintiff's response that he was "getting more hurt while working the truck instead of light duty" is non-responsive to the request.

**Interrogatory No. 5**

Interrogatory No. 5 asks Plaintiff to identify, describe, and compute all categories of non-economic damages he suffered as a result of Defendants' alleged wrongful conduct.  Plaintiff responded he has suffered depression, despair, anxiety, embarrassment, humiliation, PTSD, and "it is the average amount payout to similar cases" without identifying any specific details.

**Interrogatory No. 10**

Interrogatory No. 10 asks Plaintiff to identify every legal proceeding in which he has been a party.  Plaintiff did not respond to this interrogatory.

**Interrogatory No. 13**

Interrogatory No. 13 asks Plaintiff to identify any efforts he made to gain employment after his employment with Trader Joe's ended, including identifying each employer or potential employer, their names, addresses, and telephone numbers, dates he applied for employment, positions applied for, and when he interviewed.  Plaintiff did not respond to this interrogatory.

### B.   Defendants' Requests for Production Nos. 3 and 18

**Request for Production No. 3**

This request seeks production of all social media postings, messages, emails, or other communications, including videos and photographs Plaintiff sent or received concerning Defendants' alleged wrongful conduct.  Plaintiff responded "the only social media I have is Facebook.  My account has nothing to do with this case."  However, Plaintiff also responded he communicated with Hamza Blacksher around August 2020 about whether Mr. Blacksher filed a complaint against Trader Joe's.  Accordingly, Plaintiff has responsive documents and he must produce the same.

**Request for Production No. 18**

This request seeks production of all documents reflecting any benefits, income, or career opportunities Plaintiff claims he lost as a result of Defendants' conduct.  Plaintiff did not respond to this interrogatory.

### III.   CONCLUSION

Defendants respectfully request that the Court order Plaintiff to adequately and fully respond to all of the discovery requests at issue, and grant such other and further relief as is just in the premises.

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Charlotte Lamont*
Charlotte Lamont
201 Third Street, NW, Suite 500
Albuquerque, NM  87102
505.944.9682 (telephone)
505.213.0415 (facsimile)
clamont@littler.com

Attorneys for Defendants

I hereby certify that, on October 26, 2022, a copy of the foregoing was served via Odyssey File & Serve and U.S. Mail on all parties of record as follows:

Robert Romero, *pro se*
HC74 Box 420
5 Velvet Road
Pecos, NM  87552

*/s/ Charlotte Lamont*

4857-9635-0006.1 / 071820-1108

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
10/26/2022 1:52 PM
KATHLEEN VIGIL CLERK OF THE COURT
Veronica Romero-Padilla

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

        Plaintiff,                    No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

        Defendants.

## DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES

Defendants Trader Joe's Company ("Trader Joe's") and Parker Staley hereby move the Court pursuant to Rule 1-037(A) NMRA for an order compelling Plaintiff Robert Romero to fully respond to Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents.

Plaintiff does not concur in the relief requested herein.

### I.      BACKGROUND

Plaintiff alleges he witnessed racism, harassment, assault, and wrongful terminations while employed by Trader Joe's. Complaint, p. 2. Plaintiff further alleges he was subjected to racism and assaulted, and, when he reported these purported incidents, Defendants wrongfully terminated his employment. *Id.* Defendants dispute Plaintiff's allegations and assert that Trader Joe's promptly investigated Plaintiff's claims and concluded they were unsubstantiated. Further, Trader Joe's found Plaintiff intentionally made a false report to the police about his supervisor.

## II.      DEFENDANTS' DISCOVERY REQUESTS

Defendants served their First Set of Interrogatories and First Set of Requests for Production on Plaintiff on November 19, 2021.  On or about January 19, 2022, Plaintiff sent some documents via email purportedly in response to Defendants' discovery requests.  On January 21, 2022, Defendants acknowledged receipt of the documents and reminded Plaintiff that his formal discovery responses were more than thirty days past due.  Defendants asked Plaintiff to provide his formal written responses by January 31, 2022.  In response, Plaintiff advised that he and his family were ill with COVID-19, and represented he would respond to the discovery requests on or about January 24, 2022.

On January 23, 2022, Plaintiff served his responses to Defendants' First Set of Requests for Production and First Set of Interrogatories, a copy of which is attached hereto as **Exhibit A**.  Plaintiff's responses are deficient, non-responsive, and incomplete.  On May 25, 2022, counsel for Defendants wrote Plaintiff outlining the deficiencies in Plaintiff's discovery responses.  A copy of the discovery deficiency letter is attached hereto as **Exhibit B**.  Defendants asked Plaintiff to cure his deficiencies by no later than June 3, 2022. *Id.* Plaintiff did not respond to the letter.  Defendants contacted Plaintiff on July 7 and again requested that he cure his deficient discovery responses.  A copy of that email is attached as **Exhibit C**.  Plaintiff did not respond.

## II.      PLAINTIFF SHOULD SUPPLEMENT HIS DISCOVERY RESPONSES

New Mexico law allows " liberal pretrial discovery, to enable the parties to obtain the fullest possible knowledge of the facts before trial." *Marchiondo v. Brown*, 1982-NMSC-076, ¶ 14, 98 N.M. 394.  Rule 1-026(B)(1) NMRA provides "[p]arties may obtain discovery of any information, not privileged, which is relevant to the subject matter involved in the pending action ….  A party responding to discovery requests shall provide all non-privileged responsive information then known to the party, subject to the limitations in these rules or as ordered by the

2

court."  Additionally, Rule 1-037(A)(2) NMRA states "if a party fails to answer an interrogatory submitted under Rule 1-033 NMRA, or if a party, in response to a request for inspection submitted under Rule 1-034 NMRA, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer … or an order compelling inspection in accordance with the request."

A.      Interrogatories Nos. 3, 4, 5, 10, and 13

**Interrogatory No. 3**

Interrogatory No. 3 asks Plaintiff to provide a computation of the damages he seeks to recover in this lawsuit.  In response, Plaintiff provided various categories of damages and amounts "based on average amount on similar cases around the state."  However, he is damages are not related to Plaintiff's claims made in this lawsuit.

**Interrogatory No. 4**

Interrogatory No. 4 asks Plaintiff to identify witnesses who may have knowledge regarding economic damages Plaintiff may have suffered as a result of Defendants' alleged wrongful conduct.  Plaintiff's response that he was "getting more hurt while working the truck instead of light duty" is non-responsive to the request.

**Interrogatory No. 5**

Interrogatory No. 5 asks Plaintiff to identify, describe, and compute all categories of non-economic damages he suffered as a result of Defendants' alleged wrongful conduct.  Plaintiff responded he has suffered depression, despair, anxiety, embarrassment, humiliation, PTSD, and "it is the average amount payout to similar cases" without identifying any specific details.

**Interrogatory No. 10**

Interrogatory No. 10 asks Plaintiff to identify every legal proceeding in which he has been a party.  Plaintiff did not respond to this interrogatory.

3

**Interrogatory No. 13**

Interrogatory No. 13 asks Plaintiff to identify any efforts he made to gain employment after his employment with Trader Joe's ended, including identifying each employer or potential employer, their names, addresses, and telephone numbers, dates he applied for employment, positions applied for, and when he interviewed.  Plaintiff did not respond to this interrogatory.

**B.      Defendants' Requests for Production Nos. 3 and 18**

**Request for Production No. 3**

This request seeks production of all social media postings, messages, emails, or other communications, including videos and photographs Plaintiff sent or received concerning Defendants' alleged wrongful conduct.  Plaintiff responded "the only social media I have is Facebook.  My account has nothing to do with this case."  However, Plaintiff also responded he communicated with Hamza Blacksher around August 2020 about whether Mr. Blacksher filed a complaint against Trader Joe's.  Accordingly, Plaintiff has responsive documents and he must produce the same.

**Request for Production No. 18**

This request seeks production of all documents reflecting any benefits, income, or career opportunities Plaintiff claims he lost as a result of Defendants' conduct.  Plaintiff did not respond to this interrogatory.

**III.     CONCLUSION**

Defendants respectfully request that the Court order Plaintiff to adequately and fully respond to all of the discovery requests at issue, and grant such other and further relief as is just in the premises.

4

Respectfully submitted,

LITTLER MENDELSON, P.C.

_/s/ Charlotte Lamont_
Charlotte Lamont
201 Third Street, NW, Suite 500
Albuquerque, NM  87102
505.944.9682 (telephone)
505.213.0415 (facsimile)
clamont@littler.com

Attorneys for Defendants

I hereby certify that, on October 26, 2022, a copy of the foregoing was served via Odyssey File & Serve and U.S. Mail on all parties of record as follows:

Robert Romero, *pro se*
HC74 Box 420
5 Velvet Road
Pecos, NM  87552

_/s/ Charlotte Lamont_

4857-9635-0006.1 / 071820-1108

5

# Exhibit A

INTERROGATORY NO 1. Customers of Trader Joes, Blake Harrison 505-670-3184, Agnes 505-920-3730 Karena 505-795-5927. / Character Witness, Eric Lujan 505-395-8410, Kathy 505-652-0810, Sara Gutierrez, 505-469-3743, Victoria Perea, 505-309-1306 Juan 505-470-7257. / Trader Joes Witness, Victoria Valdez 505-919-9580, Justin 805-350-3396, Johsie Rosales 650-924-5031, Fabian Pareja 408-706-1006, Jose Vazquez 805-295-5068, Cintia Garcia and Ever Castillo work # 505-995-8145. / DOM, Blair Sylvan Gray 505-6994188, Erika Oviedo 505-438-9402, / PA, Laura Holmes 505-4389402. / Officer William Negrete 505-827-9219. / Hamza Blacksher.

INTERROGATORY NO 2. Blake Harrison, Agnes, Karena are Customer Character witness on how I acted with customers and employees from when I started till when I left. / Eric Lujan, Kathy, Sara Gutierrez, Victoria Perea and Juan are people that are My Character witness that know me around our community. / Victoria Valdez witnessed Parker assault me and demeanor me in front of demo. Justin witnessed Parker harass me and treat me different. Johsie Rosales was also fired and treated with racism and hostility. Fabian Pareja was also treated with racism and witnessed how Parker treated me and how he was afraid he was going to be fired for putting his hands on me and saying he wanted to punch me in the face. Cintia and Ever were given my name tags and said we all look the same. Jose Vazquez witnessed racial slurs and how he put the work place in a hostile environment, He also was treated with racism. / Blair Gray DOM for my body and mind, treats me for physical and emotional Destree's, and PTSD, Erika Oviedo DOM treated me for physical and emotional Destree's due to working at trader joes, Laura Holmes PA my doctor who tried to help me with injury. / State police officer William Negrete Wrote my assault report and witnessed firsthand of racism from Parker. / Hamza Blacksher filed a complaint and nothing was done

INTERROGATORY NO 3. Based on average amount on similar cases around the state this is what I came up with.

WRONGFUL TERMINATION $ 80,000.
RACIAL DISCRIMINATION $300,000
EMOTIONAL DISTREES $250,000
BACK PAY           $ 60,000   FOR 2 YEARS
FRONT PAY          $ 150,000   FOR UP TO 5 YEARS
PUNITIVE DAMAGES $ 400,000
LOST BENIFITS      $ 70,000
TOTAL              $1,310,000.

INTERROGATORY NO 4. Victoria Valdez Witnessed My hours getting cut and me getting more           hurt while working the truck instead of light duty. Fabian Pareja witnessed my hours getting cut, me getting more hurt while working truck instead of light duty. Erica Oviedo DOM Witnessed me not getting better due to working heavy duty. Laura Holmes PA Witnessed me not getting better due to working heavy duty.

INTERROGATORY NO 5. Depression, Despair, Anxiety, Embarrassment, Humiliation and PTSD. It is the average amount payout to similar cases.

INTERROGATORY NO 6. Victora Valdez Witnessed Parker Embarrass and Humiliate me in front of customers and {Despair} Giving up when I went to HR and My Regional manager, nothing was done. Justin Witnessed me getting Humiliated and Embarrassed in front of customers and managers and I felt Despair because I couldn't defend myself. Johsie Rosales witnessed and went through what I went through. Fabian Pareja witnessed Parker Humiliate, Embarrass, me and watch me go through Despair

and Anxiety because my regional manager left it up to Parker to do whatever he wanted. Jose Vazquez witnessed Parker Humiliate and Embarrass me in front of customers and coworkers and I felt Despair because nothing was done from HR and my regional manager. Blair Gray treated me for PTSD, Depression, Anxiety and Despair due to HR and my regional manager letting my store manager get away with everything.

INTERROGATORY NO 7. Concentra, PA Laura Holmes, D.O.M. Erika Oviedo, D.O.M. Blair Gray.

INTERROGATORY NO 8. Tennis Elbow, Depression, Anxiety, Embarrassment, Humiliation, Despair and P.T.S.D.

INTERROGATORY NO 9. NO N/A

INTERROGATORY NO 11. Blair Gray, Eric Lujan, Victoria Valdez, Jacob Reyes, Steph, Justin, Johsie Rosales, Jose Vazquez, Jolene Ramsey, Fabian Pareja, Charles Costello.

INTERROGATORY NO 12. Messenger on face book to Hamza Blacksher around August 2020 Asking if he filed a complaint.

INTERROGATORY NO 14. Crew member conduct'' 1. Failing to treat crew members with courtesy and respect. 2. Falsifying time card, records or reports. 3. Threatening crew members. 4. Fighting or creating a disturbance on company premises. 4. Integrity. 5. No Bureaucracy. 6. Not showing KAIZEN. 7. Retaliation. 8. Being racist. 9.Letting Mates date. 10. Physical conduct 11. Creating a hostel work place, 12. Assault on a crew member. The incident's started shortly after Parker took over as store manager, it started getting really bad around Oct, Nov, Dec, 2018. My coworkers started bring it to our regional manager attention in Feb 2019, I started bring it to HR, and our regional manager Oct, Nov, Dec 2019 and Jan 2020. Parker told me Phil our regional manager left it up to him so I asked HR and Phil for an investigation report but I never got it. After that it got worse. I got no closure, I just got retaliated on and fired for whistleblowing.

INTERROGATORY NO 15. The emotional distress that was caused by all this was, Lack of sleep, Throwing up blood, Pain on arm, back, neck and chest, Headaches, Depression, Anxiety, Despair, Shingles, and P.T.S.D./ Providers, Concentra, Nov, Dec 2019, / D.O.M. Blair Gray Feb 2020 – present day [ every other week.

INTERROGATORY NO 16. Fabian Pareja, Johsie Rosales, Jose Vazquez, Charles Costello, Eric Lujan Consultations from random attorneys on line or phone from law help lines.

# Exhibit B

| | |
|---|---|
| **From:** | Higgins, Nathaniel |
| **To:** | Robb Romero; robb romero |
| **Cc:** | Lamont, Charlotte; Guillory, Marlo |
| **Subject:** | RE: Romero v. Trader Joe"s - Defendants" Discovery Deficiency Letter and Plaintiff"s Deposition |
| **Date:** | Thursday, July 7, 2022 10:53:53 AM |
| **Attachments:** | image001.png |
| | image002.png |

Good morning Mr. Romero:

I am following up on my email below and our previous phone conversation.  Please provide us with dates in this month when you are available to have your deposition taken regarding your claims against Trader Joe's.  The deposition will take anywhere from 4-8 hours.  We are required to take your deposition so that this case can move forward towards a resolution.  If you continue to be non-responsive and fail to provide dates, we will be forced to ask the court to compel you to sit for your deposition.  We'd prefer to not have to take that route.  Kindly provide dates at your earliest convenience.  Thank you and let me know if you have any questions.

Best,

Nate

**Nathaniel Higgins**
Attorney at Law
713.652.4738 direct, 832.396.9945 mobile
NHiggins@littler.com



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
1301 McKinney Street, Suite 1900, Houston, TX 77010-3031

**From:** Higgins, Nathaniel
**Sent:** Tuesday, May 31, 2022 11:31 PM
**To:** Robb Romero <romerortm@gmail.com>; robb romero <robbromero@hotmail.com>
**Cc:** Lamont, Charlotte <CLamont@littler.com>; Guillory, Marlo <MGuillory@littler.com>
**Subject:** RE: Romero v. Trader Joe's - Defendants' Discovery Deficiency Letter and Plaintiff's Deposition

Good evening Mr. Romero:

I wanted to follow up on our below request for dates you are available in June to have your deposition taken.  Please provide your availability at your earliest convenience.  Thank you.

Best,

Nate

**Nathaniel Higgins**
Attorney at Law
713.652.4738 direct, 832.396.9945 mobile
NHiggins@littler.com



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
1301 McKinney Street, Suite 1900, Houston, TX 77010-3031

**From:** Higgins, Nathaniel
**Sent:** Wednesday, May 25, 2022 4:46 PM
**To:** Robb Romero <romerortm@gmail.com>; robb romero <robbromero@hotmail.com>
**Cc:** Lamont, Charlotte <Clamont@littler.com>; Guillory, Marlo <MGuillory@littler.com>
**Subject:** Romero v. Trader Joe's - Defendants' Discovery Deficiency Letter and Plaintiff's Deposition

Hello Mr. Romero:

Attached please find Trader Joe's Discovery Deficiency Letter regarding your responses to the company's discovery requests.  Please respond accordingly by the **June 3, 2022** deadline as noted in the letter.  Also, please provide us with dates in the month of June when you would be available to sit for your deposition.  Please let us know if you have any questions.  Thanks.

Best,

Nate

**Nathaniel Higgins**
Attorney at Law
713.652.4738 direct, 832.396.9945 mobile
NHiggins@littler.com



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
1301 McKinney Street, Suite 1900, Houston, TX 77010-3031

# Exhibit C

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:**  Produce all diaries, notes, memoranda, records, and recordings of telephone or other conversations that you prepared, maintained, kept, or participated in preparing, maintaining, or keeping relating in any way to Defendants' purportedly wrongful conduct as alleged in your Complaint, and any damages that you are claiming in this action.

**RESPONSE:**  I will be sending you my notes that I have collected in this case to you by mail at this address, Littler Mendelson, PC Suite 500 Albuquerque, NM 87102

**REQUEST NO. 2:**  Produce each and every photograph, picture, image, document, correspondence, text message, SMS, email message, or any other type of communication that you transmitted to or received from anyone relating in any way to Defendants' purportedly wrongful conduct as alleged in your Complaint and any damages that you are claiming in this Action.

**RESPONSE:**  I will be sending you all the document I have on my computer and E-mails about this case to: clamont@litter.com

**REQUEST NO. 3:**  Produce copies of all Facebook, Twitter, LinkedIn, Instagram, or other social media or business networking site profiles, postings, messages, emails, or other communications (including status updates, wall comments, causes joined, groups joined, activity streams, blog entries, comments and applications), photographs, or videos you transmitted to or received from anyone relating in any way to Defendants' purportedly wrongful conduct as alleged in your Complaint and any damages that you are claiming in this Action.

**RESPONSE:**  The only social media I have is facebook. My Accent has nothing to do with this case.

**REQUEST NO. 4:**  Produce all documents, correspondence, or communications of any kind between you and any current or former employee of Trader Joe's regarding its purportedly wrongful conduct as alleged in your Complaint and any damages that you are claiming in this Action.

**RESPONSE:**  I will be sending you Emails from several employees that no longer work there to: Clamont@litter.com

**REQUEST NO. 5:**  Produce all documents relating to the elements, determination, or computation of any alleged damages that you are claiming in this Action including, but not limited to, all documents upon which you have based any damages calculations.

**RESPONSE:**  I will Email you and sent copies of these documents to: Littler Mendelson, PC Suite 500 Albuquerque nm 87102 and to: Clamont @ litter.com

**REQUEST NO. 6:**  Produce all documents that reflect, refer, or relate to any psychological examination, evaluation, care, counseling, or treatment that you have received for any reason since January 1, 2014.  I will send you copies from my Physician at Concentra Medical Centers (nm)

8

**RESPONSE:**

**REQUEST NO. 7:** Produce all documents supporting your claim that you were subjected to racial discrimination during your employment with Trader Joe's as alleged in your Complaint.

**RESPONSE:** I will send you my documents by Email and mail about the racial discrimination @ - Litter Mendelson, PC
Suite 500
Clamont@litir.com    Albuquerque, NM 87102

**REQUEST NO. 8:** Produce all documents supporting your claim that you were subjected to harassment during your employment with Trader Joe's.

**RESPONSE:** I've sent you the documents, some by Email, some by mail.

**REQUEST NO. 9:** Produce all documents supporting your claim that you were subjected to assault during your employment with Trader Joe's.

**RESPONSE:** I've sent you my police report and clam sending you a Email from a former Mate, I will be subpoea Jackie and Victoria because they are my witness.

**REQUEST NO. 10:** Produce all documents showing that you Defendants wrongfully terminated your employment.

**RESPONSE:** I Emailed you my termeration letter

**REQUEST NO. 11:** Produce all documents supporting your claim that you were subjected to "physical damage" as alleged in your Complaint.

**RESPONSE:** I sent you my documents and contacte information from my doctors. by Email, and by mail

**REQUEST NO. 12:** Produce all documents supporting your claim that you were subjected to "emotional damage" as alleged in your Complaint.

**RESPONSE:** I sent you my document and contact informaiton from my doctors, by Email and by mail

**REQUEST NO. 13:** Produce documentation reflecting your attempts to secure employment since the termination of your employment with Trader Joe's, including, but not limited to, all communications from your personal e-mail address(es) concerning (a) job search; (b) damages; and (c) communications of any kind with current or former employees of the Trader Joe's.

**RESPONSE:** I sent you my document and contact informaiton that I have from former emplayees.

9

**REQUEST NO. 14:** Any and all documentation reflecting any schools attended by you since the termination of your employment with Trader Joe's.

**RESPONSE:** N/A

**REQUEST NO. 15:** Any and all documentation, including forms W-2, 1099, check stubs, pay stubs or similar matters reflecting all income earned by you since the termination of your employment with the Trader Joe's.

**RESPONSE:** N/A

**REQUEST NO. 16:** All written complaints you made, or concerns you raised to anyone working for or representing Defendants concerning your employment with Trader Joe's.

**RESPONSE:** I have Emailed you and I will mail you copies of what I have.

**REQUEST NO. 17:** All documents you have taken from Trader Joe's with or without the permission of anyone from Trader Joe's.

**RESPONSE:** I have Emailed you and I will mail you copies of what I have.

**REQUEST NO. 18:** All documents reflecting any fringe benefits, other benefits, income, or career opportunities that you claim you have lost as a consequence of any action(s) by Defendants.

**RESPONSE:**

**REQUEST NO. 19:** To the extent not already produced, any documents that support, concern or reference your complaints of race discrimination, harassment, assault, and wrongful termination, including notes, documents, write-ups, or tape recordings of any meetings or conversations between you and Defendants wherein any alleged complaint was discussed.

**RESPONSE:** I have Emailed you and I will mail you copies of what I have.

**REQUEST NO. 20:** Any and all social media posts or message that refer in any way to Defendants.

**RESPONSE:** I have Emailed you a post that was sent to me by Hamza Blacksher.

10

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
11/9/2022 12:56 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jonathan Castaneda

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

        Plaintiff,

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

        Defendants.

No: D-101-cv-2021-01192


## NOTICE OF APPEARANCE OF R. SHAWN OLLER

    Littler Mendelson, P.C. (R. Shawn Oller) hereby enters his appearance as counsel for

Defendant in the above-captioned matter.


Respectfully submitted,

LITTLER MENDELSON, P.C.

/s/ R. Shawn Oller
R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:    602.474.3600
Facsimile:    602.957.1801

ATTORNEYS FOR DEFENDANT

I hereby certify that, on November 9, 2022, a copy of the foregoing document was served via U.S. Mail and Odyssey File & Serve on Plaintiff as follows:

Robert Romero
HC74 Box 420
5 Velvet Road
Pecos, New Mexico 87552


/s/ R. Shawn Oller
R. Shawn Oller

4882-3900-9342.1 / 071820-1108

2

FILED
FIRST JUDICIAL
DISTRICT COURT

2022 NOV 15 PM 3:34

**STATE OF NEW MEXICO**
**COUNTY OF** Santa Fe
**FIRST JUDICIAL DISTRICT COURT**

Robert Romero
**Petitioner/Plaintiff,**

**vs.**                                    Case No.: **D-**/01 - CV- 2021 - 01192

Trader Joes Company / Parker Stanley
**Respondent/Defendant.**

**MOTION FOR/TO** Default Judgment / Contempt of court

I, Robert Romero_____, the Petitioner/Plaintiff/Respondent/Defendant

[underline one] In the above-entitled action, requests the Court to consider the following:

The first week of August 2022, The Defendent was order to produce Discovery Documents on Robert Romero, Hamza Blacksher, Johsie Rosales, Fabian Pareja, Sarah Tapia, Victoria Ambiz, and our Captain Justin. The Respondent/Defendant were given two week to produce Discovery Documents, It's been on going for 3 month and I have recived nothing from them. I have given them everything I have on this case and they have given me nothing. They have disobeyed the court by not cooperating with me or the courts. I am asking $300,000 from Trader Joe, and $30,000 from Parker Stanley for emotional and physical distress,

[Do not write on the back of this document.  Use additional paper if needed.]

wrongful termination and discrimination.
I greatly appreciate your time on this
case, and hope you consider my request
for motion to Default Judgment/
Contempt of Court. This has been going
on for 3 years and I'm hoping it
comes to a end soon.


Sincerely,

Robert Ramsey

I have contacted the other party:

_____ They agree with my motion.

_____ They do not agree with my motion.

_____ They will not talk to me about my motion.

OR:

I have not contacted the other party because:

_____ I cannot talk to him/her because there is a protective order between us and he/she does not have a lawyer.

✓ I have not talked to him/her because _I have reached out to_

_Mario Guillory, and have gotten no response._

_Robert Romero_
Signature

_Robert Romero_
Printed name

_HC 74 Box 420_
Mailing address

_Pecos n.m 87552_
City, State & Zip

_505-666-1917_
Telephone


## CERTIFICATE OF SERVICE

I hereby certify, that I mailed/hand-delivered/faxed (circle one) a copy of this pleading to: (provide name, address and phone number of all other parties and/or their attorneys.)

_Mario Guillory_                    _Charlotte Lamont_

_1301 Mckinney St_               _201 Third Street nw,_

_Suite 1900 Houston_            _Suite 500,_

_TX 77010-3031_                   _Albuquerque, nm 87102_


this _15_ day of _November_, 20_22_.

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
12/9/2022 2:44 PM
KATHLEEN VIGIL CLERK OF THE COURT
Tamara Snee

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

        Plaintiff,               No: D-101-cv-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

        Defendants.


## NOTICE OF IMPROPER SERVICE BY PLAINTIFF OF MOTION FOR DEFAULT JUDGMENT AND CONTEMPT OF COURT AND MOTION REQUESTING EXTENSION OF TIME TO RESPOND

Defendants Trader Joe's Company and Parker Staley ("Defendants") hereby notify the Court of Plaintiff's improper service of his Motion for Default Judgment and Contempt of Court ("Motion") and request until December 22, 2022, to respond. Inappropriateness of the relief requested in Plaintiff's Motion aside, the measures sought by Plaintiff are extraordinarily punitive, and Defendants have been prejudiced by Plaintiff's service deficiencies. Defendants therefore seek the full amount of time prescribed by the New Mexico Rules to respond to the Motion. Defendants have conferred with Plaintiff with respect to this Notice and Motion. Plaintiff opposes the Notice and Motion.

## I.    FACTUAL BACKGROUND

On June 17, 2021, attorney Charlotte Lamont entered an appearance in this matter for Defendants. Due to Ms. Lamont's impending leave from the firm, attorney Shawn Oller entered a Notice of Appearance in this matter for Defendants on November 9, 2022. A copy of the Notice of Appearance of R. Shawn Oller is attached as **Exhibit A**.

In Plaintiff's Certificate of Service appended to the Motion, Plaintiff certified that on November 15, 2022, he sent a copy of the pleading to 1) Mario Guillory, 1301 McKinney St., Suite

1900, Houston, Texas 77010-3031; and 2) Charlotte Lamont, 201 Third Street NW, Suite 500, Albuquerque, NM 87102. There is no "Mario" Guillory, however Marlo Guillory was Ms. Lamont's secretary, is not a licensed attorney, and does not represent Defendants. Moreover, Ms. Guillory did not receive a copy of the Motion at that address. Mr. Oller, the attorney on the case, was not listed on the Certificate of Service and did not receive a copy of the Motion, as required. A copy of the Motion sent to Ms. Lamont's office and postmarked November 17, 2022, was belatedly received at the Albuquerque address on December 3, 2022, a date following Ms. Lamont's departure from the firm. A copy of the postmarked envelope is attached as **Exhibit B**.

Compounding the deficiencies in the service of the Motion, Plaintiff failed to seek concurrence of Counsel for Defendants in this Motion pursuant to N.M. R. Civ. P. Dist. Ct. 1-007.1(C). As such, Counsel was not anticipating receipt of the Motion. Although on the form Motion Plaintiff checked the entry, "I have not talked to [the other party] because" and handwrote "I have reached out to Mario Guillory, and have gotten no response," this is both incorrect and unavailing. There is no record of Plaintiff contacting Ms. Guillory and, as noted above, Ms. Guillory is not an attorney and does not represent Defendants in this matter. More importantly, there is no record that Plaintiff attempted to discuss the Motion with either Ms. Lamont or Mr. Oller or otherwise seek their concurrence.

Plaintiff's failure to serve Defendants appropriately is particularly concerning in this instance given the severity of the sanctions sought by Plaintiff in his Motion for Default Judgment and Contempt of Court are extraordinary remedies, and Defendants seek an opportunity to respond to the allegations therein and oppose the measures sought. Although Plaintiff still has not properly served the Motion, Defendants are willing to recognize December 3, 2022 (the date on which the Motion was discovered at the Albuquerque office) as the date of service. Pursuant to Rules 1-006(C) and 1-007.1(D), Defendants therefore request the full time allotted by the New Mexico Rules, until December 22, 2022, to respond to the Motion.

## II.   CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court set

Defendants' Response deadline for Plaintiff's Motion for Default Judgment and Contempt of Court as December 22, 2022.

Respectfully submitted,

LITTLER MENDELSON, P.C.

/s/ R. Shawn Oller
R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:    602.474.3600
Facsimile:    602.957.1801

ATTORNEYS FOR DEFENDANTS

I hereby certify that, on December 9, 2022, a copy of the foregoing document was served via U.S. Mail and Odyssey File & Serve on Plaintiff as follows:

Robert Romero
HC74 Box 420
5 Velvet Road
Pecos, New Mexico 87552

/s/ R. Shawn Oller
R. Shawn Oller

4895-9815-6867.3 / 071820-1108

# EXHIBIT A

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

             Plaintiff,                      No: D-101-cv-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

             Defendants.


## NOTICE OF APPEARANCE OF R. SHAWN OLLER

      Littler Mendelson, P.C. (R. Shawn Oller) hereby enters his appearance as counsel for

Defendant in the above-captioned matter.


                                    Respectfully submitted,

                                    LITTLER MENDELSON, P.C.

                                    */s/ R. Shawn Oller*
                                    R. Shawn Oller (NM State Bar No. 8787)
                                    soller@littler.com
                                    Camelback Esplanade
                                    2425 East Camelback Road, Suite 900
                                    Phoenix, AZ  85016
                                    Telephone:    602.474.3600
                                    Facsimile:    602.957.1801

                                    ATTORNEYS FOR DEFENDANT

I hereby certify that, on November 9, 2022, a copy of the foregoing document was served via U.S. Mail and Odyssey File & Serve on Plaintiff as follows:

Robert Romero
HC74 Box 420
5 Velvet Road
Pecos, New Mexico 87552


*/s/ R. Shawn Oller*
R. Shawn Oller

4882-3900-9342.1 / 071820-1108

# EXHIBIT B

Pecos, NM 87552





RDC 99

87102

U.S. POSTAGE PAID
FCM LG ENV
PECOS, NM
87552
NOV 17, 22
AMOUNT
$1.20
R2305M149312-27

Charlotte Lamont
201 Third Street NW,
Suite 500
Albuquerque, NM 87102

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
12/19/2022 3:27 PM
KATHLEEN VIGIL CLERK OF THE COURT
Liliana M Villalobos

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,                          No: D-101-cv-2021-01192

        Plaintiff,

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

        Defendants.

## CERTIFICATE OF SERVICE

Defendants Trader Joe's Company and Parker Staley hereby certify that they served their

Second Supplemental Responses to Plaintiff's Requests for Production via electronic mail on

December 19, 2022 on Plaintiff pro se as follows:

Robert Romero
romerortm@gmail.com
HC74 Box 420
5 Velvet Road
Pecos, New Mexico 87552


Respectfully submitted,

LITTLER MENDELSON, P.C.

/s/ R. Shawn Oller
R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Melissa L. Shingles (Pro Hac Vice Pending)
mshingles@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone:    602.474.3600
Facsimile:    602.957.1801

ATTORNEYS FOR DEFENDANTS

1

I hereby certify that, on December 19, 2022, I served a copy of the foregoing document via Odyssey File & Serve on plaintiff pro se as follows:

Robert Romero
romerortm@gmail.com
HC74 Box 420
5 Velvet Road
Pecos, New Mexico 87552


*/s/ R. Shawn Oller*
R. Shawn Oller

4881-7264-0581.1 / 071820-1108

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
12/21/2022 12:25 PM
KATHLEEN VIGIL CLERK OF THE COURT
Kayla Vigil

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

       Plaintiff,               No: D-101-cv-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

       Defendants.

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND CONTEMPT OF COURT

Defendants Trader Joe's Company and Parker Staley ("Defendants") hereby respond to Plaintiff's Motion for Default Judgment and Contempt of Court ("Motion"). For the reasons set forth below, the Court should deny the Motion.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.    FACTUAL BACKGROUND**

This is a lawsuit related to Plaintiff's employment with Defendant Trader Joe's. Plaintiff alleges he witnessed racism, harassment, assault, and wrongful terminations while employed by Trader Joe's. Complaint, p. 2. Plaintiff further alleges he was subjected to racism and assaulted and then wrongfully terminated after he reported the purported incidents. *Id.* Defendants dispute Plaintiff's allegations and assert that Trader Joe's promptly investigated Plaintiff's claims and concluded they were unsubstantiated. Further, Trader Joe's found Plaintiff intentionally made a false report to the police about his supervisor.

On April 11, 2022, Plaintiff filed a Motion to Compel regarding alleged deficiencies in Defendants' discovery responses. On September 13, 2022, the Court granted in part Plaintiff's Motion. (Exhibit 1, Order Granting in Part Plaintiff's Motion to Compel). The Court ordered

Defendants to "produce documents regarding specific complaints of racism, assault, and wrongful termination made against Parker Staley" by certain employees at Trader Joe's Store 165, including Plaintiff, within 30 days after the date of entry of the Order. *Id.* The Court further ordered that, "if no responsive documents exist, Defendants may supplement without any responsive documents." *Id.*

Pursuant to the Court's Order, Defendants served their Supplemental Document Production to Plaintiff via electronic mail on September 13, 2022. (Exhibit 2, Defendants' Supplemental Document Production.) In the Supplemental Document Production, Defendants responded as follows: "Plaintiff is the only person who made a complaint against Parker Staley of racism, assault, and wrongful termination. Defendants will produce copies of documents relating to those complaints and the resolution of the same, thus fully complying with the Order." *Id.* However, due to an inadvertence, Defendants did not produce the documents themselves as intended. Defendants were unaware of this omission until the filing of the instant Motion, as Plaintiff did not contact Defendants to advise them of nonreceipt of the referenced documents. Plaintiff also failed to seek concurrence on this Motion as required by N.M. R. Civ. P. Dist. Ct. 1-007.1(C), which would similarly have alerted Defendants to their oversight.

Upon belated receipt of Plaintiff's Motion, Defendants produced the responsive documents (Bates Nos. TJ0000008-14 and TJ0000016-18) to Plaintiff in its December 13, 2022, supplemental production to Plaintiff in compliance with the Court's Order.[1] (Exhibit 3, December 13, 2022, Email Transmitting Supplemental Production.)

## II.   NEITHER DEFAULT JUDGMENT NOR CONTEMPT OF COURT ARE APPROPRIATE HERE

Plaintiff's Motion seeks an order of default judgment or contempt of court. Neither the

---

[1] As noted in Defendants' Notice of Improper Service By Plaintiff of Motion for Default Judgment And Contempt of Court and Motion Requesting Extension of Time To Respond, Plaintiff served his Motion via United States Postal Service solely to Counsel for Defendant Charlotte Lamont at her Albuquerque address, omitting service to Counsel for Defendant Shawn Oller at his Phoenix address. The Motion was belatedly received at the Albuquerque address on December 3, 2022, a date following Ms. Lamont's departure from the firm.

extraordinary remedy of default judgment, nor the lesser but still punitive sanction of contempt of court are appropriate in this instance, where Defendant timely responded as required by the Court's Order but inadvertently omitted the responsive documents.

Whether to impose any sanction lies within this Court's sound discretion. *Lewis v. Samson*, 2001-NMSC-035, ¶ 13, 131 N.M. 317, 35 P.3d 972. "In determining the nature of the sanctions to be imposed, the trial court must balance the nature of the offense, the potential prejudice to the parties, the effectiveness of the sanction, and the imperative that the integrity of the court's orders and the judicial process must be protected." *Id.* ¶ 23, quoting *Enriquez v. Cochran*, 1998-NMCA-157, ¶ 48, 126 N.M. 196. "It is appropriate that the "sanctions imposed [be] proportional to the offenses." *Gonzales v. N.M. Dep't of Health*, 2000–NMSC–029, ¶ 16, 129 N.M. 586, 11 P.3d 550.

As to default judgment as a sanction, the New Mexico Supreme Court has held that:

> such discovery sanctions [i.e., dismissal with prejudice or default judgment] are to be imposed only in extreme cases and only upon a clear showing of willfulness or bad faith. That principle is well-established in this jurisdiction; it is universally recognized in American jurisprudence; and it is fundamental to the constitutional right of due process.

*United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 396, 96 N.M. 155, 629 P.2d 231. The Supreme Court defined willfulness to include "any conscious or intentional failure to comply[,] *as distinguished from accidental or involuntary non-compliance.*" *Id.* at ¶ 203, 96 N.M. at 202, 629 P.2d at 278 (emphasis added). Defendants' omission of the documents identified in their Supplemental Production was accidental and involuntary and lacking the showing of willfulness or pattern of disregard for the Court's orders that courts have held deserving of default judgment. *See, e.g. Allred v. Bd. of Regents of U. of N.M.*, 123 N.M. 545 (N.M. Ct. App. 1997) (holding dismissal was proper due to circumstances of case, including plaintiff's "recalcitrance in obeying the district court's discovery order.") Plaintiff's Motion should be denied as to default judgment.

Applying the balancing test cited in *Lewis* makes clear that a finding of contempt, Plaintiff's alternative sanction sought, would also be inappropriate here. As argued above,

3

Defendants' "offense" was accidental and inadvertent. Moreover, there has been no prejudice to Plaintiff, including because the only responsive documents identified by Defendants were complaints filed by him and that he has previously produced in this lawsuit. Finally, there is no threat to the integrity of the Court's orders and the judicial process present here, where Defendants fully intended to comply with the Court's Order, inadvertently omitted the responsive documents, and supplemented its production upon being made aware of the error. This Motion could have been avoided altogether had Plaintiff sought concurrence as required by the Rules. Contempt of court is not warranted in this instance, and Plaintiff's Motion should be denied.

## III.   CONCLUSION

For all of the foregoing reasons, Defendants respectfully requests that the Court deny Plaintiff's Motion.

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ R. Shawn Oller*
R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Melissa L. Shingles *(Pro Hac Vice Pending)*
mshingles@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:   602.474.3600
Facsimile:   602.957.1801

ATTORNEYS FOR DEFENDANTS

I hereby certify that, on December 21, 2022, a copy of the foregoing document was served via U.S. Mail and Odyssey File & Serve on Plaintiff as follows:

Robert Romero
HC74 Box 420
5 Velvet Road
Pecos, New Mexico 87552


*/s/ R. Shawn Oller*
R. Shawn Oller

4865-7861-2804.2 / 071820-1108

# EXHIBIT 1

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/13/2022 9:28 AM
KATHLEEN VIGIL CLERK OF THE COURT
Edith Suarez-Munoz

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

       Plaintiff,               No: D-101-cv-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

       Defendants.

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

This matter came before the Court on Plaintiff's Motion to Compel Discovery Responses ("Motion"). The Court, having reviewed the Motion, Defendants' response to the Motion, and having heard argument from Plaintiff and counsel for Defendants, FINDS the Motion well taken in part. During the hearing on the Motion, Plaintiff clarified that the Motion sought production of information regarding complaints of racism, assault, or wrongful termination made by other similarly situated Trader Joe's employees against Defendant Parker Staley, incorrectly named herein as Parker Stanley.

The Court further FINDS that some of Plaintiff's discovery requests are very broad and the Court must balance a party's right to broad discovery with the privacy rights persons who are not parties to this case.

IT IS THEREFORE ORDERED that Defendants must produce documents regarding specific complaints of racism, assault, and wrongful termination made against Parker Staley by the following employees at Trader Joe's Store 165 located in Santa Fe, New Mexico: Robert Romero,

Hamza Blacksher, Johsie Rosales, Fabrian Pareja, Sarah Tapia, Victoria Ambriz, and Justin (manager working at the time of the incidents). IT IS FURTHER ORDERED that Defendants may redact personally identifiable information from the documents, but must produce the substance of any complaints and any resolution of those complaints.

IT IS FURTHER ORDERED that, if no responsive documents exist, Defendants may supplement without any responsive documents. IT IS FURTHER ORDERED that Defendants must supplement their document production within 30 days after the date of entry of this Order.


_____
HON. BRYAN BIEDSCHEID
District Court Judge


Approved:


*Approved via Electronic Mail 08.24.22*
Robert Romero
Plaintiff Pro Se


Approved as to form:

LITTLER MENDELSON, P.C.

*/s/ Charlotte Lamont*
Charlotte Lamont
Attorneys for Defendants

# EXHIBIT 2

| | |
|---|---|
| **From:** | Guillory, Marlo |
| **To:** | romerortm@gmail.com |
| **Cc:** | Lamont, Charlotte; Molleck, Luke; Lapriore, Steven |
| **Subject:** | Robert Romero v. Trader Joe"s, et al: Defendants" Supplemental Document Production |
| **Date:** | Thursday, October 13, 2022 8:03:33 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | Trader Joe"s-Romero - 2022.10.13 - Defendants" Supplemental Document Production 4878-9095-3273 2.pdf |

Mr. Romero:

Please review the attached document.

Please let us know if you have any questions.

Thanks.

**Marlo Guillory**
Legal Secretary
713.652.4723 direct, 832.329.7872 mobile
MGuillory@littler.com



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
1301 McKinney Street, Suite 1900, Houston, TX 77010-3031

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

               Plaintiff,                      No: D-101-cv-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

               Defendants.

## DEFENDANTS' SUPPLEMENTAL DOCUMENT PRODUCTION

Pursuant to the Court's November 13, 2022 Order Granting in Part Plaintiff's Motion to Compel Discovery Responses ("Order"), Defendants Trader Joe's Company ("Trader Joe's") and Parker Staley (collectively "Defendants") hereby supplement their document production to Plaintiff Robert Romero ("Plaintiff").

Plaintiff is the only person who made a complaint against Parker Staley of racism, assault, and wrongful termination.  Defendants will produce copies of documents relating to those complaints and the resolution of the same, thus fully complying with the Order.

                             Respectfully submitted,

                             LITTLER MENDELSON, P.C.

                             */s/ Charlotte Lamont*
                             Charlotte Lamont
                             201 Third Street, NW, Suite 500
                             Albuquerque, NM  87102
                             505.944.9682 (telephone)
                             505.213.0415 (facsimile)
                             clamont@littler.com

                             Attorneys for Defendants

4873-9949-3945.1 / 071820-1108

# EXHIBIT 3

| | |
|---|---|
| **From:** | Lapriore, Steven |
| **To:** | romerortm@gmail.com |
| **Cc:** | Shingles, Melissa; Oiler, Shawn; Davis, Tisha; Williamson, Brooke |
| **Subject:** | Romero v. Trader Joe"s - Defendant"s Supplemental Production - TJC000008-26 |
| **Date:** | Tuesday, December 13, 2022 10:21:21 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | 2022-12-13 - TJC-Romero - Defendants" Supplemental Production - TJC0000008 to TJC0000026 4896-2528-5186 1.pdf |

Good morning Mr. Romero,

Attached hereto please find a PDF of Defendants' supplemental document production, bates numbered TJC000008 to TJC0000026.

Please contact us with any questions or comments.

Thank you,

**Steven Lapriore Jr.**
Sr. Paralegal
602.474.3649 direct, 602.916.0365 fax
SLapriore@littler.com



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
Camelback Esplanade, 2425 East Camelback Road, Suite 900, Phoenix, AZ 85016-4242

FILED
FIRST JUDICIAL
DISTRICT COURT

**STATE OF NEW MEXICO**
**COUNTY OF** Santa Fe

2023 JAN 10  PM 2: 33

**FIRST JUDICIAL DISTRICT COURT**

Robert Romero
**Petitioner/Plaintiff,**

**vs.**                          Case No.: **D-101-cv-2021-01192**

Trader Joe's Company/Parker Stanley
**Respondent/Defendant.**

**MOTION FOR/TO** Plantiffs response to Defendants Response to Plantiffs motion for Default Judgment and contempt of Court.

I, Robert Romero , the Petitioner/**Plaintiff**/Respondent/Defendant

[underline one] In the above-entitled action, requests the Court to consider the following:

the reason I am asking for Default Judgment and Contempt of court is because, clue been trying to Compel Discovery since 1-27-22. I have given several extensions and even brought it up in court Aug. 11.2022 and was told that The Defendant's needs to cooperate with me to Compel Discovery on documents pertaining to Robert Romero, Hamza Blacksher, Johsie Rosales, Fabian Pareja, Jose Vazquez, Sarah Tapia, Victoria Ambriz and The Captain Justin containing their complaints and Trader Joe's response to their investigation. The Defendant's were given 5 to 7 day from Aug 11,2022 to produce these document and failed to do so.

[Do not write on the back of this document.  Use additional paper if needed.]

I talked to Charlotte Lamont for my Deposition for 8 hour's, it felt like an interrogation and I gave her everything I had for the 5th time. I have sent documents on everything I had to them on 1-27-22 to Steven on The Biscome site and to Charlotte again on Dec-18-2021 and to Nathaniel on 1-23-22 and to Marlo Guillory on 2-24-22 and I also discussed it with Charlotte in my Desposition on Oct-4-22 and finally in court on Aug, 11, 22 and was told I would get results and I never did.

Shawn Oller filed a appearance of counsel for Defendent on 11-9-22 and I did not hear from him till Dec, 13, 22, I still have not gotten any of my documents for Discovery and only excuses on that I'm the only one filing a complaint and that It is all bogus. I'm going to send you proof of documents from co-worker that have Emailed me and Trader Joe's, of harassment, discimination and working in a hostel environment.

Exhibit A 1and 2 will show a Email from Hamza Blacksher collaborating on a complaint he did befor he lift to another store.

Exhibit B will show one of many Emails that Johsie Rosales sent to our Regional Manager Phil Wofford.

Exhibit C will show the complaint that Jose Vazquez filed with The Department of Workforce Soluitons.

Even with this proof, I have not got The Discovery of their investigations. The Defendents are not cooperating with me, Robert Romero, the Plaintiff, Barry Paisner, who was given to us as a mediator, and also have not done what the courts have told them to do on this matter. Till this day I have not recived any coopeoration and I'm getting passed around to their co-worker in the Lawfirm, thats why Iam begging the courts to hold The defendents in Contempt of Court / and Default Judgment to The Plaintiff and hold them responsable for their actions.

Thank you for your time on this matter, your Honor. Bryon Biedsheid,



EXHIBIT A

To: **Hamza Hakeem Blackshor** x

Sorry man but I can't get involved. I filed a complaint before I left and no one backed me. I'm trying to work my way up the chain so I can fix things that way.



cool brother   hope way go work your way up so you can change things til

**From:** **Johsie Rosales** nuel22@yahoo.com
**Subject:** Fw: Feed back for store 165
**Date:** June 5, 2020 at 8:40 PM
**To:** romerortm@gmail.com





Sent from Yahoo Mail on Android

----- Forwarded Message -----
**From:** "Johsie Rosales" <nuel22@yahoo.com>
**To:** "PWofford@traderjoes.com" <PWofford@traderjoes.com>
**Sent:** Thu, Feb 7, 2019 at 2:22 PM
**Subject:** Feed back for store 165

Phil,

I am sorry to bother you. But I have proof of mistreatment, and neglect that has been occurring at store 165 for the past year.
Since Parker came and took over as a captain. I believe I was a targeted by Parker and always felt like he treated me much different than every other employee. I have to speak up for the rest of my ex-coworkers that are being continuously targeted and harassed. I am sending attachments of different sad situations that I lived and encountered. As a 15+ year employee I have never seen less integrity from any other captain and Mates that don't want to speak up and neglect their employees due to being scared of their captain. I am sad I lost my job and I know I have always dedicated my self to Trader Joe's. I hope this can be investigated with Integrity and more employees do not continue to be neglected and harassed. Thank You for your time on this very important matter witch should not continue to occur!

                                                    Sincerely, Johsie E.

Rosales

Sent from Yahoo Mail on Android

Brooks          Reason why I       Parker and        Mistreatment,
incident.pdf    got wri...n.docx    Jessica...p.docx   Favorti...nt.docx

2               3                  4                 5

5 Emails sent To Phil
From Joshsie Rosales

# EXHIBIT C

(ATTN! Marty) ATTACH WITH ROBERT ROMERO VS Trader JOES

HRB #

**Department of Workforce Solutions**
**Human Rights Bureau**
1596 Pacheco Street, Suite 103, Santa Fe, NM 87505
Phone: (505) 827-6838   Fax: (505) 827-6878

HRB-1a
Page 3 of 3

## FILINGS

Did you file a charge in this matter with U.S. Equal Employment Opportunity Commission (EEOC)? ☐ yes ☑ no

Do you currently have legal representation in this matter? ☐ yes ☑ no (NOT AT THIS TIME)

Attorney Name: _____   Phone: (____) ____-____

Law Firm Name: _____

Address: _____

City: _____ State: _____ Zip: _____ County: _____

## ALLEGATIONS OF DISCRIMINATION

*Attach additional pages, if necessary. Do not include evidence or supporting documentation.*

What happened to you that you believe is discriminatory?

I WAS HIRED MAY 30, 2018. WHEN I FIRST STARTED I IMMEDIATELY FELT DISCRIMINATED AGAINST. AFTER ONE MONTH OF EMPLOYMENT I WAS BEING TOLD BY CO-WORKERS ABOUT HOW THEY GOT RAISES AFTER ONLY ONE MONTH ON THE JOB & THEY WERE EITHER FEMALE OR CAUCASIAN OR BOTH. I HAD HEARD PARKER & 2 OTHER MATES SAYING "I CANT STAND THESE BROWN MOTHER FUCKERS. THEY NEED TO SHUT UP & WORK." I ONLY HIRED THEM BECAUSE OF AFFIRMATIVE ACTION" SO IT SEEMED LIKE MY FEMALE & WHITE COLOR CO-WORKERS WERE HIGHLY FAVORED FOR RAISES IN PAY & OPPORTUNITIES FOR GROWTH. I WAS ALWAYS GETTING GREAT REVIEWS FROM MANAGEMENT (PARKER, JEN, SUZY, PARKER) CUSTOMERS BUT THE OPPOSITE FROM MANAGEMENT A PUMPKING THAT WAS DONE BY ROBERT I WITNESSED PARKER THREW AWAY. HE SAID IT DIDNT GIVE OTHERS A CHANCE ROMERO & HIS CHILD JUST BCUZ TO COMPETE. I HAD EXPERIENCED HARASSMENT FROM SUZY CONSTANTLY & NEVER AROUND TO ADDRESS THIS TO. A COUPLE MONTHS LATER PARKER WAS (WHICH HE MISTOOK HEARD PARKER HAD APPROACHED ME ABUT THIS HARRASSMENT. I FELT LIKE HE WAS TALKING DOWN TO ME, FLEXING ABOUT ELSEWHERE. HAND ON MY SHOULDER/CLOSE TO HIS POWER OVER ME & THEN HE PUT HIS WORKING AROUND HER. I ALSO MY NECK WITH A TIGHT GRIP AS IF TO MAKE A STERN POINT. TOLD HIM THAT I DIDNT FEEL COMFORTABLE HAD WARNED ME ABOUT SUZY MENTIONED HOW MULTIPLE CO-WORKERS HER HATRED FOR ME. PARKER? USING FOUL LANGUAGE TO EXPRESS SINCE I WAS TO SOLE PROVIDER CONTINUED TO SQUEZE HARDER & I FELT HE MADE ME FEEL I WOULD LOSE FOR MY FAMILY (AND HE KNEW THIS) I NEVER HEARD ANYTHING FURTHER ABOUT MY JOB IF I SPOKE UP. & THE TENSION WAS STILL THERE. AFTER I HAD AN IT BUT EMERGENCY DEATH IN MY FAMILY, PARKER ASSURED ME THAT HE WOULD DO HIS BEST TO GET ME A TRANSFER TO CALIFORNIA. ONCE I ARRIVED HERE HE DID NOTHING TO HELP ME. I WAS ALREADY DEALING WITH THE LOSS OF A LOVED ONE & NOW I HAD TO ORCHESTRATE MY OWN TRANSFER. I FOUND APPROXIMATELY FIVE (5) TRADER JOES THAT INTERVIEWED ME & WANTED TO HIRE ME BUT UPON TALKING TO PARKER THEY ALL CHANGED THEIR MIND. I REACHED OUT TO HUMAN RESOURES TO NO AVAIL. THEY SAID THEY COULD NOT HELP ME & ONLY MY CAPTAIN COULD HELP ME.

I have contacted the other party:

_____ They agree with my motion.

_____ They do not agree with my motion.

_____ They will not talk to me about my motion.

→ OR: They dont agree or disagree with my motion, They tell me I can fill whatever I want with the courts.

I have not contacted the other party because:

_____ I cannot talk to him/her because there is a protective order between us and he/she does not have a lawyer.

_____ I have not talked to him/her because _____

_____

_____
Signature

Robert Romero
Printed name

HC 74 Box 420
Mailing address

Pecos N. M. 87552
City, State & Zip

505-666-1917
Telephone


**CERTIFICATE OF SERVICE**

I hereby certify, that I mailed/hand-delivered/faxed (circle one) a copy of this pleading to:
(provide name, address and phone number of all other parties and/or their attorneys.)

Steven Lapriore Jr.                          _____

2425 East Camelback Rd                 _____

Suite 900, Phoenix AZ                    _____

85016                                              _____


this _10_ day of _January_, 20_23_.

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
1/13/2023 2:15 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marquel Gonzales-Aragon

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

        Plaintiff,              No: D-101-cv-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

        Defendants.


## AFFIDAVIT OF NON-ADMITTED LAWYER

STATE OF ARIZONA     )
                     )
COUNTY OF MARICOPA  )

Melissa L. Shingles, the affiant herein, having been duly sworn, states upon oath:

1.    Affiant is admitted to practice law and is in good standing to practice law in Arizona, Maricopa County, United States of America.

2.    Affiant has complied with Rule 24-106 NMRA.

3.    Affiant has associated with R. Shawn Oller, counsel licensed to practice law in good standing in New Mexico.

I hereby state, pursuant to Rule 1-011(B) NMRA, under penalty of perjury under the laws of the State of New Mexico, that all of the above representations are true, accurate and complete to the best of my knowledge and belief.

DATED:      January 13, 2023.

                                 */s/ Melissa L. Shingles*

                                 MELISSA L. SHINGLES

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ R. Shawn Oller*
R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:     602.474.3600
Facsimile:      602.957.1801

ATTORNEYS FOR DEFENDANTS

I hereby certify that, on January 13, 2023, a
copy of the foregoing document was served
via U.S. Mail and Odyssey File & Serve on
Plaintiff as follows:

Robert Romero
HC74 Box 420
5 Velvet Road
Pecos, New Mexico 87552

*/s/ R. Shawn Oller*
R. Shawn Oller

4880-8907-3475.1 / 071820-1108

2

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
1/20/2023 3:47 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jill Nohl

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

        Plaintiff,               No: D-101-cv-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

        Defendants.


## ORDER GRANTING DEFENDANTS' MOTION
## TO COMPEL DISCOVERY RESPONSES

This matter came before the Court on Defendants' Motion to Compel Discovery Responses ("Motion"). Defendants submit this proposed order pursuant to Local Rule LR1-201(C) as Plaintiff has failed to respond to the Motion under Rule 1-007.1(D) NMRA. The Court, having reviewed the Motion, FINDS the Motion well taken.

The Court further FINDS that some of Plaintiff's discovery responses are deficient, non-responsive, and incomplete.

IT IS THEREFORE ORDERED that Plaintiff must adequately and fully respond to all discovery requests at issue: Defendants' First Set of Interrogatories 3, 4, 5, 10, and 13, and Defendants' First Set of Requests for Production 3 and 18.

IT IS FURTHER ORDERED that Plaintiff must supplement his discovery responses within 15 days after date of entry of this Order.

IT IS FURTHER ORDERED that Plaintiff must supplement his document production within 15 days after the date of entry of this Order.

_____
HON. BRYAN BIEDSCHEID
District Court Judge


Approved as to form:

LITTLER MENDELSON, P.C.

_/s/ R. Shawn Oller_____
R. Shawn Oller
Attorneys for Defendants


I hereby certify that, on January 6, 2023,
a copy of the foregoing document was served
via U.S. Mail and e-mail on Plaintiff as follows:

Robert Romero
HC74 Box 420
5 Velvet Road
Pecos, New Mexico 87552
romerotm@gmail.com


_/s/ R. Shawn Oller_____
R. Shawn Oller
4882-3135-8536.2 / 071820-1108

**STATE OF NEW MEXICO**
**COUNTY OF** Santa Fe
**FIRST JUDICIAL DISTRICT COURT**

FILED
FIRST JUDICIAL
DISTRICT COURT

2023 JAN 30  AM 11: 22

Robert Romero
**Petitioner/Plaintiff,**

**vs.**   **Case No.: D-101 -CV- 2021-01192**

Trader Joe's Company/Parker Stanley
**Respondent/Defendant.**

**MOTION FOR/TO** Respons to (Proposed) Order
Granting Defendant's Motion To Compel Discovery
Responses

I, Robert Romero , the Petitioner/Plaintiff/Respondent/Defendant

[underline one] In the above-entitled action, requests the Court to consider the following:

I Robert Romero have not got a new Motion to Compel
Response to Discovery. The Last one I got was back in
May 2022, and I sent Charlotte Lamont my Response
on June 3,2022. I have sent these Response to
numerous Lawyer's in their Lawfirm, starting with
their Biscome site, Charlotte Lamont, Marlo Guillory,
Nathanel Higgins, Steven Lapriori. Now they have two
new Lawyers by the name of Melissa L. Shingles,
and R. Shawn Oller, asking for the same Responses
again, along with my Hospital history and my
Work History. They already have my work History
from my Resume, besides my current Job. I am
skeptical of giving them that because of what they did

[Do not write on the back of this document.  Use additional paper if needed.]

to a former employee by the name of Jose Vazquez, which is also a witness of mine. Parker Stanley bashed Jose Vazquez to his new employers and that made it hard for him to get hired. Trader Joe's also has my medical record from when I got hurt and injured while on duty. I belive that this is just a way to mislead the Courts on my Motion for Default Judgment and Comtemt of Court that I filed back in April 11, 2022. Also in August 2022, when The Court told Charlotte Lament to produce these documents pretaining to Robert Romero, Hamza Blacksher, Johsie Rosales, Fabian Pareja, Jose Vazquez, Sarah Tapia, Victoria Ambriz and The Captain Justin, containing their complaints and their final results from the investigation on these results. I am sending you Exbit A and Exbit B on how they are sending me their court paper work with no date or times stamped, and also with the Emails Ive been getting. It makes it hard for me to respond in a timley matter. Also on which one's are new and old motions. The Lawfirm has been mixing them up in my Emails. I also told them I will be talking to a Lawyer on Monday, Jan 30, 2023 by the name of Alice Buchanan that will be

represting me.

Thank you for your
time on this matter,

Robert Romero

I have contacted the other party:

_____ They agree with my motion.

_____ They do not agree with my motion.

_____ They will not talk to me about my motion.

OR:

I have not contacted the other party because:

_____ I cannot talk to him/her because there is a protective order between us and he/she does not have a lawyer.

_____ I have not talked to him/her because _____

_____

_____
Signature

*Robert Romero*
Printed name

*HC 74 Box 420*
Mailing address

*Pecos NM 87552*
City, State & Zip

*505-666-1917*
Telephone

**CERTIFICATE OF SERVICE**

I hereby certify, that I mailed/hand-delivered/faxed (circle one) a copy of this pleading to: (provide name, address and phone number of all other parties and/or their attorneys.)

*R. Shawn Oller*

*Camelback. Esplanade*

*2425 East Camelback Road*

*Suite 900*

*Phoenix AZ 85016*

this _30_ day of _January_, 20_23_

# Exhibit A

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

          Plaintiff,               No: D-101-cv-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

          Defendants.


## [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION
## TO COMPEL DISCOVERY RESPONSES

      This matter came before the Court on Defendants' Motion to Compel Discovery Responses ("Motion"). Defendants submit this proposed order pursuant to Local Rule LR1-201(C) as Plaintiff has failed to respond to the Motion under Rule 1-007.1(D) NMRA. The Court, having reviewed the Motion, FINDS the Motion well taken.

      The Court further FINDS that some of Plaintiff's discovery responses are deficient, non-responsive, and incomplete.

      IT IS THEREFORE ORDERED that Plaintiff must adequately and fully respond to all discovery requests at issue: Defendants' First Set of Interrogatories 3, 4, 5, 10, and 13, and Defendants' First Set of Requests for Production 3 and 18.

      IT IS FURTHER ORDERED that Plaintiff must supplement his discovery responses within 15 days after date of entry of this Order.

      IT IS FURTHER ORDERED that Plaintiff must supplement his document production within 15 days after the date of entry of this Order.

HON. BRYAN BIEDSCHEID
District Court Judge

Approved as to form:

LITTLER MENDELSON, P.C.

/s/ R. Shawn Oller
R. Shawn Oller
Attorneys for Defendants

I hereby certify that, on January 6, 2023,
a copy of the foregoing document was served
via U.S. Mail and e-mail on Plaintiff as follows:

Robert Romero
HC74 Box 420
5 Velvet Road
Pecos, New Mexico 87552
romerotm@gmail.com

/s/ R. Shawn Oller
R. Shawn Oller
4882-3135-8536.2 / 071820-1108

2

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
2/6/2023 4:10 PM
KATHLEEN VIGIL CLERK OF THE COURT
Monica Chavez Crespin

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

       Plaintiff,               No: D-101-cv-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STALEY,

       Defendants.

## <u>NOTICE OF APPEARANCE OF JAY J. ATHEY</u>

    Littler Mendelson, P.C. (Jay J. Athey) hereby enters his appearance as counsel for

Defendants in the above-captioned matter.

                     Respectfully submitted,

                     LITTLER MENDELSON, P.C.

                     Jay J. Athey
                     JAthey@littler.com
                     201 Third Street NW, Suite 500
                     Albuquerque, NM  87102
                     505.944.9693 (telephone)
                     505.213.0415 (facsimile)

                     R. Shawn Oller (NM State Bar No. 8787)
                     soller@littler.com
                     Camelback Esplanade
                     2425 East Camelback Road, Suite 900
                     Phoenix, AZ  85016
                     Telephone:602.474.3600
                     Facsimile: 602.957.1801

                     ATTORNEYS FOR DEFENDANTS
                     TRADER JOE'S COMPANY
                     AND PARKER STALEY

I hereby certify that, on February 6, 2023, a copy of the foregoing document was served via U.S. Mail and Odyssey File & Serve on Plaintiff as follows:

Robert Romero
HC74 Box 420
5 Velvet Road
Pecos, New Mexico 87552


Jay J. Athey

2

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
3/15/2023 10:10 AM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

   Plaintiff,      No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

   Defendants.

### DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE OR FOR SANCTIONS

Defendant Trader Joe's Company ("Defendant") hereby moves the Court pursuant to Rule 1-037(B), NMRA for an order compelling Plaintiff Robert Romero to show cause as to why his claim should not be dismissed or, in the alternative, for sanctions based on Plaintiff's violation of the Court's discovery order pursuant to Rule 1-037(A). In support thereof, Defendant states as follows:

### Certification of Conferral

Pursuant to Rule 1-007.1, NMRA, Counsel for Defendant reached out to Plaintiff multiple times in attempt to resolve this dispute. Plaintiff did not respond to those requests and did not take a position on this Motion so Defendant, therefore, assumes this Motion is OPPOSED.

### I.  PROCEDURAL BACKGROUND

1. Defendant served its First Set of Interrogatories and First Set of Requests for Production on Plaintiff on November 19, 2021.

2. On January 23, 2022, Plaintiff served his responses to Defendants' First Set of Requests for Production and First Set of Interrogatories.

3. On October 26, 2022, Defendant filed its Motion to Compel Discovery Responses.

4.      On January 20, 2023, the Court entered an Order granting Defendant's Motion to Compel Discovery Responses.  *See* Order Granting Defendant's Motion to Compel Discovery Responses, attached hereto as **Exhibit A**.

5.      The Order requires supplemental responses and production of documents within fifteen days of the entry of the Order, which deadline would have been February 6, 2023.  *See* Ex. A.

6.      Counsel for Defendant contacted Plaintiff multiple times requesting supplemental responses and production of documents in accordance with the Court's Order.  *See* correspondence to Plaintiff attached hereto as **Exhibit B**.

7.      To date, Plaintiff has not responded at all or made any attempt to comply with the Court's Order Granting Defendants' Motion to Compel Discovery Responses.

## II.      ARGUMENT

New Mexico law allows "liberal pretrial discovery, to enable the parties to obtain the fullest possible knowledge of the facts before trial." *Marchiondo v. Brown*, 1982-NMSC-076, ¶ 14.  Rule 1-026 provides "[p]arties may obtain discovery of any information, not privileged, which is relevant to the subject matter involved in the pending action ….  A party responding to discovery requests shall provide all non-privileged responsive information then known to the party, subject to the limitations in these rules or as ordered by the court."  Rule 1-026(B)(1), NMRA. Additionally, Rule 1-037 states "if a party fails to answer an interrogatory submitted under Rule 1-033 NMRA, or if a party, in response to a request for inspection submitted under Rule 1-034 NMRA, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer … or an order compelling inspection in accordance with the request."  Rule 1-037(A)(2), NMRA.

The Court entered an Order pursuant to Rule 1-037(A)(2), NMRA on January 20, 2023. *See* Ex. A. If a party fails to comply with an Order permitting discovery under Rule 1-037(A)(2), NMRA, the Court "may make such orders in regard to the failure as are just…." Rule 1-037(B)(2), NMRA. The Court has broad discretion to issue sanctions for such blatant violation of a Court Order. *See Pittard v. Four Seasons Motor Inn, Inc.*, 1984-NMCA-044; *Lewis v. Samson*, 2001-NMSC-035 (choice of sanctions imposed lies within the sound discretion of the trial court). Among the discretionary options for sanctions available to the Court are Orders: refusing to allow the offending party to support certain claims or introduce certain evidence; striking portions of pleadings, dismissing the action, or issuing a default judgment; treating the violation as contempt of Court; and awarding attorneys' fees for failure to obey the Order. *See* Rule 1-037(B)(2)(a)-(e), NMRA.

Plaintiff is required to follow the New Mexico Rules of Civil Procedure and the Court's Orders, regardless of his *pro se* status. Rule LR1-111(D), NMRA ("Pro se parties must adhere to all applicable rules of procedure and evidence to the same extent as a party represented by an attorney."); *see also Pizza Hut of Santa Fe v. Branch*, 1976-NMCA-051, ¶ 7 (when plaintiff in a civil action files a lawsuit, his adversaries are entitled to generally understand that he will proceed in a lawful manner and that compliance will be had with the Rules of Civil Procedure, including those related to discovery) (internal citations omitted). The Court may consider multiple factors when determining the appropriate scope of sanctions. *See Enriquez v. Cochran*, 1998-NMCA-157, ¶ 48 ("In determining the nature of the sanctions to be imposed, the trial court must balance the nature of the offense, the potential prejudice to the parties, the effectiveness of the sanction, and the imperative that the integrity of the court's orders and the judicial process must be protected."). The January 20, 2023 Order required supplementation of five answers to

interrogatories and two responses to requests for production; four of those interrogatories and one of the requests for production specifically sought documents and information related to Plaintiff's alleged damages at issue in this case.  *See* Ex. A; *see also* Defendants' Motion to Compel Discovery Responses, dated October 26, 2022, *Dkt.*

Under the circumstances, Defendant requests that the Court issue an Order imposing sanctions related to Plaintiff's alleged damages in this case.  Lost wages are an essential part of an employment case and Defendant has been wrongfully deprived of discovery related to lost wages due to Plaintiff's refusal to respond to basic discovery and refusal to comply with the Court's Order compelling supplemental discovery responses.  An Order related to Plaintiff's alleged would appropriately balance Defendant's right to the documents and information sought (including the resulting prejudice) with Plaintiff's right to have his day in Court.  Such an Order need not necessarily result in full dismissal but would recognize the fact that it is impossible for Defendant to calculate Plaintiff's alleged damages before trial without the information Ordered to be compelled in January 2023.

WHEREFORE, Defendant Trader Joe's Company respectfully requests this Court enter an Order granting the instant Motion and dismissing Plaintiff's Complaint for willful violation of an Order of Court or, in the alternative, issue appropriate sanctions related to Plaintiff's alleged damages for the conduct, and grant any further and additional relief the Court deems necessary and proper.

Respectfully submitted,

LITTLER MENDELSON, P.C.

_____

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM 87102
505.944.9693 (telephone)
505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone:602.474.3600
Facsimile: 602.957.1801

ATTORNEYS FOR DEFENDANTS
TRADER JOE'S COMPANY
AND PARKER STALEY

I hereby certify that, on March 15, 2023, a
copy of the foregoing document was served
via U.S. Mail and Odyssey File & Serve on
Plaintiff as follows:

Robert Romero
HC74 Box 420
5 Velvet Road
Pecos, New Mexico 87552

_____

Jay J. Athey

4854-4720-2901.1 / 071820-1108

5

# EXHIBIT A

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
1/20/2023 3:47 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jill Nohl

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

        Plaintiff,

vs.

No: D-101-cv-2021-01192

TRADER JOE'S COMPANY/PARKER
STANLEY,

        Defendants.


## ORDER GRANTING DEFENDANTS' MOTION
## TO COMPEL DISCOVERY RESPONSES

This matter came before the Court on Defendants' Motion to Compel Discovery Responses ("Motion"). Defendants submit this proposed order pursuant to Local Rule LR1-201(C) as Plaintiff has failed to respond to the Motion under Rule 1-007.1(D) NMRA. The Court, having reviewed the Motion, FINDS the Motion well taken.

The Court further FINDS that some of Plaintiff's discovery responses are deficient, non-responsive, and incomplete.

IT IS THEREFORE ORDERED that Plaintiff must adequately and fully respond to all discovery requests at issue: Defendants' First Set of Interrogatories 3, 4, 5, 10, and 13, and Defendants' First Set of Requests for Production 3 and 18.

IT IS FURTHER ORDERED that Plaintiff must supplement his discovery responses within 15 days after date of entry of this Order.

IT IS FURTHER ORDERED that Plaintiff must supplement his document production within 15 days after the date of entry of this Order.

HON. BRYAN BIEDSCHEID
District Court Judge


Approved as to form:

LITTLER MENDELSON, P.C.

*/s/ R. Shawn Oller*
R. Shawn Oller
Attorneys for Defendants



I hereby certify that, on January 6, 2023,
a copy of the foregoing document was served
via U.S. Mail and e-mail on Plaintiff as follows:

Robert Romero
HC74 Box 420
5 Velvet Road
Pecos, New Mexico 87552
romerotm@gmail.com



*/s/ R. Shawn Oller*
R. Shawn Oller
4882-3135-8536.2 / 071820-1108

# EXHIBIT B



**Littler Mendelson, P.C.**
201 Third Street NW
Suite 500
Albuquerque, NM  87102

Charlotte Lamont
505.944.9682 direct
505.944.9680 main
505.944.9681 fax
clamont@littler.com

May 25, 2022

**VIA ELECTRONIC MAIL**

Robert Romero
romerortm@gmail.com
robbromero@hotmail.com

Re:     *Robert Romero v. Trader Joe's Company/Parker Stanley*, Civil Action No. D-101-cv-
        2021-01192, First Judicial District Court of Santa Fe, New Mexico

Dear Mr. Romero:

        This letter concerns your responses to Defendants Trader Joe's Company ("Trader Joe's")
and Parker Stanley's (collectively "Defendants") First Set of Interrogatories and First Request for
Production of Documents.   Defendants have identified a number of deficient responses, as
explained below.   New Mexico Rule of Civil Procedure 1-033 requires that each interrogatory
shall be answered separately and fully in writing under oath, unless it is objected to.   As you have
not objected to any of Defendants' interrogatories, any objections by you have been waived and
you are required to provide a written response to each one of Defendants' First Set of
Interrogatories.   Additionally, New Mexico Rule of Civil Procedure 1-034 entitles a requesting
party to request and inspect any documents that may be relevant to the claims or defenses of the
lawsuit.   Accordingly, please cure the deficiencies in your responses identified below by
supplementing your responses as requested by **June 3, 2022**.

<u>**Plaintiff's Responses to Defendants' First Set of Interrogatories**</u>

1. **Interrogatory No. 3**

        Interrogatory No. 3 asks you to provide a computation of the damages that you claim you
are seeking in this lawsuit.   In response, you provided various categories of damages and amounts
you are seeking "based on average amount on similar cases around the state."   However, the
amounts you provided did not include a calculation on how you reached the amounts.
Additionally, the amounts provided by you are not based on the damages *you* have allegedly
suffered based on the specific facts and claims alleged in your lawsuit.   Please provide amounts
and calculations of the damages you have allegedly suffered as a result of the alleged unlawful
action(s) by Defendants.

Robert Romero
May 25, 2022
Page 2

    **2.   Interrogatory No. 4**

       Interrogatory No. 4 asks you to identify witnesses who may have knowledge regarding any economic damages you may have suffered as a result of the alleged wrongful conduct by Defendants alleged in your complaint (racism, harassment, wrongful termination).  Your response to Interrogatory No. 4 discusses you allegedly "getting more hurt while working the truck instead of light duty."  However, your complaint does not discuss or refer to a claim concerning light duty, heavy duty, or any sort of accommodation issue.  Thus, such information is not relevant to the claims in your lawsuit.  Please supplement your response to Interrogatory No. 4 by identifying witnesses whom you believe have knowledge or information concerning the economic damages you claim you have suffered as a result of your allegations of racism, harassment, and wrongful termination.

    **3.   Interrogatory No. 5**

       Interrogatory No. 5 asks you to identify and describe all categories of non-economic damages you claim you have suffered as a result of the alleged wrongful conduct by Defendants in your complaint (racism, harassment, wrongful termination).  Interrogatory No. 5 also asks for a computation of these non-economic damages.  Your response states you have suffered depression, despair, anxiety, embarrassment, humiliation, PTSD, and that "it is the average amount payout to similar cases."  This response is insufficient.  Similar to Interrogatory No. 3, your response does not include a calculation, does not provide an amount of for these alleged non-economic damages, and any calculation would appear to be based on other lawsuits and not specifically the damages *you* have allegedly suffered.  Please supplement your response by providing the monetary amounts of non-economic damages you have suffered and a calculation of how you reached these amounts.

    **4.   Interrogatory No. 10**

       Interrogatory No. 10 asks you to identify every legal proceeding before any court or arbitrator in which you have been a party.  You failed to provide a response to this interrogatory.  The law entitles Defendants to this information.  Please provide a response to this interrogatory by providing the information requested.

    **5.   Interrogatory No. 13**

       Interrogatory No. 13 asks you to identify any efforts by you to gain employment after your employment with Trader Joe's ended, including identifying each employer or potential employer, their names, addresses, and telephone numbers, dates you applied for employment, positions applied for, and when you interviewed.  You failed to provide a response to this interrogatory.  The law entitles Defendants to this information to assess your claimed damages.  Please provide a response to this interrogatory by providing the information requested.

Robert Romero
May 25, 2022
Page 3

## Plaintiff's Responses to Defendants' First Request for Production

**1.   Request for Production No. 3**

This request asks you to produce copies of all social media postings, messages, emails, or other communications, including vides and photographs, you sent or received concerning Defendants' alleged wrongful conduct (racism, harassment, wrongful termination).   You responded stating "the only social media I have is Facebook.  My account has nothing to do with this case."  However, in response to Interrogatory No. 12, which asked you to identify any social media postings or messages you sent or received relating to your employment with Trader Joe's, you responded that you communicated with Hamza Blacksher around August 2020 concerning whether he filed a complaint.  Accordingly, Defendants are entitled to see this, and any other, Facebook message(s) regarding your employment with Trader Joe's and the claims in your lawsuit. Please produce the messages you identified in Interrogatory No. 12 and any other Facebook messages concerning your employment with Trader Joe's.

**2.   Request for Production No. 18**

This request asks you to produce all documents reflecting any benefits, income, or career opportunities you claim you lost as a consequence of the racism, harassment, and wrongful termination as alleged in your complaint.  You failed to provide a response to this interrogatory. The law entitles Defendants to this information to assess your claimed damages.  Please provide a response to this interrogatory by providing the information requested.

Should you have any questions, please do not hesitate to contact us.

Sincerely,

*Charlotte Lamont*

Charlotte Lamont
Shareholder

CL:mg

4873-8643-5353.1 / 071820-1108

| | |
|---|---|
| **From:** | Higgins, Nathaniel |
| **To:** | Robb Romero; robb romero |
| **Cc:** | Lamont, Charlotte; Guillory, Marlo |
| **Subject:** | RE: Romero v. Trader Joe"s - Defendants" Discovery Deficiency Letter and Plaintiff"s Deposition |
| **Date:** | Thursday, July 7, 2022 10:53:53 AM |
| **Attachments:** | image001.png |
| | image002.png |

Good morning Mr. Romero:

I am following up on my email below and our previous phone conversation.  Please provide us with dates in this month when you are available to have your deposition taken regarding your claims against Trader Joe's.  The deposition will take anywhere from 4-8 hours.  We are required to take your deposition so that this case can move forward towards a resolution.  If you continue to be non-responsive and fail to provide dates, we will be forced to ask the court to compel you to sit for your deposition.  We'd prefer to not have to take that route.  Kindly provide dates at your earliest convenience.  Thank you and let me know if you have any questions.

Best,

Nate

**Nathaniel Higgins**
Attorney at Law
713.652.4738 direct, 832.396.9945 mobile
NHiggins@littler.com



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
1301 McKinney Street, Suite 1900, Houston, TX 77010-3031

**From:** Higgins, Nathaniel
**Sent:** Tuesday, May 31, 2022 11:31 PM
**To:** Robb Romero <romerortm@gmail.com>; robb romero <robbromero@hotmail.com>
**Cc:** Lamont, Charlotte <CLamont@littler.com>; Guillory, Marlo <MGuillory@littler.com>
**Subject:** RE: Romero v. Trader Joe's - Defendants' Discovery Deficiency Letter and Plaintiff's Deposition

Good evening Mr. Romero:

I wanted to follow up on our below request for dates you are available in June to have your deposition taken.  Please provide your availability at your earliest convenience.  Thank you.

Best,

Nate

**Nathaniel Higgins**
Attorney at Law
713.652.4738 direct, 832.396.9945 mobile
NHiggins@littler.com



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
1301 McKinney Street, Suite 1900, Houston, TX 77010-3031

**From:** Higgins, Nathaniel
**Sent:** Wednesday, May 25, 2022 4:46 PM
**To:** Robb Romero <romerortm@gmail.com>; robb romero <robbromero@hotmail.com>
**Cc:** Lamont, Charlotte <CLamont@littler.com>; Guillory, Marlo <MGuillory@littler.com>
**Subject:** Romero v. Trader Joe's - Defendants' Discovery Deficiency Letter and Plaintiff's Deposition

Hello Mr. Romero:

Attached please find Trader Joe's Discovery Deficiency Letter regarding your responses to the company's discovery requests.  Please respond accordingly by the **June 3, 2022** deadline as noted in the letter.  Also, please provide us with dates in the month of June when you would be available to sit for your deposition.  Please let us know if you have any questions.  Thanks.

Best,

Nate

**Nathaniel Higgins**
Attorney at Law
713.652.4738 direct, 832.396.9945 mobile
NHiggins@littler.com



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
1301 McKinney Street, Suite 1900, Houston, TX 77010-3031

| | |
|---|---|
| **From:** | Lapriore, Steven |
| **To:** | "romerortm@gmail.com" |
| **Cc:** | Shingles, Melissa; Oiler, Shawn; Davis, Tisha; Williamson, Brooke |
| **Subject:** | Romero v. Trader Joe"s - Authorizations for Release of Records |
| **Date:** | Wednesday, January 4, 2023 4:47:00 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | 2023-01-04 - TJC-Romero - Authorization for Release of Employment Records 4870-5338-9639 1.pdf |
| | 2023-01-04 - TJC-Romero - Authorization for Release of Medical Records 4892-6798-2151 1.pdf |

Good afternoon Mr. Romero,

Attached hereto please find an Authorization for Release of Employment Records and an Authorization for Release of Medical Records.

If you could, please sign and date each, and return to us on or before January 11, 2023.

Please contact us with any questions or comments.

Thank you,

**Steven Lapriore Jr.**

Sr. Paralegal

602.474.3649 direct, 602.916.0365 fax

SLapriore@littler.com



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere

Camelback Esplanade, 2425 East Camelback Road, Suite 900, Phoenix, AZ 85016-4242

| **From:** | Lapriore, Steven |
| **To:** | "romerortm@gmail.com" |
| **Cc:** | Shingles, Melissa; Oller, Shawn; Davis, Tisha; Williamson, Brooke |
| **Subject:** | RE: Romero v. Trader Joe"s - Authorizations for Release of Records |
| **Date:** | Friday, January 6, 2023 3:24:00 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | 2023-01-06 - TJC-Romero - Proposed Order on Defendants" Motion to Compel Discovery Responses 4879-5401-7608_1.pdf |

Good afternoon Mr. Romero,

Pursuant to LR1-201(C), attached hereto please find a Proposed Order On Defendants' Motion To Compel Discovery Responses.

Please contact us with any questions or comments.

Thank you,

**Steven Lapriore Jr.**
Sr. Paralegal
602.474.3649 direct, 602.916.0365 fax
SLapriore@littler.com



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
Camelback Esplanade, 2425 East Camelback Road, Suite 900, Phoenix, AZ 85016-4242

| From: | Lapriore, Steven |
|---|---|
| To: | "romerortm@gmail.com" |
| Cc: | Shingles, Melissa; Oller, Shawn; Davis, Tisha; Williamson, Brooke |
| Subject: | RE: Romero v. Trader Joe"s - Authorizations for Release of Records |
| Date: | Thursday, January 12, 2023 10:14:00 AM |
| Attachments: | image001.png |
| | image002.png |
| | 2023-01-04 - TJC-Romero - Authorization for Release of Medical Records 4892-6798-2151_1.pdf |
| | 2023-01-04 - TJC-Romero - Authorization for Release of Employment Records 4870-5338-9639_1.pdf |

Good morning Mr. Romero,

We are following up on the below request.

If you could, please sign and date each of the attached releases, and return to us as soon as possible.

Please contact us with any questions or comments.


Thank you,

**Steven Lapriore Jr.**
Sr. Paralegal
602.474.3649 direct, 602.245.8589 mobile, 602.916.0365 fax
SLapriore@littler.com



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
Camelback Esplanade, 2425 East Camelback Road, Suite 900, Phoenix, AZ 85016-4242

---

**From:** Lapriore, Steven
**Sent:** Wednesday, January 4, 2023 4:48 PM
**To:** 'romerortm@gmail.com' <romerortm@gmail.com>
**Cc:** Shingles, Melissa <MShingles@littler.com>; Oller, Shawn <SOller@littler.com>; Davis, Tisha <TADavis@littler.com>; Williamson, Brooke <BWilliamson@littler.com>
**Subject:** Romero v. Trader Joe's - Authorizations for Release of Records

Good afternoon Mr. Romero,

Attached hereto please find an Authorization for Release of Employment Records and an Authorization for Release of Medical Records.

If you could, please sign and date each, and return to us on or before January 11, 2023.

Please contact us with any questions or comments.

Thank you,

**Steven Lapriore Jr.**
Sr. Paralegal
602.474.3649 direct, 602.916.0365 fax
SLapriore@littler.com



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
Camelback Esplanade, 2425 East Camelback Road, Suite 900, Phoenix, AZ 85016-4242

| | |
|---|---|
| **From:** | Robb Romero |
| **To:** | Bullis, Linda |
| **Cc:** | Robb Romero |
| **Subject:** | Re: Romero v. Trader Joe"s; Case No. D-101-CV-2021-01192; Proposed Order Granting |
| **Date:** | Friday, January 20, 2023 5:06:31 PM |

[EXTERNAL E-MAIL]


    I have sent all of that to several people many times and also talked to charlottes about it . If you have any questions you can call me at 505-666-1917      sincerely Robert Romero

| From: | Shingles, Melissa |
|---|---|
| To: | romerortm@gmail.com |
| Cc: | Oller, Shawn; Lapriore, Steven J.; Davis, Tisha; Williamson, Brooke |
| Subject: | Romero v. Trader Joe"s - Authorizations for Release of Records |
| Date: | Thursday, January 26, 2023 10:46:23 AM |
| Attachments: | image001.png |
| | image002.png |
| | 2023-01-04 - TJC-Romero - Authorization for Release of Medical Records 4892-6798-2151_1.pdf |
| | 2023-01-04 - TJC-Romero - Authorization for Release of Employment Records 4870-5338-9639_1.pdf |

Mr. Romero,

As discussed, I am resending the releases, originally sent to you on January 4, 2023. I ask that you sign and return them no later than **Monday, January 30**, so we do not have to involve the Court. Also, as I indicated, you are required to provide the answers and documents to the discovery requests identified in the Order Granting Defendants' Motion to Compel Discovery with 15 days of the date of last week's Order.

Finally, please ensure that you are sending any correspondence or documents (via email or postal mail) in this matter to the attorneys on this case- Shawn Oller (soller@littler.com) and me (mshingles@littler.com). Our physical mailing address is in my signature.

Please let me know if you have questions about any of the above items.

Thank you,

Melissa L. Shingles
Attorney at Law
602.474.3610 direct, 602.206.4333 mobile, 602.532.7797 fax
MShingles@littler.com


Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
Camelback Esplanade, 2425 East Camelback Road, Suite 900, Phoenix, AZ 85016-4242

**From:** Lapriore, Steven <SLapriore@littler.com>
**Sent:** Thursday, January 12, 2023 10:15 AM
**To:** romerortm@gmail.com
**Cc:** Shingles, Melissa <MShingles@littler.com>; Oller, Shawn <SOller@littler.com>; Davis, Tisha <TADavis@littler.com>; Williamson, Brooke <BWilliamson@littler.com>
**Subject:** RE: Romero v. Trader Joe's - Authorizations for Release of Records

Good morning Mr. Romero,

We are following up on the below request.

If you could, please sign and date each of the attached releases, and return to us as soon as possible.

Please contact us with any questions or comments.


Thank you,

**Steven Lapriore Jr.**
Sr. Paralegal
602.474.3649 direct, 602.245.8589 mobile, 602.916.0365 fax
SLapriore@littler.com



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
Camelback Esplanade, 2425 East Camelback Road, Suite 900, Phoenix, AZ 85016-4242

---

**From:** Lapriore, Steven
**Sent:** Wednesday, January 4, 2023 4:48 PM
**To:** 'romerortm@gmail.com' <romerortm@gmail.com>
**Cc:** Shingles, Melissa <MShingles@littler.com>; Oller, Shawn <SOller@littler.com>; Davis, Tisha <TADavis@littler.com>; Williamson, Brooke <BWilliamson@littler.com>
**Subject:** Romero v. Trader Joe's - Authorizations for Release of Records

Good afternoon Mr. Romero,

Attached hereto please find an Authorization for Release of Employment Records and an Authorization for Release of Medical Records.

If you could, please sign and date each, and return to us on or before January 11, 2023.

Please contact us with any questions or comments.


Thank you,

**Steven Lapriore Jr.**
Sr. Paralegal
602.474.3649 direct, 602.916.0365 fax
SLapriore@littler.com



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
Camelback Esplanade, 2425 East Camelback Road, Suite 900, Phoenix, AZ 85016-4242

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
3/17/2023 4:25 PM
KATHLEEN VIGIL CLERK OF THE COURT
Tamara Snee

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

        Plaintiff,

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

        Defendants.

No: D-101-cv-2021-01192
Judge Bryan Biedscheid

## CERTIFICATE OF SERVICE

Defendant Trader Joe's Company hereby certifies that it served its Second Request for

Production to Plaintiff via electronic mail and certified mail, returned receipt requested on March

15, 2023 on Plaintiff pro se as follows:

Robert Romero
romerortm@gmail.com
HC74 Box 420
5 Velvet Road
Pecos, New Mexico 87552

Respectfully submitted,

LITTLER MENDELSON, P.C.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9693 (telephone)
505.213.0415 (facsimile)

1

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:602.474.3600
Facsimile: 602.957.1801

**ATTORNEYS FOR DEFENDANTS**
**TRADER JOE'S COMPANY**
**AND PARKER STALEY**

I hereby certify that, on March 17, 2023, I served a copy of the foregoing document via Odyssey File & Serve and certified mail, returned receipt requested on Plaintiff pro se as follows:

Robert Romero
romerorrm@gmail.com
HC74 Box 420
5 Velvet Road
Pecos, New Mexico 87552

Jay J. Athey

4879-6215-0743.1 / 071820-1108

2

FILED
FIRST JUDICIAL
DISTRICT COURT

2023 MAR 21  AM 10: 56

**STATE OF NEW MEXICO**
**COUNTY OF** Santa Fe
**FIRST JUDICIAL DISTRICT COURT**

Robert Romero
**Petitioner/Plaintiff,**

**vs.**                                    Case No.: D- 101 - cr - 2021 01192

Trader Joe's Company/Parker Stanley
**Respondent/Defendant.**

MOTION FOR/TO  Pre Trial

I, Robert Romero _____, the Petitioner/Plaintiff/Respondent/Defendant
[underline one] In the above-entitled action, requests the Court to consider the following:

Requesting a Pre Trial to discuss my motion for
Default Judgment and Contempt of Court, Compel
Discovery and I'm wanting to move forward
with this case but I'm having difficulties
on knowing which one of Trader Joe's Company/Parker
Stanley Lawyers I am working with because I've
been passed to Seven different Lawyers in the
Law firm, Starting with Charlotte Lamont, Steven Lapriore Jr.,
Marlo Guillory, Nathaniel Higgins, Shawn Oller, Jay Athey,
Melissa L. Shingles, Tisha Davis, and as well as Two
Secretary's. I also wanna discuss my Descovery that I've
sent to them many times. Thank you for your time in
this matter, your Honor, Bryon Bietsheid.

[Do not write on the back of this document.  Use additional paper if needed.]

I have contacted the other party:

_____ They agree with my motion.

_____ They do not agree with my motion.

_____ They will not talk to me about my motion.

OR:

I have not contacted the other party because:

_____ I cannot talk to him/her because there is a protective order between us and he/she does not have a lawyer.

_____ I have not talked to him/her because _____

_____

*Robert Romero*
Signature
Robert Romero
Printed name
HC 74 Box 420
Mailing address
Pecos nm, 87552
City, State & Zip
505-606-1917
Telephone

## CERTIFICATE OF SERVICE

I hereby certify, that I mailed/hand-delivered/faxed (circle one) a copy of this pleading to:
(provide name, address and phone number of all other parties and/or their attorneys.)

Jay J. Athey

201 Third Street nw Suite 500

Albuquerque, nm 87102

505-944-9693

this 20th day of March , 2023.

STATE OF NEW MEXICO
COUNTY OF _Santa Fe_
FIRST JUDICIAL DISTRICT COURT

_Robert Romero_
Petitioner/Plaintiff,

vs.                                    Case No.: _D 101-cv-2021 01192_

_Trader Joe's company/ Parker Stanley_
Respondent/Defendant.

## REQUEST FOR HEARING

1. Type of case:  NON JURY

2. Judge to whom assigned: _Bryan Biedsheld_

3. Are there any hearings presently set? _____ Yes  _✓_ No

4. Specific matters to be heard: _Default Judgment, contempt of court_

5. Does either party need an interpreter for this hearing? _____ Yes  _✓_ No *(If you checked
   Yes you must file an Interpreter Form.  You can get the form from the Self Help Center or
   the Clerk's Office.)*

6. Estimated total time required for hearing all parties and witnesses: _60 min_

_Rob Romero_
Signature
_Robert Romero_
Print Name
_Hc 74 Box 420_
Print Address
_Pecos N.m 87552_
City/State/Zip/Telephone

**Mailing Address for Other Party's**
**Attorney**                          **Mailing Address for Other Party**
_Jay J Athey_                         _____
_201 Third street nw suite 300_       _____
_Albuquerque N.m 87102_              _____

_Remember:_ It is your obligation to promptly mail or serve a copy to the other party·

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
5/9/2023 10:16 AM
KATHLEEN VIGIL CLERK OF THE COURT
Diego Olivas

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

No. D-101-CV-2021-01192

ROBERT ROMERO

     Plaintiff,

v.

TRADER JOE'S COMPANY/ PARKER STANLEY

     Defendants.

## NOTICE OF HEARING

A hearing in this case is set before the Honorable as follows:

Date of Hearing:  June 29, 2023

Time of Hearing:  9:30 am

Length of Hearing:  1 hour

Place of Hearing:  Google Meet

**Remote Access** All hearings are conducted by Google Meet. The court prefers counsel and parties to participate by video at https://meet.google.com/hdc-wqjx-wes. If it is not possible to participate by video, you may participate by calling (US) +1 954-507-7909 PIN: 916 854 445#

Matter(s) to be heard:
1. Status Conference on Plaintiff's Default Judgment, Contempt of Court and Compelling Discovery.
2. Scheduling Conference

Monserrath Rodriguez, CCM

## <u>ALL PARTIES ENTITLED TO NOTICE</u>

Robert Romero
HC 74 Box 420
Pecos NM 87552
505-666-1917

Jay J Athey
Littler Mendelson PC
201 3rd Street NW Ste 500
Albuquerque, NM 87102
Telephone 505-944-9693
Facsimile: 505-213-0415
jathey@littler.com

R. Shawn Oller
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone: 602-474-3600
Facsimile: 602-957-1801

Charlotte A Lamont
Miller Stratvert P.A.
PO Box 25687
Albuquerque, NM 87101
Telephone: 505-379-6057
Fax: 505-944-9681
clamont@mstlaw.com

Melissa L. Shingles
Littler Mendelson
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone: 602-474-3600
mshingles@littler.com

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
6/9/2023 2:44 PM
KATHLEEN VIGIL CLERK OF THE COURT
Amy T  Ruiz

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

       Plaintiff,                No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

       Defendants.

## DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE OR FOR SANCTIONS

Defendant Trader Joe's Company ("Trader Joe's") files this reply in support of its pending Motion for Order to Show Cause or for Sanctions ("Motion") filed on March 15, 2023, as follows:

**I.   PLAINTIFF FAILED TO RESPOND TO MULTIPLE ATTEMPTS TO RESOLVE THIS DISPUTE.**

Pursuant to Rule 1-007.1, NMRA, Counsel for Defendant reached out to Plaintiff multiple times in attempt to resolve this dispute.  Plaintiff did not respond to those requests and did not take a position on this Motion, so Defendant assumes the Motion was opposed.

**II.   PLAINTIFF DID NOT SUPPLEMENT HIS DISCOVERY RESPONSES OR PRODUCTION BY FEBRUARY 6, 2023 DEADLINE.**

The Court entered an Order pursuant to Rule 1-037(A)(2), NMRA on January 20, 2023. The Order required supplemental responses and production of documents within fifteen (15) days of the entry of the Order, which deadline would have been February 6, 2023. Plaintiff disregarded this deadline and did not supplement his discovery responses or production. Instead, Plaintiff filed both a Motion for Pre-Trial, and a Request for Hearing on March 21, 2023. The Court has set a hearing for June 29, 2023.

### III.   PLAINTIFF FAILED TO RESPOND TO THE INSTANT MOTION.

Defendant filed the instant Motion on March 15, 2023.  Plaintiff's Response thereto was due on April 3, 2023.  To date, Plaintiff has failed to respond to the Motion.  As such, the Court may rule on the Motion without a hearing.  *See* Rule 1-007.1(D), NMRA ("If a party fails to file a response within the prescribed time period the court may rule with or without a hearing"). Defendant will submit a proposed Order in accordance with LR1-201(C), NMRA.

### V.   CONCLUSION

WHEREFORE, for the foregoing reasons and those set forth in the Motion, Defendant respectfully requests that the Court grant its Motion for Sanctions and enter an Order imposing the sanction of dismissal.

Respectfully submitted,

LITTLER MENDELSON, P.C.

_____

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9693 (telephone)
505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:     602.474.3600
Facsimile:     602.957.1801

Attorneys for Defendants

2

I hereby certify that, on June 9, 2023, a copy of the foregoing document was served via Odyssey File & Serve on all counsel of record as follows:

Robert Romero, *pro se*
HC74 Box 420
5 Velvet Road
Pecos, NM 87552
romerotm@gmail.com


Jay J. Athey

3

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
6/9/2023 2:47 PM
KATHLEEN VIGIL CLERK OF THE COURT
Amy T  Ruiz

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

       Plaintiff,               No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

       Defendants.


## NOTICE OF COMPLETION OF BRIEFING
## OF MOTION FOR ORDER TO SHOW CAUSE OR FOR SANCTIONS

     Pursuant to Rule 1-007.1(H) NMRA, Defendant Trader Joe's Company hereby notifies the

Court that its Motion for Order To Show Cause or For Sanctions ("Motion") is ready for decision.

    1.      Defendants filed the Motion on March 15, 2023.

    2.      Plaintiff failed to file a response to the Motion.

    3.      Defendants filed their reply in support of the Motion on June 9, 2023.

     Accordingly, the Motion is ripe for decision.

                   Respectfully submitted,

                   LITTLER MENDELSON, P.C.

                   Jay J. Athey
                   JAthey@littler.com
                   201 Third Street NW, Suite 500
                   Albuquerque, NM  87102
                   505.944.9693 (telephone)
                   505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:     602.474.3600
Facsimile:      602.957.1801

Attorneys for Defendants

I hereby certify that, on June 9, 2023,
a copy of the foregoing document was
served via Odyssey File & Serve on
all counsel of record as follows:

Robert Romero, *pro se*
HC74 Box 420
5 Velvet Road
Pecos, NM 87552
romerotm@gmail.com


Jay J. Athey

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
6/9/2023 3:00 PM
KATHLEEN VIGIL CLERK OF THE COURT
Kayla Vigil

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

    Plaintiff,       No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

    Defendants.

**<u>DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES</u>**

  Defendant Trader Joe's Company ("Trader Joe's") hereby move the Court pursuant to Rule

1-037(A), NMRA for an order compelling Plaintiff Robert Romero to fully respond to Defendant

Trader Joe's Company's Second Request for Production of Documents To Plaintiff Robert

Romero.

  Plaintiff did not respond to requests for conferral and Defendant assumes Plaintiff's

opposition to this Motion.

  Defendant served its Second Request for Production of Documents on Plaintiff on March

15, 2023, a copy of which is attached hereto as **Exhibit 1**.  Pursuant to Rule 1-034(B), NMRA, the

party on whom the request is served shall serve a written response within thirty (30) days after

service of the request. Thus, Plaintiff's deadline to respond to these requests was April 14, 2023.

Plaintiff has not served a written response or produced any responsive documents to this request.

This Motion is timely under Rule LR1-202(D), NMRA.

  New Mexico law allows "liberal pretrial discovery, to enable the parties to obtain the fullest

possible knowledge of the facts before trial." *Marchiondo v. Brown*, 1982-NMSC-076, ¶ 14, 98

N.M. 394.  Rule 1-026(B)(1) NMRA provides "[p]arties may obtain discovery of any information,

not privileged, which is relevant to the subject matter involved in the pending action …. A party responding to discovery requests shall provide all non-privileged responsive information then known to the party, subject to the limitations in these rules or as ordered by the court." Additionally, Rule 1-037(A)(2), NMRA states "if a party, in response to a request for inspection submitted under Rule 1-034 NMRA, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer … or an order compelling inspection in accordance with the request."

Rule 1-034(B) NMRA provides "the party submitting the request may move for an order under Rule 1-037 NMRA with respect to any objection to, or other failure to respond to all or any part of the request, or any failure to permit inspection as requested." This is Plaintiff's third failure to respond to discovery or supplement in accordance with an Order of this Court.

Defendants respectfully request that the Court grant its Motion and enter an Order requiring Plaintiff to adequately and fully respond to all of the discovery requests at issue, including providing executed copies of the requested releases, and grant such other and further relief as the Court deems necessary and proper.

Respectfully submitted,

LITTLER MENDELSON, P.C.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9693 (telephone)
505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:     602.474.3600
Facsimile:      602.957.1801

Attorneys for Defendants

I hereby certify that, on June 9, 2023, a copy of the foregoing was served via Odyssey File & Serve and U.S. Mail on all parties of record as follows:

Robert Romero, *pro se*
HC74 Box 420
5 Velvet Road
Pecos, NM  87552
romerotm@gmail.com

Jay J. Athey

4878-2831-2681.2 / 071820-1108

# EXHIBIT 1

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

             Plaintiff,                        No: D-101-cv-2021-01192
                                                 Judge Bryan Biedscheid

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

             Defendants.

## <u>CERTIFICATE OF SERVICE</u>

      Defendant Trader Joe's Company hereby certifies that it served its Second Request for

Production to Plaintiff via electronic mail and certified mail, returned receipt requested on March

15, 2023 on Plaintiff pro se as follows:

      Robert Romero
      romerortm@gmail.com
      HC74 Box 420
      5 Velvet Road
      Pecos, New Mexico 87552


                              Respectfully submitted,

                              LITTLER MENDELSON, P.C.


                              Jay J. Athey
                              JAthey@littler.com
                              201 Third Street NW, Suite 500
                              Albuquerque, NM  87102
                              505.944.9693 (telephone)
                              505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:602.474.3600
Facsimile: 602.957.1801

**ATTORNEYS FOR DEFENDANTS**
**TRADER JOE'S COMPANY**
**AND PARKER STALEY**

I hereby certify that, on March 17, 2023, I served a copy of the foregoing document via Odyssey File & Serve and certified mail, returned receipt requested on Plaintiff pro se as follows:

Robert Romero
romerorrm@gmail.com
HC74 Box 420
5 Velvet Road
Pecos, New Mexico 87552

_____
Jay J. Athey

4879-6215-0743.1 / 071820-1108

2

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

              Plaintiff,

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

              Defendants.

No: D-101-cv-2021-01192
Judge Bryan Biedscheid

## DEFENDANT TRADER JOE'S COMPANY'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF ROBERT ROMERO

Pursuant to Rules 1-026 and 1-034, NMRA, Defendant Trader Joe's Company hereby requests that Plaintiff Robert Romero produce for inspection and copying all documents and information specified herein that are in his possession, custody, or control, or in the possession, custody or control of his agents or attorneys.  The requested production is to be delivered to Jay J. Athey, R. Shawn Oller, Steven Lapriore, and Marlo Guillory via email at jathey@littler.com, soller@littler.com, slapriore@littler.com and mguillory@littler.com within thirty (30) days of service of these Requests.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 21:**  Please sign and return the attached Authorization for Release of Employment Records, attached hereto as **Exhibit A**.

**RESPONSE:**


**REQUEST NO. 22:**  Please sign and return the attached Authorization for Release of Protected Health Information, attached hereto as **Exhibit B**.

**RESPONSE:**

**REQUEST NO. 23:**  Please sign and return the attached Authorization for Release of Confidential UI Claims Records, attached hereto as **Exhibit C**.

**RESPONSE:**

Respectfully submitted,

LITTLER MENDELSON, P.C.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9693 (telephone)
505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
solier@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:602.474.3600
Facsimile:  602.957.1801

**ATTORNEYS FOR DEFENDANTS**
**TRADER JOE'S COMPANY**
**AND PARKER STALEY**

2

Exhibit A

# AUTHORIZATION FOR RELEASE OF EMPLOYMENT RECORDS

**Name:**            **Robert Romero**

**Date of Birth:**      **02/15/1974**

**Social Security No.:**  **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**

TO WHOM IT MAY CONCERN:

I hereby consent to the release of the following information and items to the law firm of LITTLER MENDELSON.  The purpose of this consent and release is for discovery and/or evidence in civil litigation.  This authorization shall be effective and valid from this date until the conclusion of said litigation.

- Employment applications, interview notes, intake questionnaires, personal or professional references sought or obtained (verbal or written), and hiring documents;

- Any agreement of any kind with \Mr. Romero, including but not limited to any and all employment agreements, independent contractor agreements, consulting agreements, agency agreements, stock or financial interest agreements, and/or confidentiality or non-disclosure agreements;

- Performance evaluations;

- Disciplinary documentation;

- Payroll information, schedules, and timecards;

- Job description of position(s) applied for or held;

- Termination records;

- Complaints made by or about Mr. Romero;

- Records reflecting any payment to Mr. Romero of any kind; and

- Any other personnel documents regarding Mr. Romero.

This request includes, but is not limited to any materials kept in Mr. Romero's personnel file, employee benefits file, payroll file, or supervisor's file.

A photocopy or facsimile of this authorization shall be considered as effective and valid as the original.

_____                _____

Date                                         Robert Romero

Exhibit B

## AUTHORIZATION FOR RELEASE OF
## PROTECTED HEALTH INFORMATION

| | |
|---|---|
| **Patient:** | **Robert Romero** |
| **Date of Birth:** | **02/15/ 1974** |
| **Social Security No.:** | **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** |
| **Dates of Treatment** | **01/01/2017 to present** |

**TO:**

1.    **Authorization:**  This authorization is voluntary, and I understand I may refuse to sign the authorization. Moreover, that such refusal will not affect the ability to obtain treatment, payment for services, enrollment and/or eligibility.

This will authorize you to disclose to Littler Mendelson the following protected health information ("PHI"): all medical information in your possession, without limitation, regarding my physical and mental condition as revealed by your observation or treatment past, present and future.  This includes history, findings, x-rays, diagnoses, prognoses and access to hospital records for examination and photocopying.

This authorization extends to any party who has medical information concerning my physical and mental condition past, present, and future.  The authorization, therefore, specifically includes any doctor who has examined or treated me and any hospital where I have been examined or treated.  It also applies to present and prior employers and any insurance carrier who may have records of my physical and mental condition.

For the purpose of this release, "medical information" shall include:

(a)    Confidential HIV-related information (as defined in A.R.S. § 36-661).
(b)    Confidential communicable disease-related information (as defined in A.R.S. § 36-661).
(c)    Confidential alcohol or drug abuse-related information (as defined in 42 C.F.R. § 2.1 *et seq.*).
(d)    Confidential mental health diagnosis/treatment information.

I further consent to the release of any and all records related to the treatment of, or diagnosis for drug, alcohol, psychiatric, or HIV/Aids related conditions, along with any records concerning workers' compensation and/or unemployment information under the same terms as outlined above.  I understand that such information cannot be released without my specific consent.

2.    **Purpose of the Disclosure:**  To evaluate alleged damages claimed in a civil lawsuit.

3.    **Revocation Rights:**  I understand that I have the right to revoke this Authorization at any time by sending a written notice of revocation to you.  I understand that the revocation will become effective upon receipt.  I understand that any PHI disclosed pursuant to this Authorization before the effective date of a revocation will not be subject to the revocation.

4.   **Further Disclosure:**   I understand that once you disclose PHI pursuant to this Authorization, the PHI may no longer be protected under federal law, and the recipient may further disclose the PHI that it receives pursuant to this Authorization without my consent.

5.   **Expiration Date:**  I understand that this Authorization will expire upon the termination of the litigation for which the PHI is being disclosed.

6.   **<u>The Genetic Information Non-Discrimination Act (GINA):</u>**  The Genetic Information Non-Discrimination Act" of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. Genetic information as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

7.   I understand that neither treatment, payment, enrollment, nor eligibility for benefits will be conditioned on my signing this Authorization.

8.   I understand that I am entitled to receive a copy of this Authorization.

9.   A photocopy or facsimile of this authorization shall be considered as effective and valid as the original.

10.  **Documents To Be Disclosed:** The information to be disclosed relates to your medical file, pharmacy records and other documents relating to **Robert Romero.**  The relevant information shall include but not be limited to any electronically stored information, account, audio file, audio recording, chronology, document, history, note, record, report, video file, video tape, digital video disc, compact disc or other printed or handwritten material that relates to or reflects Mr. Romero's treatment by the above-referenced medical provider.  More specifically, the information requested includes, but is not limited to:

- Completed patient registration forms, medical history questionnaires, completed consent to treat forms, or any patient discharge forms;

- Summary health information, clinic notes, laboratory reports, immunization records, or radiology reports;

- Prescription records;

- Records reflecting any payment (billing and billing information) from Mr. Romero of any kind;

- all notes and memoranda created or used by you;

- all data or documents provided to you by Plaintiff and/or Plaintiff's counsel;

- all correspondence (including electronic communications), audio or video tape recordings;

- Any other medical documents regarding Mr. Romero.

Date: _____     _____

(Signature of Patient)

If completed by the patient's personal representative:[1]

Name of Personal Representative: _____

(Please Print)

Date: _____     _____

(Signature of Personal Representative)

---

[1] Personal Representative must provide a description of his or her authority to act on behalf of the individual.

3

Exhibit C

**MICHELLE LUJAN
GRISHAM GOVERNOR**



**BILL McCAMLEY
SECRETARY DESIGNEE**

**STATE OF NEW MEXICO
DEPARTMENT OF WORKFORCE SOLUTIONS**
**401 Broadway, NE**
**PO Box 1928**
**Albuquerque, NM  87103**
**(505) 841-8524/ FAX (505) 841-8636**

**HOWIE MORALES
LT. GOVERNOR**

## AUTHORIZATION FOR RELEASE OF CONFIDENTIAL UI CLAIMS RECORDS

I, _____Robert Romero____(SSN 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)_____, request that the New Mexico Department of Workforce Solutions

Name of Requester

provide me and/or __Littler Mendelson P.C._____with a copy of all documents and/or procedural information or tape recordings of appeal hearings pertaining to my unemployment insurance claim. (Note: The Department will charge for more than one copy pursuant to NMDWS Policy).  A copy of my identification (official picture ID) is attached to this request.

To determine whether release of records is permitted by law, I declare that this information will be used for the specific purpose of:

☐   My Pending Appeal Tribunal Hearing          ☐   My Pending Appeal to Board of Review/Secretary

☐   My Other Pending Proceeding w/NMDWS       ☐   My Pending District Court Appeal

☐   Court Order/Grand Jury Subpoena/Warrant   ☒   Other

Other:  (Describe reason records are required.)
_____Discovery in ongoing litigation against employer_____
_____

I understand the confidentiality laws at §51-1-32, NMSA 1978, and NMAC 11.3.100.106, protect the information obtained through this release. I assure the Department that I will protect the confidentiality of the information against unauthorized use or disclosure, and that the information will be used only for the purposes stated above.

Sign Here:

_____
Requester's Signature/Date

Contact Information/ Where to send records:

__Littler Mendelson P.C. c/o Jay J. Athey_____

__201 Third Street NW, Ste. 500, Albuquerque, NM 87102__

_____
Requester's Claimant ID/Employer #

Address
__505-944-9693_____
Phone number
jathey@littler.com; mguillory@littler.com

BOTH SIGNATURES OF CLAIMANT AND EMPLOYER ARE MANDATORY.  The only exceptions are in instances of proceedings/appeals before the Department and district court, court orders, grand jury subpoenas and search warrants:

No Objection: _____          _____   Employer's Name   **Trader Joe's Company**

Employer's Signature /Date

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
7/12/2023 6:07 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jacqueline Rosales Juarez

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

        Plaintiff,                No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

        Defendants.

## DEFENDANT'S MOTION FOR SANCTIONS AND
## REQUEST FOR EXPEDITED HEARING

Defendant Trader Joe's Company ("Defendant") hereby moves the Court pursuant to Rule

1-026, NMRA and the Court's inherent power, for an order issuing sanctions against Plaintiff

Robert Romero for repeated disregard of the rules of discovery in civil litigation.  In support

thereof, Defendant states as follows:

### Certification of Conferral

Pursuant to Rule 1-007.1, NMRA, Counsel for Defendant reached out to Plaintiff in

attempt to confer on this matter.  Plaintiff did not respond to those requests and did not take a

position on this Motion so Defendant, therefore, assumes this Motion is OPPOSED.

### I.      BACKGROUND

1.      Since his separation, Plaintiff Romero continues to come onto the Trader Joe's

property in Santa Fe, NM without permission or legal justification.

2.      Mr. Romero initially attempted to video record the service of process in this lawsuit.

3.      More recently in June 2023, Mr. Romero came into the store and began conversing

with employees (current employees and potential witnesses in this case).  Counsel for Defendants

called Plaintiff directly on June 9, 2023, informed Mr. Romero he is not welcome in the store, and informed Mr. Romero that any further visits to the store will not be tolerated. Mr. Romero agreed and stated he would not come to the store again.

4.    One month later, on July 11, 2023, Plaintiff came to the store, refused to leave, began harassing employees, and again began filming video. Mr. Romero also made improper contact with a named defendant, Parker Staley. Mr. Romero did not request a site inspection in discovery in this case and the undersigned counsel was not aware of any necessity for Mr. Romero to be at the store.

## II.    ARGUMENT

New Mexico law allows "liberal pretrial discovery, to enable the parties to obtain the fullest possible knowledge of the facts before trial." *Marchiondo v. Brown*, 1982-NMSC-076, ¶ 14. Rule 1-026 provides "[p]arties may obtain discovery by any of the following methods: … requests for production or to enter land." Rule 1-026(A), NMRA. Additionally, the New Mexico Rules of Civil Procedure give the Court broad discretion to enter order governing the discovery process. *See, generally,* Rule 1-026(c), NMRA.

The Court has broad discretion to issue sanctions for conduct of party. *See Pittard v. Four Seasons Motor Inn, Inc.*, 1984-NMCA-044; *Lewis v. Samson*, 2001-NMSC-035 (choice of sanctions imposed lies within the sound discretion of the trial court). Plaintiff is required to follow the New Mexico Rules of Civil Procedure and the Court's Orders, regardless of his *pro se* status. Rule LR1-111(D), NMRA ("Pro se parties must adhere to all applicable rules of procedure and evidence to the same extent as a party represented by an attorney."); *see also Pizza Hut of Santa Fe v. Branch*, 1976-NMCA-051, ¶ 7 (when plaintiff in a civil action files a lawsuit, his adversaries are entitled to generally understand that he will proceed in a lawful manner and that compliance

2

will be had with the Rules of Civil Procedure, including those related to discovery) (internal citations omitted).

Plaintiff has now visited the private store property of Defendants at least three times without permission since this lawsuit has been filed. Rule 1-026 clearly contemplates formal discovery requests for entry upon land and Plaintiff has elected to disregard the Rules of Civil Procedure once again. *See, generally,* Court Docket with Motions to Compel and Motion for Order to Show Cause against Plaintiff, detailing discovery violations. Plaintiff has taken video footage at least two times (of which Defendants are aware) that has not been produced to Defendants in discovery in this case. Plaintiff was advised directly that he is not permitted at the store and Plaintiff agreed he would not trespass on Defendants' property. Only a month later, however, Plaintiff, entered the store, made improper contact with potential witnesses, refused to leave, and took video footage without Defendants' permission. Plaintiff's actions are directly contrary to the Rules of Procedure allowing for orderly discovery with all parties' knowledge and consent. As such, Plaintiff should be sanctioned for his continued conduct and disregard for the Rules of Court. Defendants request an expedited hearing on this matter due to the ongoing nature of the witness tampering and improper contact with a named party (Parker Staley).

WHEREFORE, Defendant Trader Joe's Company respectfully requests this Court enter an Order granting the instant Motion and dismissing Plaintiff's Complaint for willful discovery violations, including improper contact with witnesses/represented parties, and improper recording of video evidence in open litigation and trespass on private property or, in the alternative, issue appropriate sanctions related to Plaintiff's alleged damages for the conduct, and grant any further and additional relief the Court deems necessary and proper.

4891-7618-6224.1 / 071820-1108

Respectfully submitted this 12th day of July 2023,

LITTLER MENDELSON, P.C.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9693 (telephone)
505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone: 602.474.3600
Facsimile:  602.957.1801

ATTORNEYS FOR DEFENDANTS
TRADER JOE'S COMPANY
AND PARKER STALEY

I hereby certify that, on July 12, 2023, a copy of the foregoing document was served via U.S. Mail and Odyssey File & Serve on Plaintiff as follows:

Robert Romero
HC74 Box 420
5 Velvet Road
Pecos, New Mexico 87552
romerotm@gmail.com

Plaintiff pro se

Jay J. Athey

4

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
7/12/2023 6:07 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jacqueline Rosales Juarez

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

        Plaintiff,                No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

        Defendants.

## REQUEST FOR EXPEDITED HEARING

1. Assigned Judge: **Honorable Bryan Biedscheid**

2. Matters to be Heard: **Defendant's Motion for Sanctions and Request for Expedited Hearing.**

3. Date(s) of any hearing(s) presently set: None.

4. Time requested by Plaintiff: None.

5. Time requested by Defendant: 15 minutes

6. Parties entitled to notice:

| | |
|---|---|
| Robert Romero | Littler Mendelson, P.C. |
| HC74 Box 420 | Jay J. Athey |
| 5 Velvet Road | 201 Third Street NW, Suite 500 |
| Pecos, New Mexico 87552 | Albuquerque, NM 87102 |

*Plaintiff pro se*

                                       R. Shawn Oller
                                       Camelback Esplanade
                                       2425 East Camelback Road, Suite 900
                                       Phoenix, AZ 85016

                                         *Attorneys for Defendants*

Respectfully submitted this 12th day of July 2023,

LITTLER MENDELSON, P.C.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9693 (telephone)
505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:602.474.3600
Facsimile: 602.957.1801

ATTORNEYS FOR DEFENDANTS
TRADER JOE'S COMPANY
AND PARKER STALEY

I hereby certify that, on July 12, 2023, a copy of the foregoing document was served via U.S. Mail and Odyssey File & Serve on Plaintiff as follows:

Robert Romero
HC74 Box 420
5 Velvet Road
Pecos, New Mexico 87552
romerotm@gmail.com

Plaintiff pro se

Jay J. Athey

4886-6697-4064.1 / 071820-1108

2

STATE OF NEW MEXICO
COUNTY OF Santa Fe
First          JUDICIAL DISTRICT COURT



FILED
FIRST JUDICIAL
DISTRICT COURT

2023 JUL 26  PM 3: 08

Robert Romero
Petitioner/Plaintiff,

vs.                                   Case No.: D-101-CV-2021-01192

Trader Joe's Company/Parker Stanley
Respondent/Defendant.

MOTION FOR/TO Response to Santions and Request for Expedited Hearing

I, Robert Romero          , the Petitioner/Plaintiff/Respondent/Defendant

[underline one] In the above-entitled action, requests the Court to consider the following:

I, Robert Romero, am asking The Court to hold The Defendant's, Trader Joe's Company and Stanley Parker in contempt of Court for disregard of the rule of Discovery in civil litigation. In support thereof, Plaintiff states as follows:

Pursuant to Rule 1-007.1, NMRA, Plaintiff reached out to Counsel for Defendant leaving voice mails, and not heard any response. Therefor, I am asking The Court for Default Judgment and Contempt of Court.

[Do not write on the back of this document.  Use additional paper if needed.]

## I. BackGround

1. Since June 24 2021, I Robert Romero have been trying to get my Discovery from The Defendant's. On March 10, 2022, I have given the Defendant's an Extension. On April 11 2022, I Robert Romero and The Defendant's had a Hearing for The Motion to Compel Response TO Discovery.

On Sept. 13 2022 The Courts Ordered The Defendant's to Compel Discovery Responses. I, Robert Romero have not gotten nothing from The Defendant's which I was told I would after disscussing on what I Robert Romero, wanted for The Discovery with Charlotte Lamont.

It was way past the time limil for The Defendant's to hand over their Response TO Discovery.

On Nov. 15 2022, I filed a Motion for Default Judgment/Contempt of Court.

On Jan. 10 2023, I Robert Romero, did a Response to Defendant's Response on my motion for Default Judgment and Contempt of Court, giving The Email's, snapshots, exibits and names of witnesses of other employees that have complant, which I've done

numerous times and still havent
got my Response TO Discovery.
On June 29 2023 I Robert Romero,
and The Defendant was told in the
hearing by The Courts to write
what we wanted for our Discovery.
I Robert Romero have given The
Defendant's everything that I
have on this case and the Defendant's
have given me nothing.
 New Mexico Law allows, "Liberal
pretrial discovery, to enable the
parties to obtain the fullest possible
Knowledge of fact befor trial."
Defendants are holding thire
Response and Discovery from the
Plantiff, Robert Romero.
 I Robert Romero, have visited The
Trader Joe Store in Santa Fe, NM.
The first time was to buy flowers
for a funeral, and the visit was
pleasant. It was good to see my
family from Trader Joe's. The second
time was to buy toothpaste that
my dentist wanted me to use. This
certain toothpaste is only carried at
Trader Joe's. I was buying by bulk,
so I wouldent have to keep coming
back. It started off pleasant, I was
glad to see employees that were left.
I grabbed a dozen Tubs of toothpaste
and went straight to the cheak out,

Everything was good until
Parker Stanley showed up
and had me kicked out of
the store. Grabbing the
toothpaste out of my
hands. Assulting me, as
well as humiliating me
in front of employee's and
customers. Parker and other
managers were on the
other side of the store
laughing and smirking at
what was happening so
I tried to take a picture
when another employee
jumped in front of me
and told me I had no
right, so I left. As I
was walking out a
few customers followed
me out stating how they
were discusted with how
Trader Joe's handled the
situation. They offered
to purchase the toothpaste
for me, I thanked them

however I declined their offer. I have been professional every time I've been around Trader Joe employee's when they come to my work. I expect the same courtesy.

Trader Joe's lawers have not contacted me about this incident and still refuses to hand over my response to discovery now making it hard for me to work with them. I feel I can not be heard in the Hearing the defendants requested. I humbly request you hold the defendants responsible for their actions.

I have contacted the other party:

_____ They agree with my motion.

_____ They do not agree with my motion.

_____ They will not talk to me about my motion.

OR:

I have not contacted the other party because:

_____ I cannot talk to him/her because there is a protective order between us and he/she does not have a lawyer.

_✓_ I have not talked to him/her because _I can't get ahold of them_

_Robert Romero_
Signature

_Robert Romero_
Printed name

_Hc 74 Box 420_
Mailing address

_Pecos N.m 87552_
City, State & Zip

_505-666-1917_
Telephone

## CERTIFICATE OF SERVICE

I hereby certify, that I mailed/hand-delivered/faxed (circle one) a copy of this pleading to:
(provide name, address and phone number of all other parties and/or their attorneys.)

_____   _R. Shawn Olier_

_____   _Camelback Eslanade_

_____   _2425 East camelback Rd sut 900_

_____   _Phoenix AZ 85016_

this _26_ day of _July_, 20_23_

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
7/27/2023 10:13 AM
KATHLEEN VIGIL CLERK OF THE COURT
Bernadette Hernandez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

No. D-101-CV-2021-01192

ROBERT ROMERO

     Plaintiff,

v.

TRADER JOE'S COMPANY/ PARKER STANLEY

     Defendants.

## NOTICE OF EXPEDITED HEARING

A hearing in this case is set before the Honorable as follows:

Date of Hearing: _August 14, 2023_

Time of Hearing: _9:00 am_

Length of Hearing: _30 Minutes_

Place of Hearing: _GoogleMeet[1]_

Remote Access by Google Meet. The court requires counsel and parties to participate by video at https://meet.google.com/hdc-wqjx-wes

Matter(s) to be heard:
1. Defendant's Expedited Motion for Sanctions

Terri S. Sossman, TCAA

---

[1] If the parties agree that this hearing should take place in person, please email Division 6 and request that the hearing be moved to an in-person hearing.

## ALL PARTIES ENTITLED TO NOTICE

Robert Romero
HC 74 Box 420
Pecos NM 87552
romerotm@gmail.com
505-666-1917

Jay J Athey
Littler Mendelson PC
201 3rd Street NW Ste 500
Albuquerque, NM 87102
Telephone 505-944-9693
Facsimile: 505-213-0415
jathey@littler.com

R. Shawn Oller
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone: 602-474-3600
Facsimile: 602-957-1801

Charlotte A Lamont
Miller Stratvert P.A.
PO Box 25687
Albuquerque, NM 87101
Telephone: 505-379-6057
Fax: 505-944-9681
clamont@mstlaw.com

Melissa L. Shingles
Littler Mendelson
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone: 602-474-3600
mshingles@littler.com

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
8/11/2023 10:22 AM
KATHLEEN VIGIL CLERK OF THE COURT
Jacqueline Rosales Juarez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

       Plaintiff,               No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

       Defendants.

## DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS

Defendant Trader Joe's Company ("Defendant") hereby files its Reply in Support of its Motion for Sanctions and Request for Expedited Hearing, as follows:

## ARGUMENT

1.     Plaintiff's Response to Defendant's Motion for Sanctions ("Response") improperly requests resolution of a Motion for Default, which is not before the Court. The Court should disregard these requests as that Motion is not set to be heard at the upcoming expedited hearing on the instant Motion on August 14, 2023.

2.     Plaintiff's Response admits that Romero continues to come onto the Trader Joe's property in Santa Fe, NM without permission, legal justification, or requested discovery.

3.     Plaintiff's Response omits (but does not dispute) that Plaintiff was contacted directly by Counsel and instructed to refrain from entering Defendant's private property. Plaintiff agreed he would not visit the property.

4.     Plaintiff's Response admits that he interacted with current employees of Defendant, including a management-level employee and named Defendant who is currently represented by the undersigned counsel.

5.    Plaintiff's Response admits that he took or attempted to take photographic or video evidence on Defendant's private property without permission.

6.    Plaintiff's actions are part of a continuing course of conduct whereby Plaintiff has wholly disregarded the Rules of this Court, including but not limited to an ongoing failure to produce discovery in direct contravention of a Court order compelling said discovery.

WHEREFORE, Defendant Trader Joe's Company respectfully requests this Court enter an Order granting the instant Motion and dismissing Plaintiff's Complaint for willful discovery violations, including improper contact with witnesses/represented parties, and improper recording of video evidence in open litigation and trespass on private property or, in the alternative, issue appropriate sanctions related to Plaintiff's alleged damages for the conduct, and grant any further and additional relief the Court deems necessary and proper.

Respectfully submitted this 11th day of August, 2023.

LITTLER MENDELSON, P.C.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9693 (telephone)
505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:602.474.3600
Facsimile: 602.957.1801

ATTORNEYS FOR DEFENDANTS
TRADER JOE'S COMPANY
AND PARKER STALEY

2

I hereby certify that, on August 11, 2023, a copy of the foregoing document was served via U.S. Mail and Odyssey File & Serve on Plaintiff as follows:

Robert Romero
HC74 Box 420
5 Velvet Road
Pecos, New Mexico 87552
romerotm@gmail.com

Jay J. Athey

3

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
8/16/2023 1:16 PM
KATHLEEN VIGIL CLERK OF THE COURT
Mayra Mendoza-Gutierrez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

          Plaintiff,                 No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

          Defendants.

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES

Defendant Trader Joe's Company ("Trader Joe's") hereby files its Reply in Support of its Motion to Compel Discovery Responses and moves the Court pursuant to Rule 1-037(A), NMRA for an order compelling Plaintiff Robert Romero to fully respond to Defendant Trader Joe's Company's Second Request for Production of Documents To Plaintiff Robert Romero.

Defendant filed the instant Motion on June 9, 2023. Plaintiff's Response thereto was due on June 29, 2023. To date, Plaintiff has failed to respond to the Motion. As such, the Court may rule on the Motion without a hearing. *See* Rule 1-007.1(D), NMRA ("If a party fails to file a response within the prescribed time period the court may rule with or without a hearing"). Defendant will submit a proposed Order in accordance with LR1-201(C), NMRA.

WHEREFORE, for the foregoing reasons and those set forth in the Motion, Defendant respectfully requests that the Court grant its Motion to Compel Plaintiff's Discovery Responses to Defendant's Second Requests for Production, and grant any further relief the Court deems necessary and proper.

Dated this 16th day of August, 2023.

Respectfully submitted,

LITTLER MENDELSON, P.C.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9693 (telephone)
505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:     602.474.3600
Facsimile:      602.957.1801

Attorneys for Defendants

I hereby certify that, on August 16, 2023, a copy of the foregoing was served via Odyssey File & Serve and U.S. Mail on all parties of record as follows:

Robert Romero, *pro se*
HC74 Box 420
5 Velvet Road
Pecos, NM  87552
romerotm@gmail.com

Jay J. Athey

2

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
8/16/2023 2:28 PM
KATHLEEN VIGIL CLERK OF THE COURT
Mayra Mendoza-Gutierrez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

      Plaintiff,               No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

      Defendants.

## CERTIFICATE OF SERVICE

Defendant Trader Joe's Company hereby certifies that it served its Third Request for Production of Documents to Plaintiff Robert Romero via electronic mail and U.S. mail on August 16, 2023 as follows:

> Robert Romero
> romerortm@gmail.com
> HC74 Box 420
> 5 Velvet Road
> Pecos, New Mexico 87552

Dated this 16th day of August, 2023.

Respectfully submitted,

LITTLER MENDELSON, P.C.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9693 (telephone)
505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:602.474.3600
Facsimile: 602.957.1801

**ATTORNEYS FOR DEFENDANTS**
**TRADER JOE'S COMPANY**
**AND PARKER STALEY**

I hereby certify that, on August 16, 2023, a
copy of the foregoing was served via
Odyssey File & Serve and U.S. Mail on all
parties of record as follows:

Robert Romero
romerorum@gmail.com
HC74 Box 420
5 Velvet Road
Pecos, New Mexico 87552

Jay J. Athey

4882-5325-4008.1 / 071820-1108

2

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
8/18/2023 4:00 PM
KATHLEEN VIGIL CLERK OF THE COURT
Mayra Mendoza-Gutierrez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

       Plaintiff,              No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

       Defendants.

## NOTICE OF COMPLETION OF BRIEFING

Defendant Trader Joe's Company ("Defendant") states the following for its notice certifying that Defendant's Motion to Compel Discovery Responses is ready for decision.

1.      Defendant filed its Motion to Compel Discovery Responses on June 9, 2023.

2.      Plaintiff, to date, has failed to file a Response to Defendant's Motion to Compel Discovery Responses.

3.      Defendant filed a Reply in Support of Motion to Compel Discovery Responses on August 16, 2023.

Accordingly, the Motion is ripe for decision.

Respectfully submitted this 18th day of August, 2023.

Respectfully submitted,

LITTLER MENDELSON, P.C.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9693 (telephone)
505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:    602.474.3600
Facsimile:    602.957.1801

*Attorneys for Defendants*

I hereby certify that, on August 18, 2023, a copy of the foregoing was served via Odyssey File & Serve and U.S. Mail on all parties of record as follows:

Robert Romero, *pro se*
HC74 Box 420
5 Velvet Road
Pecos, NM  87552
romerotm@gmail.com

Jay J. Athey

4875-8301-5288.1 / 071820-1108

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
8/24/2023 4:33 PM
KATHLEEN VIGIL CLERK OF THE COURT
Mayra Mendoza-Gutierrez

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**

**ROBERT ROMERO,**

      **Plaintiff,**                          **No. D-101-CV-2021-01192**

**v.**

**TRADER JOE'S COMPANY and PARKER STALEY,**

      **Defendants.**

## ENTRY OF APPEARANCE

      COMES NOW the undersigned attorney and hereby enters his appearance in the above-entitled cause.

                                Respectfully Submitted,

                                s/Richard Rosenstock
                                Richard Rosenstock
                                1121 Paseo de Peralta
                                Santa Fe, New Mexico 87501
                                505-988-5324
                                richard.rosenstock@gmail.com

## CERTIFICATE OF SERVICE

      I hereby certify that on August 24, 2023, I served the following documents by emailing them to the following attorneys and that this Certificate of Service was electronically filed and served through the Odyssey File & Serve system which caused the following counsel of record to be electronically served, as more reflected in the Notice of Electronic Filing in this matter.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM 87102
505.944.9693 (telephone); 505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade 2425 East Camelback Road, Suite 900 Phoenix, AZ 85016
Telephone:602.474.3600
Facsimile: 602.957.1801

*Attorneys or Defendants*

/s/ Richard Rosenstock
Richard Rosenstock

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
8/25/2023 8:58 AM
KATHLEEN VIGIL CLERK OF THE COURT
Kayla Vigil

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

        Plaintiff,               No: D-101-cv-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

        Defendants.

## ORDER GRANTING DEFENDANT TRADER JOE'S COMPANY'S MOTION FOR SANCTIONS AND REQUEST FOR EXPEDITED HEARING

This matter came before the Court on Defendant Trader Joe's Company's Motion for Sanctions and Request for Expedited Hearing ("Motion"). The Court, having reviewed the parties' briefs, having heard oral argument on the Motion on August 14, 2023, and the Court being sufficiently advised in the premises, FINDS the Motion well taken and is hereby GRANTED.

The Court FINDS that Plaintiff's conduct constitutes violations of the rules of discovery, including improper contact with witnesses/represented parties, improper recording of video evidence in open litigation, and trespass on private property.

IT IS THEREFORE ORDERED that Plaintiff is to refrain from entering the Trader Joe's store located at 530 W. Cordova Rd., Santa Fe, NM 87505 and from making contact with any current employee witnesses. Any further similar conduct will result in dismissal of the case, with prejudice.

HON. BRYAN BIEDSCHEID
District Court Judge

Submitted By:

LITTLER MENDELSON, P.C.

*/s/ Jay J. Athey*
Jay J. Athey
R. Shawn Oller

*Attorneys for Defendants*


Pursuant to Rule LR1-114(B)(3), NMRA,
I hereby certify that, on August 16, 2023,
a copy of the foregoing document was served
via e-mail on Plaintiff as follows:

Robert Romero
romerotm@gmail.com

No objections were received within seven days of transmission of the proposed Order.

*/s/ Jay J. Athey*
Jay J. Athey

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
8/25/2023 8:58 AM
KATHLEEN VIGIL CLERK OF THE COURT
Kayla Vigil

STATE OF NEW MEXICO COURT
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

        Plaintiff,                    No: D-101-cv-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

        Defendants.


**ORDER GRANTING DEFENDANT TRADER JOE'S COMPANY'S MOTION FOR
ORDER TO SHOW CAUSE OR FOR SANCTIONS**

      This matter came before the Court on Defendant Trader Joe's Company's Motion for Order to Show Cause or for Sanctions ("Motion").  Defendants submit this proposed order pursuant to Local Rule LR1-201(C), NMRA, as Plaintiff has failed to respond to the Motion under Rule 1-007.1(D), NMRA. The Court, having reviewed the Motion, FINDS the Motion well taken and is hereby GRANTED.

      The Court further FINDS that Plaintiff failed to comply with the Court's Order Granting Defendant's Motion to Compel Discovery Responses dated January 20, 2023, which required supplementation of Plaintiff's discovery responses on or before February 6, 2023; that Defendant filed the instant Motion as a result; that Plaintiff failed to respond to the instant Motion for Order to Show Cause or for Sanctions; and Plaintiff is still in violation of the Court's Order dated January 20, 2023.

      IT IS THEREFORE ORDERED that Plaintiff has five days from the date of entry of this Order to SHOW CAUSE as to why his Complaint should not be dismissed with prejudice for

failure to comply with a Court Order, failure to participate in discovery, and failure to cooperate in the prosecution of his own case.

HON. BRYAN BIEDSCHEID
District Court Judge

Submitted By:

LITTLER MENDELSON, P.C.

*/s/ Jay J. Athey*
Jay J. Athey
R. Shawn Oller

*Attorneys for Defendants*


Pursuant to Rule LR1-114(B)(3), NMRA,
I hereby certify that, on June 9, 2023,
a copy of the foregoing document was served
via e-mail on Plaintiff as follows:

Robert Romero
romerotm@gmail.com

No objections were received within seven days of transmission of the proposed Order.

*/s/ Jay J. Athey*
Jay J. Athey

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
8/28/2023 1:50 PM
KATHLEEN VIGIL CLERK OF THE COURT
Mayra Mendoza-Gutierrez

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**

**ROBERT ROMERO,**

   **Plaintiff,**

**v.**                                                    **No. D-101-CV-2021-01192**
                                                          **Judge Bryan Biedscheid**
**TRADER JOE'S COMPANY and PARKER STALEY,**

   **Defendants.**

## ENTRY OF APPEARANCE OF DANIEL YOHALEM

The undersigned attorney hereby enters his appearance in this case on behalf of Plaintiff

Robert Romero.

                              Respectfully Submitted,

                              /s/ *DANIEL YOHALEM*
                              Daniel Yohalem
                              1121 Paseo de Peralta
                              Santa Fe, New Mexico 87501
                              505-690-2193   Fax  505-989-4944
                              daniel.yohalem@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2023, this Entry of Appearance was electronically

filed in the Odyssey File & Serve system which caused the following counsel of record to be

electronically served, as more reflected in the Notice of Electronic Filing in this matter.

1

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM 87102
505.944.9693 (telephone); 505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade 2425 East Camelback Road, Suite 900 Phoenix, AZ 85016
Telephone:602.474.3600
Facsimile: 602.957.1801

*Defendants' Attorneys*

/s/ DANIEL YOHALEM
Daniel Yohalem

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
8/30/2023 11:44 AM
KATHLEEN VIGIL CLERK OF THE COURT
Mayra Mendoza-Gutierrez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO

    Plaintiff                         No. D-101-CV-2021-01192


    Vs

TRADER JOE'S COMPANY/PARKER STALEY

    Defendants

## CERTIFICATE OF SERVICE

    I hereby certify that on August 30, 2023 I served Plaintiff's Third Request for Production

and Inspection of Documents to Defendants by emailing them to Defendants' attorneys Jay

Athey at JAthey@littler.com and Shawn Oller at soller@littler.com.

    I further certify that this Certificate of Service was electronically filed and served through

the Odyssey File & Serve system which caused all counsel of record to be electronically served,

as more reflected in the Notice of Electronic Filing in this matter.


                                        Respectfully submitted,

                                        */s/ Richard Rosenstock*
                                        Richard Rosenstock

2
1121 Paseo de Peralta
Santa Fe, NM 87501
505-983-9433 Fax: 505-989-4844
**During Covid: 505-690-2193**
daniel.yohalem@gmail.com
Richard Rosenstock
1121 Paseo de Peralta
Santa Fe, NM 87501
(505) 988-5324 Fax:(505) 989-4844
richard.rosenstock@gmail.com
Katherine Murray
P.O. Box 5266
Santa Fe, NM 87502
kemurraylaw@gmail.com
505-670-3943
*Attorneys for Plaintiff*

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/1/2023 6:00 PM
KATHLEEN VIGIL CLERK OF THE COURT
Mayra Mendoza-Gutierrez

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**

**ROBERT ROMERO,**

      **Plaintiff,**

v.                                                                          **No. D-101-CV-2021-01192**
                                                                            **Judge Bryan Biedscheid**

**TRADER JOE'S COMPANY and PARKER STALEY,**

      **Defendants.**

## EXPEDITED EMERGENCY MOTION FOR RELIEF
## FROM TWO RECENTLY SIGNED ORDERS

Plaintiff hereby moves the Court for expedited relief from two Orders issued by the Court

on August 25, 2023, one of which gave Plaintiff 5 days (until August 30 to show cause).  For the

reasons set forth below, Plaintiff respectfully asks the Court to temporarily stay enforcement of

the two Orders it issued on August 25, 2023. In support of this motion Plaintiff shows:

1.  Plaintiff was not able to obtain counsel and has attempted to litigate this case *pro se*

since its inception.  Defendants have been represented by two attorneys throughout.

2.  Because of his pro se representation, Plaintiff has not been able to successfully

respond to or adequately counter the litigation of the case by two opposing counsel.  This has

caused frustration by the Court and the issuance of a number of Orders adverse to Plaintiff.

3.  Plaintiff has now obtained the assistance of legal counsel.  On August 24, 2023

Richard Rosenstock entered his appearance for Plaintiff in this case.  On August 28, 2023 Daniel

Yohalem also entered his appearance for Plaintiff.

4.  On August 25, 2023 the Court entered two Orders awarding sanctions and injunctive

relief against Plaintiff.  One Order required Plaintiff to respond by August 30 or be found in

contempt.  That Order based on Plaintiff's failure to sign requested overbroad releases.

1

5.  Unaware that the Court had issued these Orders, Plaintiff's counsel this week:

    a.  drafted and served new discovery on Defendants,

    b.  drafted and sent to Defendants' counsel a motion for continuance of the case until mid-October to allow Plaintiff's new counsel to review the pleadings, evidence and status of the case (and because Plaintiff's new counsel will be out of state for much of September),

    c.  drafted and sent to Defendants' counsel a draft amended complaint, and

    d.  proposed a resolution of one of Defendants' pending sanctions motions with Plaintiff agreeing to sign the releases requested by Defendants with shorter, more reasonable time-frames for the scope of the releases.

6.  Defendants responded today opposing any continuance to allow counsel to get up to speed and opposing the amended complaint.  Negotiations are proceeding as to the releases and it looks like the basis for the Order to show cause will be resolved shortly.

7.  At no time did Defendants' counsel inform Plaintiff that the two Orders had been signed on August 25, 2023.

8.  Had Plaintiff's counsel been aware of the issuance of the Orders on August 25, they would have responded to them immediately.

9.  Plaintiff's counsel request the opportunity to respond to the motions that led to the two Orders being issued.  Indeed, one of the motions is likely to be mooted by the signing of the releases at issue.

10.  Because of the emergency nature of this motion, because Plaintiff's response to the Court's Order was due two days ago, and because Defendants have already rejected Plaintiff's reasonable request for time to allow his new attorneys to get up to speed on the case, Plaintiff did not seek Defendants' on this motion.

Therefore, Plaintiff respectfully requests that the Court temporarily stay the two Orders it issued on August 25 to allow Plaintiff's attorneys the opportunity to respond to the motions. Plaintiff's attorneys ask the Court to give Plaintiff the opportunity to be represented by counsel and to even the playing field with Defendants.

Respectfully Submitted,

/s/ DANIEL YOHALEM
Daniel Yohalem
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-690-2193   Fax  505-989-4944
daniel.yohalem@gmail.com

/s/Richard Rosenstock
Richard Rosenstock
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-988-5324
richard.rosenstock@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2023, the foregoing was electronically filed in the

Odyssey File & Serve system which caused the following counsel of record to be electronically

served, as more reflected in the Notice of Electronic Filing in this matter.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM 87102
505.944.9693 (telephone); 505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade 2425 East Camelback Road, Suite 900 Phoenix, AZ 85016
Telephone:602.474.3600
Facsimile: 602.957.1801

*Defendants' Attorneys*

/s/ DANIEL YOHALEM
Daniel Yohalem

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/2/2023 9:03 AM
KATHLEEN VIGIL CLERK OF THE COURT
Mayra Mendoza-Gutierrez

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**


**ROBERT ROMERO,**

      **Plaintiff,**

**v.**                                                            **No. D-101-CV-2021-01192**
                                                                  **Judge Bryan Biedscheid**

**TRADER JOE'S COMPANY and PARKER STALEY,**

      **Defendants.**


**PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME AND A CONTINUANCE OF
ALL MATTERS PENDING IN THIS PROCEEDING IN ORDER TO ALLOW NEWLY
ACQUIRED COUNSEL TO HAVE SUFFICIENT TIME TO REVIEW ALL THE
PLEADINGS, DOCUMENTS AND ORDERS RECENTLY ENTERED IN THE CASE
AND TO RESPOND APPROPRIATELY.**

Formerly Pro-Se Plaintiff, through newly acquired counsel, hereby moves this Court for a

continuance of the proceedings so as to allow counsel to adequately review the pleadings,

documents and the deposition of Plaintiff and respond to the two pending discovery motions

recently filed by Defendants.  As grounds therefore, Plaintiff states:

1.  On May 26, 2021, Plaintiff Robert Romero filed his Pro Se Complaint. The allegations

of the case are serious:  Plaintiff alleges that he was the victim of race discrimination and

retaliation by Defendant Trader Joe's and Parker Staley, the manager of Trader Joe's Store 165 in

Santa Fe, New Mexico, and that he was assaulted and battered by Mr. Staley.

2.  Plaintiff was a subordinate employee at Trader Joe's.  He is not a lawyer.  Because he

has no legal training whatsoever, it has been extremely difficult for him to deal with the

complexities of this case, including but not limited to dealing with discovery matters in the

proper manner.

3.  On August 24, 2023, the undersigned entered his appearance for Plaintiff.  On August

1

28, 2023, Daniel Yohalem filed an entry of appearance as co-counsel for Plaintiff .  It is obvious that an Amended Complaint, drafted by an attorney, must be filed in order to properly present the factual support for the allegations contained in Plaintiff's original handwritten Complaint.  On August 31, 2023, counsel for Plaintiff emailed counsel for Defendants a proposed Amended Complaint to determine if a motion for leave to file an Amended Complaint will be opposed. Counsel for Plaintiff was informed on September 1, 2023 that Defendants oppose the motion. Counsel for Plaintiff anticipate filing the motion to amend within the next ten or eleven days.

4. There has been considerable paper discovery in the form of numerous Requests for Production of Documents submitted by both parties, interrogatories from the Defendants, along with an extremely long deposition of Plaintiff.   Many documents appear to have been produced by the Plaintiff.  The undersigned counsel has reviewed some of the documentation in the case. Mr. Yohalem has not.  Counsel would like the opportunity to review all the discovery in depth.

5. Defendants have recently filed a Reply brief on a discovery motion which seeks an Order compelling production of documents responsive to Defendants' Second Request for Production of Documents.  The basis for the motion was that Plaintiff did not respond in a timely manner.  On August 25, 2023, the Court entered an Order granting the motion. Among the documents sought in the Requests for Production are releases for medical and employment records.  The proposed releases contained no time limitations and, for that reason, are overly broad.  Mr. Romero has done the best he can in responding to discovery.  However, as a lay person Mr. Romero did not understand the legal issues raised by the manner in which the Releases are currently worded.  Counsel for Plaintiff emailed counsel for Defendants several days ago, stating that he would get Plaintiff's signature on the third release sent for unemployment compensation records regarding Plaintiff's claim filed against Defendant. Counsel also asked whether, now that Plaintiff is represented by attorneys, the matter of the other

2

two releases could be resolved by including a reasonable time period in them.  On the morning of September 1, 2023, counsel for Defendants stated they would agree to a release for unemployment records that concern those records involving Plaintiff's claim for unemployment made against Defendant, that Defendant would agree to placing a ten-year limitation of records for physical injury and would not agree to a time limitation on mental health records.  Counsel for Plaintiff agree to this.  *See Plaintiff's Exhibit 1*, September 1, 2023, email from counsel for Defendant to counsel for Plaintiff.  Counsel will get said releases signed and to counsel for Defendants within five days of receiving the redrafted Releases from counsel for Defendants.

6.   Unbeknownst to counsel for Plaintiff the Court had already signed the Order which was entered into the system on August 25, 2023.  (Although counsel for Plaintiff were listed to receive service on August 25, they were not served with the signed Order until Sept. 1.)  Counsel for Defendants did not inform Plaintiff's new counsel that the Order had been signed.  The agreement reached between counsel on the morning of September 1, 2023, would appear to moot the need for the Order.

7.   The Court also ordered that Mr. Romero show cause why his case should not be dismissed for failure to comply with this and one prior discovery Order and for failure to cooperate in the prosecution of his case.  Plaintiff was given five days to file a response, until August 30.  The sanctions Order signed by the Court has been entered into the public record and Defendants' recitations in the order, none of which has been proven by evidence, could have adverse impacts for Plaintiff, both in this case and in future employment efforts.

8.   The Order arose out of conduct that occurred while Mr. Romero was without counsel. He now has counsel and seeks the opportunity to present his case in a professional manner with the assistance of counsel presenting witnesses and other evidence, which was not done before. Plaintiff's new counsel have not seen any evidence in the record that Plaintiff engaged in the

3

conduct which Defendants ask the Court to find as matters of fact in the proposed order. Defendants presented their allegations with the assistance of skilled counsel. Mr. Romero had no legal representative to present his defense, a defense which should have included asking the Court to require Defendants to produce evidence of their allegations that would be subject to examination by Plaintiff's attorney. Clearly, Mr. Romero did not have the ability to present a professional case to the Court. It is certainly possible that a different outcome may result if Mr. Romero is allowed to revisit and address the issues with the assistance of counsel.

9. Plaintiff is facing the ultimate sanction. Counsel for Plaintiff seek additional time to file said response. As described in paragraph 5 above, Plaintiff's counsel reached an agreement with Defendant's counsel regarding the production of the Releases that are the subject matter of the recent Motion to Compel.

10. Some time is needed to review the pleadings relating to the January 2023 matter and to ascertain what it is that Plaintiff has done, in addition to not complying with the two Orders that demonstrated a failure to properly prosecute his case. The matter is made somewhat more complicated because the undersigned counsel is out of town and will not return to his office until September 11, 2023 and will be leaving the state on September 22, 2023, returning to his office on October 2, 2023. Mr. Yohalem will be out of the country from September 4-25, 2023. Additionally, Mr. Oller will be out of the country from September 4-September 22, 2023.

11. Counsel for Plaintiff respectfully request that the Court allow Plaintiff until September 18, 2023 to file a written response to the August 29, 2023 Order to Show Cause. Defendant will not be prejudiced by allowing counsel for Plaintiff an additional two weeks to respond to the Order to Show Cause.

12. Plaintiff also requests that the Court stay enforcement of the second Order issued on August 25 regarding Defendants' Motion to Compel Responses to their Second Request for

Documents.  While Rule 37 of the New Mexico Rules of Civil Procedure allows for the entry of an order when a party fails to respond to discovery in a timely manner, it is not mandatory. Because Mr. Romero was pro se at the time and now is represented by counsel who will properly respond to Defendants' discovery, good cause exists and the interests of justice support the Court's exercising its sound discretion to allow Plaintiff's counsel leave to file a Response to that motion.

13.  Plaintiff also asks that the Court grant a continuance of all other matters in the case until October 15, 2023, which will allow Mr. Yohalem (and Mr. Rosenstock) to adequately review the relevant pleadings and documents and "get up to speed" on the case.

14.  Defendants have recently served their Third Request for Production of Documents on Plaintiff and his response is due on September 16, 2023.  Counsel for Plaintiff will respond to that Request no later than September 9, 2023.

15.  Plaintiff requests that the Court enter an order granting Plaintiff an extension of time until September 18, 2023 to file a Response to the Order to Show Cause and to grant him five days within which to sign the redrafted releases.  Defendant will not be prejudiced by the granting of this motion. Plaintiff will suffer the ultimate sanction if it is denied.

16.  Plaintiff further asks that the Court grant a continuance of all other matters in the case until October 15, 2023, which will allow Mr. Yohalem (and Mr. Rosenstock) to adequately review the relevant pleadings and documents and "get up to speed" on the case. Since a scheduling order apparently has not been issued in this case, there is no deadline for discovery and no trial date that might be disturbed by this brief continuance.

17.  Counsel for Defendants has been contacted and does not concur in this motion.

WHEREFORE, Plaintiff prays that this Court enter its order granting Plaintiff an extension of time until September 18, 2023 to file a Response to the Order to Show Cause;

granting him five days within which to sign the redrafted releases; and allowing until September 21, 2023 to respond to the discovery that gave rise to the second Order issued on August 25, 2023.

PLAINTIFF further prays that this Court enter its order continuing the other proceedings in the case until October 15, 2023, and stay enforcement of the two Orders issued on August 25, 2023 to allow responses to be filed.

Respectfully Submitted,

 /s/ RICHARD ROSENTSTOCK
Richard Rosenstock
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-988-5324
richard.rosenstock@gmail.com

Daniel Yohalem
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-690-2193
daniel.yohalem@gmail.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2023, the foregoing Motion for Continuance of All Proceedings was e-mailed to Defendants counsel and electronically filed in the Odyssey File & Serve system which caused the following counsel of record to be electronically served, as reflected in the Notice of Electronic Filing in this matter.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM 87102
505.944.9693 (telephone); 505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade 2425 East Camelback Road, Suite 900 Phoenix, AZ 85016
Telephone:602.474.3600
Facsimile: 602.957.1801

*Defendants' Attorneys*

　/s/ *DANIEL YOHALEM*
Daniel Yohalem

 **Gmail**

> PLAINTIFF'S EXHIBIT 1
> Motion for Continuance

daniel yohalem <daniel.yohalem@gmail.com>

## Romero v. Trader Joe's - Proposed Motions and Discovery - Our File 071820.1108

**Athey, Jay** <JAthey@littler.com>                                   Fri, Sep 1, 2023 at 11:19 AM
To: richard rosenstock <richard.rosenstock@gmail.com>, "Oller, Shawn" <SOller@littler.com>, "danielyohalem@gmail.com"
<danielyohalem@gmail.com>
Cc: "Williamson, Brooke" <BWilliamson@littler.com>

Hi Richard:

Sorry for the delay in getting back to you.  I was finally able to connect with the client in earnest his morning.  Please let
me know if I missed any of your requests.

**Responses to RFPs/Releases:**

- Defendants can agree to limit the medical release to 10 years
- Defendants cannot agree to limit the mental health release
- Defendants can agree to limit the UI release to anything that would have impacted Plaintiff's ability to mitigate his
  damages for lost wages since his separation with Trader Joe's

**Motion for Continuance:**

- Defendants will oppose this Motion.  We have outstanding discovery, multiple pending motions, and now will need
  to respond to Plaintiff's discovery and apparently multiple motions.  We appreciate your need to get up to speed
  but there are not many issues in this case and discovery is essentially complete (aside from Plaintiff's failure to
  participate in discovery), from our perspective.

**Motion for Leave to Amend Complaint:**

- Our client is justifiably unclear as to why amendment is necessary or what amendment will accomplish.  The
  proposed amendment does not clarify the claims and alleges a litany of additional facts.  Given Plaintiff has been
  deposed and this case was filed over two years ago, alleging new and additional facts is inappropriate and
  prejudicial to Defendants.  Plaintiff has been seeking counsel for the entirety of this litigation and his obtaining
  counsel is not an appropriate basis to force Defendants to re-litigate under newly alleged facts, given the time and
  money Defendants have already expended.

**Jay Athey**
Associate
505.944.9693 direct, 505.527.3955 mobile, 602.926.8683 fax
JAthey@littler.com

Pronouns: He/Him



Fueled by ingenuity. Inspired by you.

9/1/23, 12:43 PM
Case 1:24-cv-00006-GJF-SCY   Document 1-1   Filed 01/02/24   Page 233 of 378
Gmail - Romero v. Target - re: Proposed Motions and Discovery

Labor & Employment Law Solutions | Local Everywhere
201 Third Street NW, Suite 500, Albuquerque, NM 87102

--------------------------------------------------------

**From:** richard rosenstock <richard.rosenstock@gmail.com>
**Sent:** Thursday, August 31, 2023 1:22 PM
**To:** Athey, Jay <JAthey@littler.com>; Oller, Shawn <SOller@littler.com>; danielyohalem@gmail.com
**Subject:** Romero- motion for continuance


[EXTERNAL E-MAIL]


Counsel,


Attached please find a motion for continuance that Plaintiff will be filing shortly.  Please get back to us asap.  If we do not hear from you by noon tomorrow, we will assume you oppose the motion.


We do think that concurrence would be the courteous thing to do under the circumstances present.


Richard

------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/6/2023 2:23 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jacqueline Rosales Juarez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

      Plaintiff,

v.                                                                No. D-101-CV-2021-01192
                                                                  Judge Bryan Biedscheid

TRADER JOE'S COMPANY/PARKER STALEY,

      Defendant.


## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW the Plaintiff, by and through counsel, and in response to the Order to Show Cause signed by the Court on August 25, 2023, state as follows:

### Introduction

1. As set forth hereinafter, Plaintiff alleges serious violations of public policy by Defendant- engaging in racially discriminatory conduct and retaliation. As explained below, Plaintiff sought to retain counsel but for financial reasons had been unable to do so.   Plaintiff is now represented by counsel.   Plaintiff was not qualified in any respect to litigate such a complex claim by himself.  Yet, he believed he had been discriminated against because he is Hispanic and was retaliated against when he complained about discriminatory conduct at Defendant's Store 165. Thus, despite being unable to afford counsel, he tried to proceed on his own. Mistakes were made in responding to written discovery requests but Plaintiff did not act dishonestly or with the intention of obstructing discovery.  Plaintiff asks that he be allowed the opportunity to present his case on the merits.

**Background**

2. Plaintiff is forty-nine years of age. He has no education beyond a G.E.D. Plaintiff believed he was the victim of race discrimination at and retaliation by Defendant Trader Joe's. He filed a complaint with the New Mexico Human Rights Bureau and subsequently filed this lawsuit against Defendant. Plaintiff was terminated by Defendant on January 28, 2020, shortly before the outbreak of the Covid-19 pandemic. He had not been able to find work during the worst months of the pandemic and was unable to hire an attorney at the time the Human Rights Act limitations period required his lawsuit be filed. Because he believed in his claims, he filed this lawsuit pro se on or about May 26, 2021.

3. Claims of race discrimination and retaliation are extremely complex and difficult to prove. In large part this is because a plaintiff must prove motive and intent and must almost always be able to marshal circumstantial evidence to do so. Plaintiff, like most non-lawyers, was totally unqualified and unable to adequately prosecute such a claim on his own.

4. Until Plaintiff met with the undersigned attorneys during August 2023, Plaintiff was unable to retain an attorney who was willing to represent him: a) without any retainer fee; b) to advance the costs of litigation for him; and c) to take the case solely on the basis of receiving a fee only if Plaintiff prevailed in trial or received payment through a settlement. Indeed, in his deposition, Plaintiff explained that lawyers he had spoken to wanted "money up front" and he was not able to provide that.

5. As noted above, Mr. Romero is untrained as a lawyer. He is not familiar with and does not understand the Rules of Civil Procedure. He tried to do the best he could as a layman to prosecute his case. The process was, to say the least, confusing and difficult for him. He has not deliberately attempted to hinder Defendant's ability to conduct discovery. He sat for his

2

deposition without the aid of counsel and patiently answered question after question for eight hours. He does not know how to properly draft pleadings. He has attempted to deal with discovery as best he can.

6. August 24, 2023, Mr. Rosenstock entered his appearance for Plaintiff and on August 28, 2023, Mr. Yohalem entered his appearance.

### Procedural Facts Concerning the Entry of the Order to Show Cause

7. On or about March 15, 2023, Defendant served its Second Request for Documents on Plaintiff. The requests asked him to sign releases for employment history records, physical health records, mental health records and unemployment compensation claim records. The proposed Releases contained no time limitations whatsoever. In the opinion of counsel for Plaintiff they were overbroad for that reason. As a lay person, Plaintiff did not understand the legal issued raised by the wording of the Releases or how to work with counsel for Defendant to narrow the scope of the Releases.

8. On June 9, 2023, Defendant filed its Motion to Compel Discovery Responses. On July 26, 2023, Plaintiff filed a handwritten "Response." This document appears to be primarily addressed to another motion filed by Defendant and to Plaintiff's own discovery issues with Defendant's response to Plaintiff's discovery requests. However, in the "Response", Plaintiff did state that he had given the Defendant all the documents he had that were responsive to their discovery requests. Plaintiff was saying that he had no additional documents to supplement with. It is clear that Plaintiff was confused and did not understand what was to be done with the proposed Releases. On August 16, 2023, Defendant filed its Reply brief. On or about August 24, 2023, Defendant filed a Request for a Hearing regarding its proposed order on this and on a second proposed order.

9. As noted above, on August 24, 2023, the undersigned attorney entered his appearance for Plaintiff and Mr. Yohalem entered his appearance on August 28, 2023.

10. On August 26, 2023, the undersigned attorney wrote counsel for Defendant, stating that if Defendant would agree to narrow the scope of its requests to a reasonable time period and limit the request for unemployment records to those concerning Plaintiff's application for benefits after he was fired by Defendant, counsel would obtain the needed signatures. On August 27, 2023, Mr. Oller wrote back that Mr. Athey would handle this matter. On August 29, 2023, Mr. Athey wrote back that he was waiting to hear back from his client. On September 1, 2023, Mr. Athey wrote that Defendant would agree to limit the medical release to the (10) years but would not agree to limit the mental health release and would agree to limit the unemployment release: "to anything that would have impacted Plaintiff's ability to mitigate his damages for lost wages since his separation with Trader Joe's." *See Plaintiff's Exhibit 1, August 26, 2023 - September 1, 2023, emails between counsel for Plaintiff and counsel for Defendant.* These terms are agreeable to Counsel for Plaintiff. Counsel will have said releases signed and get them to counsel for Defendant within five days of receiving the redrafted Releases from counsel for Defendant. This would moot the issue raised in the Motion to Compel.

12. On August 31, 2023, Defendant emailed the court its Completion of Briefing Packet for its Motion to Compel Production of Defendant's Second Request for Production, along with a proposed Order. Approximately twenty minutes later, the court had an email sent to all counsel instructing counsel for Defendant as follows: "Please mail or hand-deliver the 3-hole punched and tabbed motion packet to Division VI for the Judge's review *and setting. Please note that Judge Biedscheid requires the moving party to follow this procedure for all fully*

4

*briefed motion packets." Exhibit 2, August 31, 2023, emails exchanged between counsel for Defendant and the Court* (emph. added).

13.   Counsel for Plaintiff had intended to file a pleading regarding this matter and the matter raised about the January 20, 2023, discovery order. However, despite the court's procedural requirement described above and the expressed intent for a setting set forth in the Court's email of August 31, 2023, unbeknownst to counsel for Plaintiff, on August 25, 2023, the Court had already signed two orders. The undersigned counsel for Plaintiff did not receive copies.[1]

14.   Unaware that the Court had signed this (and a second order), Plaintiff's counsel: a) drafted new discovery and served it upon Defendant; b) drafted and sent to opposing counsel a motion for continuance of the case until mid-October to allow Plaintiff's new counsel to review the evidence and the status of the case (and because Plaintiff's new counsel will be out of state for much of September); c) drafted and sent to opposing counsel a proposed Amended Complaint; d) contacted counsel for Defendants to resolve the matters at issue in the Motion to Compel (See Exhibit 1); and e) began working on the Response to Defendant's August 16, 2023 Third Request for Production of Documents.

15.   In addition to granting the Motion to Compel, the Order instructed Plaintiff to show cause why his case should not be dismissed for failure to comply with discovery requirements and to do so within five (5) days. Had Plaintiff's counsel been aware that the order(s) had been

---

[1] It is unclear to counsel whether counsel for Defendant received the order at the time it was entered. Counsel for Defendant did not mention an order having been signed in their three email responses to counsel for Plaintiff of August 27, 29, and 31, 2023 and surely would have informed counsel for Plaintiff there was no need to negotiate the terms of any Release because the Court had already ruled.

5

entered almost a week before the Court requested Defendant to submit the briefing packet as per the Court's required procedure, they would have responded immediately.

**Facts Regarding the January 20, 2023 Order.**

16. In addition to Plaintiff's failure to sign the releases tendered to him, the Order to Show Cause stated that it was issued, in part, because "Plaintiff failed to comply with the Court's Order Granting Defendant's Motion to Compel Discovery Responses dated January 20, 2023, which required supplementation of Plaintiff's discovery responses on or before February 6, 2023."

17. Defendant served requests for documents and interrogatories on Plaintiff during 2021. Plaintiff answered the discovery to the best of his ability. Defendant felt Plaintiff had not provided sufficient answers to five interrogatories and two requests for documents and on October 26, 2022, filed a motion to compel discovery responses. On January 20, 2023, this Court entered an Order requiring Plaintiff to supplement his discovery responses.

18. Counsel for Plaintiff understand that a party should to respond to written discovery in a full and complete manner, or file timely objections, even when the party seeking discovery has already obtained the discovery through deposition. Yet, the fact that much of the information sought in the written discovery that was the basis for Defendant's March 15, 2023 motion, had been obtained by Defendant in its extensive October 13, 2022 deposition of Plaintiff is a mitigating circumstance. For example, Interrogatory No. 10 asked for every legal proceeding that Plaintiff had been a party to. At his October 13, 2022, deposition Plaintiff testified that over a decade earlier he had been one of eight plaintiffs in a lawsuit against Big Lot and that he had also been involved in a lawsuit against Dollar Tree. He also testified about the workmen's compensation claim he had made against Defendant in 2019.

6

19.    Interrogatories Nos. 3 and 5 asked Plaintiff for a calculation of all non-economic and economic damages.    Plaintiff's Answers provided this information, category by category, to the best of his ability. *Exhibit 3. Plaintiff's Answers to Interrogatories.* Plaintiff was thoroughly questioned at his deposition about his Answers.    Likewise, Interrogatory No. 4 asked for witnesses who were aware of any economic loss suffered and Plaintiff listed employees who had knowledge about his hours being reduced.    In Request for Production No. 3, Defendant sought writings that concerned communications between Plaintiff and Hamza Blacksher, a Trader Joe's employee who had filed a complaint against Defendant.    Defendant questioned Plaintiff extensively about the text message he sent to Mr. Blacksher and the message that Mr. Blacksher sent back.    Mr. Romero testified that Mr. Blacksher had simply stated that when he had filed a complaint, no employees had assisted him.    He made it clear that he did not wish to get involved in Plaintiff's case as it might hurt his ability to rise in the store ranks and "fix" things that way.[2]

20.    Plaintiff did, in fact, try to comply with the Court's order of January 20, 2023.    On the morning of January 20, 2023, Plaintiff filed a pleading entitled: "Response to 'Proposed Order Granting Defendant's Motion to Compel Discovery. *Exhibit 5.* Then, at 5:06 p.m., on January 20, 2023, after the Court entered the order, Plaintiff emailed counsel for Defendant regarding the Court's order and stated his belief that he had previously produced the information sought by other lawyers from counsel for Defendant's firm (Plaintiff sometimes dealt with discovery via email and Defendants were aware of that). *January 20, 2023, email from Plaintiff to Linda Bullis of the Littler law firm. Exhibit 6.*

---

[2] The Blacksher text message exchange was emailed to counsel for Defendant on September 5, 2023.    It is attached hereto as *Exhibit 4.*

21.  Discovery to date has been limited.  Defendant has served three requests for documents (Plaintiff's Response to the 3rd Request for Documents is not due until September 16, 2023 and will be served before that date).  Defendant's Second Request for Documents consisted solely of four Releases and the parties have reached an agreement to get those signed.  Defendant also served a set of interrogatories and took Plaintiff's deposition.  Plaintiff served a Request for Documents prior to obtaining counsel and counsel for Plaintiff recently served a Request for Documents on Defendant.  In other words, discovery to date has consisted almost exclusively of written discovery.  There has not been extensive and expensive discovery as of yet. Significantly, a Scheduling Order does not appear to have been entered in this case.

22. The Order to Show Cause arose out of conduct that occurred while Mr. Romero was without counsel.  Plaintiff is facing the ultimate sanction.  He now has counsel and seeks the opportunity to present his case in a professional manner with the assistance of counsel.  Counsel for Plaintiff has drafted and served this Response to the Order to Show Cause within five days after learning of it.  The case will move in a professional and appropriate manner.

23.  *Lopez Sr. v Las Cruces Police Department*, 2006-NMCA-074, involved a situation where Mr. Lopez, a pro se plaintiff, alleged he was assaulted by a Las Cruces Police Department employee.  The District Court dismissed the case for failure to state a claim.  While the issue presented in *Lopez* was not the same as here, the principle elucidated by the Court of Appeals is applicable:

> "We now have briefing by a properly represented Lopez, as well as amicus briefing by the NMTLA. It would exalt form over substance to dismiss Lopez's appeal at this point in time. 'It is the appellate court policy to construe rules liberally so that an appeal may be decided on the merits whenever possible.'" *Lopez Sr. v Las Cruces Police Department*, 2006-NMCA-074 ¶8 (citations omitted).

24.  Plaintiff prays that the Court give him a chance to present his case on the merits and enter

an order finding that Plaintiff may continue to prosecute his case.

Respectfully Submitted,

s/Richard Rosenstock
 Richard Rosenstock
 1121 Paseo de Peralta
 Santa Fe, New Mexico 87501
 505-988-5324
 richard.rosenstock@gmail.com


Daniel Yohalem
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-690-2193
daniel.yohalem@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2023, the foregoing Response to Order to Show Cause was electronically filed in the Odyssey File & Serve system which caused the following counsel of record to be electronically served, as reflected in the Notice of Electronic Filing in this matter.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM 87102
505.944.9693 (telephone); 505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade 2425 East Camelback Road, Suite 900 Phoenix, AZ 85016
Telephone:602.474.3600
Facsimile: 602.957.1801

*Defendants' Attorneys*


  /s/ RICHARD ROSENSTOCK
  Richard Rosenstock



EXHIBIT
1

**richard rosenstock <richard.rosenstock@gmail.com>**                    Sat, Aug 26,
                                                                         10:30 AM (9 days
                                                                         ago)

to soller, JAthey, bcc: Robb, bcc: daniel


Shawn,

I am working on getting you signed Releases for Mr. Romero's unemployment claim documents,
the medical and mental health documents and prior employment documents.   If you can limit the
unemployment documents to his claim against Trader Joe's (which may be all you wanted in
your Release but it is not specified), I will get Mr. Romero to sign it and get it back to you.

I am agreeable to having Mr. Romero sign both of the other Releases if they are limited to a
reasonable time period prior to his termination at Trader Joe's.  Perhaps ten years?

I realize that Mr. Romero did not file a response and may be deemed to have waived his right to
object but I believe that the court will find that not having an attorney at the time and now having
an attorney and being willing to respond in a reasonable may is likely to grounds for not finding
a waiver and allowing Plaintiff to file a response with the assistance of counsel.

Please let me know if this is agreeable and if it is, please resend the releases as suggested and I
will get them signed and back to you asap.

Thank you.

Richard


**Oller, Shawn**                                                          Sun, Aug 27,
                                                                         10:20 AM (8 days
                                                                         ago)

to me, Jay


Thanks, Richard.

We will get back to you with an answer shortly.  Also, I will be out of the country from 9/4-9/22.  Please
continue to cc me on emails, but Jay will handle day-to-day matters.  Thanks.

**Athey, Jay**                                                            Tue, Aug 29,
                                                                         3:47 PM (6 days
                                                                         ago)

to Shawn, Daniel, Brooke, me

Hi Richard:

I am waiting to hear back from the client but will let you know when I do.  Thanks.
**Jay Athey**
Associate
505.944.9693 direct, 505.527.3955 mobile, 602.926.8683 fax
JAthey@littler.com

Pronouns: He/Him
Labor & Employment Law Solutions | Local Everywhere
201 Third Street NW, Suite 500, Albuquerque, NM 87102

**Athey, Jay**                                                    Fri, Sep 1, 11:19 AM (3 days
                                                                              ago)

to me, Shawn, danielyohalem@gmail.com, Brooke

Hi Richard:

Sorry for the delay in getting back to you.  I was finally able to connect with the client in earnest his morning.  Please let me know if I missed any of your requests.

**Responses to RFPs/Releases:**
- Defendants can agree to limit the medical release to 10 years
- Defendants cannot agree to limit the mental health release
- Defendants can agree to limit the UI release to anything that would have impacted Plaintiff's ability to mitigate his damages for lost wages since his separation with Trader Joe's

**Motion for Continuance:**
- Defendants will oppose this Motion.  We have outstanding discovery, multiple pending motions, and now will need to respond to Plaintiff's discovery and apparently multiple motions.  We appreciate your need to get up to speed but there are not many issues in this case and discovery is essentially complete (aside from Plaintiff's failure to participate in discovery), from our perspective.

**Motion for Leave to Amend Complaint:**
- Our client is justifiably unclear as to why amendment is necessary or what amendment will accomplish.  The proposed amendment does not clarify the claims and alleges a litany of additional facts.  Given Plaintiff has been deposed and this case was filed over

two years ago, alleging new and additional facts is inappropriate and prejudicial to Defendants.  Plaintiff has been seeking counsel for the entirety of this litigation and his obtaining counsel is not an appropriate basis to force Defendants to re-litigate under newly alleged facts, given the time and money Defendants have already expended.

**Jay Athey**
Associate



EXHIBIT

**Williamson, Brooke <BWilliamson@littler.com>**

Thu, Aug 31,
10:16 AM (4 days
ago)

to sfeddiv6proposedtxt@nmcourts.gov, Jay, Shawn, Marlo, me, daniel.yohalem@gmail.com

Your Honor,

Please find the Notice of Completion of Briefing packet complete for *Defendant's Motion to Compel Discovery Responses.* I have attached the following:

*-Defendant's Motion to Compel Discovery Responses;*
*-Defendant's Reply in Support of Motion to Compel Discovery Responses; and*
*-Notice of Completion of Briefing.*

I have also attached a Proposed Order for same in Word format for your consideration. Please do not hesitate to contact our office with any questions. Thank you.

**Brooke Williamson**
Legal Secretary
602.474.3611 direct, 602.299.0972 mobile
BWilliamson@littler.com


**Bryan Biedscheid (sent by sfediss@nmcourts.gov)**

Thu, Aug 31,
10:43 AM (4 days
ago)

to Brooke, sfeddiv6proposedtxt@nmcourts.gov, Jay, Shawn, Marlo, me, daniel.yohalem@gmail.com

Please mail or hand-deliver the 3-hole punched and tabbed motion packet to Division VI for the Judge's review and setting.

Please note that Judge Biedscheid requires the moving party to follow this procedure for all fully briefed motion packets.

Please let us know if you have any questions. Thank you.

Terri S. Sossman, Trial Court Administrative Assistant
to Chief Judge Bryan Biedscheid
First Judicial District Court - Division VI
225 Montezuma Ave.
Santa Fe, NM 87501
505-455-8215 (phone

EXHIBIT

3

INTERROGATORY NO 1. Customers of Trader Joes, Blake Harrison 505-670-3184, Agnes 505-920-3730 Karena 505-795-5927. / Character Witness, Eric Lujan 505-395-8410, Kathy 505-652-0810, Sara Gutierrez, 505-469-3743, Victoria Perea, 505-309-1306 Juan 505-470-7257. / Trader Joes Witness, Victoria Valdez 505-919-9580, Justin 805-350-3396, Johsie Rosales 650-924-5031, Fabian Pareja 408-706-1005, Jose Vazquez 805-295-5068, Cintia Garcia and Ever Castillo work # 505-995-8145. / DOM, Blair Sylvan Gray 505-6994188, Erika Oviedo 505-438-9402. / PA, Laura Holmes 505-4389402. / Officer William Negrete 505-827-9219. / Hamza Blacksher.

INTERROGATORY NO 2. Blake Harrison, Agnes, Karena are Customer Character witness on how I acted with customers and employees from when I started till when I left. / Eric Lujan, Kathy, Sara Gutierrez, Victoria Perea and Juan are people that are My Character witness that know me around our community. / Victoria Valdez witnessed Parker assault me and demeanor me in front of demo. Justin witnessed Parker harass me and treat me different. Johsie Rosales was also fired and treated with racism and hostility. Fabian Pareja was also treated with racism and witnessed how Parker treated me and how he was afraid he was going to be fired for putting his hands on me and saying he wanted to punch me in the face. Cintia and Ever were given my name tags and said we all look the same. Jose Vazquez witnessed racial slurs and how he put the work place in a hostile environment, He also was treated with racism. / Blair Gray DOM for my body and mind, treats me for physical and emotional Destree's, and PTSD, Erika Oviedo DOM treated me for physical and emotional Destree's due to working at trader joes. Laura Holmes PA my doctor who tried to help me with injury. / State police officer William Negrete Wrote my assault report and witnessed firsthand of racism from Parker. / Hamza Blacksher filed a complaint and nothing was done

INTERROGATORY NO 3. Based on average amount on similar cases around the state this is what I came up with.

WRONGFUL TERMINATION $ 80,000.

RACIAL DISCRIMINATION $300,000

EMOTIONAL DISTREES $250,000

BACK PAY            $ 60,000  FOR 2 YEARS

FRONT PAY           $ 150,000  FOR UP TO 5 YEARS

PUNITIVE DAMAGES  $ 400,000

LOST BENIFITS       $ 70,000

TOTAL               $1,310,000.

INTERROGATORY NO 4. Victoria Valdez Witnessed My hours getting cut and me getting more       hurt while working the truck instead of light duty. Fabian Pareja witnessed my hours getting cut, me getting more hurt while working truck instead of light duty. Erica Oviedo DOM Witnessed me not getting better due to working heavy duty. Laura Holmes PA Witnessed me not getting better due to working heavy duty.

INTERROGATORY NO 5. Depression, Despair, Anxiety, Embarrassment, Humiliation and PTSD. It is the average amount payout to similar cases.

INTERROGATORY NO 6. Victora Valdez Witnessed Parker Embarrass and Humiliate me in front of customers and (Despair) Giving up when I went to HR and My Regional manager, nothing was done. Justin Witnessed me getting Humiliated and Embarrassed in front of customers and managers and I felt Despair because I couldn't defend myself. Johsie Rosales witnessed and went through what I went through. Fabian Pareja witnessed Parker Humiliate, Embarrass, me and watch me go through Despair

and Anxiety because my regional manager left it up to Parker to do whatever he wanted. Jose Vazquez witnessed Parker Humiliate and Embarrass me in front of customers and coworkers and I felt Despair because nothing was done from HR and my regional manager. Blair Gray treated me for PTSD, Depression, Anxiety and Despair due to HR and my regional manager letting my store manager get away with everything.

INTERROGATORY NO 7. Concentra, PA Laura Holmes, D.O.M. Erika Oviedo, D.O.M. Blair Gray.

INTERROGATORY NO 8. Tennis Elbow, Depression, Anxiety, Embarrassment, Humiliation, Despair and P.T.S.D.

INTERROGATORY NO 9. NO N/A

INTERROGATORY NO 11. Blair Gray, Eric Lujan, Victoria Valdez, Jacob Reyes, Steph, Justin, Johsie Rosales, Jose Vazquez, Jolene Ramsey, Fabian Pareja, Charles Costello.

INTERROGATORY NO 12. Messenger on face book to Hamza Blacksher around August 2020 Asking if he filed a complaint.

INTERROGATORY NO 14. Crew member conduct" 1. Failing to treat crew members with courtesy and respect. 2. Falsifying time card, records or reports. 3. Threatening crew members. 4. Fighting or creating a disturbance on company premises. 4. Integrity. 5. No Bureaucracy. 6. Not showing KAIZEN. 7. Retaliation. 8. Being racist. 9.Letting Mates date. 10. Physical conduct 11. Creating a hostel work place, 12. Assault on a crew member. The incident's started shortly after Parker took over as store manager, it started getting really bad around Oct, Nov, Dec, 2018. My coworkers started bring it to our regional manager attention in Feb 2019, I started bring it to HR, and our regional manager Oct, Nov, Dec 2019 and Jan 2020. Parker told me Phil our regional manager left it up to him so I asked HR and Phil for an investigation report but I never got it. After that it got worse. I got no closure, I just got retaliated on and fired for whistleblowing.

INTERROGATORY NO 15. The emotional distress that was caused by all this was, Lack of sleep, Throwing up blood, Pain on arm, back, neck and chest, Headaches, Depression, Anxiety, Despair, Shingles, and P.T.S.D./ Providers, Concentra, Nov, Dec 2019, / D.O.M. Blair Gray Feb 2020 – present day [ every other week.

INTERROGATORY NO 16, Fabian Pareja, Johsie Rosales, Jose Vazquez, Charles Costello, Eric Lujan Consultations from random attorneys on line or phone from law help lines.



EXHIBIT

5

STATE OF NEW MEXICO
COUNTS OF _____
FIRST JUDICIAL DISTRICT COURT

FIRST JUDICIAL
DISTRICT COURT

2013 JAN 30   AM 8: 22

Robert Romero
Petitioner/Plaintiff,

vs.

Case No.: _____

_____
Respondent/Defendant,

MOTION FOR/TO Respond to (Proposed) Order
Granting Defendant's Motion to Compel Discovery
Responses

I, Robert Romero, the Petitioner/Plaintiff/Respondent/Defendant
[underline one] in the above-entitled action, requests the Court to consider the following:

I Robert Romero, have not got a new Motion to Compel
Response to Discovery. The last one I got was back in
May 2022, and I sent Charlotte Lamont my Response
on June 3, 2022. I have sent these Response to
numerous Lawyers in their LawFirm, starting with
their Business ok. Charlotte Lamont, Marta Gallegos,
Nathaniel Higgins, Shawn Laprain. Now they have two
new lawyers by the name of Melissa L. Champion,
and R. Shawn Oller, asking for the same Responses
again, along with my Hospital history and my
work History. They already have my work history
from my Resume, beside my current Job. I am
skeptical of giving them that because of what may of

[Do not write on the back of this document.   Use additional paper if needed.]

EXHIBIT

6

**From:** "Higgins, Nathaniel" <NHiggins@littler.com>
**Subject: RE: Request**
**Date:** February 2, 2022 at 1:27:40 PM MST
**To:** Robb Romero <romerortm@gmail.com>, "Lamont, Charlotte" <CLamont@littler.com>
**Cc:** robb romero <robbromero@hotmail.com>, "mndamangolopz.al@Gmail.com"
<mndamangolopz.al@Gmail.com>

Good afternoon Mr. Romero:

Please let us know whether your email below is intended to be your formal discovery requests. If it is, please list
each request by number and state exactly what you are requesting. Also, if your below email constitutes your formal
discovery requests, we will proceed as though the thirty-day timeframe for us to respond to your requests began to
run from the date of your email. Please let us know if you have any questions. Thanks.

Best,

Nathaniel

Nathaniel Higgins
Attorney at Law
713.652.4738 direct , 832.396.9945 mobile
NHiggins@littler.com

littler.com | Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
1301 McKinney Street, Suite 1900, Houston, TX 77010-3031

-----Original Message-----
From: Robb Romero <romerortm@gmail.com>
Sent: Tuesday, January 25, 2022 11:26 AM
To: Lamont, Charlotte <CLamont@littler.com>
Cc: Higgins, Nathaniel <NHiggins@littler.com>; robb romero <robbromero@hotmail.com>;
mndamangolopz.al@Gmail.com
Subject: Request

        I Robert  Romero am requesting all you have to do with the case Robert Romero vs Trader
Joe's along with the results from the investigation on my complaint of racism I reported , along with results on the
investigation on racism from Johsie Rosales , Hamza Blachsher , Sera Tapia and Victoria . I also am requesting all
my Progress Reports .    Thank You        Robert Romero


From: Robb Romero <romerortm@gmail.com>
Subject: Re: Request
Date: February 4, 2022 at 12:17:13 PM MST
To: "Lamont, Charlotte" <CLamont@littler.com>
Cc: Robb Romero <romerortm@gmail.com>, Nathaniel Higgins <NHiggins@littler.com>,
mndamangolopz.al@Gmail.com

                                REQUESTING

             1. All document that you have to do with this case Robert Romero vs Trader Joe's company
/ Parker Stanley                                                 2. Results from Robert
Romero's Complaint on Parker Stanley

3. Results from Hamza Blachser's Complaint on Parker Stanley
.                              4. Results from Johsie Rosales's  Complaint  on Parker Stanley
.                              5. Results from Sera Tapia's Complaint on Parker Stanley
.                              6. Results from Victoria' complaint on Parker Stanley
.                              7. All Complaint' from When Parker first started till know on Racism ,Hostile environment
Wrongful termination . And putting            .                              Employees in physical  danger by working
them  hard while they are on light duty                                                                      8.
Results on why our Manger  Justin left because of Parker Stanley
.                              9.  All my work reviews that they gave me every 6 mounts for my raise
.                              10 My work schedule and hr I worked from when I started till when I got  Wrongfully
terminated
Thank you .      Robert Romero


**From:** Robb Romero <romerortm@gmail.com>
**Subject: Re: Romero v. Trader Joe's; Case No. D-101-CV-2021-01192; Proposed Order Granting**
**Date:** January 20, 2023 at 5:06:19 PM MST
**To:** "Bullis, Linda" <Lbullis@littler.com>
**Cc:** Robb Romero <romerortm@gmail.com>


**I have sent all of  that to several people many times and also talked to charlottes about it** . If you have any questions you can call me at 505-666-1917

sincerely

Robert Romero

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/11/2023 10:55 AM
KATHLEEN VIGIL CLERK OF THE COURT
Mayra Mendoza-Gutierrez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

        Plaintiff,

No: D-101-cv-2021-01192
Judge Bryan Biedscheid

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

        Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2023, the foregoing Response to Defendant's

Third Request for Production of Documents was electronically filed in the Odyssey File & Serve

system which caused the following counsel of record to be electronically served, as reflected in

the Notice of Electronic Filing in this matter.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM 87102
505.944.9693 (telephone); 505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade 2425 East Camelback Road, Suite 900 Phoenix, AZ 85016
Telephone:602.474.3600
Facsimile: 602.957.1801

*Defendants' Attorneys*

    /s/ *RICHARD ROSENTSTOCK*

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/14/2023 10:29 AM
KATHLEEN VIGIL CLERK OF THE COURT
Mayra Mendoza-Gutierrez

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**

**ROBERT ROMERO,**

   **Plaintiff,**

vs.

**TRADER JOE'S COMPANY/PARKER**
**STANLEY,**

   **Defendants.**

**No: D-101-cv-2021-01192**

**Judge Bryan Biedscheid**

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2023, Plaintiff's Supplemental Discovery

Responses was electronically filed in the Odyssey File & Serve system which caused the

following counsel of record to be electronically served, as reflected in the Notice of Electronic

Filing in this matter.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM 87102
505.944.9693 (telephone); 505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade 2425 East Camelback Road, Suite 900 Phoenix, AZ 85016
Telephone:602.474.3600
Facsimile: 602.957.1801

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
9/14/2023 5:17 PM
KATHLEEN VIGIL CLERK OF THE COURT
Mayra Mendoza-Gutierrez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

        Plaintiff,

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

        Defendants.

No: D-101-cv-2021-01192
Judge Bryan Biedscheid

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2023, the foregoing Response to Defendant's

Second Request for Production of Documents was electronically filed in the Odyssey File &

Serve system which caused the following counsel of record to be electronically served, as

reflected in the Notice of Electronic Filing in this matter.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM 87102
505.944.9693 (telephone); 505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade 2425 East Camelback Road, Suite 900 Phoenix, AZ 85016
Telephone:602.474.3600
Facsimile: 602.957.1801

*Defendants' Attorneys*

                    _/s/ RICHARD ROSENTSTOCK_

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/15/2023 9:37 AM
KATHLEEN VIGIL CLERK OF THE COURT
Esmeralda Miramontes

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

No. D-101-CV-2021-01192

ROBERT ROMERO

      Plaintiff,

v.

TRADER JOE'S COMPANY/ PARKER STANLEY

      Defendants.

## NOTICE OF EXPEDITED HEARING

A hearing in this case is set before the Honorable as follows:

Date of Hearing:  October 3, 2023

Time of Hearing:  9:00 am

Length of Hearing:  1 Hour

Place of Hearing:  In-Person, First Judicial District Court[1]

                  225 Montezuma Ave., Santa Fe, NM 87501


Matter(s) to be heard:
1. Motion To Reconsider
2. Defendant's Motion To Compel Discovery Responses


Monserrath Rodriguez, CCM

---

[1] If the parties agree that this hearing should take place via GoogleMeet, please email Division 6 and request that the hearing be moved to GoogleMeet.

## ALL PARTIES ENTITLED TO NOTICE

Robert Romero
HC 74 Box 420
Pecos NM 87552
romerotm@gmail.com
505-666-1917

Daniel Yohalem
1121 Paseo de Peralta
Santa Fe, NM 87501
505-983-9433
Daniel.yohalem@gmail.com

Richard H. Rosenstock
P.O. Box 10230
Santa Fe, NM 87504
505-988-5324

Jay J Athey
Littler Mendelson PC
201 3rd Street NW Ste 500
Albuquerque, NM 87102
Telephone 505-944-9693
Facsimile: 505-213-0415
jathey@littler.com

R. Shawn Oller
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone: 602-474-3600
Facsimile: 602-957-1801

Charlotte A Lamont
Miller Stratvert P.A.
PO Box 25687
Albuquerque, NM 87101
Telephone: 505-379-6057
Fax: 505-944-9681
clamont@mstlaw.com

Melissa L. Shingles
Littler Mendelson
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone: 602-474-3600

mshingles@littler.com

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/15/2023 4:47 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jacqueline Rosales Juarez

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**

**ROBERT ROMERO,**

      **Plaintiff,**

v.                                                                    **No. D-101-CV-2021-01192**
                                                                      **Judge Bryan Biedscheid**

**TRADER JOE'S COMPANY/PARKER STALEY,**

      **Defendant.**

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE**

      **COMES NOW** the Plaintiff, by and through counsel, and hereby submits the following

new information in support of his Response to Order to Show Cause:

    1.   As of September 14, 2023, Plaintiff has provided Defendant with Responses Defendant's

Second Request for Document.  Plaintiff signed and produced the three Releases sent by

Defendant.

    2. As of September 14, 2023, Plaintiff has provided Defendant with Supplemental Discovery

Responses that are responsive to the January 20, 2023 Order of this Court.

    3. On September 11, 2023, Plaintiff provided his Responses to Defendant's Third Request

for Documents.  The Response was not due until September 16, 2023.

    4.   To the best of counsel for Plaintiff's knowledge, Plaintiff has now provided Defendant

with all the discovery that was outstanding and that was the subject of the Court's prior orders.

Counsel for Plaintiff has emailed counsel for Defendant asking if any other discovery remains.

                                      Respectfully Submitted,

s/Richard Rosenstock
Richard Rosenstock
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-988-5324
richard.rosenstock@gmail.com

Daniel Yohalem
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-690-2193
daniel.yohalem@gmail.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2023, the foregoing Supplemental Response to

Order to Show Cause was electronically filed in the Odyssey File & Serve system which caused

the following counsel of record to be electronically served, as reflected in the Notice of

Electronic Filing in this matter.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM 87102
505.944.9693 (telephone); 505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade 2425 East Camelback Road, Suite 900 Phoenix, AZ 85016
Telephone:602.474.3600
Facsimile: 602.957.1801

*Defendants' Attorneys*

 /s/ RICHARD ROSENTSTOCK

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/20/2023 10:55 AM
KATHLEEN VIGIL CLERK OF THE COURT
Mayra Mendoza-Gutierrez

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**

**ROBERT ROMERO,**

      **Plaintiff,**

**v.**                                              **No. D-101-CV-2021-01192**
                                                    **Judge Bryan Biedscheid**
**TRADER JOE'S COMPANY/PARKER STALEY,**

      **Defendant.**

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO**
**COMPEL DISCOVERY RESPONSES**

    **COMES NOW** the Plaintiff, by and through counsel, and hereby submits the following

new information in regards to Defendant's Motion to Compel Discovery Response which is set

for hearing on October 3, 2023:

    1.   As of September 14, 2023, Plaintiff provided Defendant with Responses Defendant's

Second Request for Document.  Plaintiff signed and produced the three Releases sent by

Defendant.  The signed Releases appear not to have been attached to the email sent on that date

and were re-sent to counsel for Defendant on September 18, 2023.

    2. As of September 14, 2023, Plaintiff has provided Defendant with Supplemental Discovery

Responses that are responsive to the January 20, 2023 Order of this Court.

    3. On September 11, 2023, Plaintiff provided his Responses to Defendant's Third Request

for Documents.  The Response was not due until September 16, 2023.

    4.   To the best of counsel for Plaintiff's knowledge, Plaintiff has now provided Defendant

with all the discovery that was outstanding and that was the subject of the Court's prior orders.

Counsel for Plaintiff has emailed counsel for Defendant asking if any other discovery remains.

Respectfully Submitted,

s/Richard Rosenstock
Richard Rosenstock
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-988-5324
richard.rosenstock@gmail.com


Daniel Yohalem
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-690-2193
daniel.yohalem@gmail.com


Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 20, 2023, the foregoing Supplemental Response to

Defendant's Motion to Compel Discovery Responses was electronically filed in the Odyssey File

& Serve system which caused the following counsel of record to be electronically served, as

reflected in the Notice of Electronic Filing in this matter.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM 87102
505.944.9693 (telephone); 505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade 2425 East Camelback Road, Suite 900 Phoenix, AZ 85016
Telephone:602.474.3600
Facsimile: 602.957.1801

*Defendants' Attorneys*


  _/s/ *RICHARD ROSENTSTOCK*

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/20/2023 1:11 PM
KATHLEEN VIGIL CLERK OF THE COURT
Mayra Mendoza-Gutierrez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO

    Plaintiff                        No. D-101-CV-2021-01192

    Vs

TRADER JOE'S COMPANY/PARKER STALEY

    Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2023 I served Plaintiff's First Set of Interrogatories

and Request for Production and Inspection of Documents to Defendants by emailing them to

Defendants' attorneys Jay Athey at JAthey@littler.com, Shawn Oller at soller@littler.com.

Williamson, Brooke" <BWilliamson@littler.com>,"Lapriore, Steven" <SLapriore@littler.com>,

"Guillory, Marlo" <MGuillory@littler.com>

I further certify that this Certificate of Service was electronically filed and served through

the Odyssey File & Serve system which caused all counsel of record to be electronically served,

as more reflected in the Notice of Electronic Filing in this matter.

Respectfully submitted,

/s/ Richard Rosenstock
Richard Rosenstock

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/20/2023 3:51 PM
KATHLEEN VIGIL CLERK OF THE COURT
Mayra Mendoza-Gutierrez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

              Plaintiff,                    No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

              Defendants.

## <u>REQUEST FOR HEARING - PRESENTMENT</u>

1. Assigned Judge: **Honorable Bryan Biedscheid**

2. Matters to be Heard: **Defendant's proposed Order of Dismissal on Order to Show Cause.**

3. Date(s) of any hearing(s) presently set: **October 3, 2023.**

4. Time requested by Plaintiff: **None.**

5. Time requested by Defendant: **30 minutes.**

6. Parties entitled to notice:

Richard Rosenstock
Daniel Yohalem
1121 Paseo de Peralta
Santa Fe, New Mexico 87501

*Attorneys for Plaintiff*

Littler Mendelson, P.C.
Jay J. Athey
201 Third Street NW, Suite 500
Albuquerque, NM 87102

R. Shawn Oller
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016

*Attorneys for Defendants*

Respectfully submitted this 20th day of September 2023,

LITTLER MENDELSON, P.C.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9693 (telephone)
505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:602.474.3600
Facsimile:  602.957.1801

*Attorneys for Defendants*

I hereby certify that, on September 20, 2023, a copy of the foregoing was served via Odyssey File & Serve as follows:

Richard Rosenstock
richard.rosenstock@gmail.com
Daniel Yohalem
Daniel.yohalem@gmail.com
1121 Paseo de Peralta
Santa Fe, New Mexico 87501

*Attorney for Plaintiff*

Jay J. Athey

4868-5202-0862.1 / 071820-1108

2

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/21/2023 2:38 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jacqueline Rosales Juarez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

        Plaintiff,               No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

        Defendants.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S EXPEDITED EMERGENCY MOTION FOR RELIEF FROM TWO RECENTLY SIGNED ORDERS

Defendant Trader Joe's Company ("Trader Joe's") hereby files its Response to Plaintiff's Expedited Emergency Motion for Relief from Two Recently Signed Orders ("Motion"), and in support thereof states as follows:

As an initial matter, Plaintiff's Motion does not substantively address the Court's Order granting Defendant Trader Joe's Company's Motion for Sanctions and Request for Expedited Hearing.  As such, Plaintiff's Motion should not be considered as a request for relief from that Order, dated August 25, 2023.  That order was entered after briefing on Defendant's Motion and oral argument on the Motion for Sanctions on August 14, 2023.  Plaintiff's instant Motion is not a request for reconsideration and does not purport to satisfy such a standard as it pertains to the Court's Order on Defendant's Motion for Sanctions.

Plaintiff's Motion is predominantly directed at the Court's Order granting Defendant Trader Joe's Company's Motion for Order to Show Cause or for Sanctions.  That Order, also dated August 25, 2023, provided Plaintiff five days to show cause as to why his Complaint should not be dismissed, with prejudice.  Plaintiff (and his counsel) failed to respond to the Order to Show

Cause within the five-day time period and his case should be dismissed pursuant to the Order of dismissal submitted with Defendants' Request for Presentment Hearing, filed September 20, 2023.

Plaintiff's Motion seeks "relief" from the Order to Show Cause because Plaintiff has now retained counsel, which is both irrelevant and insufficient to justify Plaintiff's repeated violations of this Court's Orders. *See* Order granting Defendant's Motion to Compel dated January 20, 2023 and Order granting Defendant's Motion for Order to Show Cause or for Sanctions dated August 25, 2023. Plaintiff was required to comply with the rules of this Court as a *pro se* litigant and was in violation of the Court's Order for over seven months, resulting in the Order to Show Cause. *See id.*; *see also* Rule LR1-111(D), NMRA. At the hearing on Defendant's Motion for Sanctions on August 14, 2023, Plaintiff represented to the Court that he had found counsel, who would be entering their appearance and specifically referenced his current counsel by name. Plaintiff's counsel entered his appearance before the Order granting Defendant's Motion for Order to Show Cause was entered. Plaintiff failed to show cause as required by the Order, within the stated five-day deadline. As such, Plaintiff's Motion for "relief" should be denied and Plaintiff's case should be dismissed with prejudice.

WHEREFORE, Defendant respectfully requests that the Court deny Plaintiff's Expedited Emergency Motion for Relief from Two Recently Signed Orders, dismiss Plaintiff's Complaint with prejudice, and grant any further relief the Court deems necessary and proper.

Dated this 21st day of September, 2023.

Respectfully submitted,

LITTLER MENDELSON, P.C.

Jay J. Athey
JAthey@littler.com

2

201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9693 (telephone)
505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:     602.474.3600
Facsimile:      602.957.1801

*Attorneys for Defendants*

I hereby certify that, on September 21, 2023,
a copy of the foregoing was served via
Odyssey File & Serve as follows:

Richard Rosenstock
richard.rosenstock@gmail.com
Daniel Yohalem
Daniel.yohalem@gmail.com
1121 Paseo de Peralta
Santa Fe, New Mexico 87501

*Attorneys for Plaintiff*

_____
Jay J. Athey

4893-5293-2993.1 / 071820-1108

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/21/2023 2:38 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jacqueline Rosales Juarez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

       Plaintiff,               No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

       Defendants.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Defendant Trader Joe's Company ("Trader Joe's") hereby files its Response to Plaintiff's

Motion for Extension of Time and a Continuance of All Matters Pending in this Proceeding in

Order to Allow Newly Acquired Counsel to have Sufficient Time to Review all the Pleadings,

Documents and Orders Recently Entered in the Case and to Respond Accordingly ("Motion"), and

in support thereof states as follows:

Trader Joe's does not oppose a reasonable extension on pending discovery.  Plaintiff's

Motion, however, does not seek a reasonable extension on forthcoming responses or deadlines.[1]

Conversely, Plaintiff's Motion is an attempt to "revisit" and re-litigate many longstanding and

recurring discovery violations, which resulted in an Order to Show Cause and which should result

in dismissal of this case. *See* Motion at ¶¶ 8-9.

## BACKGROUND

Plaintiff's counsel entered their appearance in this case in August 2023, approximately

---

[1] Plaintiff continues to litigate this case, despite the requested extension.  Since Plaintiff made the initial request from Defendants, Plaintiff has served multiple sets of discovery, began scheduling depositions, filed multiple motions, and served multiple sets of discovery responses.

twenty-seven months after Plaintiff filed his Complaint.  In the interim, Plaintiff has been deposed and the parties participated in mediation.  Plaintiff has consistently refused to participate in discovery, failed to respond to multiple motions, and engaged in improper contact with witnesses, which resulted in multiple Court Orders issuing sanctions, compelling discovery, and ordering Plaintiff to show cause as to why his case should not be dismissed.  As a direct result of these discovery violations and refusal to participate in the prosecution of his own litigation in good faith, Plaintiff has stonewalled Defendant and prevented the completion of discovery and motion practice necessary to advance this case to trial.

As a result of Plaintiff's refusal to comply with a Court Order for over seven months, the Court issued an Order to Show Cause on August 25, 2023.  That Order required Plaintiff to show cause as to why his case should not be dismissed within five days.  Plaintiff failed to respond or otherwise show cause prior to the expiration of the deadline stated in that Order.  Plaintiff now seeks an "extension of time" in an effort to cure yet another failure to comply with a Court Order.

## ARGUMENT

Dismissal is an appropriate remedy under the circumstances.  Plaintiff's Motion provides no legal support or substantive basis for allowing Plaintiff additional opportunities to show cause in accordance with the Court's August 25, 2023 Order.  Instead, Plaintiff is attempting to cure his numerous violations of Orders of this Court and offers no explanation other than he now has retained counsel.  Plaintiff filed this lawsuit in May 2021 on his own volition.  In doing so, he was immediately bound by the New Mexico Rules of Civil Procedure as well as Rule LR1-111(D), NMRA.  As such, Plaintiff as a *pro se* litigant was held to the same standard as a party represented by an attorney.  *Id.*  Instead of actively participating and at least attempting to comply with the Rules of Civil Procedure, Plaintiff ignored his own case, refused to participate in discovery, forced

2

Defendant to file discovery motions, violated Court orders, and made inappropriate contact with witnesses in this case.  Plaintiff's conduct resulted in multiple motions to compel, sanctions issued against Plaintiff, and an Order to Show Cause.  All of the motions practice directly necessitated by Plaintiff's conduct forced Defendant to spend time and money attempting to compel Plaintiff's compliance with the Rules and this Court's Orders.

Plaintiff was in violation of the Court's Order to Show Cause as of August 30, 2023 and his case should be dismissed.  Plaintiff's Motion seeks additional time to respond to the Court's August 25, 2023 Order to Show Cause without any showing of good cause or legal support.  As such, Plaintiff should be prevented from re-opening the issue and attempting to cure his (newest) violation of an Order of this Court.  At a recent hearing before the Court on August 14, 2023, Plaintiff represented that he had obtained counsel to represent him.  Eleven days later, the Court entered its Order to Show Cause.  Five days thereafter, Plaintiff (and his new counsel of record) failed to respond to the Order or otherwise show cause in accordance with the Order.  Plaintiff is not entitled to additional time under the circumstances, as he was represented by counsel at the time the Order to Show Cause was entered and at the expiration of the deadline established by the Order to Show Cause.

Further, Plaintiff's attempt to cure the discovery issues that resulted in the Order to Show Cause and sanctions will not remedy the harm caused by Plaintiff's conduct.  Likewise, Plaintiff's retention of counsel will not cure the harm Plaintiff's conduct inflicted on Defendant.  Trader Joe's has been prejudiced in having to defend this litigation for over two years, and spend significant sums of money in defense costs due to Plaintiff's failure to participate in or otherwise prosecute his own litigation.  Plaintiff's Motion is an improper attempt to re-open, re-litigate, and otherwise remedy his repeated refusal to comply with Court Orders in this case.  As such, allowing Plaintiff

3

to attempt to comply with the Order to Show Cause is unnecessary and improper under the circumstances of this case. Plaintiff was in violation of the Court's most recent Order upon the expiration of the five-day deadline stated therein and his case became subject to immediate dismissal. Accordingly, Plaintiff's Motion should be denied and his case should be dismissed.

WHEREFORE, Defendant respectfully requests that the Court deny Plaintiff's Motion for Extension of Time and a Continuance of All Matters Pending in this Proceeding in Order to Allow Newly Acquired Counsel to have Sufficient Time to Review all the Pleadings, Documents and Orders Recently Entered in the Case and to Respond Accordingly, and grant any further relief the Court deems necessary and proper.

Dated this 21st day of September, 2023.

Respectfully submitted,

LITTLER MENDELSON, P.C.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9693 (telephone)
505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:    602.474.3600
Facsimile:    602.957.1801

*Attorneys for Defendants*

4

I hereby certify that, on September 21, 2023, a copy of the foregoing was served via Odyssey File & Serve as follows:

Richard Rosenstock
richard.rosenstock@gmail.com
Daniel Yohalem
Daniel.yohalem@gmail.com
1121 Paseo de Peralta
Santa Fe, New Mexico 87501

*Attorneys for Plaintiff*

Jay J. Athey

4887-7353-1265.1 / 071820-1108

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/25/2023 11:20 AM
KATHLEEN VIGIL CLERK OF THE COURT
Jacqueline Rosales Juarez

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**

**ROBERT ROMERO, Plaintiff,**

**vs.**                                        **No: D-101-CV-2021-01192**

**TRADER JOE'S COMPANY/PARKER STANLEY,**

**Defendant.**

### NOTICE OF COMPLETION OF BRIEFING OF EMERGENCY EXPEDIATED MOTION FOR STAY

Pursuant to Rule 1-007.1(H) NMRA, Plaintiff hereby notifies the Court that his

Expedited Emergency Motion ("Motion") is ready for decision.

1. Plaintiff filed the Motion on September 1, 2023.

2. Defendant filed a response to the Motion on September 21, 2023.

3. Plaintiff filed his reply in support of the Motion on September 25, 2023.

Accordingly, the Motion is ripe for decision.

Respectfully submitted,

s/Richard Rosenstock
Richard Rosenstock
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-988-5324
richard.rosenstock@gmail.com

Daniel Yohalem
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-983-9433
daniel.yohalem@gmail.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2023, the foregoing Notice of Completion of

Briefing was electronically filed in the Odyssey File & Serve system which caused the following

counsel of record to be electronically served, as reflected in the Notice of Electronic Filing in

this matter.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM 87102
505.944.9693 (telephone); 505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade 2425 East Camelback Road, Suite 900 Phoenix, AZ 85016
Telephone:602.474.3600
Facsimile: 602.957.1801

*Defendants' Attorneys*

_/s/ *RICHARD ROSENTSTOCK*

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/25/2023 12:43 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jacqueline Rosales Juarez

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**

**ROBERT ROMERO, Plaintiff,**

**vs.**                                               **No: D-101-CV-2021-01192**

**TRADER JOE'S COMPANY/PARKER STANLEY,**

**Defendant.**

**NOTICE OF COMPLETION OF BRIEFING OF MOTION FOR EXTENSION OF TIME**
**AND CONTINUANCE**

Pursuant to Rule 1-007.1(H) NMRA, Plaintiff hereby notifies the Court that his

Expedited Emergency Motion ("Motion") is ready for decision.

1. Plaintiff filed the Motion on September 5, 2023.

2. Defendant filed a response to the Motion on September 21, 2023.

3. Plaintiff filed his reply in support of the Motion on September 25, 2023.

Accordingly, the Motion is ripe for decision.

Respectfully submitted,

s/Richard Rosenstock
Richard Rosenstock
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-988-5324
richard.rosenstock@gmail.com

Daniel Yohalem
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-983-9433
daniel.yohalem@gmail.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2023, the foregoing Notice of Completion of Briefing was electronically filed in the Odyssey File & Serve system which caused the following counsel of record to be electronically served, as reflected in the Notice of Electronic Filing in this matter.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM 87102
505.944.9693 (telephone); 505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade 2425 East Camelback Road, Suite 900 Phoenix, AZ 85016
Telephone:602.474.3600
Facsimile: 602.957.1801

*Defendants' Attorneys*

   /s/ RICHARD ROSENTSTOCK

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/25/2023 11:11 AM
KATHLEEN VIGIL CLERK OF THE COURT
Jacqueline Rosales Juarez

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**

**ROBERT ROMERO, Plaintiff,**

**vs.**                                      **No: D-101-CV-2021-01192**

**TRADER JOE'S COMPANY/PARKER STANLEY,**

**Defendant.**

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR AN EXTENSION OF TIME AND A CONTINUANCE OF ALL MATTERS PENDING IN THIS PROCEEDING

1. As a result of the exigencies of the case and not knowing when Plaintiff's Motion for Extension of Time would be ruled on, counsel for Plaintiff, even while on vacation, began reviewing the record and began to work on responding to the several orders issued by the Court. As explained in Plaintiff's Reply to Defendant's Response to Plaintiff's Expedited Emergency Motion and in Plaintiff's Response to Order to Show Cause, although counsel for entered his appearance on August 24, 2023, he did not receive a copy of the August 25, 2023 Order to Show Cause and did not learn of its existence until September 1, 2023.  Counsel filed a Response to the Order to Show Cause on September 6, 2023, five days after learning of the order.

2. Defendant does not claim it suffered prejudice because Plaintiff's Response was filed on September 6, 2023, rather than on September 1, 2023.  It would be contrary to the interests of justice to dismiss claims of race discrimination and retaliation under the circumstances because, as explained in the two pleadings referred to above: a) Counsel for Plaintiff did the best he could and the pleading was filed as soon as he could do so and b) the Defendant was not prejudiced by the delay.

3. After filing the instant motion, counsel for Plaintiff determined that rather than sit back and wait until the briefing on the motion was completed and a decision was rendered, it would be best for all parties, including the Defendant, if counsel for Plaintiff undertook steps to get the discovery that had been the subject of Defendant's prior discovery requests and the orders of the Court and did so.  Between September 6, 2023 and September 18, 2023, Plaintiff provided all the outstanding discovery to Defendant.  Additionally, rather than wait, Plaintiff filed a timely response to Defendant's Third Request for Production of Documents.

4.  Before leaving for vacation, on August 30, 2023, Mr. Yohalem, who entered his appearance on August 28, 2023, served a Request for Documents on Defendant. After returning from vacation, the undersigned counsel served a set of interrogatories on Defendant along with four additional requests for documents.  In order to get the case moving, counsel for Plaintiff also contacted counsel for Defendant about possible deposition dates for a witness.

5.  At this point, Plaintiff seeks an extension of time in order to have an opportunity to respond to the Motion for Sanctions.  As noted above, the discovery motions have been addressed and Plaintiff has responded to the Order to Show Cause.

6.   Defendant does not allege that their ability to defend the case has been prejudiced in any manner whatsoever.  By its own admission, Defendant seeks dismissal (and thus avoid the possible consequences of its alleged acts of race discrimination and retaliation) in order to punish Mr. Romero for his inability to properly prosecute a complex civil case in district court, not because it's ability to defend the case has been impaired or hindered but because Defendant Trader Joe's incurred fees to counsel for filing the motions to compel and for sanctions:

> "Further, Plaintiff's attempt to cure the discovery issues that resulted in the Order to Show Cause and sanctions will not remedy the harm caused by Plaintiff's conduct. Likewise, Plaintiff's retention of counsel will not cure the harm Plaintiff's conduct inflicted on Defendant. Trader Joe's has been prejudiced in having to defend this litigation for over two

years, and spend significant sums of money in defense costs due to Plaintiff's failure to participate in or otherwise prosecute his own litigation." Defendant's Response Brief at page 3.

7. Defendant does not explain what the "harm" it suffered has been other than having to file motions to obtain court orders. Defendant does not explain what the "significant sums of money" it incurred were that it alleges were caused by Mr. Romero's failure/inability to properly respond to discovery requests. Defendant's Second Motion to Compel was less than two full pages in length and its Reply brief was a half a page. Its Motion for Sanctions was four and a half pages. Counsel for Plaintiff does not know the amount of time expended by counsel for Defendant's in participation in the hearing(s) that resulted in the two orders at issue. Defendant has not explained how many hours were reasonably expended on the work or what the billing charge was.

8. Additionally, although the case was filed pro se in 2021, the amount of activity in the case has not been significant. Other than the deposition of Plaintiff, Defendant has not conducted any discovery to date in the case other than submitting its initial Request for Documents and Interrogatories to Plaintiff, its Second Request for Documents which consisted of three standard releases of information, and its Third Request for Production which consists of four Requests (which were responded to in a timely manner)

9. Counsel for Plaintiff is not suggesting that Plaintiff acted in accordance with the Rules of Civil Procedure or that Defendant was not justified in the pleadings it filed. Rather, counsel suggests that the penalty Defendant seeks far exceeds any prejudice it suffered.

10. Plaintiff seeks an extension of time until October 15, 2023, to file a pleading addressing the motion and order seeking sanction. The reason for the request is set forth in

Plaintiff's Expedited Emergency Motion and in his Reply to Defendant's Response to that

motion.

Respectfully Submitted,

s/Richard Rosenstock
Richard Rosenstock
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-988-5324
richard.rosenstock@gmail.com

Daniel Yohalem
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-690-2193
daniel.yohalem@gmail.com

Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 25, 2023, the foregoing Reply to Defendant's Response to Plaintiff's Motion for Extension of Time was electronically filed in the Odyssey File & Serve system which caused the following counsel of record to be electronically served, as reflected in the Notice of Electronic Filing in this matter.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM 87102
505.944.9693 (telephone); 505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade 2425 East Camelback Road, Suite 900 Phoenix, AZ 85016
Telephone:602.474.3600
Facsimile: 602.957.1801

*Defendants' Attorneys*


       /s/ *RICHARD ROSENTSTOCK*

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/25/2023 12:19 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jacqueline Rosales Juarez

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**


**ROBERT ROMERO,**

        **Plaintiff,**               **No: D-101-cv-2021-01192**

**vs.**

**TRADER JOE'S COMPANY/PARKER**
**STANLEY,**

        **Defendants.**

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S EXPEDITED**
**EMERGENCY MOTION AND OPPOSITION TO DEFENDANT'S PROPOSED ORDER**
**TO DISMISS WITH PREJUDICE**

    1.  On September 1, 2023, Plaintiff filed an Expedited Emergency Motion for Relief from

two orders that had recently been entered by the Court.  Essentially, Plaintiff requested the Court

to allow his newly retained counsel an opportunity to respond to the issues raised in those orders.

On September 21, 2023, Defendant filed its Response.

    2.  On September 6, 2023, Plaintiff filed a detailed Response to the Order to Show cause

issued by this Court.  Defendant did not file a responsive pleading that disputes the facts alleged

in Plaintiff's Response.  Yet, on September 20, 2023, Defendant emailed the Court a proposed

Order which would result in the dismissal of Plaintiff's lawsuit on the grounds that he has failed

to comply with the prior discovery orders of this Court.

    3. Despite the fact that Defendant did not file a responsive pleading that refuted any

allegations contained in Plaintiff's Response to Order to Show Cause, Plaintiff submits this

Reply to inform the Court that its Orders have, in fact, been complied with since Plaintiff's

September 1, 2023 filing and to oppose Defendant's proposed Order of Dismissal.  Additionally,

as described below, now that Plaintiff has counsel, the case is being properly litigated.  Plaintiff

believes that the interests of justice support allowing Plaintiff to proceed on the merits of his case and the Court should deny the entry of Defendant's proposed Order of Dismissal.

**Plaintiff Has Provided the Outstanding Discovery; Defendant's Proposed Order Ignores this Fact, Misleads the Court and Asks the Court to Make a Material Finding That Defendant Knows or Reasonably Should Know Is Not True.**

4.   The proposed Order submitted by Defendant on September 20, 2023, misleads the Court on a material, indeed, critical matter. After noting that Plaintiff's counsel entered the case on August 24, 2023, Defendant's proposed Order makes it appear that counsel for Plaintiff has sat back and failed to take steps to comply with the outstanding discovery orders. Defendant asks the Court to FIND that: "Plaintiff has been formally represented by counsel since August 24, 2023 and has continued to fail to comply with the Court's Orders" and that "as such, dismissal of the case *with prejudice* is an appropriate remedy."

5.   Defendant seeks to have the Court enter a critical finding that Defendant knows or reasonably should know is untrue. Defendant must be aware of the following:

a.   On September 5, 2023, the undersigned supplemented Plaintiff's Response to Defendant's Request for Production No. 3, which was part of the subject of order of January 20, 2023 by emailing counsel for Defendant a copy of the text message exchange between Plaintiff and Hamza Blacksher that refers to Mr. Blacksher's prior complaint against Defendant. (While Defendant questioned Plaintiff about this document extensively in his deposition, it was not clear whether Defendant was previously provided with this document which came within the purview of Request No. 3).

b.   On September 13, 2023, Plaintiff provided Defendant with his 2021 income tax returns and his 2022 W-2 form as part of his Supplemental Response to Request No. 18 and to Interrogatory No, 4. On September 14, 2023, Plaintiff provided his 2020 tax returns. These may previously have been provided. He also provided checks stubs from 2022 from his current employer and the latest check stub from 2023 which shows Plaintiff's income to date this year. Those are all the responsive documents there are.

c. On or about September 14, 2023, Plaintiff provided Defendant with a pleading entitled Plaintiff's Supplemental Answers to Discovery Responses. The answers and responses were responsive to the January 20, 2023 Order of this Court. The pleading included supplemental responses to the Requests for Documents and supplemental Answers to Interrogatories that were ordered to be supplemented.

d.  On September 14, 2023, Plaintiff provided Defendant with the Responses to Defendant's Second Request for Document.  Plaintiff signed and produced the three Releases sent by Defendant.  On September 18, 2023, counsel for Defendant emailed counsel for Plaintiff stating counsel had failed to attach the signed Releases to the email sent on the 14th and so the signed Releases were re-sent to counsel for Defendant less than two hours later.

6.  Moreover, to make certain there was no additional outstanding discovery that Plaintiff had not responded to, on September 14, 2023, counsel for Plaintiff emailed counsel for Defendant as follows: "I believe we are now current with all the outstanding discovery.  *If anything is still outstanding, please advise."* Defendant did not respond.  A reasonable attorney would have advised counsel for Plaintiff if any discovery was still outstanding and stated what that discovery was so it could be provided.  Counsel for Plaintiff reasonably relied on the fact that counsel for Defendant did not reply as an acknowledgement that all the discovery that previously had not been provided or supplemented as required by the two court orders had been provided by September 18, 2023.

7.  Counsel for Plaintiff have been proactive in trying to get the case moving. On August 30, 2023, Plaintiff served a Request for Production of Documents on Defendant.  On September 11, 2023, Counsel for Plaintiff served Plaintiff's Response to Defendant's Third Request for Documents on Defendant, five days before it was due.  On September 20, 2023, Plaintiff served his First Set of Interrogatories and additional Requests for Documents on Defendant. Additionally, Plaintiff served subpoenas for documents on the New Mexico State Police and the New Mexico Workforce Solutions and promptly provided the records received to Defendant.

8.  On September 15, 2023, counsel for Plaintiff emailed counsel for Defendant, asking for some dates when they would be available to conduct a deposition of the police officer who investigated Plaintiff's assault claim against Parker Staley.  It was learned last week that the

officer has retired from the State Police, is now living somewhere in Colorado and counsel for Plaintiff are attempting to locate him so that he can be deposed.

**Plaintiff Acted in Good Faith in Responding to the Order to Show Cause.**

9.   On August 31, 2023, Defendant emailed the court its Completion of Briefing Packet for its Motion to Compel Production of Defendant's Second Request for Production, along with a proposed Order on that motion.   Approximately twenty minutes later, the court had an email sent to all counsel instructing counsel for Defendant as follows: "Please mail or hand-deliver the 3-hole punched and tabbed motion packet to Division VI for the Judge's review *and setting. Please note that Judge Biedscheid requires the moving party to follow this procedure for all fully briefed motion packets." Exhibit 1, August 31, 2023, emails exchanged between counsel for Defendant and the Court* (emph. added).

10.   The Court's email made it appear that the Court would not consider entering the proposed order unless and until the party submitting the order followed a specific procedure for the court to review and then set for hearing.   There was no indication that an order had already been entered on Defendant's motion.

11.   Counsel for Plaintiff had intended to file a pleading regarding the Order issued on the Motion to Compel Defendant's Second Request for Documents and on the matters raised in the order for sanctions and injunctive relief.   However, despite the court's procedural requirement described above and the expressed intent for a setting stated in the Court's email of August 31, 2023, unbeknownst to counsel for Plaintiff, on August 25, 2023, the Court had already signed the two orders. *The undersigned counsel for Plaintiff did not receive copies* of either of the two August 25, 2023 orders when they were entered or at any time prior to the

August 31, 2023 email sent by the Court to counsel, which made no mention of an order having already been entered and which indicated that no order had yet been entered.

12.   Counsel for Plaintiff assumed, not unreasonably, that the Court's procedure as set out in the Court's August 31, 2023, applied to all proposed orders, including the proposed order regarding sanctions and the Order to Show Cause as well as the proposed Order regarding the motion to compel.

13.   Unaware that the Court had signed the two orders, Plaintiff's counsel: a) drafted new discovery and served it upon Defendant; b) drafted and sent to opposing counsel a motion for continuance of the case until mid-October to allow Plaintiff's new counsel to review the evidence and the status of the case (and because Plaintiff's new counsel will be out of state for much of September); c) drafted and sent to opposing counsel a proposed Amended Complaint; d) contacted counsel for Defendants to resolve the matters at issue in the Motion to Compel; and e) began working on the Response to Defendant's August 16, 2023 Third Request for Production of Documents.  As stated above, those Responses were provided five days before they were due.

14.   At no time in three emails sent by counsel for Defendant to counsel for Plaintiff between August 27 and August 29, 2023 discussing the subject matter of the Motion to Compel Documents did Defendant's counsel inform Plaintiff's counsel that orders had been signed and entered on August 25, 2023.  Given the fact that counsel for Defendant knew that counsel for Plaintiff had just entered the case, the failure to provide this information is noteworthy.

15.   Plaintiff did not file a Response to Defendant's Motion for Order to Show Cause. Plaintiff was pro se and did not know how to respond or even what such an order was and what it meant.

16.   Counsel for Plaintiff inadvertently became aware of the Order to Show Cause on September 1, 2023.  That Order instructed Plaintiff to show cause why his case should not be dismissed for failure to comply with discovery requirements and to do so within five (5) days. Counsel for Plaintiff learned of the Order to Show Cause because on September 1, while in the process of preparing to file Plaintiff's Motion for Extension of Time and Continuance, Mr. Yohalem looked to see if a Scheduling Order had been entered in this case and what its provisions were.  During this inquiry, Mr. Yohalem, who is currently out of the country until September 29, 2023, noticed the two recent orders.

17.   Had counsel for Plaintiff been aware of the issuance of the two orders of August 25, 2023, that had been entered almost a week before the Court requested Defendant to submit the briefing packet as per the Court's required procedure, they would have responded immediately.

18.   Although counsel for Plaintiff were on vacation from August 28-September 10, 2023 and from September 4-September 29, 2023 respectively, they have engaged in good faith efforts to respond to the requirements of the Court's order during the past two weeks.

a.   On September 1, 2023, Mr. Yohalem immediately filed an Expedited Emergency Motion for Relief from Two Recently Entered Orders seeking a stay of enforcement of those orders and requesting the opportunity to fully respond to the motions which led to the Orders being issued and to give Plaintiff the chance to respond with the assistance of counsel.

b.   On September. 2, 2023, the undersigned counsel filed Plaintiff's Motion for Extension of Time and Request for a Continuance on all Pending Matters, which asked the Court to continue these proceedings for a short time in order to allow counsel for Plaintiff sufficient time to get up to speed on the case (counsel for Defendant had been informed this motion would be filed on or about August 29, 2023 via an email seeking concurrence).

c.   As described in paragraphs 4 and 5 above, between September 5, 2023 and September 14, 2023, Plaintiff provided the discovery that was the subject of the Court's two discovery orders.  Apparently, the undersigned did not attach the signed releases to his email to counsel for Defendants and they were provided on September 18, 2023, right after counsel was notified of the omission.

19.  To the best of counsel for Plaintiff's knowledge, Plaintiff has now provided counsel for Defendants with all the supplementary discovery that the Court required in its orders. Additionally, he promptly responded to Defendant's Third Request for Production of Documents. This was all done within four days after the undersigned counsel for Plaintiff returned to New Mexico from vacation and resumed work on September 11, 2023.

20.  It does not appear that a Scheduling Order has been entered in this case which would set out the time table when various tasks must be accomplished by.  Other than the deposition of Plaintiff, Defendants have filed three Requests for Documents, the Second Request consisting of three requests to sign releases and the Third Request containing four items, along with a set of interrogatories.  Plaintiff has submitted a Request for Documents. Thus, as of this date, there has been fairly limited "paper" discovery and a single deposition.

21.  Defendant seeks the ultimate sanction in seeking to dismiss serious allegations of racial discrimination and retaliation that would prevent Plaintiff from obtaining a determination of the merits of these serious allegations with the assistance of counsel.  Unlike a car accident case, allegations of race discrimination and retaliation by a large employer are matters of concern, not just to Plaintiff, but to the public at large. Plaintiff is an uneducated man who attempted to litigate his own case.  Mistakes were made during the litigation process, a process that Plaintiff attempted to deal with but was confused by.  To use the vernacular, Plaintiff, like almost all pro se litigants in district court, was "in over his head."

22.  Defendant has now been provided with the requested discovery that was ordered by the Court. Critically, Defendant will not be unduly prejudiced by the denial of the proposed Order of Dismissal.  On the other hand, Plaintiff will be severely prejudiced because his claim

will be dismissed due to his inability to properly litigate a complex civil lawsuit even though he now has counsel who can do so.

23.   Defendant seeks to have the case dismissed based on litigation errors made by a lay person and to thus prevent Plaintiff from litigating the merits of his Complaint.  The interests of justice support the Court finding that the proposed Order of Dismissal should not be entered.

24.   The interests of justice further support the Court entering an order that would allow counsel for Plaintiff to respond to the Motion and Order granting sanctions and injunctive relief to Defendant.  As counsel for Plaintiff understands it, there were no witnesses at the hearing on this motion and no documentary evidence was presented.  Thus, the Court did not have the benefit of observing the testimony of the alleged witnesses during cross examination.  Rather, as counsel understands it, there was only the proffer of defense counsel. Plaintiff was simply lacked the knowledge to ask the court to require the presentation of witnesses and or documentary evidence and to otherwise properly present his version of the incident at issue.

WHEREFORE, Plaintiff prays that this Court deny the relief requested in Defendant's proposed Order of Dismissal and thus allow Plaintiff the opportunity to proceed with the merits of his case now that he is represented by counsel.  Plaintiff further prays that the Court grant his attorneys leave to respond to the Motion and order awarding sanctions and injunctive relief to Defendant.

Respectfully Submitted,

s/Richard Rosenstock
Richard Rosenstock
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-988-5324
richard.rosenstock@gmail.com

Daniel Yohalem
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-690-2193
daniel.yohalem@gmail.com

Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 25, 2023, the foregoing Reply to Defendant's

Response to Expedited Emergency Motion and Opposition to Defendant's Proposed Order of

Dismissal was electronically filed in the Odyssey File & Serve system which caused the

following counsel of record to be electronically served, as reflected in the Notice of Electronic

Filing in this matter.


Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM 87102
505.944.9693 (telephone); 505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade 2425 East Camelback Road, Suite 900 Phoenix, AZ 85016
Telephone:602.474.3600
Facsimile: 602.957.1801

*Defendants' Attorneys*


                    _/s/ RICHARD ROSENTSTOCK

**EXHIBIT 1**

**Williamson, Brooke <BWilliamson@littler.com>**                    Thu, Aug 31,
                                                                     10:16 AM (4 days
                                                                     ago)

to sfeddiv6proposedtxt@nmcourts.gov, Jay, Shawn, Marlo, me, daniel.yohalem@gmail.com

Your Honor,

Please find the Notice of Completion of Briefing packet complete for *Defendant's Motion to Compel Discovery Responses*. I have attached the following:

*-Defendant's Motion to Compel Discovery Responses;*
*-Defendant's Reply in Support of Motion to Compel Discovery Responses; and*
*-Notice of Completion of Briefing.*

I have also attached a Proposed Order for same in Word format for your consideration. Please do not hesitate to contact our office with any questions. Thank you.

**Brooke Williamson**
Legal Secretary
602.474.3611 direct, 602.299.0972 mobile
BWilliamson@littler.com


**Bryan Biedscheid (sent by sfedtss@nmcourts.gov)**                 Thu, Aug 31,
                                                                     10:43 AM (4 days
                                                                     ago)

to Brooke, sfeddiv6proposedtxt@nmcourts.gov, Jay, Shawn, Marlo, me, daniel.yohalem@gmail.com

Please mail or hand-deliver the 3-hole punched and tabbed motion packet to Division VI for the Judge's review and setting.

Please note that Judge Biedscheid requires the moving party to follow this procedure for all fully briefed motion packets.

Please let us know if you have any questions. Thank you.

Terri S. Sossman, Trial Court Administrative Assistant
to Chief Judge Bryan Biedscheid
First Judicial District Court - Division VI
225 Montezuma Ave.
Santa Fe, NM 87501
505-455-8215 (phone

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/26/2023 3:08 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jill Nohl

No. D-101-CV-2021-01192

ROBERT ROMERO

     Plaintiff,

v.

TRADER JOE'S COMPANY/ PARKER STANLEY

     Defendants.

## AMENDED NOTICE OF EXPEDITED HEARING

A hearing in this case is set before the Honorable as follows:

Date of Hearing: <u>October 3, 2023</u>

Time of Hearing: <u>9:00 am</u>

Length of Hearing: <u>1 Hour</u>

Place of Hearing: <u>In-Person, First Judicial District Court[1]</u>

<u>225 Montezuma Ave., Santa Fe, NM 87501</u>

Matter(s) to be heard:
1. Expedited Emergency motion for Relief From Two Recently Signed Orders
2. Defendant's Motion To Compel Discovery Responses

Monserrath Rodriguez, CCM

---

[1] If the parties agree that this hearing should take place via GoogleMeet, please email Division 6 and request that the hearing be moved to GoogleMeet.

## ALL PARTIES ENTITLED TO NOTICE

Robert Romero
HC 74 Box 420
Pecos NM 87552
romerotm@gmail.com
505-666-1917

Daniel Yohalem
1121 Paseo de Peralta
Santa Fe, NM 87501
505-983-9433
Daniel.yohalem@gmail.com

Richard H. Rosenstock
P.O. Box 10230
Santa Fe, NM 87504
505-988-5324

Jay J Athey
Littler Mendelson PC
201 3rd Street NW Ste 500
Albuquerque, NM 87102
Telephone 505-944-9693
Facsimile: 505-213-0415
jathey@littler.com

R. Shawn Oller
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone: 602-474-3600
Facsimile: 602-957-1801

Charlotte A Lamont
Miller Stratvert P.A.
PO Box 25687
Albuquerque, NM 87101
Telephone: 505-379-6057
Fax: 505-944-9681
clamont@mstlaw.com

Melissa L. Shingles
Littler Mendelson
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone: 602-474-3600

2

mshingles@littler.com

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
10/2/2023 5:18 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jacqueline Rosales Juarez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

      Plaintiff,               No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

      Defendants.

## CERTIFICATE OF SERVICE

Defendant Trader Joe's Company hereby certifies that it served Defendant's Response to

Plaintiff's Request for Production of Document for Inspection and Copying via electronic mail on

October 2, 2023 as follows:

> Richard Rosenstock
> richard.rosenstock@gmail.com
> Daniel Yohalem
> Daniel.yohalem@gmail.com
> 1121 Paseo de Peralta
> Santa Fe, New Mexico 87501
>
> *Attorneys for Plaintiff*

Dated this 2nd day of October, 2023.

                                  Respectfully submitted,

                                    LITTLER MENDELSON, P.C.

                                    _____

                                    Jay J. Athey
                                    JAthey@littler.com
                                    201 Third Street NW, Suite 500
                                    Albuquerque, NM 87102
                                    505.944.9693 (telephone)
                                    505.213.0415 (facsimile)

1

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:602.474.3600
Facsimile: 602.957.1801

**ATTORNEYS FOR DEFENDANTS**
**TRADER JOE'S COMPANY**
**AND PARKER STALEY**

I hereby certify that, on October 2, 2023, a copy of the foregoing was served via Odyssey File & Serve as follows:

Richard Rosenstock
richard.rosenstock@gmail.com
Daniel Yohalem
Daniel.yohalem@gmail.com
1121 Paseo de Peralta
Santa Fe, New Mexico 87501

*Attorneys for Plaintiff*

Jay J. Athey

4877-2061-3251.1 / 071820-1108

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
10/6/2023 1:37 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marquel Gonzales-Aragon

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

       Plaintiff,                No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY AND
PARKER STANLEY,

       Defendants.

## NOTICE OF WITHDRAWAL OF MOTION

       Defendant Trader Joe's Company ("Defendant"), by and through counsel, hereby gives

notice that Defendant's Motion to Compel Discovery Responses ("Motion"), filed June 9, 2023,

is hereby withdrawn as the parties have reached a resolution on the matter. As Defendant considers

the matter resolved, the Motion is hereby withdrawn and is no longer before this Court for

consideration.

Dated this 6th day of October, 2023.

                        Respectfully submitted,

                        LITTLER MENDELSON, P.C.

                        Jay J. Athey
                        JAthey@littler.com
                        201 Third Street NW, Suite 500
                        Albuquerque, NM  87102
                        505.944.9693 (telephone)
                        505.213.0415 (facsimile)

                        R. Shawn Oller (NM State Bar No. 8787)
                        soller@littler.com
                        LITTLER MENDELSON, P.C.

Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:    602.474.3600
Facsimile:    602.957.1801

*Attorneys for Defendants*

I hereby certify that, on October 6, 2023, a copy of the foregoing was served via Odyssey File & Serve as follows:

Richard Rosenstock
richard.rosenstock@gmail.com
Daniel Yohalem
daniel.yohalem@gmail.com
1121 Paseo de Peralta
Santa Fe, New Mexico 87501

*Attorneys for Plaintiff*

Jay J. Athey
4892-2821-6965.1 / 071820-1108

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
10/12/2023 2:55 PM
KATHLEEN VIGIL CLERK OF THE COURT
Esmeralda Miramontes

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO

     Plaintiff                    No. D-101-CV-2021-01192

     Vs

TRADER JOE'S COMPANY/PARKER STALEY

     Defendants

**AMENDED ORDER REPLACING AND SUPERSEDING ORDER OF AUGUST 25, 2023 REGARDING DEFENDANT TRADER JOE'S COMPANY MOTION FOR SANCTIONS**

THIS MATTER having come before the Court pursuant to Plaintiff's Expedited Emergency Motion for Relief from Two Recently Filed Orders and the Court having heard the arguments of counsel on October 3, 2023:

IT IS ORDERED that the August 25, 2023 Order is hereby withdrawn and this Amended Order hereby replaces and supersedes the Order of August 25, 2023 regarding sanctions requested by Defendant Trader Joe's Company.

The Court finds that Plaintiff's conduct constituted a violation of the rules of discovery.

IT IS FURTHER ORDERED that Plaintiff is to refrain from entering the Trader Joe's Store located at 530 Cordova Rd., Santa Fe, New Mexico, 87501 during the pendency of this litigation.  Any further similar conduct may result in the dismissal of the case, with prejudice.

                                  _____

                          Honorable Bryan Biedscheid

Approved as to Form:

 s/Richard Rosenstock
Attorney for Plaintiff

s/Jay Athey-October 6, 2023 via email
Attorney for Defendant

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
10/20/2023 11:26 AM
KATHLEEN VIGIL CLERK OF THE COURT
Sharon Atencio

**ROBERT ROMERO,**

        **Plaintiff,**

**v.**                                                      **No. D-101-CV-2021-01192**
                                                         **Judge Bryan Biedscheid**

**TRADER JOE'S COMPANY and PARKER STALEY,**

        **Defendants.**

### MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Pursuant to NMRA 1-015 (A), Plaintiff hereby moves this Court for an order granting him leave to file an Amended Complaint and as grounds therefore states as follows:

1. On or about May 26, 2021, Plaintiff, acting *pro se*, filed a Complaint against Defendant alleging that he was subjected to race discrimination and retaliation in violation of the New Mexico Human Rights Act.  The complaint was filed within 90 days after Plaintiff received a determination from the New Mexico Human Rights Bureau.

2. Plaintiff's original Complaint was a very short, hand-written document which was filed *pro se*.  While it alleges that he was subjected to discrimination based on his race and/or national origin and retaliation for complaining of that treatment, the *pro se* Complaint did not allege the many facts that support these allegations.  This is because Plaintiff lacks any legal training whatsoever, and has little formal education, having only a G.E.D.   Plaintiff simply did not know how a proper complaint alleging claims involving intent and motive should be pled.

3. The proposed Amended Complaint does not add any new defendants.  *See Exhibit 1, attached hereto, Plaintiff's Proposed Amended Complaint.*

4. Significantly, the allegations in the proposed Amended Complaint now set forth

substantial direct and circumstantial evidence in support of Plaintiff's prior claims of race

discrimination and retaliation, thereby providing Defendants more information about Plaintiff's

claims that was in the handwritten *pro se* complaint.

    5.  The facts alleged in the proposed Amended Complaint are not new.  Defendant Trader

Joe's and its attorneys should be aware of all of them because they are based on: a) Defendants'

October 2022 deposition of Plaintiff;  b) the documents that Plaintiff produced for Defendant in

discovery and about which he was questioned during his eight-hour deposition; and c)

documents recently produced by Defendant Trader Joe's in this case.

    6.  An additional claim under 42 U.S.C. §1981(a) has also been asserted against both

Defendant Staley and Defendant Trader Joe's. This claim is filed within the four-year limitations

period for such claims.  As noted above, most, if not all of the factual allegations giving rise to

this claim arise from facts of which Defendant was aware because they either come from

Defendant Trader Joe's own documents or were obtained by Defendants over a year ago during

the discovery process.

    7.  Rule 1-015(A), NMRA provides that leave to amend pleadings shall be "freely given

when justice so requires" and the district court is required to allow it if the objecting party fails to

show they will be prejudiced. *Schmitz v. Smentowski*, 1990-NMSC-002 §14.  A party ought to be

afforded an opportunity to test its claims on the merits and amendment should be allowed in the

absence of dilatory tactics, undue delay, bad motive on the part of the movant, repeated failure to

cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of

the  amendment. *Crumpacker v. DeNaples,* 1998-NMCA-169§18.  None of these factors is

present here.

    8.  Plaintiff filed this matter *pro se* because he was unable to obtain counsel.  His

complaint is clearly not that of an attorney. There has been no dilatory bad faith conduct or bad

motive by Plaintiff.  He has not previously amended his complaint. Counsel for Plaintiff entered

their appearances on August 24, 2023, and August 28, 2023, respectively.  Counsel immediately filed motions addressing pending discovery orders, including an order to show cause why the case should not be dismissed.  On October 3, 2023, this Court held a hearing and ruled that the case would not be dismissed.  It is now the appropriate time to seek leave to amend the complaint.

9. Although the case was filed *pro se* during 2021, it is still in its early stages. A Scheduling Order has not yet been entered in the case.  Other than the deposition of Plaintiff, Defendants have taken no other depositions and Plaintiff has taken none.  Defendants have filed three Requests for Documents, the Second Request consisting of three requests to sign releases and the Third Request containing four items, along with a set of interrogatories.  Plaintiff has submitted a two Requests for Documents and a set of Interrogatories. Thus, as of this date, there has been fairly limited "paper" discovery and a single deposition.

10.   Defendants will not suffer undue prejudice by the granting of this Motion to Amend.

11.   Opposing counsel has been contacted about his position on the proposed Amended Complaint.  Defendants did not respond as to the Amended Complaint, but do oppose the jury demand.

WHEREFORE, Plaintiff prays that this Court enter its order granting him leave to file the proposed Amended Complaint and to do so within ten days of the entry of the Order.

Respectfully Submitted,

s/Richard Rosenstock
Richard Rosenstock
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-988-5324
richard.rosenstock@gmail.com

Daniel Yohalem
1121 Paseo de Peralta
Santa Fe, New Mexico 87501

505-690-2193
daniel.yohalem@gmail.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2023, the foregoing Motion to Amend the Complaint

was electronically filed in the Odyssey File & Serve system which caused the following counsel

of record to be electronically served, as reflected in the Notice of Electronic Filing in this matter.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM 87102
505.944.9693 (telephone); 505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade 2425 East Camelback Road, Suite 900 Phoenix, AZ 85016
Telephone:602.474.3600
Facsimile: 602.957.1801

*Defendants' Attorneys*

_/s/ DANIEL YOHALEM
Daniel Yohalem

**EXHIBIT 1 TO MOTION TO FILE AMENDED COMPLAINT**

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**

**ROBERT ROMERO,**

        **Plaintiff,**

**v.**                                                        **No. D-101-CV-2021-01192**
                                                             **Judge Bryan Biedscheid**

**TRADER JOE'S COMPANY and**
**PARKER STALEY,**

        **Defendants.**

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, by and through his attorneys, hereby states as follows:

1.  Prior to his termination in January 2020, Plaintiff had worked for Defendant Trader Joe's for approximately five and a half years.   During his tenure, Plaintiff was an excellent worker who repeatedly received excellent evaluations.  Plaintiff contends that after Defendant Staley became the store manager, Plaintiff was subjected to a hostile work environment and that Defendants terminated his contractual relationship with Defendant Trader Joe's and otherwise treated him discriminatorily in the terms and conditions of his employment, in whole or in part, because of his race/national origin.  Plaintiff further contends that Defendants took adverse actions against him in retaliation for Plaintiff having complained of race discrimination.

**Jurisdiction and the Parties.**

2.  Jurisdiction is proper.  Plaintiff filed a charge with the New Mexico Human Rights Division for violation of the New Mexico Human Rights Act and filed this suit in a timely manner after the Human Rights Division issued a determination. Venue is proper in Santa Fe County District Court because Defendant's store is located in Santa Fe, a substantial part of the events

giving rise to the claims occurred in this district and Defendant Staley is believed to reside here. In addition to his claim under the New Mexico Human Rights Act, Plaintiff asserts claims under 42 U.S.C. §1981.

3.  Plaintiff Robert Romero is a Hispanic-American who resides in Santa Fe, New Mexico. At all times material hereto, Plaintiff was employed by Defendant Trader Joe's in Store No. 165, in Santa Fe, New Mexico store.

4.  Defendant Trader Joe's Inc. is a California corporation doing business in Santa Fe, New Mexico. At all times material hereto, Defendant had over 500 stores in the United States, including one in Santa Fe, New Mexico, and two in Albuquerque, New Mexico.

5.  At all times material hereto, Defendant Parker Staley was the Store Manager at Defendant Trader Joe's store in Santa Fe, New Mexico. He is not Hispanic-American.

6.  In the lexicon of Defendant Trader Joe's, a store manager, such as Mr. Staley, is called the "captain," the assistant managers are called "mates," and the subordinate employees, such as Plaintiff, are called "crew members."

### The Facts Regarding Plaintiff's Work History and
### Defendants' Harassment of Hispanic Male Employees At Store No. 165

7.  Throughout the first four to four and a half years of his employment, which began in October 2014, Plaintiff's excellent ability to work with co-employees and customers was recognized by his managers. Defendant's managers commended him for doing "a spectacular job" as a backup section leader. His hard work, work ethic, attitude, reliability, versatility, "great relationship with the crew" and the respect that his co-workers had for him were repeatedly noted in evaluations and commendations. Defendant's managers also praised him for his willingness "to go the extra mile for customers." His enthusiasm and his passion for his work was noted and he was repeatedly described as "a great team player." Until the time he began to complain of race discrimination at Store 165, he had received a pay raise after each semi-annual evaluation.

8.   After Defendant Staley was promoted to Captain, the situation in the store began to deteriorate for Plaintiff and other male Hispanic employees.

9.   During 2018-2020, Defendant Staley engaged in racially discriminatory conduct directed at Plaintiff and other Hispanic employees, especially male Hispanic employees. Defendant repeatedly made racially derogatory statements to Plaintiff, to other Hispanic employees, and even to customers about Hispanic employees.  For example:

a.   Defendant Staley told Plaintiff that his tattoos looked "ghetto."

b.   Defendant Staley asked Plaintiff if he was "a Brown biker."

c.   Defendant Staley told Plaintiff that a sweater that Plaintiff had designed and wore looked "trashy" and "ghetto."

d.   Defendant Staley told Plaintiff something to the effect of: all of the Hispanic employees "could be Romeros."

e.   Plaintiff heard Defendant Staley tell a customer that he "wished these Brown people would just shut up and do what we say or get out of here."

f.   In the presence of Jose Vazquez, a Hispanic employee, Defendant Staley stated "I can't stand these Brown motherf-ers." He further stated that these employees needed to "shut up and work" and that Hispanic employees were not hired based on their qualifications but were hired because of "affirmative action."

g.   Defendant Staley told Johsie Rosales, a 17-year, highly respected Hispanic employee, that the veteran employees, most of whom were Hispanic, were "toxic" to the store.

h.   Defendant Staley told Mr. Rosales that Mr. Rosales was "a cancer" to the store and did not belong there.

10.   Defendant Staley treated Anglo male employees and female employees in a preferential manner compared to his treatment of Hispanic employees, particularly Hispanic male

employees.   Some examples include:

a. Defendant gave better job duties to Anglo male and female employees and generally gave the harder job assignments to Hispanic employees.

b.   Defendant wrote up Plaintiff and other Hispanic employees for conduct for which he did not write up Anglo employees.

c. Anglo male employees and female employees received preferential treatment as to pay raises.

d. Defendant Staley routinely spoke to Plaintiff and other male Hispanic employees in a demeaning and condescending manner.

e. Defendant Staley would not allow Hamza Blacksher or other mates to discipline crew member Katie Perea.

f. Defendant Staley conducted wine tastings for store employees at the store during work hours where wine was served to the employees and sometimes cheese and olives.   Plaintiff and other male Hispanic employees were not invited to attend these events which were attended primarily by Anglo male employees and female employees.

11.   On at least one occasion, Defendant Staley assaulted Jose Vazquez.  While responding to a complaint of harassment made by Mr. Vasquez, Defendant, without the consent of Mr. Vazquez, grabbed Mr. Vasquez by the shoulder, near his neck, and put a tight grip on Mr. Vazquez while Defendant spoke to him.   On another occasion Defendant assaulted another Hispanic employee named John (last name possibly Vigil) by jamming his finger into the employee's chest.

12.   Johsie Rosales was the most experienced employee at the store.  He had a long record of excellence.   During 2018, he saw that Defendant Staley was treating Hispanic employees, especially the male Hispanic employees, less favorably than he treated Anglo employees and female employees.   Mr. Rosales attempted to speak up for Hispanic employees who were being

mistreated and discriminated against by Defendant Staley and complained about this.  Mr. Rosales encouraged other employees who were being harassed, including Jose Vazquez, to speak up about how they were being treated. In July 2018, Defendant Staley attempted to force Mr. Rosales to resign but Mr. Rosales refused to do so.  Mr. Rosales requested a transfer but Defendant told him that would not happen. Approximately six months later, Defendant Staley had Mr. Rosales fired. Defendants' actions against Mr. Rosales were based on both discriminatory and retaliatory motives.  The firing of Mr. Rosales, who all the employees knew was an excellent worker, had a chilling effect on the willingness of other Hispanic crew members to speak out about discriminatory treatment.

13.  From May 2018 through 2019, Defendant Staley engaged in a campaign of harassment directed at Jose Vazquez.  He made racist comments within Mr. Vazquez's hearing.  He refused to address complaints from Mr. Vazquez that an Anglo (female) "mate" was harassing him.  He physically assaulted Mr. Vazquez when he finally spoke with Mr. Vazquez about the harassment. Mr. Vazquez had to move to California due to a family emergency.  After his move, he had favorable interviews with several Trader Joe's stores in California.  When Defendant Staley was contacted by the store managers for pre-employment information about Mr. Vasquez, Mr. Staley falsely stated that Mr. Vazquez was a poor worker and, consequently, Mr. Vasquez was not hired.

14.  On or about October 5, 2018, Hamza Blacksher, a non-Anglo minority employee, complained to Defendant Trader Joe's that Defendant Staley favored certain employees who were "mainly white persons," that employees in the store claimed Staley was racially biased, and that he (Mr. Blacksher) was being singled out for disparately harsh treatment by Defendant Staley.  Mr. Blacksher's letter of complaint also stated that some employees were afraid to come forward and speak about what was happening. Although Defendant Trader Joe's was already aware of the fact that Defendant Staley had created an environment of fear and uncertainty with Store 165, Defendant Trader Joe's took no action on Mr. Blacksher's complaint.  In fact, it appears Defendant

Trader Joe's did not even conduct a formal investigation into Mr. Blacksher's allegations. Mr. Blacksher subsequently transferred to another store in Albuquerque, New Mexico. Defendant Trader Joe's failure to adequately investigate the allegations made in Mr. Blacksher's written complaint constituted a ratification of Defendant Staley's conduct.

15.   On February 7, 2019, Johsie Rosales sent a written complaint to Defendant Trader Joe's Regional Manager Phil Wofford alleging that Hispanic employees were being "targeted" and harassed by Defendant Staley due to their race. He requested that Defendant Staley's discriminatory conduct be investigated. Upon information and belief no witness statements were obtained by Defendant Trader Joe's and nothing that could be called an adequate investigation occurred. Defendant Trader Joe's failure to adequately investigate constituted ratification of Defendant Staley's discriminatory conduct.

**The Facts About Defendants' Discriminatory Treatment and Termination of Plaintiff**

16.   Shortly after Mr. Rosales was terminated by Defendant Staley, Plaintiff called Regional Manager Wofford and complained that he and other Hispanic employees were being subjected to racially discriminatory treatment by Defendant Staley. In fact, prior to October 23, 2019, Plaintiff repeatedly called Regional Manager Wofford with complaints of discrimination by Defendant Staley. Defendant Staley was made aware of these complaints. Defendant Trader Joe's did not adequately investigate these complaints.

17. Well before October 23, 2019, Defendant Trader Joe's was aware of the fact that Defendant Staley lacked patience, was adverse to criticism, engaged in sarcastic and acerbic comments towards certain crew members, that he engaged in a practice of making exceptions and excuses for certain crew members that were not made for other crew members, particularly crew members who were male and members of minority groups, and that Defendant Staley applied rules differently for his favorites.

18.   On or about October 23, 2019, Defendant Staley confronted Plaintiff.  Plaintiff was not wearing his name badge.    Plaintiff was not wearing the badge because it had not been distributed to him. Defendant began screaming and yelling at Plaintiff while standing so close to Plaintiff that Plaintiff could feel his spit. Defendant threatened that he could fire Plaintiff.  He assaulted and battered Plaintiff by repeatedly jamming his finger into Plaintiff's chest with force. Defendant's conduct constituted a violation of Plaintiff's bodily integrity.  This was not the first time Defendant had poked his finger into Plaintiff, but this time it was done with far more force and visible anger than previously. Store Supervisor Fabian Pareja told Plaintiff that Defendant Staley had admitted that he had lost his temper with Plaintiff, that he had wanted to punch Plaintiff, and that he was afraid he might get disciplined for what he had done.  Defendant Staley was not disciplined for this conduct.

19.   Defendant Staley did not treat employees who were not Hispanic men in the manner with which he treated Plaintiff on October 23, 2019, and Defendant's conduct was motivated, in whole or in part, by racial animus and/or by retaliatory animus because of Plaintiff's prior complaints to management about Defendant Staley's discriminatory conduct.

20.    Shortly after this October 23, 2019 incident, Plaintiff complained about Defendant Staley's conduct to Defendant Trader Joe's Human Resource Office and/or to Regional Manager Phil Wofford.   By this time, Defendant Trader Joe's and Mr. Wofford had received repeated complaints from crew members that Defendant Staley had engaged in discriminatory conduct, that he was an impatient, acerbic manager who did not take well to criticism by subordinate employees, such as Plaintiff, and that he had created an environment where employees feared to speak up. Upon information and belief, Mr. Wofford did not take any written or tape-recorded statements in connection with Plaintiff's complaint, although obtaining such statements is a basic part of an adequate investigation.  He told Plaintiff that he did not think that Defendant Staley was retaliating against him and not to worry as Plaintiff was getting his pay raises.  No action was taken by

Defendant Trader Joe's.

21.   Subsequently, in late October 2019, the store had an employee contest for the best Halloween scene, in which employees who wished to enter were to carve a pumpkin and/or create a Halloween type scene.  The pumpkins were displayed near the "bridge," towards the front of the store.  Employees and customers voted on a ballot for the best pumpkin/scene and there were prizes for those who came in first, second and third.  After the contest, the employees could pick up their pumpkins to take them home for Halloween.  Plaintiff and his family members carved a pumpkin and created props to display with the pumpkin.  The props included a bicycle belonging to Plaintiff's eight-year-old son along with some of his son's clothing.  Mr. Vazquez saw Defendant Staley threw out or have another employee throw out Plaintiff's pumpkin and his props, including his son's bicycle.

22.   Defendant Staley repeatedly criticized Plaintiff about posts on Facebook made by Plaintiff that Plaintiff thought were amusing.  None of the posts had anything to do with Defendant Staley or Defendant Trader Joe's.  However, Defendant threatened Plaintiff about the postings.  Defendant Staley's harassment got to the point where Plaintiff decided to shut down his Facebook account.

23.   After the Halloween pumpkin matter described above, Defendant Staley confronted Plaintiff about a Facebook posting that Plaintiff's wife had made about the incident that was critical of Staley's conduct and leadership.  Defendant Staley said he wanted to fire Plaintiff, threatened to write Plaintiff up, and told Plaintiff that he was going to talk to Phil Wofford, the Regional Manager about it.

24.   On or about November 8, 2019, Plaintiff filed allegations of race discrimination against Defendants with the Human Rights Division of  the New Mexico Department of Workforce Solutions.

25.   On December 1, 2019, there was a severe snow storm in Pecos, New Mexico. Plaintiff

attempted to drive to work for his 6:00 a.m. shift.  However, another car got stuck on the hill near Plaintiff's home and when he tried to go around that vehicle Plaintiff got stuck and could not get to work.   Plaintiff called the store around 5:45 a.m. to report that he was stuck and could not get to Santa Fe.  Defendant Staley caused Mr. Pareja, a subordinate employee, to write-up Plaintiff for not arriving on time.  Mr. Pareja later told Plaintiff that Defendant made them issue this write-up.  This was only the second write-up Plaintiff had received in five years of work.

26.   During November or early December 2019, Plaintiff suffered elbow and arm injuries while lifting cases of wine and water at Defendants' store.  Plaintiff applied for and received Workmen's Compensation for these work injuries.   Plaintiff was out of work for about three or four weeks due to this on-the-job injury.  At the end of December 2019, Plaintiff was cleared for light duty work by the physician designated by Defendant Trader Joe's. The doctor told him he was only to work six hours a day. Initially, Defendant Staley attempted to make Plaintiff unload trucks, a task Plaintiff could not yet do because of his injury.  At the end of December 2019 or early January 2020, Defendant Staley spoke to Plaintiff.  Defendant Staley told Plaintiff that because he could not do any heavy lifting and would not be able to lift pallets off the delivery truck, he was "worthless" to the store.  Defendant told Plaintiff that Plaintiff was going to have to repay the workmen's compensation benefits Plaintiff had received because Plaintiff was" full of shit" and that Plaintiff was not really hurt.

27.   The unloading of the trucks at Trader Joe's began at 6: 00a.m and ended around 8:00a.m.  Plaintiff was not supposed to engage in this work because of his injuries and was to engage in "light duties" only.  Defendant Staley told Plaintiff that if he could not unload the trucks, he should report for work at 8:00a.m. Based on these instructions, Plaintiff came to work around 7:45 a.m. on January 2, 2020.  On January 4, 2020, Defendant Staley issued another write-up to Plaintiff for not reporting to work at 6:00 a.m.  Defendant did so despite the fact that Plaintiff had been told to report to work at 8:00 a.m.  After issuing the write-up, Defendant Staley told Plaintiff

that he would be fired if he was issued another write-up.  Defendant further discriminated against Plaintiff by telling him that Plaintiff would be denied a pay raise, something that Plaintiff had never been denied in his five years of work at Defendant Trader Joe's.

28.   Additionally, Plaintiff's work hours were supposed to from 8:00am. to 2:00pm. until he was released by the store's physician to full duty.  He had been told that he was to work between 24 and 30-hours a week.  However, at some point, Defendant Staley caused Plaintiff's hours to be reduced to only 18 hours.

29.   On January 10, 2020, Plaintiff filed a written complaint with Defendant Trader Joe's regarding the conduct described in paragraphs 17-28, above.

30.   Plaintiff's complaint claimed that he had been subjected to race discrimination and retaliation by Defendant Trader Joe's at Store 165. Plaintiff set forth several racially motivated comments made by Defendant Staley and described what he believed to be a pattern of harassment towards him by Staley motivated because Plaintiff is Hispanic.  Plaintiff further alleged that, in addition to discriminating against him, Defendant Staley had engaged in acts of racial discrimination against several other male Hispanic employees, including Mr. Rosales.

31.   As described above, in November 2019, Plaintiff had complained to the New Mexico Department of Workforce Solutions about Defendants.  At that time, it was recommended that he should obtain a police report about the October 23, 2019 assault and battery incident. In January 2020, frustrated by the failure of Defendant Trader Joe's to respond to his complaints of discriminatory treatment in a meaningful manner, including but not limited to his complaint that Defendant Staley had assaulted him in October 2019, Plaintiff followed the recommendation about obtaining a police report and on or about January 11, 2020, he contacted the New Mexico State Police in order to file a complaint against Defendant Parker for the assault.  Plaintiff had a lawful right to do this.

32.   New Mexico State Police Officer William Negrete was dispatched to contact Plaintiff

and did so on January 11, 2020.  After speaking with Plaintiff, Officer Negrete went to the store on January 11, 2020.  He was told that Defendant Staley was not there.  A store employee called Defendant Staley, told him what was going on, and received permission to give Officer Negrete Defendant's phone number.  The officer then called crew member Victoria Valdez who had witnessed the incident.  He introduced himself and asked Ms. Valdez if she had seen the incident involving Plaintiff and Defendant Staley.  Ms. Valdez did not deny that she had seen the assault. Rather, she refused to provide information to the officer, telling him that she would not comment on what she had seen and "did not want to get involved."  Officer Negrete thanked her for her time and the call ended.

33.  Officer Negrete then called Defendant Parker on January 11, 2020, and introduced himself.  Defendant agreed to speak with the officer.  Defendant's tone of voice became negative, however, once the officer told him why he was calling.  Defendant asked if he could meet the officer at the store in ten minutes and Officer Negrete agreed to do so.  However, Defendant Staley failed to appear.

34.  Officer Negrete called Defendant back and asked if he was delayed or on his way. Defendant Staley stated that he was "not comfortable in making a statement" to the officer. Defendant stated that he would have to "consult" with Defendant Trader Joe's legal department to "obtain guidance" on what to do or say.  Officer Negrete told Defendant that was fine, that there was no pressure to get his statement and that the officer would contact him later for his statement.

35.  On the evening of January 11, 2020, Officer Negrete was advised by State Police Dispatch that Defendant Staley was available to speak with him.

36.  On January 14, 2020, Defendant Trader Joe's Regional Manager Wofford replied to Plaintiff's email of January 10, 2020, and asked him for additional information concerning his January 10, 2020 email.

37.  On January 15, 2020, Officer Negrete stopped by Trader Joe's to interview Defendant

Staley and was told by the desk personnel that Defendant was not present that day.

38.   At some time between January 11, 2020 and January 16, 2020, Defendant Trader Joe's management took prompt steps to interfere with the State Police investigation.  A Senior Vice President of Defendant Trader Joe's based in Defendant's California corporate office attempted to and did intervene in the investigation by contacting New Mexico State Police Major Romero to complain about Officer Negrete's investigation.   Major Romero referred the "complaint" to Captain Eric Schrum.  At that point, Officer Negrete had not even met with Defendant Staley and had not interviewed the witness because she refused to talk.

39.   The "complaint" from Defendant caused New Mexico State Police Captain Eric Shrum to question Officer Negrete about the investigation on January 16, 2020.  Officer Negrete advised his captain that the investigation was not complete because he had not yet interviewed Defendant Staley.  The intervention by Defendant Trader Joe's was highly unusual and was done in order to interfere with, hinder, undermine, and prejudice the State Police investigation into Plaintiff's complaint.

40.   In Defendant's effort to undermine and hinder the investigation, the Defendant Trader Joe's Vice President, with no factual basis, cast doubt on Officer Negrete's integrity by telling the State Police official that Officer Negrete was biased because he and Plaintiff were both Hispanic. The Trader Joe's Vice-President further alleged with no factual basis that Officer Negrete and Plaintiff were related to or knew each other.  This was done to further undermine and prejudice the investigation.

41.  As a result of the above-described conduct of Defendant, on or about January 17, 2020, Captain Shrum called Officer Negrete and asked him whether he was related to or knew Plaintiff. Officer Negrete truthfully denied both accusations.  Upon information and belief, the claim that Plaintiff was related to or knew the officer was made by Defendant Staley to other Defendant Trader Joe's officials.

42. In fact, Plaintiff and the officer were not related and did not know one another. Because Defendant Trader Joe's had no facts to support the assertion, Plaintiff alleges that Defendants assumed the officer and Plaintiff were related or knew each other simply because both men are Hispanic.

43. Defendant had no factual basis whatsoever for the accusation of bias made against the officer assigned to investigate Plaintiff's complaint against Defendant Staley. The above-described actions undertaken by Defendants in regard to the New Mexico State Police officer's investigation into Plaintiff's complaint were motivated, in whole or in part, by racial animus and/or retaliatory animus.

44. On January 17, 2020, Officer Negrete returned to the store and met for the first time with Defendant Staley outside the store. When the officer asked Defendant about the incident, Defendant Staley stated the matter was being handled by Defendant Trader Joe's legal department. Defendant Staley admitted to Officer Negrete that he "was not gentle" when he "confronted" Plaintiff on October 23, 2019. He admitted that his tone was "heated" because of Plaintiff s previous complaint to "our corporation" about Staley. Defendant Staley denied that he had touched Plaintiff. Defendant stated that Plaintiff was falsely accusing him because Plaintiff had received write-ups in December 2019 and January 2020. Defendant Staley knew this statement was false because he knew Plaintiff had accused him of assault and battery in October 2019, shortly after the assault occurred, long before the two write-ups.

45. On January 17, 2020, Defendant's official again contacted the NMSP and falsely claimed that Officer Negrete had acted in "an inappropriately aggressive manner" toward Defendant Staley. In fact, the alleged "inappropriate conduct" that Defendant complained about was the fact that Officer Negrete told Defendant Staley that Defendant Trader Joe's had raised questions about the officer's bias in conducting this investigation, that this allegation was based solely on the fact that the officer and Plaintiff were Hispanic, and that it was an unfounded attack

initiated by Staley on the officer's integrity.

46.   Around 12:30pm, on January 17, 2020, Plaintiff responded to the January 14, 2020 email from Defendant Trader Joe's Regional Manager Phil Wofford to contact him.  Plaintiff again explained to Wofford that Defendant Staley treated male Hispanic employees in a discriminatory manner.  He alleged that Defendant Staley used racial slurs and talked down to them.  He told Mr. Wofford there was an atmosphere of fear of retaliation at the store and that crew members felt that an investigation should be conducted out of the presence of Defendant Staley.  He told Mr. Wofford that he had the names of several customers who have witnessed conduct by Defendant Staley that made them not want to return to the store and who would be available to speak with Wofford. He provided the names of former and current employees who could corroborate his allegations of racial discrimination.  He informed Wofford that after Parker's assault on Plaintiff, Parker told a mate that he had wanted to punch Plaintiff in the face and that consequently Plaintiff was in fear for his safety and/or for his job. He informed Wofford that as a result of Defendant Staley's ongoing conduct he suffered substantial stress, loss of sleep, headaches, high blood pressure, a rapid heartbeat and was being treated for severe muscle tension and strain related to the stress.

47.   As set forth in paragraph 20 above, the allegations of racially discriminatory conduct and retaliation alleged by Plaintiff were similar to allegations made by other employees during 2018 and 2019.  Despite the prior complaints of such improper and unlawful conduct, later in the day on January 17, 2020, Regional Manager Wofford called Plaintiff at about 5:15pm to tell him he was suspended from work. This action was a direct result of Plaintiff's continuing complaints of race discrimination and retaliation.

48.   On January 22, 2020, Officer Negrete submitted his police report.  Because the sole witness to the incident, Ms. Valdez, refused to provide a statement, claiming she did not want "to get involved," Officer Negrete concluded there was insufficient evidence of a criminal assault or battery.

49.  Six days later, on January 28, 2020, Defendant Trader Joe's terminated Plaintiff from his employment.  Defendant turned its own its efforts to impact the outcome of the New Mexico State Police investigation into the basis to fire Plaintiff.  Regional Manager Wofford told Plaintiff that he was terminating Plaintiff because Defendant Staley felt "uncomfortable" about Plaintiff's having filed a complaint with the New Mexico State Police.  The termination notice did not cite any type of improper job performance.  Rather, it stated that because Plaintiff had complained to the New Mexico State Police that Defendant Staley had assaulted him, Defendants were not "comfortable" with allowing Plaintiff to retain his job and therefore he was fired effective that date.

50.  At no time did Defendant Trader Joe's conduct an adequate investigation into the complaints of racial discrimination made by Plaintiff, Johsie Rosales, Hamza Blacksher or any other employee at Store 165.  Defendant's Human Resources staff did not come to the store and interview complainants or witnesses.  Regional Manager Wofford was not trained as a Human Resources employee and did not collect statements when he came to the store nor did he make sure that Defendant Staley was away from the premises when he spoke to employees about Defendant Staley.  The failure of Defendant Trader Joe's to adequately investigate complaints constituted a pattern and practice that permitted or condoned the above-described discriminatory and retaliatory conduct of Defendant Staley.

51.  All the acts and omissions by Defendants that are described above in this Amended Complaint were motivated in whole or in part by racial animus and/or retaliatory animus arising out of Plaintiff's complaints of race discrimination made throughout 2019 and early 2020.

52.  The decision to terminate Plaintiff was based, in whole or in part, on the discriminatory and/or retaliatory motivations of Defendant Staley's superiors and/or on the discriminatory, retaliatory, and false reports that Defendant Staley made to his superiors about Plaintiff and which were relied upon by his superiors.

## CLAIM FOR RELIEF UNDER THE NEW MEXICO HUMAN RIGHTS ACT

53. After his January 28, 2020 termination, Plaintiff filed a timely charge of discrimination and retaliation under the New Mexico Human Rights Act with the New Mexico Human Rights Bureau. After a determination by the Human Rights Bureau was issued, Plaintiff filed a timely Complaint in Santa Fe County District Court asserting the same violation.

54. The conduct described above in this Amended Complaint were part of an ongoing campaign of discrimination, harassment and retaliation against Plaintiff because of his race and/or because he complained of discrimination based on race and/or national origin by Defendants.

55. Defendant Trader Joe's is liable under the New Mexico Human Rights Act for the discriminatory and retaliatory conduct to which Plaintiff was subjected as described in this Amended Complaint.

## CLAIM FOR RELIEF UNDER THE FEDERAL CIVIL RIGHTS ACT

56. Under 42 U.S.C. §1981(a), Defendant Trader Joe's is liable for the acts and omissions of its employees including the acts of race and/or national origin discrimination and retaliation committed by Defendant's Store Manager, Defendant Staley, at Store No. 165, the acts of retaliation undertaken by Defendant Staley and/or its Regional Manager Phil Wofford, and all acts and omission to act that constituted a ratification of Defendant Staley's conduct.

57. Each Defendant acted willfully, deliberately, intentionally, and/or with reckless disregard for Plaintiff's federal rights.

## DAMAGES

58. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff suffered and continues to suffer serious emotional pain and suffering, physical pain, hives and rashes due to stress humiliation, medical bills, embarrassment, and a loss of income that continues

to this date.  Because of the nature of the conduct of defendants, Plaintiff also seeks an award of punitive damages.

WHEREFORE, Plaintiff prays for the following relief against defendants and each of them:

1.  Compensatory damages in an amount to be determined by the jury against Defendants jointly and severally.

2.  Punitive damages against each Defendant under 42 U.S.C. §1981 to be determined by the jury.

3.  Pre judgment and post judgment interest.

4.  Reasonable attorney's fees and costs.

5.  A trial by jury on the Section 1981 claims.

6.  And such other and further relief as the Court deems just and proper.

Respectfully Submitted,

 /S/ *RICHARD ROSENSTOCK*
Richard Rosenstock
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-988-5324
richard.rosenstock@gmail.com

Daniel Yohalem
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-690-2193
daniel.yohalem@gmail.com

Attorneys for Plaintiff

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
11/9/2023 2:41 PM
KATHLEEN VIGIL CLERK OF THE COURT
Sharon Atencio

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

        Plaintiff,                      No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY AND
PARKER STANLEY,

        Defendants.

## NOTICE OF NON-OPPOSITION RE: PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendants Trader Joe's Company and Parker Staley ("Defendants"), by and through their counsel of record, Littler Mendelson, P.C. (Jay J. Athey and R. Shawn Oller), hereby give notice that they will not oppose the filing of Plaintiff's proposed Amended Complaint, attached to Plaintiff's Motion for Leave to File Amended Complaint dated October 20, 2023 ("Motion"). In doing so, Defendants do not consent to any facts in Plaintiff's Motion, the characterization of the status of this litigation in Plaintiff's Motion, or the new allegations in Plaintiff's proposed Amended Complaint. Further, Defendants specifically reserve the right to challenge the validity Plaintiff's jury demand appearing (for the first time) in Plaintiff's proposed Amended Complaint.

Dated this 9th day of November, 2023.

                              Respectfully submitted,

                              LITTLER MENDELSON, P.C.

                              Jay J. Athey
                              JAthey@littler.com

201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9693 (telephone)
505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:    602.474.3600
Facsimile:    602.957.1801

*Attorneys for Defendants*

I hereby certify that, on November 9, 2023, a copy of the foregoing was served via Odyssey File & Serve as follows:

Richard Rosenstock
richard.rosenstock@gmail.com
Daniel Yohalem
daniel.yohalem@gmail.com
1121 Paseo de Peralta
Santa Fe, New Mexico 87501

*Attorneys for Plaintiff*

_____
Jay J. Athey

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
11/13/2023 3:03 PM
KATHLEEN VIGIL CLERK OF THE COURT
Mayra Mendoza-Gutierrez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

        Plaintiff,                No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY AND
PARKER STANLEY,

        Defendants.

## CERTIFICATE OF SERVICE

    Defendant Trader Joe's Company hereby certifies that it served Defendant Trader Joe's

Company's Answers to Plaintiff's First Set of Interrogatories and Responses to Second Request

for Documents via electronic mail on November 13, 2023 as follows:

    Richard Rosenstock
    richard.rosenstock@gmail.com
    Daniel Yohalem
    daniel.yohalem@gmail.com
    1121 Paseo de Peralta
    Santa Fe, New Mexico 87501

    *Attorneys for Plaintiff*

Dated this 13th day of November, 2023.

                Respectfully submitted,

                LITTLER MENDELSON, P.C.

                Jay J. Athey
                JAthey@littler.com
                201 Third Street NW, Suite 500
                Albuquerque, NM  87102
                505.944.9693 (telephone)
                505.213.0415 (facsimile)

1

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:602.474.3600
Facsimile: 602.957.1801

*Attorneys for Defendants*

I hereby certify that, on November 13, 2023,
a copy of the foregoing was served via
Odyssey File & Serve as follows:

Richard Rosenstock
richard.rosenstock@gmail.com
Daniel Yohalem
daniel.yohalem@gmail.com
1121 Paseo de Peralta
Santa Fe, New Mexico 87501

*Attorneys for Plaintiff*

Jay J. Athey

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
12/1/2023 11:54 AM
KATHLEEN VIGIL CLERK OF THE COURT
Mariah Gonzales

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**


ROBERT ROMERO,

        Plaintiff,               No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY AND
PARKER STALEY,

        Defendants.


## STIPULATED PROTECTIVE ORDER

Defendants Trader Joe's Company and Parker Staley ("Defendants") and Plaintiff Robert Romero (collectively, the "Parties") hereby jointly submit this Stipulated Protective Order to govern the documents produced in discovery in this matter, as follows:

The following is considered "Confidential Information": (i) financial information concerning the Parties; (ii) information concerning Defendants' present or former parents, subsidiaries, affiliated companies, employees, patients and/or customers, including but not limited to confidential personnel, compensation, benefit and medical information concerning the employees of Trader Joe's and its affiliates; (iii) information concerning the policies, practices, procedures, or internal investigations of Trader Joe's and its affiliates, including training documents, modules, etc.; (iv) medical information concerning Plaintiff produced in discovery by Plaintiff or obtained by Defendants via Plaintiff's medical providers; (v) Plaintiff's state and federal income tax returns; and (vi) such other documents that the Parties may in good faith designate as "Confidential."

The Parties agree that Confidential Information produced, disclosed, or used in this action shall be treated as confidential and shall be utilized solely in connection with the above-captioned action by the Parties, and by:

(1)    The Court, as necessary;

(2)    The Parties and their attorneys of record, other attorneys acting "of counsel" for the Parties in this action provided said attorneys are shown a copy of this Stipulated Protective Order and agree to be bound by same, and persons employed in said attorneys' offices who are shown a copy of this Stipulated Protective Order and agree to be bound by same;

(3)    Other persons retained in this action to assist in the prosecution or defense of this action, including experts and persons employed and affiliated with such experts, provided that said persons are shown a copy of this Stipulated Protective Order and agree to be bound by same;

(4)    Any deponents and witnesses while testifying through a deposition or at trial in this matter;

(5)    Any other witnesses, if that witness (a) is shown a copy of this Stipulated Protective Order and executes an Affidavit agreeing to be bound by it; (b) is not provided documents electronically, but is only shown the documents; (c) is not permitted to keep possession of any copies of said documents; and (d) is not permitted to discuss the contents of any documents with anyone outside the course of this proceeding; and

(6)    Any person who receives a copy of the document outside of this proceeding.

If the non-designating party objects to the designating party's designation of particular material or documents as "Confidential," the non-designating party shall so advise the designating party.  If an objection is made, the Parties shall discuss the matter in a good faith effort to resolve the issue prior to involving the Court.  If the Parties cannot agree on a resolution of the objection, the non-designating party may file a request with the Court to resolve the issue.

Nothing in this Stipulated Protective Order constitutes an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this case, and nothing in this Stipulated Protective Order shall be construed to prohibit or limit the Parties'

attorneys from seeking to mark or introduce Confidential Information at any deposition taken in, or at the arbitration hearing on, this action.

Within thirty (30) days after the conclusion of this action by final judgment not subject to appeal or by settlement, all persons other than Defendants and/or its attorneys in the possession, custody or control of documents or other items produced by Defendants and constituting or containing Confidential Information, or any copies thereof, shall return all such documents or other items to Defendants' attorneys, or provide a certification that all such documents or other items have been destroyed.

**The Parties through their undersigned counsel agree to the form and content of this Stipulated Protective Order.**

DATED:  December .1, 2023

_____

Hon. Bryan Biedscheid, District Court Judge

**Submitted By:**

LITTLER MENDELSON, P.C.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM 87102
Telephone: 505.944.9693
Facsimile: 505.213.0415

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone: 602.474.3600
Facsimile:     602.957.1801

*Attorneys for Defendants*

**Approved By:**

*/s/ Richard Rosenstock (11.29.23 with permission)*

Richard Rosenstock
richard.rosenstock@gmail.com
Daniel Yohalem
daniel.yohalem@gmail.com
1121 Paseo de Peralta
Santa Fe, New Mexico 87501

*Attorneys for Plaintiff*

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
12/6/2023 10:19 AM
KATHLEEN VIGIL CLERK OF THE COURT
Jacqueline Rosales Juarez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

        Plaintiff,                    No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY AND
PARKER STANLEY,

        Defendants.

## CERTIFICATE OF SERVICE

Defendant Trader Joe's Company hereby certifies that it served Defendant's Supplemental

Responses to Plaintiff's Requests for Production of Document for Inspection and Copying via

electronic mail on December 5, 2023 as follows:

    Richard Rosenstock
    richard.rosenstock@gmail.com
    Daniel Yohalem
    daniel.yohalem@gmail.com
    1121 Paseo de Peralta
    Santa Fe, New Mexico 87501

    *Attorneys for Plaintiff*

Dated this 6th day of December, 2023.

                Respectfully submitted,

                LITTLER MENDELSON, P.C.


                Jay J. Athey
                JAthey@littler.com
                201 Third Street NW, Suite 500
                Albuquerque, NM  87102
                505.944.9693 (telephone)
                505.213.0415 (facsimile)

1

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:602.474.3600
Facsimile: 602.957.1801

*Attorneys for Defendants*

I hereby certify that, on December 6, 2023, a copy of the foregoing was served via Odyssey File & Serve as follows:

Richard Rosenstock
richard.rosenstock@gmail.com
Daniel Yohalem
daniel.yohalem@gmail.com
1121 Paseo de Peralta
Santa Fe, New Mexico 87501

*Attorneys for Plaintiff*

_____
Jay J. Athey

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
12/8/2023 2:10 PM
KATHLEEN VIGIL CLERK OF THE COURT
Mayra Mendoza-Gutierrez

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**

**ROBERT ROMERO,**

        **Plaintiff,**

v.                                                    **No. D-101-CV-2021-01192**
                                                      **Judge Bryan Biedscheid**

**TRADER JOE'S COMPANY and**
**PARKER STALEY,**

        **Defendants.**

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Pursuant to New Mexico Rules of Civil Procedure 1-026, 1-034 and 1-037, Plaintiff hereby moves this Court for an Order compelling Defendants to produce the documents requested by Requests for Production Nos. 13 and 14. For the reasons set forth below, the documents sought by Plaintiff are relevant and discoverable. The information is reasonably calculated to demonstrate there was a pattern and practice of racial discrimination and/or retaliation in the Defendant Trader Joe's Region in which Plaintiff worked. This is evidence from which the trier of fact could reasonably conclude that a pattern and practice of racial discrimination and/or retaliation in Defendant Trader Joe's Region was a direct cause of the injuries suffered by Plaintiff. Such evidence is likely to be admissible at trial or likely to lead to evidence that will be admissible and Plaintiff is entitled to this discovery. Counsel for Defendants has been contacted and opposes this motion.

### I.    The Background to this Motion

Plaintiff contends that Defendants subjected him to a campaign of harassment because of his race and then retaliated against him, *inter alia*, because he complained to Regional Supervisor Phil Wofford and the New Mexico State Police ("NMSP") about what he believed to be racially motivated harassment by Mr. Wofford's subordinate, Defendant Staley. Plaintiff filed a brief

handwritten *pro se* Complaint which alleged that Defendants subjected him to race discrimination, assault, and retaliation for complaining of that discrimination.   The Complaint was devoid of specific factual allegations in support of those claims.   In late August 2023, the undersigned attorneys entered their appearance on behalf of Plaintiff.   On October 12, 2023, the Court entered an Amended Order superseding its August 25, 2023 order of dismissal. On October 20, 2023, Plaintiff filed a motion for leave to file an Amended Complaint.   Defendants subsequently stated they did not oppose this motion. On November 13, 2023, an unopposed Order granting leave to file the Amended Complaint was sent to the Court for consideration and is awaiting approval and entry by the Court.

The Amended Complaint asserts claims under 1978 NMSA §28-1-7 and 42 U.S.C. §1981(a) and sets out detailed factual allegations in support of those claims.   Plaintiff alleges that he was subjected to repeated acts of racial discrimination by Defendant Staley, the manager at Defendant Trader Joe's Store No. 165 in Santa Fe where Plaintiff was employed, including an assault, and was then retaliated against for complaining to Defendant's Regional Manager Phil Wofford about this treatment.   Paragraphs 9-15 of the Amended Complaint allege that the conduct directed against Plaintiff was *part of a custom and practice* by Defendant Trader Joe's that permitted or condoned race discrimination **against minority employees** and retaliation.   Based on discovery previously obtained, Plaintiff also alleges that he **and others** made *repeated complaints to Regional Manager Wofford about such conduct and that no action was taken by him.* Amended Complaint, ¶¶ 14, 15, 16, 20 and 29. Plaintiff further alleges he was retaliated against by Defendant Trader Joe's, acting through Mr. Wofford, for complaining to the NMSP about what he believed to be a racially motivated assault by Defendant Staley that Mr. Wofford had failed to adequately investigate. *Id.*, ¶¶ 31-52.

It is also alleged that Regional Manager Wofford was the person who received the complaints of discrimination from Plaintiff and the others and that at no time did Defendant Trader

Joe's conduct an adequate investigation into the above-described complaints of racial discrimination made by Plaintiff, Johsie Rosales, Hamza Blacksher, and any other employee at Store 165. It is alleged that "the failure of Defendant Trader Joe's to adequately investigate complaints constituted a pattern and practice that permitted or condoned the above-described discriminatory and retaliatory conduct of Defendant Staley." *Id.*, ¶ 50.

On January 27, 2020, Regional Manager Wofford terminated Plaintiff. The termination notice did not cite any type of improper job performance by Plaintiff. Rather, it stated that because Plaintiff had complained to the New Mexico State Police that Defendant Staley had assaulted him, Defendant Trader Joe's was not "comfortable" with allowing Plaintiff to retain his job and therefore he was fired effective that date. *Id.*, ¶ 49, see *Exhibit* 1 (Letter terminating Plaintiff's employment), attached hereto.[1]

The Amended Complaint alleges that the "decision to terminate Plaintiff was based, in whole or in part, on the discriminatory and/or retaliatory motivations of Defendant Staley's superiors and/or on the discriminatory, retaliatory, and false reports that Defendant Staley made to his superiors about Plaintiff and which were relied upon by his superiors" and that Defendant Trader Joe's is liable for the acts of retaliation undertaken by Defendant Staley and/or his supervisor (Regional Manager Wofford) and "all acts and omission to act that constituted a ratification of Defendant Staley's conduct." Amended Complaint, ¶¶ 52 and 56.

## II.     The Requests for Production in Dispute

Plaintiff served the Request for Production of Documents at issue on August 30, 2023. To obtain further evidence of the allegations in the Amended Complaint described above, Request No. 13 sought "copies of any and all internal complaints, grievances, EEOC and New Mexico

---

[1] Significantly, Plaintiff also alleges that Defendant Trader Joe's acted through a Senior Vice-President to interfere with and undermine the NMSP investigation of Plaintiff's complaint of assault and then used the tainted results as a pretext to terminate him for his complaints of discrimination. Amended Complaint, ¶¶ 33-52.

Human Rights charges, tort claim notices, letters threatening a lawsuit and lawsuits filed against Defendant and/or any employee of Defendant Trader Joe's arising from any store located in the region managed by Phil Wofford alleging race discrimination, racial harassment, retaliation and/or assault and battery made from January 1, 2013, through December 31, 2022." Likewise, Request No. 14 sought all documents that show any investigation into those complaints and all documents concerning any disciplinary action taken as a result of such investigations. Plaintiff seeks only such documents that concern complaints by employees.

On or about October 2, 2023, Defendants filed their Response. The parties subsequently conferred and reached agreement on several, but not all, of Defendants' objections to Plaintiff's Requests. Defendants objected to Requests No. 13 and 14, claiming they were overbroad and "not reasonably calculated to lead to admissible evidence as it is not properly limited in scope or time." See relevant requests and responses attached hereto as *Exhibit* 2. Defendants contended discovery of evidence that may show a pattern and practice in the stores under Mr. Wofford's supervision should be barred and that discovery must be restricted solely to the store where Plaintiff worked.

The parties attempted to resolve the dispute. In an effort to do so, Plaintiff agreed to limit his requests to documents arising in Defendant's New Mexico and Colorado stores, rather than in Mr. Wofford's entire region which includes New Mexico, Colorado, Utah, Kansas, Oklahoma and parts of Missouri. Plaintiff also agreed to shorten the time period to January 1, 2015 to December 31, 2021 (instead of January 1, 2013 to January 1, 2022). On November 27, 2023, Defendants counsel Mr. Athey notified counsel for Plaintiff that Defendants did not agree to this compromise and opposed production of evidence of race discrimination and retaliation that occurred in any of the stores Mr. Wofford supervised in his region, other than the Santa Fe store, was not discoverable. *Exhibit 3*.

### III.    The Relevant Law on Discovery

N.M.R.Civ.P. 1-026(B)(1), N.M.R.A.1978, relating to discovery, reads in relevant part:

(B) Scope of discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

> (1) in general, parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

"The pretrial discovery rules, including Rule 26, intend a liberal pretrial discovery, to enable the parties to obtain the fullest possible knowledge of the facts before trial" and, not withstanding objections, "the presumption is in favor of discovery." *Marchiondo v. Brown,* 1982-NMSC-076 §13 (citations omitted). Indeed, a plaintiff has a right to examine a defendant fully and exhaustively. "Such a right is fundamental to our system of jurisprudence." *Id.*

Our Supreme Court has noted that while Rule 11-508 is a rule of evidence, Rule 1-026 is a rule of discovery:

> The purpose of the rules of evidence is to ascertain the truth by determining what evidence is admissible during the trial. In contrast, the purpose of our discovery rules is to allow liberal *pretrial* discovery, such that the trial itself is "a fair contest with the basic issues and facts disclosed to the fullest practicable extent."

*Pincheira v. Allstate Ins. Co.,* 2008-NMSC-049 §21(citations omitted).

The *Pincheira* Court cited *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 34 (1984), for the proposition that "Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." *Id.* The Court also referenced its earlier decision in *United Nuclear Corp. v. General Atomic Co.,* 1980-NMSC-094, 96 N.M. 155, 170 (1980), where it held that "the 'broad and flexible' right to discovery allows discovery of information that may not be admissible under the rules of evidence." *Pincheira,* at ¶22.

In New Mexico: "Courts generally permit discovery where relevant facts are in the exclusive control of the opposing party or where facts must be developed as to motive, intent,

knowledge or credibility." *Marchiondo v. Brown, supra at §16.* Employment discrimination and retaliation cases are such cases because they require a plaintiff to prove improper intent or motive by the defendant and the relevant facts are often in the sole possession of the employer/defendant.

The United States Supreme Court held, under the almost identical provisions of analogous Rule 26(b)(1), Fed. R. Civ. Proc., that: "The Rule's relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978). The Tenth Circuit long ago made clear that when a case alleges Title VII violations, "It is plain that the scope of discovery through interrogatories and requests for production of documents is limited only by relevance and burdensomeness, and in an EEOC case the discovery scope is extensive." *Rich v. Martin Marietta Corp.,* 522 F.2d 333, 343 (10th Cir. 1975).

### IV.    The Information Sought in RFPs 13 and 14 is Discoverable

In *Reeves v. Sanderson Plumbing Prods., Inc,* 530 U.S. 133, 147 (2000), the United States Supreme Court held:

> Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it might be quite persuasive. In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose.... Moreover, once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision. Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.

In *Garcia-Montoya v. State Treasurer's Office,* 2001-NMSC-003 §45, our Supreme Court ruled that "the Supreme Court's interpretation of Title VII in *Reeves* is in accord with the intent of the Legislature with respect to Section 28-1-7(A) [of the New Mexico Human Rights Act]."

It is a general rule that evidence regarding a defendant employer's treatment of other employees is relevant to the issues of 1) the employer's discriminatory intent, 2) whether there is

a pattern of retaliatory behavior, and/or 3) the employer's credibility in its assertion of legitimate motives. *Spulak v. K Mart Corp.* 894 F.2d. 1150, 1156 (10th Cir. 1990); *Morris v. Washington Metro. Area Transit,* 702 F.2d 1037, 1046 (D.C. Cir. 1983)("...it bears noting that were evidence of other instances of retaliation inadmissible, it would be difficult to imagine many cases in which the 'custom or policy' element could be proved save those in which the plaintiff could elicit testimony from the defendant's own agents that such a custom exists."); *Segura v. Potter,* 2004 WL 3426438*5 (D. N.M., Judge Browning).  As such evidence is admissible at trial, it is surely discoverable.

In the absence of New Mexico case law addressing an issue regarding evidence in cases brought under §28-1-7 of the Human Rights Act, federal court rulings in federal discrimination cases provide guidance. *Smith v. FDC Corp.*, 1990-NMSC-020, ¶ 9, 109 N.M. 514, 517 (1990) (federal court rulings provide guidance regarding the evidentiary framework for such cases). Plaintiff has found no state appellate cases addressing the scope of geographic limits on discovery in §28-1-7 cases.  However, the issue was addressed in *Donlin v. Petco Animal Supplies Stores, Inc.,* 2017 WL 4541362 (D.N.M), which involved a state law §28-1-7 claim along with federal discrimination claims. *Inter alia*, the plaintiff claimed the company had a pattern and practice of discrimination and sought: a) discovery of company-wide information from 2013-2017 regarding internal and external complaints of discrimination by other Petco employees; b) Petco's investigation of those complaints, and c) complaints made with government agencies and in civil court by other Petco employees. Petco, which had over 25,000 employees, objected to the geographical scope of the requests, claiming each was overly broad and unduly burdensome.

The court held that "a single plaintiff is not necessarily limited to discovery by a particular supervisor or location. Evidence of discrimination by other supervisors may be relevant depending on the facts of the case and in considering 'how closely related the evidence is to the plaintiff's circumstances and theory of the case.' *Sprint United Management Co. v. Mendelson,* 552 U.S. 379,

388 (2008).  The geographic scope of discovery naturally focuses on the "source of the complained discrimination -- the employing unit or work unit.' *The geographic scope may be expanded, however, if the plaintiff demonstrates that the information is particularly cogent or a particularized need in the matter; if, for example, the information establishes a pattern of discrimination, or the defendant employer's motive or intent is at issue.'"  Donlin, supra. at \*4* (citations omitted) (emphasis added).

The *Donlin* court further decided that where an employer had a single individual or team that handled company-wide discrimination allegations, the scope of discovery will be expanded to include company-wide documents, not merely those related to the single store where a plaintiff was employed.  *Id.*, at \*4-5.  The court cited *White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.,* 586 F.Supp 2d. 1250, 1257-58 (D. Kan. 2008), and pointed to the fact that Petco had one team that handled all discrimination complaints and investigations for the company and that, as here, there was no evidence that plaintiff's store supervisor made the relevant decisions. *Id.*

In *Reilly v. K-Mart,* 2013 WL 12330089 \*2 (D. N.M.), the court ruled that where the plaintiff alleged that the regional manager had participated in the decision to terminate him, the plaintiff was entitled to discovery of information regarding region-wide practices and was not restricted to information concerning stores in the district in which the plaintiff had worked.

In *Johnson v. Kraft Foods North America,* 238 F.R.D. (D. Kan. 2006), the plaintiff sought evidence concerning complaints of discrimination for defendant's Kansas City Region, an area that included "numerous states."  Defendant objected, claiming the geographic scope should be restricted to the Kansas City metro area where plaintiff had worked.  The court held that because plaintiff had alleged that individuals in the higher-ranks of the corporate structure perpetuated the alleged improper conduct and that all the stores worked under the same regional manager, the geographic scope of the requests was reasonable as was the temporal scope of five years. *Id.,* at

653-654.  Defendant was ordered to produce all complaints of race discrimination and retaliation and defendant's investigative results.  *Id. at* 661.

In *Kear v. Kohl's Dept. Stores*, 2013 WL 3581671 (D. Kansas), the plaintiff argued the appropriate geographic scope was the entire United States.  The court found the entire country was too broad a geographic scope but that the scope would be too narrow if confined to the West Wichita store in which the plaintiff had worked, as the defendant had argued.  The court ruled that the proper geographic scope was all regions and districts overseen by the Regional Manager and the Human Resources executive who were alleged to have had positions overseeing the plaintiff's potential promotion and potential discriminatory behavior.  Further, the plaintiff was entitled to discover the complaints of discrimination and documents related to such complaints that were generated over a seven-year period.  *Id. at* *2 and *8.

In the instant case, Regional Director Wofford was the person who terminated Plaintiff.  It is alleged that Regional Director Wofford was the superior to whom store employees complained about alleged discrimination or retaliation and that Regional Director Wofford was the person who was supposed to investigate such complaints.  Plaintiff alleges the discrimination he suffered was caused by a pattern and practice of race discrimination permitted or condoned by Defendant Staley's supervisors, *i.e.*, Regional Director Wofford, who failed to properly supervise Defendant Staley.[2]  Additionally, the sole document produced in discovery regarding the procedures Defendant Trader Joe's has for processing a complaint of discrimination or retaliation is a company-wide policy manual that Defendant Trader Joe's issues to all Trader Joe's employees throughout the country.

---

[2] Under common law principles, an employer may be liable when it is alleged that injury occurred due to its failure to adequately train, supervise and/or discipline its subordinate employees. *See, e.g., Los Ranchitos v. Tierra Grande, Inc.*, 1993-NMCA-107 ¶19; *Pittard v. 4 Seasons Motor Inn*, 1984-NMCA-044 ¶25.

Thus, the information sought in Requests Nos. 13 and 14 is reasonably calculated to obtain evidence that Defendant Trader Joe's maintained a pattern and practice of discrimination and retaliation in Mr. Wofford's region which was a cause of Plaintiff's injuries. Indeed, such indirect evidence is admissible at trial to show the employer's proffered explanation for an action is not credible and a pretext, from which the trier of fact may infer that the pretextual explanation was rendered to conceal the employer's discriminatory intent. Defendant Trader Joe's motive and intent is a critical issue in the case. Evidence of the treatment of other employees is well recognized to be relevant to demonstrate improper intent and motive. *Spulak v. K Mart Corp. supra*, 894 F.2d. at 1156. *See also, Reeves v. Sanderson Plumbing Prods., Inc, supra.* The documents sought are discoverable and should be produced.

V.    **Conclusion.**

For the reasons set forth above, Plaintiff's Motion to Compel Production of Documents responsive to Requests Nos. 13 and 14 is well-taken and should be granted in its entirety.

Respectfully Submitted,

*/s/  RICHARD ROSENSTOCK*
Richard Rosenstock
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-988-5324
richard.rosenstock@gmail.com

Daniel Yohalem
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-690-2193
daniel.yohalem@gmail.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2023 I served Plaintiff's Motion to Compel Production and Inspection of Documents to Defendants by emailing them to Defendants' attorneys Jay Athey at JAthey@littler.com, Shawn Oller at soller@littler.com. Williamson, Brooke" <BWilliamson@littler.com>,"Lapriore, Steven" <SLapriore@littler.com>, "Guillory, Marlo" <MGuillory@littler.com>

I further certify that this Certificate of Service was electronically filed and served through the Odyssey File & Serve system which caused all counsel of record to be electronically served, as more reflected in the Notice of Electronic Filing in this matter.

Respectfully submitted,

/s/ Richard Rosenstock
Richard Rosenstock



**EXHIBIT**

\

## TRADER JOE'S
### Employee Incident Report

Employee Name: Robert Romero            Crew ID: 1148794

Supervisor: Phil Wofford                                165

Witness: Armando Lopez

Date Written: 1/27/20

#### Termination
(Your employment is at will, which means Trader Joe's may terminate it without cause or notice. Store management will determine the appropriate action based on the particular facts and circumstances. Should you disagree with any of the information contained in this document, you may submit a written statement explaining your position. This statement will be added to your personnel file.)

We were recently informed by the Captain at the New Mexico State Police that the investigation related to your claim of physical aggression by the store Captain, Parker Staley, will be closed with no criminal charges forthcoming.

The Police investigation did not identify evidence to substantiate your claim of physical aggression; we are therefore no longer comfortable having you work at Trader Joe's, and we are processing your separation of employment effective today.

*Refused to Sign AL*

_____
Crew Member Signature                           Date

_____          1/28/20
Supervisor Signature                              Date

_____          1-28-20
Witness Signature                                 Date

A copy of this document will be placed in your personnel file.



STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO,

       Plaintiff,                    No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

       Defendants.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENT FOR INSPECTION AND COPYING

Pursuant to Rules 1-026 and 1-034 NMRA, Defendant Trader Joe's Company ("Defendant") hereby responds to Plaintiff's Request for Production of Document for Inspection and Copying.

Defendant objects to the definitions and instructions in the Requests to the extent they seek to expand Defendant's obligations beyond the requirements of the New Mexico Rules of Civil Procedure.

These responses represent Defendant's good faith efforts to respond based upon information available at this time. Defendants specifically reserve the right to supplement, modify and/or amend these responses in the future should additional information make supplementation necessary. To the extent any Request for Production seeks the production of electronically store information ("ESI"), Defendants will produce non-privileged documents that it has in its possession, custody, or control, subject to the parties' meet and confer agreement regarding the collection and production of ESI.

Date: October 2, 2023.

Respectfully submitted,

LITTLER MENDELSON, P.C.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9693 (telephone)
505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:     602.474.3600
Facsimile:      602.957.1801

ATTORNEYS FOR DEFENDANTS

2

may properly be denied or limited" in a case "where it appears that the party requesting discovery has already been granted sufficient information," and he has not shown the additional requested discovery is relevant to his claims) (internal quotation marks and citation omitted); *see also Cantrell v. W & C Contracting Co.*, 1991-NMCA-091, ¶ 19, 112 N.M. 609 ("A request for discovery may properly be denied if the request is speculative or if such discovery would merely result in a fishing expedition."). Subject to and without waiving said objections, Defendant states as follows:

Defendant does not have any responsive documents within its possession, custody, or control.

**Request No. 12**: Any resume submitted by Defendant Staley prior to the date he was hired by Defendant Trader Joe's.

**Response**: Defendant does not have any responsive documents within its possession, custody, or control.

**Request No. 13**: Copies of any and all internal complaints, grievances, EEOC and New Mexico Human Rights charges, tort claim notices, letters threatening a lawsuit and lawsuits filed against Defendant and/or any employee of Defendant Trader Joe's arising from any store located in the region managed by Phil Wofford alleging race discrimination, racial harassment, retaliation and/or assault and battery made from January 1, 2013, through December 31, 2022.

**Response**: Defendant objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence, as it is not properly limited in scope or time. The proposed temporal limitation of ten years is too broad and implicates irrelevant documents created after Plaintiff's employment was terminated. The proposed regional limitation will not properly limit the documentation to appropriate comparators, thus requiring Defendant to produce a significant amount of irrelevant and potentially prejudicial information. Additionally, the Request is not limited to claims asserted by employees, meaning customer complaints and general liability

claims that are wholly irrelevant to Plaintiff's claims in this litigation would be responsive to this Request. Defendant is willing to meet and confer on a potential limited scope of production related to the store at issue within a reasonable time period leading up to Plaintiff's termination of employment. *See Marchiondo v. Brown*, 98 N.M. 394, 398 (N.M. 1982)("Courts generally permit discovery where relevant facts are in the exclusive control of the opposing party or where facts must be developed as to motive, intent, knowledge or credibility.")(internal citations omitted); *see also* Rule 1-026(B)(1), NMRA (information sought must be "relevant to the subject matter involved in the pending action" or "reasonably calculated to lead to the discovery of admissible evidence."); *see also Reaves v. Bergsrud*, 1999–NMCA–075, ¶¶ 14, 23 ("Discovery may properly be denied or limited" in a case "where it appears that the party requesting discovery has already been granted sufficient information," and he has not shown the additional requested discovery is relevant to his claims) (internal quotation marks and citation omitted); *see also Cantrell v. W & C Contracting Co.*, 1991-NMCA-091, ¶ 19, 112 N.M. 609 ("A request for discovery may properly be denied if the request is speculative or if such discovery would merely result in a fishing expedition."). Subject to and without waiving said objections, Defendant states as follows:

  *See* Charge of Discrimination filed by former employee, Miguel Lopez, in 2016 regarding alleged race discrimination.

  **Request No. 14**: Copies of all documents showing any investigations into the internal complaints, internal grievances, EEOC and New Mexico Human Rights charges, tort claim notices, letters threatening a lawsuit and lawsuits filed against Defendant and/or any employee of Defendant Trader Joe's arising from any store located in the region managed by Phil Wofford alleging race discrimination, racial harassment, retaliation and/or assault and battery made from January 1, 2013, through December 31, 2022. This request also includes documents concerning any disciplinary action taken as a result of such investigations.

  **Response**: Defendant objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence, as it is not properly limited in scope or time. The

13

proposed temporal limitation of ten years is too broad and implicates irrelevant documents created after Plaintiff's employment was terminated. The proposed regional limitation will not properly limit the documentation to appropriate comparators, thus requiring Defendant to produce a significant amount of irrelevant and potentially prejudicial information. Additionally, the Request is not limited to claims asserted by employees, meaning customer complaints and general liability claims that are wholly irrelevant to Plaintiff's claims in this litigation would be responsive to this Request. Plaintiff has not alleged any internal investigation conducted by Defendant was insufficient, so this Request is not properly directed at the claims at issue in this litigation. *See Marchiondo v. Brown*, 98 N.M. 394, 398 (N.M. 1982)(" Courts generally permit discovery where relevant facts are in the exclusive control of the opposing party or where facts must be developed as to motive, intent, knowledge or credibility.")(internal citations omitted); *see also* Rule 1-026(B)(1), NMRA (information sought must be "relevant to the subject matter involved in the pending action" or "reasonably calculated to lead to the discovery of admissible evidence."); *see also Reaves v. Bergsrud*, 1999–NMCA–075, ¶¶ 14, 23 ("Discovery may properly be denied or limited" in a case "where it appears that the party requesting discovery has already been granted sufficient information," and he has not shown the additional requested discovery is relevant to his claims) (internal quotation marks and citation omitted); *see also Cantrell v. W & C Contracting Co.*, 1991-NMCA-091, ¶ 19, 112 N.M. 609 ("A request for discovery may properly be denied if the request is speculative or if such discovery would merely result in a fishing expedition."). Defendant is willing to meet and confer on a potential limited scope of production related to the store at issue within a reasonable time period leading up to Plaintiff's termination of employment.

**Request No. 15**: Any and all documents, including but not limited to letters, memorandum and emails, sent by or to Regional Manager Wofford to any Defendant Trader Joe's officials or employees which relate to or concern Defendant Staley.

**Response**: Defendant objects to this Request as overly broad, vague, and unduly burdensome. This Request does not contain any temporal limitations, thereby implicating



EXHIBIT

3



**Athey, Jay**

Mon, Nov 27,
3:35 PM (4
days ago)

to me, daniel.yohalem@gmail.com, Shawn, Steven

Hi Richard:

The client did not agree to Plaintiff's proposed limitations.   Defendants' position is that
the proper scope for those requests is the store in Santa Fe, at which Plaintiff was
employed.   Thanks.

**Jay Athey**
Associate
505.944.9693 direct, 505.527.3955 mobile, 602.926.8683 fax
JAthey@littler.com

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
12/14/2023 3:44 PM
KATHLEEN VIGIL CLERK OF THE COURT
Mayra Mendoza-Gutierrez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT


ROBERT ROMERO,

       Plaintiff,              No: D-101-CV-2021-01192

vs.

TRADER JOE'S COMPANY/PARKER
STANLEY,

       Defendants.

## <u>CERTIFICATE OF SERVICE</u>

Defendant Trader Joe's Company hereby certifies that it served Defendant's Supplemental

Answers to Plaintiff's First Set of Interrogatories and Responses to Second Request for Documents

via electronic mail on December 14, 2023 as follows:

      Richard Rosenstock
      richard.rosenstock@gmail.com
      Daniel Yohalem
      Daniel.yohalem@gmail.com
      1121 Paseo de Peralta
      Santa Fe, New Mexico 87501

      *Attorneys for Plaintiff*

Dated this 14th day of December, 2023.

              Respectfully submitted,

              LITTLER MENDELSON, P.C.

              Jay J. Athey
              JAthey@littler.com
              201 Third Street NW, Suite 500
              Albuquerque, NM  87102
              505.944.9693 (telephone)
              505.213.0415 (facsimile)

1

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:602.474.3600
Facsimile: 602.957.1801

**ATTORNEYS FOR DEFENDANTS
TRADER JOE'S COMPANY
AND PARKER STALEY**

I hereby certify that, on December 14, 2023, a copy of the foregoing was served via Odyssey File & Serve as follows:

Richard Rosenstock
richard.rosenstock@gmail.com
Daniel Yohalem
Daniel.yohalem@gmail.com
1121 Paseo de Peralta
Santa Fe, New Mexico 87501

*Attorneys for Plaintiff*

_____
Jay J. Athey

4882-7226-2039.1 / 071820-1108

2

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
12/15/2023 9:35 AM
KATHLEEN VIGIL CLERK OF THE COURT
Mayra Mendoza-Gutierrez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ROBERT ROMERO

      Plaintiff                     No. D-101-CV-2021-01192

      Vs

TRADER JOE'S COMPANY/PARKER STALEY

      Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2023 I served Plaintiff's Second Set of Interrogatories and Request for Production and Inspection of Documents to Defendants by emailing them to Defendants' attorneys Jay Athey at JAthey@littler.com, Shawn Oller at soller@littler.com. Williamson, Brooke" <BWilliamson@littler.com>,"Lapriore, Steven" <SLapriore@littler.com>,"Guillory, Marlo" <MGuillory@littler.com>

I further certify that this Certificate of Service was electronically filed and served through the Odyssey File & Serve system which caused all counsel of record to be electronically served, as more reflected in the Notice of Electronic Filing in this matter.

Respectfully submitted,

/s/ *Richard Rosenstock*
Richard Rosenstock

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
12/19/2023 2:10 PM
KATHLEEN VIGIL CLERK OF THE COURT
Mariah Gonzales

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**

**ROBERT ROMERO,**

        **Plaintiff,**

v.                                        **No. D-101-CV-2021-01192**
                                          **Judge Bryan Biedscheid**

**TRADER JOE'S COMPANY and**
**PARKER STALEY,**

        **Defendants.**

### ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT

**THIS MATTER** having come before the Court upon Plaintiff's Motion for Leave to File

an Amended Complaint, filed on or about October 20, 2023 and the Defendants having filed a

Notice of Non-Opposition to the proposed Amended Complaint, subject to their right to file an

opposition to the jury demand:

      IT IS THEREFORE ORDERED that Plaintiff shall be and hereby is granted leave to file

his Amended Complaint within ten days of the entry of this Order.

_____
Bryan Biedscheid, District Judge

Approved as to Form:

Richard Rosenstock
Attorney for Plaintiff

Jay Athey
Attorney for Defendants

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
12/19/2023 1:37 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jacqueline Rosales Juarez

**ROBERT ROMERO,**

           **Plaintiff,**

v.                                                             **No. D-101-CV-2021-01192**
                                                               **Judge Bryan Biedscheid**

**TRADER JOE'S COMPANY and**
**PARKER STALEY,**

           **Defendants.**

## REQUEST FOR HEARING

1.  Type of Case: JURY _____ NON-JURY ___X___

2.  Judge to whom assigned: Honorable Bryan Biedscheid

3.  Are there any hearings presently set? YES _____ NO ___X___

4.  Specific matters to be heard:  **Plaintiff's Unopposed Motion to File Amended Complaint**

5.  Estimated total time for all parties and witnesses: 30 minutes

6.  All parties entitled to notice:

       Richard Rosenstock
       1121 Paseo de Peralta
       Santa Fe, New Mexico 87501
       505-988-5324
       richard.rosenstock@gmail.com

       Daniel Yohalem
       1121 Paseo de Peralta
       Santa Fe, New Mexico 87501
       505-690-2193
       daniel.yohalem@gmail.com

       *Attorneys for Plaintiff*


       Jay J. Athey
       201 Third Street NW, Suite 500
       Albuquerque, NM  87102
       505-944-9693   Fax: 505.213.0415
       JAthey@littler.com

1

R. Shawn Oller (NM State Bar No. 8787)
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
602-474-3600   Fax: 602.957.1801
soller@littler.com

*Attorneys for Defendants*

                                   Respectfully submitted,

                                   */s/ DANIEL YOHALEM*
                                   Daniel Yohalem
                                   1121 Paseo de Peralta
                                   Santa Fe, New Mexico 87501
                                   505-690-2193
                                   daniel.yohalem@gmail.com

## CERTIFICATE OF SERVICE

   I hereby certify that on December 19, 2023 I electronically filed the foregoing Request for Hearing as to Plaintiff's Unopposed Motion to File Amended Complaint in the Odyssey File & Serve system which caused all registered counsel of record to be electronically served.

                                   */s/ Daniel Yohalem*
                                   Daniel Yohalem

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
12/19/2023 4:07 PM
KATHLEEN VIGIL CLERK OF THE COURT
Amy T  Ruiz

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**

**ROBERT ROMERO,**

                    **Plaintiff,**

v.                                                        **No. D-101-CV-2021-01192**
                                                          **Judge Bryan Biedscheid**

**TRADER JOE'S COMPANY and**
**PARKER STALEY,**

          **Defendants.**

### AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, by and through his attorneys, hereby states as follows:

1.  Prior to his termination in January 2020, Plaintiff had worked for Defendant Trader Joe's for approximately five and a half years.   During his tenure, Plaintiff was an excellent worker who repeatedly received excellent evaluations. Plaintiff contends that after Defendant Staley became the store manager, Plaintiff was subjected to a hostile work environment and that Defendants terminated his contractual relationship with Defendant Trader Joe's and otherwise treated him discriminatorily in the terms and conditions of his employment, in whole or in part, because of his race/national origin.  Plaintiff further contends that Defendants took adverse actions against him in retaliation for Plaintiff having complained of race discrimination.

**Jurisdiction and the Parties.**

2.  Jurisdiction is proper.  Plaintiff filed a charge with the New Mexico Human Rights Division for violation of the New Mexico Human Rights Act and filed this suit in a timely manner after the Human Rights Division issued a determination. Venue is proper in Santa Fe County District Court because Defendant's store is located in Santa Fe, a substantial part of the events giving rise to the claims occurred in this district and Defendant Staley is believed to reside here.

In addition to his claim under the New Mexico Human Rights Act, Plaintiff asserts claims under 42 U.S.C. §1981.

3.  Plaintiff Robert Romero is a Hispanic-American who resides in Santa Fe, New Mexico. At all times material hereto, Plaintiff was employed by Defendant Trader Joe's in Store No. 165, in Santa Fe, New Mexico store.

4.  Defendant Trader Joe's Inc. is a California corporation doing business in Santa Fe, New Mexico.  At all times material hereto, Defendant had over 500 stores in the United States, including one in Santa Fe, New Mexico, and two in Albuquerque, New Mexico.

5.  At all times material hereto, Defendant Parker Staley was the Store Manager at Defendant Trader Joe's store in Santa Fe, New Mexico. He is not Hispanic-American.

6.  In the lexicon of Defendant Trader Joe's, a store manager, such as Mr.  Staley, is called the "captain," the assistant managers are called "mates," and the subordinate employees, such as Plaintiff, are called "crew members."

### The Facts Regarding Plaintiff's Work History and
### Defendants' Harassment of Hispanic Male Employees At Store No. 165

7.  Throughout the first four to four and a half years of his employment, which began in October 2014, Plaintiff's excellent ability to work with co-employees and customers was recognized by his managers.  Defendant's managers commended him for doing "a spectacular job" as a backup section leader.  His hard work, work ethic, attitude, reliability, versatility, "great relationship with the crew" and the respect that his co-workers had for him were repeatedly noted in evaluations and commendations. Defendant's managers also praised him for his willingness "to go the extra mile for customers."  His enthusiasm and his passion for his work was noted and he was repeatedly described as "a great team player."  Until the time he began to complain of race discrimination at Store 165, he had received a pay raise after each semi-annual evaluation.

8.  After Defendant Staley was promoted to Captain, the situation in the store began to

deteriorate for Plaintiff and other male Hispanic employees.

9.    During 2018-2020, Defendant Staley engaged in racially discriminatory conduct directed at Plaintiff and other Hispanic employees, especially male Hispanic employees. Defendant repeatedly made racially derogatory statements to Plaintiff, to other Hispanic employees, and even to customers about Hispanic employees.  For example:

a.  Defendant Staley told Plaintiff that his tattoos looked "ghetto."

b.  Defendant Staley asked Plaintiff if he was "a Brown biker."

c.  Defendant Staley told Plaintiff that a sweater that Plaintiff had designed and wore looked "trashy" and "ghetto."

d.  Defendant Staley told Plaintiff something to the effect of: all of the Hispanic employees "could be Romeros."

e.  Plaintiff heard Defendant Staley tell a customer that he "wished these Brown people would just shut up and do what we say or get out of here."

f.  In the presence of Jose Vazquez, a Hispanic employee, Defendant Staley stated "I can't stand these Brown motherf-ers." He further stated that these employees needed to "shut up and work" and that Hispanic employees were not hired based on their qualifications but were hired because of "affirmative action."

g.  Defendant Staley told Johsie Rosales, a 17-year, highly respected Hispanic employee, that the veteran employees, most of whom were Hispanic, were "toxic" to the store.

h.  Defendant Staley told Mr. Rosales that Mr. Rosales was "a cancer" to the store and did not belong there.

10.    Defendant Staley treated Anglo male employees and female employees in a preferential manner compared to his treatment of Hispanic employees, particularly Hispanic male employees.  Some examples include:

a. Defendant gave better job duties to Anglo male and female employees and generally gave the harder job assignments to Hispanic employees.

b. Defendant wrote up Plaintiff and other Hispanic employees for conduct for which he did not write up Anglo employees.

c. Anglo male employees and female employees received preferential treatment as to pay raises.

d. Defendant Staley routinely spoke to Plaintiff and other male Hispanic employees in a demeaning and condescending manner.

e. Defendant Staley would not allow Hamza Blacksher or other mates to discipline crew member Katie Perea.

f. Defendant Staley conducted wine tastings for store employees at the store during work hours where wine was served to the employees and sometimes cheese and olives.  Plaintiff and other male Hispanic employees were not invited to attend these events which were attended primarily by Anglo male employees and female employees.

11.  On at least one occasion, Defendant Staley assaulted Jose Vazquez.  While responding to a complaint of harassment made by Mr. Vasquez, Defendant, without the consent of Mr. Vazquez, grabbed Mr. Vasquez by the shoulder, near his neck, and put a tight grip on Mr. Vazquez while Defendant spoke to him.   On another occasion Defendant assaulted another Hispanic employee named John (last name possibly Vigil) by jamming his finger into the employee's chest.

12.  Johsie Rosales was the most experienced employee at the store.  He had a long record of excellence.   During 2018, he saw that Defendant Staley was treating Hispanic employees, especially the male Hispanic employees, less favorably than he treated Anglo employees and female employees.   Mr. Rosales attempted to speak up for Hispanic employees who were being mistreated and discriminated against by Defendant Staley and complained about this.  Mr. Rosales

4

encouraged other employees who were being harassed, including Jose Vazquez, to speak up about how they were being treated. In July 2018, Defendant Staley attempted to force Mr. Rosales to resign but Mr. Rosales refused to do so. Mr. Rosales requested a transfer but Defendant told him that would not happen. Approximately six months later, Defendant Staley had Mr. Rosales fired. Defendants' actions against Mr. Rosales were based on both discriminatory and retaliatory motives. The firing of Mr. Rosales, who all the employees knew was an excellent worker, had a chilling effect on the willingness of other Hispanic crew members to speak out about discriminatory treatment.

13.   From May 2018 through 2019, Defendant Staley engaged in a campaign of harassment directed at Jose Vazquez. He made racist comments within Mr. Vazquez's hearing. He refused to address complaints from Mr. Vazquez that an Anglo (female) "mate" was harassing him. He physically assaulted Mr. Vazquez when he finally spoke with Mr. Vazquez about the harassment. Mr. Vazquez had to move to California due to a family emergency. After his move, he had favorable interviews with several Trader Joe's stores in California. When Defendant Staley was contacted by the store managers for pre-employment information about Mr. Vasquez, Mr. Staley falsely stated that Mr. Vazquez was a poor worker and, consequently, Mr. Vasquez was not hired.

14.   On or about October 5, 2018, Hamza Blacksher, a non-Anglo minority employee, complained to Defendant Trader Joe's that Defendant Staley favored certain employees who were "mainly white persons," that employees in the store claimed Staley was racially biased, and that he (Mr. Blacksher) was being singled out for disparately harsh treatment by Defendant Staley. Mr. Blacksher's letter of complaint also stated that some employees were afraid to come forward and speak about what was happening. Although Defendant Trader Joe's was already aware of the fact that Defendant Staley had created an environment of fear and uncertainty with Store 165, Defendant Trader Joe's took no action on Mr. Blacksher's complaint. In fact, it appears Defendant

Trader Joe's did not even conduct a formal investigation into Mr. Blacksher's allegations. Mr. Blacksher subsequently transferred to another store in Albuquerque, New Mexico. Defendant Trader Joe's failure to adequately investigate the allegations made in Mr. Blacksher's written complaint constituted a ratification of Defendant Staley's conduct.

15.    On February 7, 2019, Johsie Rosales sent a written complaint to Defendant Trader Joe's Regional Manager Phil Wofford alleging that Hispanic employees were being "targeted" and harassed by Defendant Staley due to their race.   He requested that Defendant Staley's discriminatory conduct be investigated.  Upon information and belief no witness statements were obtained by Defendant Trader Joe's and nothing that could be called an adequate investigation occurred. Defendant Trader Joe's failure to adequately investigate constituted ratification of Defendant Staley's discriminatory conduct.

**The Facts About Defendants' Discriminatory Treatment and Termination of Plaintiff**

16.    Shortly after Mr. Rosales was terminated by Defendant Staley, Plaintiff called Regional Manager Wofford and complained that he and other Hispanic employees were being subjected to racially discriminatory treatment by Defendant Staley.  In fact, prior to October 23, 2019, Plaintiff repeatedly called Regional Manager Wofford with complaints of discrimination by Defendant Staley.  Defendant Staley was made aware of these complaints.  Defendant Trader Joe's did not adequately investigate these complaints.

17. Well before October 23, 2019, Defendant Trader Joe's was aware of the fact that Defendant Staley lacked patience, was adverse to criticism, engaged in sarcastic and acerbic comments towards certain crew members, that he engaged in a practice of making exceptions and excuses for certain crew members that were not made for other crew members, particularly crew members who were male and members of minority groups, and that Defendant Staley applied rules differently for his favorites.

18.   On or about October 23, 2019, Defendant Staley confronted Plaintiff.  Plaintiff was not wearing his name badge.   Plaintiff was not wearing the badge because it had not been distributed to him. Defendant began screaming and yelling at Plaintiff while standing so close to Plaintiff that Plaintiff could feel his spit. Defendant threatened that he could fire Plaintiff.  He assaulted and battered Plaintiff by repeatedly jamming his finger into Plaintiff's chest with force. Defendant's conduct constituted a violation of Plaintiff's bodily integrity.  This was not the first time Defendant had poked his finger into Plaintiff, but this time it was done with far more force and visible anger than previously. Store Supervisor Fabian Pareja told Plaintiff that Defendant Staley had admitted that he had lost his temper with Plaintiff, that he had wanted to punch Plaintiff, and that he was afraid he might get disciplined for what he had done.  Defendant Staley was not disciplined for this conduct.

19.   Defendant Staley did not treat employees who were not Hispanic men in the manner with which he treated Plaintiff on October 23, 2019, and Defendant's conduct was motivated, in whole or in part, by racial animus and/or by retaliatory animus because of Plaintiff's prior complaints to management about Defendant Staley's discriminatory conduct.

20.   Shortly after this October 23, 2019 incident, Plaintiff complained about Defendant Staley's conduct to Defendant Trader Joe's Human Resource Office and/or to Regional Manager Phil Wofford.   By this time, Defendant Trader Joe's and Mr. Wofford had received repeated complaints from crew members that Defendant Staley had engaged in discriminatory conduct, that he was an impatient, acerbic manager who did not take well to criticism by subordinate employees, such as Plaintiff, and that he had created an environment where employees feared to speak up. Upon information and belief, Mr. Wofford did not take any written or tape-recorded statements in connection with Plaintiff's complaint, although obtaining such statements is a basic part of an adequate investigation.  He told Plaintiff that he did not think that Defendant Staley was retaliating

against him and not to worry as Plaintiff was getting his pay raises.  No action was taken by Defendant Trader Joe's.

21.   Subsequently, in late October 2019, the store had an employee contest for the best Halloween scene, in which employees who wished to enter were to carve a pumpkin and/or create a Halloween type scene.  The pumpkins were displayed near the "bridge," towards the front of the store.  Employees and customers voted on a ballot for the best pumpkin/scene and there were prizes for those who came in first, second and third.  After the contest, the employees could pick up their pumpkins to take them home for Halloween.  Plaintiff and his family members carved a pumpkin and created props to display with the pumpkin.  The props included a bicycle belonging to Plaintiff's eight-year-old son along with some of his son's clothing.  Mr. Vazquez saw Defendant Staley threw out or have another employee throw out Plaintiff's pumpkin and his props, including his son's bicycle.

22.  Defendant Staley repeatedly criticized Plaintiff about posts on Facebook made by Plaintiff that Plaintiff thought were amusing.  None of the posts had anything to do with Defendant Staley or Defendant Trader Joe's.  However, Defendant threatened Plaintiff about the postings.  Defendant Staley's harassment got to the point where Plaintiff decided to shut down his Facebook account.

23.   After the Halloween pumpkin matter described above, Defendant Staley confronted Plaintiff about a Facebook posting that Plaintiff's wife had made about the incident that was critical of Staley's conduct and leadership.  Defendant Staley said he wanted to fire Plaintiff, threatened to write Plaintiff up, and told Plaintiff that he was going to talk to Phil Wofford, the Regional Manager about it.

24.  On or about November 8, 2019, Plaintiff filed allegations of race discrimination against Defendants with the Human Rights Division of  the New Mexico Department of Workforce

Solutions.

25.  On December 1, 2019, there was a severe snow storm in Pecos, New Mexico. Plaintiff attempted to drive to work for his 6:00 a.m. shift.  However, another car got stuck on the hill near Plaintiff's home and when he tried to go around that vehicle Plaintiff got stuck and could not get to work.   Plaintiff called the store around 5:45 a.m. to report that he was stuck and could not get to Santa Fe.  Defendant Staley caused Mr. Pareja, a subordinate employee, to write-up Plaintiff for not arriving on time.  Mr. Pareja later told Plaintiff that Defendant made them issue this write-up. This was only the second write-up Plaintiff had received in five years of work.

26.  During November or early December 2019, Plaintiff suffered elbow and arm injuries while lifting cases of wine and water at Defendants' store.  Plaintiff applied for and received Workmen's Compensation for these work injuries.  Plaintiff was out of work for about three or four weeks due to this on-the-job injury.  At the end of December 2019, Plaintiff was cleared for light duty work by the physician designated by Defendant Trader Joe's. The doctor told him he was only to work six hours a day. Initially, Defendant Staley attempted to make Plaintiff unload trucks, a task Plaintiff could not yet do because of his injury.  At the end of December 2019 or early January 2020, Defendant Staley spoke to Plaintiff.  Defendant Staley told Plaintiff that because he could not do any heavy lifting and would not be able to lift pallets off the delivery truck, he was "worthless" to the store.  Defendant told Plaintiff that Plaintiff was going to have to repay the workmen's compensation benefits Plaintiff had received because Plaintiff was" full of shit" and that Plaintiff was not really hurt.

27.  The unloading of the trucks at Trader Joe's began at 6: 00a.m and ended around 8:00a.m.  Plaintiff was not supposed to engage in this work because of his injuries and was to engage in "light duties" only.  Defendant Staley told Plaintiff that if he could not unload the trucks, he should report for work at 8:00a.m. Based on these instructions, Plaintiff came to work around

7:45 a.m. on January 2, 2020.  On January 4, 2020, Defendant Staley issued another write-up to Plaintiff for not reporting to work at 6:00 a.m.  Defendant did so despite the fact that Plaintiff had been told to report to work at 8:00 a.m.  After issuing the write-up, Defendant Staley told Plaintiff that he would be fired if he was issued another write-up.  Defendant further discriminated against Plaintiff by telling him that Plaintiff would be denied a pay raise, something that Plaintiff had never been denied in his five years of work at Defendant Trader Joe's.

28.  Additionally, Plaintiff's work hours were supposed to from 8:00am. to 2:00pm. until he was released by the store's physician to full duty.  He had been told that he was to work between 24 and 30-hours a week.  However, at some point, Defendant Staley caused Plaintiff's hours to be reduced to only 18 hours.

29.  On January 10, 2020, Plaintiff filed a written complaint with Defendant Trader Joe's regarding the conduct described in paragraphs 17-28, above.

30.  Plaintiff's complaint claimed that he had been subjected to race discrimination and retaliation by Defendant Trader Joe's at Store 165. Plaintiff set forth several racially motivated comments made by Defendant Staley and described what he believed to be a pattern of harassment towards him by Staley motivated because Plaintiff is Hispanic.  Plaintiff further alleged that, in addition to discriminating against him, Defendant Staley had engaged in acts of racial discrimination against several other male Hispanic employees, including Mr. Rosales.

31.  As described above, in November 2019, Plaintiff had complained to the New Mexico Department of Workforce Solutions about Defendants.  At that time, it was recommended that he should obtain a police report about the October 23, 2019 assault and battery incident. In January 2020, frustrated by the failure of Defendant Trader Joe's to respond to his complaints of discriminatory treatment in a meaningful manner, including but not limited to his complaint that Defendant Staley had assaulted him in October 2019, Plaintiff followed the recommendation about

10

obtaining a police report and on or about January 11, 2020, he contacted the New Mexico State Police in order to file a complaint against Defendant Parker for the assault.  Plaintiff had a lawful right to do this.

32.   New Mexico State Police Officer William Negrete was dispatched to contact Plaintiff and did so on January 11, 2020.  After speaking with Plaintiff, Officer Negrete went to the store on January 11, 2020.  He was told that Defendant Staley was not there.  A store employee called Defendant Staley, told him what was going on, and received permission to give Officer Negrete Defendant's phone number.   The officer then called crew member Victoria Valdez who had witnessed the incident.  He introduced himself and asked Ms. Valdez if she had seen the incident involving Plaintiff and Defendant Staley.  Ms. Valdez did not deny that she had seen the assault.  Rather, she refused to provide information to the officer, telling him that she would not comment on what she had seen and "did not want to get involved."  Officer Negrete thanked her for her time and the call ended.

33.   Officer Negrete then called Defendant Parker on January 11, 2020, and introduced himself.  Defendant agreed to speak with the officer.  Defendant's tone of voice became negative, however, once the officer told him why he was calling.  Defendant asked if he could meet the officer at the store in ten minutes and Officer Negrete agreed to do so.  However, Defendant Staley failed to appear.

34.   Officer Negrete called Defendant back and asked if he was delayed or on his way.  Defendant Staley stated that he was "not comfortable in making a statement" to the officer.  Defendant stated that he would have to "consult" with Defendant Trader Joe's legal department to "obtain guidance" on what to do or say.  Officer Negrete told Defendant that was fine, that there was no pressure to get his statement and that the officer would contact him later for his statement.

35. On the evening of January 11, 2020, Officer Negrete was advised by State Police

11

Dispatch that Defendant Staley was available to speak with him.

36.   On January 14, 2020, Defendant Trader Joe's Regional Manager Wofford replied to Plaintiff's email of January 10, 2020, and asked him for additional information concerning his January 10, 2020 email.

37.   On January 15, 2020, Officer Negrete stopped by Trader Joe's to interview Defendant Staley and was told by the desk personnel that Defendant was not present that day.

38.   At some time between January 11, 2020 and January 16, 2020, Defendant Trader Joe's management took prompt steps to interfere with the State Police investigation.  A Senior Vice President of Defendant Trader Joe's based in Defendant's California corporate office attempted to and did intervene in the investigation by contacting New Mexico State Police Major Romero to complain about Officer Negrete's investigation.   Major Romero referred the "complaint" to Captain Eric Schrum.  At that point, Officer Negrete had not even met with Defendant Staley and had not interviewed the witness because she refused to talk.

39.   The "complaint" from Defendant caused New Mexico State Police Captain Eric Shrum to question Officer Negrete about the investigation on January 16, 2020.  Officer Negrete advised his captain that the investigation was not complete because he had not yet interviewed Defendant Staley.  The intervention by Defendant Trader Joe's was highly unusual and was done in order to interfere with, hinder, undermine, and prejudice the State Police investigation into Plaintiff's complaint.

40.   In Defendant's effort to undermine and hinder the investigation, the Defendant Trader Joe's Vice President, with no factual basis, cast doubt on Officer Negrete's integrity by telling the State Police official that Officer Negrete was biased because he and Plaintiff were both Hispanic. The Trader Joe's Vice-President further alleged with no factual basis that Officer Negrete and Plaintiff were related to or knew each other.  This was done to further undermine and prejudice the

investigation.

41. As a result of the above-described conduct of Defendant, on or about January 17, 2020, Captain Shrum called Officer Negrete and asked him whether he was related to or knew Plaintiff. Officer Negrete truthfully denied both accusations. Upon information and belief, the claim that Plaintiff was related to or knew the officer was made by Defendant Staley to other Defendant Trader Joe's officials.

42. In fact, Plaintiff and the officer were not related and did not know one another. Because Defendant Trader Joe's had no facts to support the assertion, Plaintiff alleges that Defendants assumed the officer and Plaintiff were related or knew each other simply because both men are Hispanic.

43. Defendant had no factual basis whatsoever for the accusation of bias made against the officer assigned to investigate Plaintiff's complaint against Defendant Staley. The above-described actions undertaken by Defendants in regard to the New Mexico State Police officer's investigation into Plaintiff's complaint were motivated, in whole or in part, by racial animus and/or retaliatory animus.

44. On January 17, 2020, Officer Negrete returned to the store and met for the first time with Defendant Staley outside the store. When the officer asked Defendant about the incident, Defendant Staley stated the matter was being handled by Defendant Trader Joe's legal department. Defendant Staley admitted to Officer Negrete that he "was not gentle" when he "confronted" Plaintiff on October 23, 2019. He admitted that his tone was "heated" because of Plaintiff s previous complaint to "our corporation" about Staley. Defendant Staley denied that he had touched Plaintiff. Defendant stated that Plaintiff was falsely accusing him because Plaintiff had received write-ups in December 2019 and January 2020. Defendant Staley knew this statement was false because he knew Plaintiff had accused him of assault and battery in October 2019, shortly after

the assault occurred, long before the two write-ups.

45.   On January 17, 2020, Defendant's official again contacted the NMSP and falsely claimed that Officer Negrete had acted in "an inappropriately aggressive manner" toward Defendant Staley.  In fact, the alleged "inappropriate conduct" that Defendant complained about was the fact that Officer Negrete told Defendant Staley that Defendant Trader Joe's had raised questions about the officer's bias in conducting this investigation, that this allegation was based solely on the fact that the officer and Plaintiff were Hispanic, and that it was an unfounded attack initiated by Staley on the officer's integrity.

46.   Around 12:30pm, on January 17, 2020, Plaintiff responded to the January 14, 2020 email from Defendant Trader Joe's Regional Manager Phil Wofford to contact him.  Plaintiff again explained to Wofford that Defendant Staley treated male Hispanic employees in a discriminatory manner.  He alleged that Defendant Staley used racial slurs and talked down to them.  He told Mr. Wofford there was an atmosphere of fear of retaliation at the store and that crew members felt that an investigation should be conducted out of the presence of Defendant Staley.  He told Mr. Wofford that he had the names of several customers who have witnessed conduct by Defendant Staley that made them not want to return to the store and who would be available to speak with Wofford. He provided the names of former and current employees who could corroborate his allegations of racial discrimination.  He informed Wofford that after Parker's assault on Plaintiff, Parker told a mate that he had wanted to punch Plaintiff in the face and that consequently Plaintiff was in fear for his safety and/or for his job. He informed Wofford that as a result of Defendant Staley's ongoing conduct he suffered substantial stress, loss of sleep, headaches, high blood pressure, a rapid heartbeat and was being treated for severe muscle tension and strain related to the stress.

47. As set forth in paragraph 20 above, the allegations of racially discriminatory conduct and retaliation alleged by Plaintiff were similar to allegations made by other employees during

2018 and 2019.  Despite the prior complaints of such improper and unlawful conduct, later in the day on January 17, 2020, Regional Manager Wofford called Plaintiff at about 5:15pm to tell him he was suspended from work. This action was a direct result of Plaintiff's continuing complaints of race discrimination and retaliation.

48. On January 22, 2020, Officer Negrete submitted his police report.  Because the sole witness to the incident, Ms. Valdez, refused to provide a statement, claiming she did not want "to get involved," Officer Negrete concluded there was insufficient evidence of a criminal assault or battery.

49.  Six days later, on January 28, 2020, Defendant Trader Joe's terminated Plaintiff from his employment.  Defendant turned its own its efforts to impact the outcome of the New Mexico State Police investigation into the basis to fire Plaintiff.  Regional Manager Wofford told Plaintiff that he was terminating Plaintiff because Defendant Staley felt "uncomfortable" about Plaintiff's having filed a complaint with the New Mexico State Police.  The termination notice did not cite any type of improper job performance.  Rather, it stated that because Plaintiff had complained to the New Mexico State Police that Defendant Staley had assaulted him, Defendants were not "comfortable" with allowing Plaintiff to retain his job and therefore he was fired effective that date.

50.  At no time did Defendant Trader Joe's conduct an adequate investigation into the complaints of racial discrimination made by Plaintiff, Johsie Rosales, Hamza Blacksher or any other employee at Store 165.  Defendant's Human Resources staff did not come to the store and interview complainants or witnesses.  Regional Manager Wofford was not trained as a Human Resources employee and did not collect statements when he came to the store nor did he make sure that Defendant Staley was away from the premises when he spoke to employees about Defendant Staley.  The failure of Defendant Trader Joe's to adequately investigate complaints

constituted a pattern and practice that permitted or condoned the above-described discriminatory and retaliatory conduct of Defendant Staley.

51.  All the acts and omissions by Defendants that are described above in this Amended Complaint were motivated in whole or in part by racial animus and/or retaliatory animus arising out of Plaintiff's complaints of race discrimination made throughout 2019 and early 2020.

52.  The decision to terminate Plaintiff was based, in whole or in part, on the discriminatory and/or retaliatory motivations of Defendant Staley's superiors and/or on the discriminatory, retaliatory, and false reports that Defendant Staley made to his superiors about Plaintiff and which were relied upon by his superiors.

## CLAIM FOR RELIEF UNDER THE NEW MEXICO HUMAN RIGHTS ACT

53.  After his January 28, 2020 termination, Plaintiff filed a timely charge of discrimination and retaliation under the New Mexico Human Rights Act with the New Mexico Human Rights Bureau.  After a determination by the Human Rights Bureau was issued, Plaintiff filed a timely Complaint in Santa Fe County District Court asserting the same violation.

54.  The conduct described above in this Amended Complaint were part of an ongoing campaign of discrimination, harassment and retaliation against Plaintiff because of his race and/or because he complained of discrimination based on race and/or national origin by Defendants.

55.  Defendant Trader Joe's is liable under the New Mexico Human Rights Act for the discriminatory and retaliatory conduct to which Plaintiff was subjected as described in this Amended Complaint.

## CLAIM FOR RELIEF UNDER THE FEDERAL CIVIL RIGHTS ACT

56. Under 42 U.S.C. §1981(a), Defendant Trader Joe's is liable for the acts and omissions of its employees including the acts of race and/or national origin discrimination and retaliation committed by Defendant's Store Manager, Defendant Staley, at Store No. 165, the acts of

retaliation undertaken by Defendant Staley and/or its Regional Manager Phil Wofford, and all acts and omission to act that constituted a ratification of Defendant Staley's conduct.

57.    Each Defendant acted willfully, deliberately, intentionally, and/or with reckless disregard for Plaintiff's federal rights.

## DAMAGES

58.    As a direct and proximate result of the acts and omissions of Defendants, Plaintiff suffered and continues to suffer serious emotional pain and suffering, physical pain, hives and rashes due to stress humiliation, medical bills, embarrassment, and a loss of income that continues to this date.  Because of the nature of the conduct of defendants, Plaintiff also seeks an award of punitive damages.

WHEREFORE, Plaintiff prays for the following relief against defendants and each of them:

1.  Compensatory damages in an amount to be determined by the jury against Defendants jointly and severally.

2.  Punitive damages against each Defendant under 42 U.S.C. §1981 to be determined by the jury.

3.  Pre judgment and post judgment interest.

4.  Reasonable attorney's fees and costs.

5.  A trial by a six person jury on the Section 1981 claims.

6.  And such other and further relief as the Court deems just and proper.

Respectfully Submitted,

s/Richard Rosenstock
Richard Rosenstock
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-988-5324
richard.rosenstock@gmail.com

Daniel Yohalem
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-690-2193
daniel.yohalem@gmail.com

Attorneys for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2023, Plaintiff's Amended Complaint for Damages

and Demand for Jury Trial was electronically filed in the Odyssey File & Serve system which

caused the following counsel of record to be electronically served, as reflected in the Notice of

Electronic Filing in this matter.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM 87102
505.944.9693 (telephone); 505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade 2425 East Camelback Road, Suite 900 Phoenix, AZ 85016
Telephone:602.474.3600
Facsimile: 602.957.1801




s/Richard Rosenstock