UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT ROMERO,

      Plaintiff,

vs.

TRADER JOE'S COMPANY AND
PARKER STALEY,

      Defendants.

No: 1:24-cv-00006-GJF-SCY

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants Trader Joe's Company and Parker Staley ("Defendants"), hereby submit their Answer and Affirmative Defenses to Plaintiff's Amended Complaint for Damages and Demand for Jury Trial ("Amended Complaint") as set forth below.

1. In response to Paragraph 1 of Plaintiff's Amended Complaint, Defendants admit that Plaintiff worked for Trader Joe's Company from approximately 2015 through January 2020. Defendants deny the remainder of the allegations in Paragraph 1 of Plaintiff's Amended Complaint.

## JURISDICTION AND PARTIES

2. In response to Paragraph 2 of Plaintiff's Amended Complaint, Defendants admit that jurisdiction is proper in the United States District Court for the district of New Mexico. Defendants further admit that Plaintiff filed a charge of discrimination and subsequent lawsuit in state court, Santa Fe County, New Mexico. Defendants further admit that Plaintiff asserts federal claims under 42 U.S.C. § 1981 in his Amended Complaint. Defendants deny the remainder of the allegations in Paragraph 2 of Plaintiff's Amended Complaint.

3. In response to Paragraph 3 of Plaintiff's Amended Complaint, Defendants admit Plaintiff was employed by Trader Joe's Company from approximately 2015 through January 2020 and worked at Store No. 165 in Santa Fe, New Mexico. Defendants are without knowledge as to the truth or falsity of the remainder of the allegations in Paragraph 3 of Plaintiff's Amended Complaint and therefore deny same.

4. In response to Paragraph 4 of Plaintiff's Amended Complaint, Defendants admit that Trader Joe's Company is a California corporation doing business in New Mexico. Defendants further admit that Trader Joe's Company operates three stores in New Mexico. Defendants deny the remainder of the allegations in Paragraph 1.

5. In response to Paragraph 5 of Plaintiff's Amended Complaint, Defendants admit that Parker Staley has been the Captain at Store No. 165 since March 2018 and he is not Hispanic.

6. In response to Paragraph 6 of Plaintiff's Amended Complaint, Defendants admit that Parker Staley is employed as a Captain at Store No. 165 in Santa Fe, New Mexico. Defendants admit that Trader Joe's Company also has employees with the job title Mate, Merchant, and Crew at the operative store. In general, all employees in a given store are considered "crew members."

## The Facts Regarding Plaintiff's Work History and
## Defendants' Harassment of Hispanic Male Employees At Store No. 165

7. Defendants admit that the quoted portions of Paragraph 7 of Plaintiff's Amended Complaint are reflected in Plaintiff's performance reviews, which are not attributed to a particular Mate or Captain. Defendants admit that Plaintiff was consistently rated as "Meet Expectations" with the exception of one section in February of 2017. Defendants further admit that Plaintiff received regular discretionary pay raises until January 2020. Defendants are without knowledge as to the truth or falsity of the remainder of the allegations in Paragraph 7 of Plaintiff's Amended Complaint and therefore deny same.

8. Defendants deny the allegations in Paragraph 8 of Plaintiff's Amended Complaint.

9. Defendants deny the allegations in Paragraph 9 of Plaintiff's Amended Complaint, including subparts (a)-(h).

10. Defendants deny the allegations in Paragraph 10 of Plaintiff's Amended Complaint, including subparts (a)-(f).

11. Defendants deny the allegations in Paragraph 11 of Plaintiff's Amended Complaint.

12. Defendants deny the allegations in Paragraph 12 of Plaintiff's Amended Complaint.

13. Defendants deny the allegations in Paragraph 13 of Plaintiff's Amended Complaint.

14. In response to Paragraph 14 of Plaintiff's Amended Complaint, Defendants admit that Hamza Blacksher submitted an internal written complaint in letter form on or about October 5, 2018, approximately 15 months prior to Plaintiff's termination of employment. The letter generally raised concerns over Blacksher's lack of professional development and relationship with Defendant Staley. Defendants deny the remainder of the allegations in Paragraph 14 of Plaintiff's Amended Complaint.

