IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT ROMERO,

      Plaintiff,

vs.                                                                                       Civ. No. 24-6 GJF/SCY

TRADER JOE'S COMPANY and
PARKER STALEY,

      Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL

In the present motion to compel, Plaintiff seeks a court order compelling Defendant Trader Joe's (hereinafter "Defendant") to respond to requests for production seeking information about the treatment of other employees in stores managed by the same decisionmaker who made the decision to terminate Plaintiff's employment. Because such information is relevant to a case of indirect employment discrimination, the Court grants the motion. However, the Court agrees with Defendant that parts of the request are overbroad, and so will enforce a narrower set of responsive information than the full breadth of what Plaintiff requests.

## BACKGROUND

Plaintiff worked at Defendant Trader Joe's Store No. 165 in Santa Fe for approximately five and a half years prior to his termination in January 2020. Plaintiff alleges that Defendant Staley, the manager at the store, repeatedly engaged in acts of racial discrimination against him. Plaintiff alleges Defendant Trader Joe's retaliated against him because he complained to Regional Vice-President Phil Wofford about the racial discrimination, and because he filed a report with the New Mexico State Police about what he believed to be a racially motivated assault by Defendant Staley. Specifically, Plaintiff claims:

- On January 10, 2020, Wofford received Plaintiff's complaint about Defendant Staley's alleged discriminatory conduct.

- On January 14, Wofford wrote to Plaintiff about the complaint.

- On January 17, Plaintiff responded to Wofford; later that day Wofford called Plaintiff and told Plaintiff that Plaintiff had been placed on leave.

- On January 24, Wofford requested to meet with Plaintiff on January 28.

- On January 27, Wofford terminated Plaintiff. The termination notice stated that, because Plaintiff had complained to the New Mexico State Police that Defendant Staley had assaulted him and the NMSP did not press charges, Defendant Trader Joe's was not comfortable allowing Plaintiff to retain his job.

Doc. 17 at 3-4; Doc. 17-7.

At issue in the present motion to compel are two Requests for Production served on Defendant Trader Joe's:

> Request No. 13: Copies of any and all internal complaints, grievances, EEOC and New Mexico Human Rights charges, tort claim notices, letters threatening a lawsuit and lawsuits filed against Defendant and/or any employee of Defendant Trader Joe's arising from any store located in the region managed by Phil Wofford alleging race discrimination, racial harassment, retaliation and/or assault and battery made from January 1, 2013 through December 31, 2022.

> Request No. 14: Copies of all documents showing any investigations into the internal complaints, internal grievances, EEOC and New Mexico Human Rights charges, tort claim notices, letters threatening a lawsuit and lawsuits filed against Defendant and/or any employee of Defendant Trader Joe's arising from any store located in the region managed by Phil Wofford alleging race discrimination, racial harassment, retaliation and/or assault and battery made from January 1, 2013 through December 31, 2022. This request also includes documents concerning any disciplinary action taken as a result of such investigation.

Doc. 17-8 at 3-4.

Although Defendant objected to most aspects of these requests, it nonetheless produced responsive information for the Santa Fe store. Plaintiff also agreed to limit the scope of his requests to "only such documents that concern complaints by employees"; to "documents arising in Defendant's New Mexico and Colorado stores, rather than in Mr. Wofford's entire region";

2

and to "the time period [from] January 1, 2015 to December 31, 2021." Doc. 17 at 4. Defendant did not agree to this compromise, and Plaintiff filed the present motion to compel.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits parties to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Discovery relevance is "to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (internal quotation marks omitted).

## DISCUSSION

The requests for production are relevant to Plaintiff's claims in two different ways: pattern and practice evidence and comparator evidence. That is because in employment cases, absent direct evidence of discrimination, employees may—and almost always must—use indirect or circumstantial evidence to prove their case. In addition, such evidence is nearly always in the exclusive control of the employer and unavailable to the plaintiff via other means.

First, "[a]s a general rule, the testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent." *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1156 (10th Cir. 1990), *abrogated in part on other grounds by Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993). "[P]attern evidence could support an inference that the decision-maker harbored a bias against [protected class] workers which might have affected

3

other decisions . . . ." *Segarra v. Potter*, No. 02cv1413 JB/LFG, 2004 WL 3426438, at *4 (D.N.M. Apr. 5, 2004). "Thus, information about claims by other employees of [racial] discrimination is discoverable and may be 'highly relevant.'" *Id.* Evidence of how Defendant treated other employees who complained of "race discrimination, racial harassment, [and] retaliation" is discoverable in this case as "pattern and practice" circumstantial evidence. However, the Court agrees with Defendant, Doc. 19 at 4 n.4, that "retaliation" by itself is overly broad and will limit the request to the specific type of retaliation Plaintiff alleged in this case: retaliation for complaints of racial discrimination and/or racial harassment.