15. Defendants are without knowledge as to the truth or falsity of the allegations in Paragraph 15 of Plaintiff's Amended Complaint and therefore deny same.

**The Facts About Defendants' Discriminatory Treatment and Termination of Plaintiff**

16. Defendants admit that Plaintiff made multiple verbal complaints to Mr. Wofford about generalized concerns but deny that Plaintiff ever provided any specific examples of alleged racial discrimination. Defendants deny that Plaintiff ever made "repeated" or specific complaints about Mr. Staley. Defendants admit that Mr. Staley was generally aware that Plaintiff alleged that Mr. Staley had assaulted Plaintiff. Defendants deny that Defendant Trader Joe's failed to adequately investigate Plaintiff's complaints. Defendants are without knowledge as to the truth or falsity of the remainder of the allegations in Paragraph 16 of Plaintiff's Amended Complaint and therefore deny same.

17. Defendants deny the allegations in Paragraph 17 of Plaintiff's Amended Complaint.

18. Defendants admit that Defendant Staley had multiple conversations with Plaintiff about his failure to wear his required name badge on or about October 23, 2019. Defendants are without knowledge as to what Fabian Pareja may have told Plaintiff and therefore deny same. Defendants admit that Defendant Staley was not disciplined for acting within the scope of his job duties. Defendants deny the remainder of the allegations in Paragraph 18 of Plaintiff's Amended Complaint.

19. Defendants deny the allegations in Paragraph 19 of Plaintiff's Amended Complaint.

20. Defendants admit that Plaintiff may have made verbal complaints in or around October or November 2019 but deny that Plaintiff made specific allegations against Defendant Staley. Defendants deny that Defendant Trader Joe's Company received "repeated" complaints about Defendant Staley. Defendants deny that Mr. Wofford failed to take written statements following Plaintiff's complaints and refer to the multiple crew member written statements previously produced in discovery. Defendants deny the remainder of the allegations in Paragraph 20 of Plaintiff's Amended Complaint.

21. Defendants are without knowledge as to what Mr. Vazquez alleges he saw, and therefore deny same but notes that Mr. Vazquez's employment was terminated on May 14, 2019. Defendants deny that they intentionally "threw out" any of Plaintiff's property. Defendants admit the remainder of the allegations in Paragraph 21 of Plaintiff's Amended Complaint.

22. Defendants deny the allegations in Paragraph 22 of Plaintiff's Amended Complaint.

23. Defendants deny the allegations in Paragraph 23 of Plaintiff's Amended Complaint.

24. Defendants are without knowledge as to the truth or falsity of the allegations in Paragraph 24 of Plaintiff's Amended Complaint and therefore deny same.

25. Defendants admit that Plaintiff was issued a written warning by Jackie Chairez (a Hispanic individual promoted by Defendant Staley) for failure to apprise the store of his inability to make it to work before the start of his shift. Defendants admit that the written warning on

December 1, 2019 is the second chronological written discipline in Plaintiff's personnel file. Defendants are without knowledge as to the severity of the weather or Plaintiff's attempts to get to work and therefore deny same. Defendants are without knowledge as to what Mr. Pareja may have told Plaintiff and therefore deny same, but note that Mr. Pareja did not issue the discipline and is not listed as the supervisor on the written warning. Defendants deny the remainder of the allegations in Paragraph 25 of Plaintiff's Amended Complaint.

26. In response to Paragraph 26 of Plaintiff's Amended Complaint, Defendants admit that Defendant Trader Joe's Company provided Plaintiff with workers' compensation benefits following an injury in 2019. Defendants admit that Defendant Staley likely spoke to Plaintiff at the end of December 2019 or January 2020. Defendants deny that Defendant Staley attempted to force Plaintiff to do any work inconsistent with his work restrictions. Defendants Deny that Defendant Staley told Plaintiff he was "worthless" to the store or that Plaintiff would have to repay workers' compensation benefits. Defendants further deny that Defendant Staley told Plaintiff he was "full of shit" or that Plaintiff was not really hurt. Defendants are without knowledge as to the truth or falsity of the remainder of the allegations in Paragraph 26 of Plaintiff's Amended Complaint and therefore deny same.

27. Defendants admit that the unloading of trucks typically begins at 6:00 a.m. at store 165 in Santa Fe, NM. Defendants deny that Plaintiff was assigned to "light duty" as of January 2, 2020. Defendants admit that on December 19, 2019, Plaintiff was assigned transitional duty for three weeks, was able to lift up to 20 lbs., and was able to work his entire shift, according to his physician. Defendants admit that Plaintiff was issued a written warning on January 4, 2020 by Parker Staley for coming to work on hour and 48 minutes late, then claiming he did not know he was scheduled at 6:00 a.m. Defendants deny the remainder of the allegations in Paragraph 27 of Plaintiff's Amended Complaint.

28.     Defendants are without knowledge as to the truth or falsity of what Plaintiff "had been told" and therefore deny same. Defendants deny the remainder of the allegations in Paragraph 28 of Plaintiff's Amended Complaint and state that Plaintiff's medical documentation on December 19, 2019 contained no such restrictions or instructions.

29.     In response to Paragraph 29 of Plaintiff's Amended Complaint, Defendants admit that Plaintiff submitted an internal complaint via email on January 10, 2020. Defendants deny the remainder of the allegations in Paragraph 29 of Plaintiff's Amended Complaint.

30.     In response to Paragraph 30 of Plaintiff's Amended Complaint, Defendants admit that Plaintiff's email contained general complaints of racism, favoritism, and gender discrimination. Defendants are without knowledge as to the truth or falsity of the remainder of the allegations in Paragraph 30 of Plaintiff's Amended Complaint and therefore deny same.

31.     Defendants admit that Plaintiff filed a Charge of Discrimination with the NM DWS in November 2019. Defendants admit that Plaintiff filed a police report containing allegations against Defendant Staley in January 2020. Defendants are without knowledge as to the truth or falsity of the remainder of the allegations in Paragraph 31 of Plaintiff's Amended Complaint and therefore deny same.

32.     Defendants admit that Paragraph 32 of Plaintiff's Amended Complaint generally describes the contents of a police report dated January 22, 2020, which document speaks for itself. Defendants deny that Victoria Valdez does not deny witnessing an assault, as her written statement explicitly denies witnessing any contact to Plaintiff. Defendants are without knowledge as to the truth or falsity of the remainder of the allegations in Paragraph 32 of Plaintiff's Amended Complaint and therefore deny same.

33.     In response to Paragraph 33 of Plaintiff's Amended Complaint, Defendants admit that Parker Staley received a phone call from an investigating officer on or about January 11, 2020. Defendants deny that Staley's "voice became negative." Defendants are without knowledge as to

the remainder of the allegations in Paragraph 33 of Plaintiff's Amended Complaint and therefore deny same.

34. Defendants admit that Paragraph 34 of Plaintiff's Amended Complaint generally describes the contents of a police report dated January 22, 2020, which document speaks for itself. Defendants are without knowledge as to the truth or falsity of the allegations in Paragraph 34 of Plaintiff's Amended Complaint and therefore deny same.

35. Defendants admit that Paragraph 35 of Plaintiff's Amended Complaint generally describes the contents of a police report dated January 22, 2020, which document speaks for itself. Defendants are without knowledge as to the truth or falsity of the allegations in Paragraph 35 of Plaintiff's Amended Complaint and therefore deny same.

36. Defendants admit the allegations in Paragraph 36 of Plaintiff's Amended Complaint.

37. Defendants admit that Paragraph 37 of Plaintiff's Amended Complaint generally describes the contents of a police report dated January 22, 2020, which document speaks for itself. Defendants are without knowledge as to the truth or falsity of the allegations in Paragraph 37 of Plaintiff's Amended Complaint and therefore deny same.

38. Defendants deny the allegations in Paragraph 38 of Plaintiff's Amended Complaint.

39. Defendants deny they attempted to interfere with, hinder, undermine, or prejudice any official investigation. Defendants are without knowledge as to the truth or falsity of the remainder of the allegations in Paragraph 39 of Plaintiff's Amended Complaint and therefore deny same.

40. Defendants deny they attempted to interfere with, hinder, undermine, or prejudice any official investigation. Defendants deny any allegation of bias due to Officer and Negrete being Hispanic. Defendants deny the remainder of the allegations in Paragraph 40 of Plaintiff's Amended Complaint.

41. Defendants deny that Defendant Staley told Defendant Trader Joe's Company that Plaintiff was related to Officer Negrete. Defendants are without knowledge as to the truth or falsity of the remainder of the allegations in Paragraph 41 of Plaintiff's Amended Complaint and therefore deny same.

42. Defendants deny they assumed relation between Plaintiff and Officer Negrete because they are both Hispanic. Defendants are without knowledge as to the truth or falsity of the remainder of the allegations in Paragraph 42 of Plaintiff's Amended Complaint and therefore deny same.

43. Defendants deny the allegations in Paragraph 43 of Plaintiff's Amended Complaint.

44. In response to Paragraph 44 of Plaintiff's Amended Complaint, Defendants admit that Parker Staley met with an investigating officer on or about January 17, 2020. Defendants admit that Paragraph 44 of Plaintiff's Amended Complaint generally describes the contents of a police report dated January 22, 2020, which document speaks for itself. Defendants deny any knowledge of an alleged false statement. Defendants are without knowledge as to the remainder of the allegations in Paragraph 44 of Plaintiff's Amended Complaint and therefore deny same.

45. Defendants admit that they reported unprofessional, inappropriate, and aggressive conduct of the investigating officer, for which he was eventually disciplined and which violated Department policy. Defendants deny the remainder of the allegations in Paragraph 45 of Plaintiff's Amended Complaint and therefore deny same.

46. In response to Paragraph 46 of Plaintiff's Amended Complaint, Defendants admit that Plaintiff sent Phil Wofford an email on the afternoon of January 17, 2020, which document speaks for itself. The allegations in Paragraph 46 of Plaintiff's Amended Complaint generally describe the contents of that email. Defendants are without knowledge as to the remainder of the allegations in Paragraph 46 of Plaintiff's Amended Complaint and therefore deny same.

47. Defendants admit that Mr. Wofford called Plaintiff and placed him on paid leave pending investigation on January 17, 2020, after receiving numerous witness statements from co-workers. Defendants deny the remainder of the allegations in Paragraph 47 of Plaintiff's Amended Complaint.

48. Defendants admit that Paragraph 48 of Plaintiff's Amended Complaint generally describes the contents of a police report dated January 22, 2020, which document speaks for itself. Defendants deny that Officer Negrete concluded there was insufficient evidence solely because a witness would not provide a statement.

49. In response to Paragraph 49 of Plaintiff's Amended Complaint, Defendants admit that Plaintiff's employment was terminated on January 28, 2020. Defendants deny they impacted any police investigation. Defendants are without knowledge as to the remainder of the allegations in Paragraph 49 of Plaintiff's Amended Complaint and therefore deny same.

50. Defendants deny the allegations in Paragraph 50 of Plaintiff's Amended Complaint.

51. Defendants deny the allegations in Paragraph 51 of Plaintiff's Amended Complaint.

52. Defendants deny the allegations in Paragraph 52 of Plaintiff's Amended Complaint.

**CLAIM FOR RELIEF UNDER THE NEW MEXICO HUMAN RIGHTS ACT**

53. Defendants deny the allegations in Paragraph 53 of Plaintiff's Amended Complaint.

54. Defendants deny the allegations in Paragraph 54 of Plaintiff's Amended Complaint.

55. Defendants deny the allegations in Paragraph 55 of Plaintiff's Amended Complaint.

**CLAIM FOR RELIEF UNDER THE FEDERAL CIVIL RIGHTS ACT**

56. Defendants deny the allegations in Paragraph 56 of Plaintiff's Amended Complaint.

57. Defendants deny the allegations in Paragraph 57 of Plaintiff's Amended Complaint.

**DAMAGES**

58. Defendants deny the allegations in Paragraph 58 of Plaintiff's Amended Complaint.

## GENERAL DENIAL

Defendants deny Plaintiff is entitled to the relief requested in the WHEREFORE clause of Plaintiff's Amended Complaint and specifically deny each and every allegation in Plaintiff's Amended Complaint that Defendants did not specifically admit.

## AFFIRMATIVE DEFENSES

1. Plaintiff has waived his right to a trial by jury.

2. Plaintiff's new claims under 42 U.S.C. § 1981 are barred by the doctrine of laches.

3. Defendants' actions regarding Plaintiff were at all times taken for legitimate, non-discriminatory reasons.

4. To the extent Plaintiff failed to mitigate his alleged damages, any damages Plaintiff seeks to recover from Defendants should be reduced accordingly.

5. Even assuming, arguendo, anyone allegedly acting on behalf of Defendants engaged in any unlawful conduct toward Plaintiff, which Defendants deny, Defendants neither knew nor reasonably should have known of said unlawful conduct, did not authorize, ratify, or consent to any such unlawful conduct, and any and all such unlawful conduct was contrary to Defendants' express policies, was beyond the course and scope of that individual's employment, and cannot be attributed to Defendants, and Defendants cannot be held liable for any such misconduct under the concept of *respondent superior*, nor are Defendants vicariously liable for same.

6. Plaintiff fails to allege a sufficient causal connection between any alleged discriminatory or wrongful conduct on the part of Defendants and any adverse employment action.

7. Plaintiff's alleged damages may be barred or limited by the doctrine of after-acquired evidence.

8. Plaintiff's claims for punitive damages fails as a matter of law, in that Plaintiff fails to allege conduct that would be sufficient to satisfy the requisite mental state necessary to support such a claim.

9. Defendants cannot be held liable for any punitive damages because any alleged wrongful employment decisions were contrary to Defendants' good faith efforts to comply with the anti-discrimination laws. Defendants did not ratify any alleged discriminatory actions, and no discriminatory acts were committed by persons employed in a managerial capacity acting in the scope of their job duties.

10. Plaintiff's claim for punitive damages is barred to the extent such an award would violate the New Mexico Constitution or the United States Constitution.

11. Plaintiff's claims are barred because, even if Plaintiff were able to prove that the actions of Defendants about which he complains, if any, were motivated by unlawful intent (which he cannot), Defendants would have taken the same actions irrespective of such alleged unlawful intent.

12. Plaintiff's damages may be barred in whole or in part by applicable statutory caps or prohibitions on various types of damages claimed in Plaintiff's First Amended Complaint.

13. Defendants reserve the right to amend this Answer to assert any additional affirmative defenses that may be revealed during discovery.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendants pray for judgment as follows:

1.      That judgment be entered on Plaintiff's Amended Complaint in favor of Defendants, and that the Court dismiss Plaintiff's Amended Complaint with prejudice in its entirety;

2.      That Plaintiff take nothing from his Amended Complaint;

3.      That the Court awards Defendants the costs they incurred in having to defend against Plaintiff's claims; and

4.      That the Court awards Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted this 9th day of January, 2024.

Respectfully submitted,

LITTLER MENDELSON, P.C.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9693 (telephone)
505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:      602.474.3600
Facsimile:      602.957.1801

*Attorneys for Defendants*

I hereby certify that, on January 9, 2024, I filed the foregoing using the CM/ECF, which caused service by electronic means on Plaintiff and all counsel of record as follows:

Richard Rosenstock
richard.rosenstock@gmail.com
Daniel Yohalem
daniel.yohalem@gmail.com
1121 Paseo de Peralta
Santa Fe, New Mexico 87501

*Attorneys for Plaintiff*

_____
Jay J. Athey