Second, evidence regarding comparator data is relevant to a claim of discrimination based on disparate treatment. *McGowan v. City of Eufala*, 472 F.3d 736, 745 (10th Cir. 2006) (discriminatory intent can be inferred where the plaintiff was treated differently than a similarly situated employee outside the protected class). "Similarly situated employees are those who deal with the same supervisor and are subject to the same standards governing performance evaluation and discipline. In determining whether two employees are similarly situated, a court should also compare the relevant employment circumstances, such as work history and company policies, applicable to the plaintiff and the intended comparable employees. Moreover, even employees who are similarly situated must have been disciplined for conduct of comparable seriousness in order for their disparate treatment to be relevant." *Id.* (internal quotation marks and citations omitted). Here, evidence is relevant and discoverable regarding employees who engaged in behavior for which Plaintiff was terminated: submitting a complaint of "assault and battery."

Resisting this conclusion, Defendant raises several arguments. First, Defendant complains that Plaintiff does not bring claims for civil assault or battery in this case. Doc. 19 at

4

4. But seeking information about a tort claim or criminal charges for assault/battery is not the purpose of the discovery request. Defendant stated it terminated Plaintiff for making a complaint about an assault/battery. Doc. 17-7. Plaintiff is entitled to comparator evidence—to learn how Defendant treated employees outside the protected class who complained about an assault/battery, if any such employees exist.

Defendant also argues that Plaintiff has "not produced any evidence in support of this [comparator] theory." Doc. 19 at 7. This is not the legal standard that governs discovery requests. Evidence is discoverable if it reasonably could lead to a matter that could bear on any party's claim or defense; the standard does not ask whether the plaintiff already has evidence to support a discovery request for evidence.[1]

Next, Defendant contends that only employees at the Santa Fe store are similarly situated to Plaintiff. Doc. 19 at 6. "In order to be considered an appropriate 'similarly situated' comparator, another individual must have the same supervisor or decision maker as the plaintiff and be subject to the same standards and policies." *Id.* (citing *McGowan*, 472 F.3d at 745). True, Plaintiff's supervisor was the manager of the Santa Fe store, and Defendant produced responsive information related to this store. *Id.* at 7. But Plaintiff's direct supervisor did not fire Plaintiff. Instead, Phil Wofford fired Plaintiff. The purpose behind the "same supervisor" rule is that comparator "evidence usually requires a consistent chain of command for relevance . . . since different supervisors may simply discipline employees with differing severity across the board." *Piercy v. Maketa*, 480 F.3d 1192, 1202 (10th Cir. 2007). To further the intent of the "same supervisor" rule, the relevant comparator evidence relates to how the person who fired Plaintiff

---

[1] The allegations in a plaintiff's complaint, of course, must state a plausible claim. *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). Defendant has not filed a motion to dismiss Plaintiff's complaint for failure to state a plausible claim.

(Phil Wofford) addressed similar complaints of discrimination. If Phil Wofford received many complaints about assault and battery from store employees, but terminated only those who also made a complaint of racial discrimination, such evidence would clearly be relevant to Plaintiff's case. Similarly, evidence that Phil Wofford routinely fired employees who complained about racial discrimination, wherever they worked, would be relevant to Plaintiff's case.

Finally, Defendant argues the requests are not proportional to the needs of the case because Plaintiff has filed a simple complaint alleging discrimination by a single employee. Doc. 19 at 8-10. At the outset, the premise of this argument is incorrect: in indirect discrimination cases, even those alleging discrimination by a single employee, pattern and practice or comparator evidence is crucial. The importance of such data will justify a proportionately greater burden on Defendant. That does not mean, of course, that the burden can be unlimited. Defendant argues that it "would have to search through records via manual search, as complaints are not sorted or maintained electronically by type of discrimination or allegation. To require Defendant to individually assess each employee's files and cross reference multiple records without any limitation on the scope of the search poses an undue burden disproportionate to the needs of this case." Doc. 19 at 10. Defendant also states it would be burdensome to prepare a privilege log. *Id.*

Defendant does not give any detail, such as the number of files potentially involved and the estimated hours required to search through them. Nor does Defendant explain why this burden is not mitigated by Plaintiff's offered compromise of stores in New Mexico and Colorado instead of all stores in Phil Wofford's entire region, combined with the more limited time frame. Without further information, the Court will assume this compromise offer substantially lessens the burden on Defendant and thus renders the requests proportionate to the needs of the case.

6

The Court grants in part the motion to compel responses to Requests for Production 13 and 14, with the following limitations: (1) responsive documents that concern complaints by Defendant's employees; (2) responsive documents arising in Defendant's New Mexico and Colorado stores; (3) responsive documents from the time period of January 1, 2015 to December 31, 2021; and (4) responsive documents regarding retaliation for complaints of racial discrimination and/or racial harassment. Defendant Trader Joe's shall produce responsive documents within 30 days of the date of this order, subject to a motion or stipulation for a reasonable extension of time.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE